IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Weston & Sampson Engineers, Inc. and Jason )<br>Roberts, )<br>)<br>Defendants. )<br>)<br>) | C.A. No. 2:24-cv-1682-RMG-KFM |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

Defendant Weston & Sampson Engineers, Inc. ("Defendant" or "W&S"), by and through its undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.04. For the reasons cited below, all state law claims alleged against Defendant W&S in Plaintiff's Amended Complaint, as well as the Title VII hostile environment claim against W&S, should be dismissed with prejudice.

**I.     INTRODUCTION**

This lawsuit arises out of Plaintiff Jane Doe's ("Plaintiff") former employment with Weston & Sampson Engineers, Inc.[1] Weston & Sampson Engineers, Inc. is an employee-owned company focused on creating highly valued, multidisciplinary solutions for the natural and built environment. In or around March 2022, Plaintiff began working for W&S as a GIS Analyst. (ECF No. 1 at ¶ 20.) Plaintiff alleges that Defendant Roberts engaged in inappropriate behavior towards

---

[1] Solely for purposes of Defendant's Motion under Rule 12(b)(6), and without admitting the truth of any allegations, Defendant recites the facts as alleged in Plaintiff's Complaint.

her during her employment with W&S, for which she brings various state and federal causes of action against W&S as well as Roberts. (*Id.* at ¶¶ 35-36, 39-56.) Plaintiff informed W&S of such allegedly inappropriate behavior, and W&S promptly investigated and terminated Roberts from employment with W&S. (*Id.* at ¶¶ 60, 64.)

Plaintiff alleges two state law causes of action against W&S as a result of Roberts' conduct arising out of her employment with W&S: (1) intentional infliction of emotional distress; and (2) defamation, including defamation *per se*. Plaintiff additionally alleges the following federal causes of action against W&S: (1) Title VII hostile environment harassment; and (2) Title VII retaliation.

Specifically, Plaintiff alleges that W&S knew or should have known of Roberts' conduct and that W&S failed to take any reasonable steps to prevent or stop Roberts' alleged behavior, including by allegedly failing to investigate appropriately. (*Id.* at ¶ 67.) As set forth more fully below, Plaintiff's claims against W&S should be dismissed under Rule 12(b)(6) because: (A) the common law claims are duplicative of the Title VII claims, and Plaintiff is limited to available statutory remedies, (B) the Title VII hostile environment claim should be dismissed because W&S took prompt and effective remedial action to control alleged hostile work conditions, (C) the common law claims are all barred by the South Carolina Workers' Compensation Act's exclusivity provision, and (D) the defamation claim is barred because it lacks requisite specificity. In sum, Plaintiff fails to state a claim upon which relief can be granted for numerous independent reasons, and the Title VII hostile environment and state law claims against W&S should be dismissed.

## II.     LEGAL STANDARD

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a federal court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Williams v.*

*GlaxoSmithKline LLC*, No. 1:18-cv-1346-JMC, 2019 U.S. Dist. LEXIS 7784, at *11 (D.S.C. Jan. 16, 2019) (quoting *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)). Although a motion to dismiss pursuant to Rule 12(b)(6) invites analysis into the legal sufficiency of a complaint, "dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Id*. at *12 (quoting *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011)). "Accordingly, if a federal court is applying state law, and state law bars a plaintiff's claim, dismissal is warranted as a matter of law under Rule 12(b)(6)." *Id*. at *12 (citing *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395-99 (4th Cir. 2018)).

### III. ARGUMENT

#### A. Plaintiff's Common Law Claims are Duplicative of Her Title VII Claims, and Plaintiff is Limited to Available Statutory Remedies.

Plaintiff has brought common law claims for intentional infliction of emotional distress and defamation against W&S. These claims arise out of her employment with W&S, and they are based on the same conduct in which her statutory Title VII claims are grounded, and thus she is limited to the statutory remedies provided by Title VII. "When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." *Dockins v. Ingles Mkts.,* 306 S.C. 496, 498, 413 S.E.2d 18, 19 (1992); *accord Menton v. Nestle Frozen Food Co.,* No. 7:14-2542-JMC-KFM, 2015 U.S. Dist. LEXIS 29724, at *12 (D.S.C. Jan. 23, 2015) (McDonald, Mag. J.) ("[I]n South Carolina, when a statutory remedy is available, a plaintiff is limited to that remedy and may not recover in tort for the same injuries.").

The South Carolina Supreme Court has held that this principle "applies when the right is created by federal law as well as state law." *Dockins,* 413 S.E.2d at 19 (holding that plaintiff could not pursue common law claim and was limited to remedies under the FLSA). For example, in *Menton*, the plaintiff's common law tort claim was "based on the same alleged facts as her Title

3

VII claims." *Menton,* 2015 U.S. Dist. LEXIS 29724, at *11. This Court dismissed the common law claim because it was "duplicative of her Title VII claims" and she was limited to the statutory remedies available under Title VII. *Id.* at *13 (McDonald, Mag. J), *report and recommendation adopted,* 2015 U.S. Dist. LEXIS 28956, at *17 (D.S.C. Mar. 10, 2015); *see also Mack v. House of Hope of the Pee Dee,* No. 4:13-cv-2887-BHH-TER, 2015 U.S. Dist. LEXIS 33946, at *23 (D.S.C. Jan. 13, 2015) (common law claims for negligent retention, negligent supervision, IIED, and wrongful termination were barred because the plaintiff could pursue statutory remedies under the SCWCA and under the ADA); *New v. Belk Stores,* No. 8:00-852-24, 2000 U.S. Dist. LEXIS 23522, at *6-8 (D.S.C. Oct. 5, 2000) (common law contract claim was dismissed as duplicative of FMLA claim); *Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988) (negligence claim was duplicative and barred because the FLSA provided a statutory remedy).

The exact same concept applies here. Plaintiff's common law claims are based on the same underlying allegations as her Title VII claims. (*Compare* ECF No. 1 at ¶¶ 106-17, *with id.* at ¶¶ 85-105). Therefore, Plaintiff is limited to pursuing statutory remedies under Title VII, and her common law claims against W&S are subject to dismissal as a matter of law.

> **B.**    **Plaintiff's Title VII Hostile Environment Claim Must Be Dismissed Because W&S Took Prompt and Effective Remedial Action to Control Alleged Hostile Work Conditions.**

Plaintiff cannot maintain a Title VII hostile environment claim because W&S as her employer quickly remedied the alleged issue by terminating the alleged perpetrator, Defendant Roberts, upon being informed of his alleged inappropriate behavior. To maintain a hostile work environment claim under Title VII, Plaintiff must show that (1) the conduct was unwelcome; (2) based upon sex; (3) the harassment was sufficiently pervasive or severe to alter the conditions of Plaintiff's employment and create an abusive working environment; and (4) some basis exists for

imputing liability to the employer. *Mack v. Detyens Shipyards, Inc.*, 2017 U.S. Dist. LEXIS 196591 (D.S.C. Nov. 30, 2017). An employer can only be held liable for an employee's coworker's action if they were negligent in controlling the work conditions at the facility or failed to take prompt and effective remedial action once they became aware of the allegedly harassing behavior. *Id.* A quick remedial action by the employer, which occurred in this case presently before the Court, rebuts a plaintiff's assertion that the action can be imputed to the employer. *See, e.g.*, *Vance v. Ball State Univ.,* 570 U.S. 421, 133 S. Ct. 2434, 2439, 186 L. Ed. 2d 565 (2013); *DeClue v. Central Illinois Light Co.*, 223 F.3d 434, 437 (7th Cir. 2000) ("The [principle] defense [for a defendant employer] that the law recognizes to a . . . sexual-harassment charge . . . is that the defendant [did] all [it] could to prevent the harassment") (citing to *Burlington Industries, Inc.*, 524 U.S. at 765); *see also Spicer v. Virginia Department of Corr.*, 66 F.3d 705, 710 (4th Cir. 1995) ("when an employer's remedial response results in the cessation of the complained of conduct, liability must cease as well").

In the present case, it is undisputed that W&S promptly terminated Roberts after Plaintiff informed her employer of Roberts' allegedly inappropriate behavior at issue. (ECF No. 1 at ¶ 64.) Thus, Plaintiff's Title VII hostile environment claim fails as a matter of law because W&S took prompt and effective remedial action to control alleged hostile work conditions and liability cannot be imputed to W&S as Plaintiff's former employer.

        **C.**        **Plaintiff's Intentional Infliction of Emotional Distress Claim is Barred by the South Carolina Workers' Compensation Act's Exclusivity Provision.**

It is well-settled under South Carolina law that the South Carolina Workers' Compensation Act (the "SCWCA") provides the exclusive remedy against an employer for an employee who sustains an injury arising out of their employment. *See Sabb v. S.C. State Univ*, 350 S.C. 416, 567

S.E.2d 231, 234 (S.C. 2002); *see also Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218, 428 S.E.2d 700 (S.C. 1993). The exclusivity provision of the SCWCA provides:

> The rights and remedies granted by [the SCWCA] to an employee when he and his employer have accepted the provisions of [the SCWCA], respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540.

As a result of the exclusivity provision, the South Carolina Workers' Compensation Commission has exclusive original jurisdiction over workplace tort claims brought by an employee against an employer, and all other courts are divested of jurisdiction over such claims. *See Sabb*, 567 S.E.2d at 234, n.3. Thus, the SCWCA's exclusivity provision is jurisdictional and bars state common law actions against an employer where an employee's alleged injury falls under the SCWCA. Further, "the exclusivity provision should be 'construed liberally in favor of coverage.'" *Williams,* 2019 U.S. Dist. LEXIS 7784, at *14 (quoting *Peay v. U.S. Silica Co.,* 313 S.C. 91, 437 S.E.2d 64, 65 (S.C. 1993)).

The SCWCA is also the exclusive remedy for any intentional tort committed by an employee. *See Edens v. Bellini*, 359 S.C. 433, 597 S.E.2d 863, 869-870 (S.C. Ct. App. 2004). The only exception that applies to intentional conduct is that the SCWCA does not apply when the act was committed by the employer or an alter ego. *Id*. Here, it is undisputed that the Defendant employer did not commit any alleged assault against Plaintiff. In *Dickert*, the Court refused to extend the definition of "alter ego" to supervisory employees such as an office manager and held that only "dominant corporate owners and officers" may constitute alter egos. *Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218, 221, 428 S.E.2d 700 (S.C. 1993). Here, it remains undisputed that Roberts, as the employee who committed the alleged act at issue was at most a

6

supervisory employee and was not a "dominant corporate owner or officer of the employer" to be considered an alter ego. *See* ECF No. 1 at ¶ 21; *see also Dickert*, 311 S.C. at 221; *Strickland v. Galloway*, 348 S.C. 644, 560 S.E.2d 448 (S.C. Ct. App. 2002) (stating that the exclusive remedy doctrine confers immunity "not only on the direct employer, but also on co-employees").

The South Carolina Supreme Court has specifically held, "[w]e affirm the Court of Appeals' decision inasmuch as it holds that Employee's causes of action against Employer are precluded by the exclusivity provision of the [SCWCA]. *See* S. C. Code Ann. § 42-1-540 (1985). However, we reverse the opinion to the extent it holds that Co-Employee may not be held individually liable for an intentional tort he may have committed while acting within the scope of employment." *Dickert*, 311 S.C. 218, 220, 428 S.E.2d 700, 701 (S.C. 1993). Further, the South Carolina Supreme Court has held that an employee's action against a company for intentional infliction of emotional distress caused by the action of another employee falls within the scope of the SCWCA since these actions arise from personal injury. *Loges v. Mack Trucks*, 417 S.E.2d 538 (1992).[2]

---

[2] To the extent Plaintiff is alleging negligence claims against Defendant, those are also barred by the exclusivity provision of the SCWCA. *See, e.g.*, *Loges*, 308 S.C. at 135, 417 S.E.2d at 539-41 (affirming judgment on negligent supervision claim – premised on allegations of sexual harassment by a coworker – because the claim involved emotional distress injuries that arose from employment and were therefore subject to the SCWCA's exclusivity provision); *Williams v. GlaxoSmithKline LLC,* No. 1:18-cv-1346-JMC, 2019 U.S. Dist. LEXIS 7784, at *17-18 (D.S.C. Jan. 16, 2019); *Kerr v. Hammond Sch.*, No. 3:17-cv-3109-JFA-KJM, 2018 U.S. Dist. LEXIS 62242, at *3-8 (D.S.C. Feb. 22, 2018) (McDonald, Mag. J.); *Williams v. MKKM, Inc.*, No. 2:14-cv-4509-DCN-BM, 2015 U.S. Dist. LEXIS 175279, at *2-3, 9-10 (D.S.C. 2015); *Sutton v. Securitas Sec. Servs., USA*, No. 4:13-2542-MGL-KDW, 2014 U.S. Dist. LEXIS 53538, at *8-9 (D.S.C. Mar. 24, 2014), *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 52383, at *3 (D.S.C. Apr. 16, 2014); *Palmer v. House of Blues Myrtle Beach Rest. Corp.*, No. 4:05-cv-3301-RBH, 2006 U.S. Dist. LEXIS 67593, at *8 (D.S.C. Sept. 20, 2006); *Whicker v. Sci. Applications Int'l Corp.*, No. 2:11-cv-3193-SB-BHH, 2012 U.S. Dist. LEXIS 150163, at *4-5 (D.S.C. Sep. 20, 2012).

Here, Plaintiff asserts an intentional infliction of emotional distress claim under South Carolina law against W&S, which is premised on allegations of misconduct allegedly committed by her supervisor, Defendant Roberts, and which allegedly caused Plaintiff "emotional distress and outrage." (ECF No. 1 at ¶¶ 21, 106-10.) This common law claim falls under the SCWCA because Plaintiff allegedly sustained personal injuries arising out of her employment. *See, e.g., Loges*, 417 S.E.2d at 541 ("[Plaintiff] cannot argue that her employer failed to provide protection and yet maintain that her injury did not arise out of employment."). Therefore, Plaintiff's exclusive remedy is under the SCWCA, and Plaintiff's intentional infliction of emotional distress claim is jurisdictionally barred by the SCWCA's exclusivity provision consistent with the multitude of cases cited above.

### D. Plaintiff's Defamation Claim is Barred Because it Lacks the Requisite Specificity Required for Bringing Such a Claim.

To assert a claim of defamation to survive dismissal, Plaintiff must prove all of the following: (1) a false and defamatory statement was made; (2) the unprivileged publication of the statement to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm. *See Williams v. Lancaster Cty. Sch. Dist.*, 369 S.C. 293, 302-03, 631 S.E.2d 286, 292 (Ct. App. 2006); *Pomerantz v. Coastal Carolina Univ.*, 2023 U.S. Dist. LEXIS 23825, at *11-12 (D.S.C. Feb. 10, 2023) (overruling a plaintiff's objection to granting defendant's motion to dismiss on defamation claim because it does not allege defendant made the alleged statement and does not allege an unprivileged publication by defendant to a third party.)

Federal courts in South Carolina applying South Carolina law have concluded that an individual's claims of defamation should be dismissed when the allegedly defamatory statements lack necessary specificity as is the case here. *See, e.g., Davis v. New Penn Fin.*, No. 6:18-3342-

8

TMC-KDW, 2021 U.S. Dist. LEXIS 137377 (the court found that plaintiff's defamation claims did not provide sufficient detail to constitute actionable defamation as it was not clear if any statements were defamatory in nature, when they were made, or if any nonprivileged publication occurred), *adopted*, 2021 U.S. Dist. LEXIS 136771 (D.S.C. July 22, 2021); *Doe v. Cannon*, No. 2:16-cv-00530-RMG, 2017 U.S. Dist. LEXIS 20582, at *1 (D.S.C. Feb. 14, 2017) (dismissing defamation claim because the plaintiff's allegations fail to "state with specificity the time, place, medium, and listener of the alleged defamatory statements"); *Sigler v. Black River Elec. Coop.*, No. 3:20-2203-JMC-SVH, 2020 U.S. Dist. LEXIS 251518, at *8-9 (D.S.C. 2020) (dismissing defamation claim upon finding that "even assuming [Plaintiff's defamation allegations] indicate a false and defamatory statement was made, they lack the necessary specificity to state a claim for defamation").[3]

Here, Plaintiff's threadbare allegations of defamatory statements and/or defamatory actions against W&S are non-existent and remain entirely unsupported, and therefore cannot survive this Motion to Dismiss. Plaintiff provides no evidence of who made any allegedly defamatory statements, what was allegedly said, or when such statements were made or to whom. The following allegations in Plaintiff's Complaint appear to be against Roberts and fail to provide sufficient detail to constitute actionable defamation against W&S:

> 74. After Defendant Roberts was terminated from Defendant Employer, A.M. repeatedly accused Jane Doe of being unchaste, and harassed and threatened Plaintiff.

---

[3] In *Dockins*, the South Carolina Supreme Court held that a claim of slander is outside the SCWCA since it is not a personal injury but, rather, a harm to one's proprietary interest. *Dockins v. Ingles Markets, Inc.*, 411 S.E.2d 437 (1991). However, Plaintiff has expressly pled her defamation cause of action to include personal injuries, which fall under the purview of the SCWCA. Specifically, Plaintiff has pled that as a result of alleged defamation, "Plaintiff was and continues to: be greatly humiliated, embarrassed, and distressed . . . be unable to attend her ordinary affairs due to her mental state . . . suffer considerable shock, mental stress, worry." (ECF No. 1 at ¶ 115.) Therefore, W&S maintains that Plaintiff's defamation claims against W&S are also jurisdictionally barred by the SCWCA's exclusivity provision and should be dismissed as a matter law.

75. The harassment took the form of LinkedIn messaging, Facebook, text messaging, and other forms of social media from Defendant Roberts, A.M., and two of A.M.'s co-workers and social media "friends" S.D. and B.A.

113. Said statements, attacking Plaintiff's veracity and chastity, were upon information and belief, published to the employer, other employees of the Defendant employer, and others within the business and police communities, to Defendant Roberts' paramour and to other persons, not specifically stated herein.

It is not clear if any alleged statements were defamatory in nature, when they were made, or if any nonprivileged publication occurred, and all of which Defendant W&S denies. For the foregoing reasons, Plaintiff's defamation claims against W&S fail as a matter of law and should be dismissed.

### IV.     CONCLUSION

For the reasons set forth above, Defendant W&S respectfully requests that the Court dismiss with prejudice the Title VII hostile environment claim and all state law claims against W&S in this action.

Respectfully submitted this 16th day of May, 2024.

> By: *s/ D. Randle Moody, II*
> Laura A. Ahrens (Fed. I.D. No. 13396)
> Email:  laura.ahrens@jacksonlewis.com
> D. Randle Moody, II (Fed. I.D. No. 7169)
> Email: Randy.Moody@jacksonlewis.com
>
> JACKSON LEWIS P.C.
> 15 South Main Street, Suite 700
> Greenville, SC 29601
> (864) 232-7000
>
> *ATTORNEYS FOR DEFENDANT WESTON & SAMPSON ENGINEERS, INC.*