IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-KFM |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT JASON ROBERTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO PROCEED WITHOUT USING A PSEUDONYM AND TO AMEND HER COMPLAINT TO REFLECT HER NAME**

Defendant Jason Roberts ("Defendant" or "Roberts"), by and through his undersigned attorney, files this Motion to Compel Plaintiff to Proceed Without Using a Pseudonym and to Amend her Complaint to Reflect her Name. Without receiving prior authorization from the Court, Plaintiff should not be allowed to proceed anonymously in litigating this action.

I. **FACTS**

Plaintiff brings this action alleging several claims against her former employer and co-worker, Roberts, arising from Robert's allegedly inappropriate behavior towards Plaintiff during a business trip in March 2022. Plaintiff alleges that during the conference Roberts engaged in inappropriate behavior towards her and others, drank alcohol excessively, and sexually assaulted her on two separate occasions – once in Palm Beach during the conference and again in a hotel where Plaintiff and Roberts stayed while traveling home from the conference. Compl. ¶¶ 41, 47-48, 52, 54-55, 66, 71, 73-75, 77. Roberts contended that any physical contact with Plaintiff was consensual, which she denies. *Id.* ¶¶ 64. W&S terminated Roberts from his employment for

excessive drinking at the conference. *Id.* ¶¶ 60, 64. She alleges that Roberts retaliated and harassed her through social media and text messaging. *Id.* ¶¶ 58, 61, 73, 77. Plaintiff alleges that she was isolated at work and given little to no training or guidance on how to complete assignments. *Id.* ¶ 69. After working for W&S for less than two months, she took an unpaid leave of absence and subsequently she resigned from her employment. *Id.* ¶ 70.

Plaintiff alleges four state law claims against Roberts: (1) civil assault and battery; (2) intentional infliction of emotional distress; (3) defamation and defamation per se; and (4) tortious interference with contract. Plaintiff additionally alleges the two federal causes of action against W&S: (1) Title VII hostile environment harassment; and (2) Title VII retaliation and two state law claims: (1) intentional infliction of emotional distress; and (2) defamation, including defamation per se.

## II.  LEGAL STANDARD

There is a "presumption" that parties must sue and be sued in their own names. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of a complaint must name all the parties." Fed. R. Civ. P. 10(a). Whether to allow a litigant to proceed anonymously is "committed in the first instance to trial court discretion." *James*, 6 F.3d at 238. The decision whether to permit use of a pseudonym must be based on "the circumstances of particular cases." *Id.*

The Fourth Circuit Court of Appeals has identified "five nonexhaustive factors for district courts to consider when deciding motions to proceed by pseudonym." *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023). The five factors are as follows:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

2

    Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

    The ages of the persons whose privacy interests are sought to be protected;

    Whether the action is against a governmental or private party; and, relatedly,

    The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

### III. ARGUMENT

The "Federal Rules of Civil Procedure require that the identities of the parties to a case be disclosed." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing Fed. R. Civ. P. 10(a)). Specifically, Rule 10(a) provides that "[t]he title of a complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (citation omitted). "Pseudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Public Citizen*, 749 F.3d at 274 (citations removed). Few cases warrant anonymity. *See Doe*, 85 F.4th at 211 (noting that litigant anonymity should be "rare" and justified by "exceptional" circumstances (emphasis removed)).

Moreover, district courts in this district have specifically condemned the filing of a complaint under a pseudonym without the court's permission. *See, e.g., Richard S. v. Sebelius*, No. 3;12-007-TMC, 2012 WL 1909344, *1 (D.S.C. May 25, 2012). "Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that

3

bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Id.* (citing *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C.2005)).

Without seeking prior authorization to file her complaint under a pseudonym, Plaintiff has not even attempted to meet this heavy burden. The Court has not even been presented with any justification for Plaintiff's filing under a pseudonym, nor has it had the opportunity to consider the *James* factors, set out above. Plaintiff cannot unilaterally determine that proceeding anonymously is appropriate. Accordingly, Plaintiff should be compelled to proceed without a pseudonym and to amend her Complaint to reflect her real name.

Undersigned counsel for Roberts has consulted with Plaintiff's counsel and she does not consent to this motion.

### IV.     CONCLUSION

Because Plaintiff failed to obtain the Court's authorization to proceed anonymously, Defendant respectfully requests that the Court grant his Motion to Compel Plaintiff to Proceed without Using a Pseudonym and to Amend her Complaint to Reflect her Real Name.

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

June 7, 2024