IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO.: 2:24-cv-1682-RMG-BM

| | |
|---|---|
| **Jane Doe** ) | |
| ) | |
| **Plaintiff,** ) | **OPPOSITION TO DEFENDANT** |
| ) | **WESTON & SAMPSON ENGINEERS** |
| ) | **INC.'S MOTION TO DISMISS** |
| **v.** ) | |
| ) | |
| **Weston & Sampson Engineers, Inc.** ) | |
| **and Jason Roberts** ) | |
| **Defendants.** ) | |
| _____ ) | |

## I.     INTRODUCTION

This response seeks to address Weston & Sampson Engineers, Inc. Motion to Dismiss, alleging that Plaintiff has failed to adequately state her case pursuant to the Federal Rules of Civil Procedure.

Plaintiff submits that her Complaint, ECF 1, attached as Exhibit 1, adequately alleges facts sufficient to sustain Plaintiff's claims for relief and meets the requirements of the Rules. As all matters are sufficiently pled, Plaintiff requests that no cause of action be dismissed at this time. In the alternative, Plaintiff requests leave to amend to cure any deficiencies and has attached a proposed Amended Complaint which seeks to remedy the same. Exhibit 4.

## II.     POSTURE OF THE CASE

Defendant Weston & Sampson Engineers, Inc. employed Plaintiff beginning in March 2022 to work at its North Charleston, SC facility. This was Plaintiff's first job after college.

1

After working for less than 2 weeks, the Defendant Company allowed her supervisor, who had a history of serious disciplinary issues, to arrange for the 22 year old to accompany him to a business conference where she has alleged she was sexually harassed and assaulted by him. When she returned from the trip and reported the events, she experienced additional harassment, hostility and retaliation by the Company, and defamation by its agents and employees. See Exhibit 1, Complaint, ECF 1, para.61-65.

Plaintiff filed suit in this Court after exhausting administrative remedies with the EEOC. The Complaint alleges hostile environment under Title VII of the Civil Rights Act of 1964, retaliation under Title VII, as well as claims for Intentional Infliction of Emotional Distress, Defamation and Defamation *per se*. See Exhibit 1, Complaint, ECF 1. Defendant has now filed a Motion to Dismiss pursuant to FRCP 12(b) (6). See ECF 7 and 7.1.

Discovery has not yet commenced in this matter. This lawsuit is not at the stage where Plaintiff has received or has access to full records relating to workers compensation, discipline, investigations, personnel files or other specific comparator information, including her own personnel files.

### III. STANDARD OF REVIEW

Traditionally a Plaintiff must merely provide "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed.R.Civ.P.8(a)(2). The liberal pleading standards, adopted in 1938 with the Federal Rules of Civil Procedure, were designed to eliminate procedural barriers at the beginning of litigation that could prove fatal even to a meritorious claim. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel

may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 43 (1957). The dissent in *Twombly* specifically Stated that *Conley* should not be "interred…without a eulogy." *Twombly* at 577 (Stevens, J., dissenting). Plaintiff must provide the "grounds'" of her "entitle[ment] to relief", which requires more than labels and conclusions. *Bell Atlantic Corporation. v. Twombly*, 550 U.S. 544, 545, 127th S. Ct. 1955, 1959 (2007). The court must evaluate the legal sufficiency of a complaint, and determine whether the complaint on its face States plausible claims upon which relief can be granted. *See, Francis v. Giacommelli*, 588 F.3rd 186, 189 (C.A. 4 MD. 2009). The allegations need not pass a <u>probability</u> test as the Court must still assume the allegations are true, but the Plaintiff must offer plausible facts, "enough facts to raise a reasonable expectation that discovery will reveal evidence…" of the causes of action pled. *Twombly* at 545.

    The Fourth Circuit has held that the pleading must provide "enough facts to state a claim to relief that is plausible on its face." *Robinson v. AM. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). The court is not required to, "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). But to the extent facts are disputed, the court still must construe them in favor of the nonmoving party.

    The Plaintiff's Complaint, ECF 1, Exhibit 1, alleges sufficient and plausible facts entitling her to relief on each cause of action. As such, the Defendant's Motion to Dismiss should be denied.

## IV.     ARGUMENT

### A.  DISMISSAL OF ALTERNATIVE THEORIES OF RECOVERY

Defendant seeks to dismiss Plaintiff's claims of Intentional Infliction of Emotional Distress and Defamation, alleging that Title VII provides an adequate statutory remedy. ECF 7-1. Page 3-4. With regard to Defendant's claims of redundancy or the use of alternative theories, Plaintiff asserts that she cannot be faulted for advancing alternative theories especially in light of Defendant's aggressive Motion to Dismiss her claims. *See generally*, *Red Cardinal Fifteen, Inc. v. Chang,* 954 F. Supp. 1111 (DCSC 1995). *See also Williams-Garrett v. Murphy*, 106 F. Supp. 2d 834 (DCSC 2000) which notes that, "a party is entitled to plead alternative theories of relief, but simply may not recover for both. *Save Charleston Foundation v. Murray*, 286 S.C. 170, 333 S.E.2d 60, 64 (SC App.1985).

Should Defendant be successful in dismissing Plaintiff's statutory claims under Title VII, no other remedy may be available to the Plaintiff other than common law claims.  With regard to the theory of outrage, also known as intentional infliction of emotional distress, (*Ford v. Hutson*, 276 S.C. 157 (1981)) this claim can provide relief when no other claim is available for the Plaintiff against that Defendant. See, *Todd v. South Carolina Farm Bureau Mut. Ins. Co*., 283 S.C. 155, 175, 321 S.E.2d 602, 613 (Ct. App. 1984), quashed on other grounds, 287 S.C. 190, 336 S.E.2d 472 (1985), in which the Court held: "[t]he tort of outrage was designed not as a replacement for the existing tort actions. Rather, it was conceived as a remedy for tortious conduct where no remedy previously existed." At this early stage it is therefore premature to dismiss Plaintiffs IIED claim, as it has been properly pled pursuant to the strictures of Federal

4

Rule 12(b)(6), and if Complaint is read in the light most favorable to the Plaintiff, does not warrant dismissal.

In support of the Motion Defendant cites *Dockins v. Ingles Markets*, 306 SC 496 (1992) where in the court decided that Plaintiff's state claim for termination in violation of public policy was preempted by the FLSA, which has a provision prohibiting retaliation against employees seeking proper pay. Plaintiff has not filed a violation of public policy claim. Also cited was *Menton,* an unpublished Title VII case, which also dismissed a termination in violation of public policy claim, as being a claim which is only available in absence of a statutory remedy.  *Mack v. House of Hope of the Pee Dee*, cited by the Defendant, also unpublished, appears to be a Report and Recommendation on a summary judgment matter arising from a workers comp retaliation issue. In that case the state claims were not dismissed until a full examination of the facts was performed. *New v. Belk,* also cited by Defendant, deals with the dismissal of a breach of contract claim as duplicative of an FMLA claim, issues not at play in this litigation. Finally, *Nettles v. Techplant Corp.* 704 F.Supp. 95,100 (D.S.C.) cited by Defendant, is not a similar case. In  that matter, Plaintiff's fourth cause of action was general negligence cause of action. "Clearly, the terms of the FLSA govern the ability of plaintiff to recover overtime wages. Furthermore, the damages sought in this action are identical to those sought in the third cause of action. If plaintiff is eventually determined to be exempt from the provisions of the FLSA, he certainly cannot circumvent the exemption merely by proving negligence on the part of defendants." *Id.* The case before the Court is not an FLSA case.

5

Defendant also seeks to dismiss Plaintiff's defamation claim as being duplicative of her statutory Title VII claims. First it is worth mentioning that torts alleging injury to reputation are not barred by the exclusivity provisions of the South Carolina Workers Compensation Act. See, *Cason v Duke Energy*, 560 SE2d 891, 893 (SC 2002). Therefore, the worker's compensation statute is not an issue with respect to defamation in this case. Title VII claims similarly "do not preempt common law torts of a highly personal nature, such as defamation, even if both claims arise from the same set of facts." *Charlot v. Donley*, No. 3:11-579-MBS-SVH, 2012 U.S. Dist. LEXIS 111620, at *13 (D.S.C. Aug. 9, 2012).  See also, 42 USC § 2000e-7 ,"Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter."

The tort of defamation allows recovery for injury to reputation as the result of the defendant's communications to others of a false message about the plaintiff. *Holtzscheiter v. Thomson Newspapers, Inc*., 506 S.E.2d 497, 501 (S.C. 1998). Under South Carolina law, to state a cause of action for defamation, a plaintiff must show the existence of some message that (1) is defamatory, (2) is published with actual or implied malice, (3) is false, (4) is published by the defendant, (5) concerned the plaintiff, and (6) resulted in legally presumed or in special damages. *Parker v. Evening Post Pub. Co.,* 452 S.E.2d 640, 644 (S.C. Ct. App. 1994), cert. denied, 516 U.S. 1172 (1996). This is completely different from the matters covered by Plaintiffs Title VII

claims which deal with (1) unwelcome conduct; (2) based on the plaintiff's sex; (3) sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) that is imputable to the employer." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021) (citing *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)). And for the retaliation case (i) that she engaged in protect activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity. *Ziskie v. Mineta,* 547 F.3d 220, 229 (4th Cir. 2008).

Given the foregoing Plaintiff asserts that her claims should not be dismissed based on duplication of remedy.

### B. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM

Plaintiff's Complaint alleges a hostile work environment. See Exhibit 1, ECF 1, para. 61-69; 96-105. The employer does not allege that Plaintiff failed to state that claim in its Motion. "To establish a *prima facie* case of sexual harassment based on a hostile work environment, a plaintiff must prove (1) unwelcome conduct; (2) based on the plaintiff's sex; (3) sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) that is imputable to the employer." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021) (citing *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)). Plaintiff is not required to plead a prima facie case to survive a 12(b)(6), much less prove her entire case in the pleading. See e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Cooper v. United Parcel Serv., Inc.*, No. 08–1583, 2008 WL 4809153, at *2 (E.D.La. Nov. 3, 2008) (noting that in *Twombly*, the Supreme Court, "explicitly reaffirmed its holding in *Swierkiewicz* when it noted that the Court does 'not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' ") "The prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510, 122 S.Ct. 992.

The Employer states that it has evidence of a potential affirmative defense, claiming that it promptly investigated and took remedial action. See Memorandum on Motion to Dismiss, ECF 7.1 page 4.  Plaintiff denies the same in the Complaint at Exhibit 1, ECF 1, para. 63-64. Employer claims that there was a proper investigation and prompt remedial action once Defendant had notice of the Individual Defendant's improper acts. Plaintiff alleged Defendant had prior notice of improper conduct by the supervisor at issue at least as of December 2021 and failed to act. See Exhibit, 1 Complaint ECF 1,  para. 36, 37, 40, 44, 59, 63, 64, 96-105. Its eventual action (termination of the offending supervisor) in Spring of 2022, was too little too late.  See Exhibit 1, Complaint ECF 1, para. 22. "Roberts was known to the Employer based on his admitted disciplinary record as an employee who had in the past engaged in negative conduct associated with excessive drinking, and engaging in improper and unprofessional conduct toward his coworkers including females. On information and belief his inappropriate, illegal and unprofessional conduct was known and observed by co-workers and supervisors."  ECF 1, para. 23 further describes the Defendant had notice of supervisor's bad conduct. "In December 2021

Mr. Roberts, upon information and belief, while employed at Weston & Sampson, became inebriated at a company sponsored event, where he engaged in sexual harassment, unwanted touching and used racial epithets. Defendant, by his own admission, was counseled for his behavior but was not terminated and he continued to have managerial responsibility, was permitted to go to business events to represent the Defendant Employer and had access to confidential employee information." ECF 1, para 24 continues "Weston & Sampson has policies and procedures in place which prohibit discrimination, harassment, bullying, unwanted touching and retaliation all of which are grounds for termination."

In support of it's Motion Defendant argues that the mere alleged existence of a meritorious defense entitles the Employer to dismissal, and cites *Brockington v. Boykins,* 637 F.3d 503,506 (4th Cir. 2011). *Brockington* was an interlocutory appeal of a *denial of a motion to dismiss* based on a defense of qualified immunity. The lower court denied the motion to dismiss, and the Fourth Circuit affirmed. Qualified immunity is a highly controversial and unique defense for which a system of quick disposal of clearly non-meritorious cases to the benefit of law enforcement has been developed. *Brockington* explains:

> "We review de novo the decision of the lower court to deny motion to dismiss pursuant to Federal Rule 12(b)(6), recognizing that dismissal is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to "state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Jenkins v. Med-ford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (en banc). "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal

9

> nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181(4th Cir. 1996). One such defense is that of qualified immunity. *Jenkins,* 119 F.3d at 1159.``

This case is not a qualified immunity case. As with most employment cases, this case is factually complex and requires more than the articulation of a potential defense to be dismissed at this stage, especially as the Employer does not argue that Plaintiff failed to state a claim. In addition, Defendant has not presented a similar employment case for comparison. Defendant cites several summary judgment cases and one jury verdict case discussing the elements of prima facia case and an employer's defenses to claims of sexual assault, discrimination and hostile environment.[1] Defendant's brief, however, craves citation to cases where a motion to dismiss was granted under Rule 12(b)(6) based on the pleading of an alleged fact dependent (and what will be a hotly disputed) affirmative defense.

Plaintiff submits that at the appropriate time in the litigation, under *Burlington Industries, Inc. v. Ellereth*, the defense will fail. Defendant Weston & Sampson was on notice of negative conduct of their employee prior to the report by Plaintiff and failed to act. See Exhibit 1, ECF 1, para. 22-24, 36- 37, 40, 44, 59, 63, 64, 96-105. Defendant has not presented grounds for

---

**1** *Mack v. Deytens Shipyards,* unpublished, 2017 U.S. Dist. LEXIS 196591 (DSC Nov. 30, 2017) was a motion for summary judgment matter; *Vance v. Ball State*, 570 U. S. 421, 133 S. Ct. 2434, 2439, 186  L. Ed. 2nd 565 (2013) summary judgment matter; *DeClue v. Central Illinois Light Co.,* 233 F.3rd 434, 437 (7th Cir. 2000) summary judgment matter; *Burlington Industries, Inc. v. Ellereth*, 524 U.S. 742 (1998) summary judgment matter; *Spicer v. Virginia Department of Corrections*, 66 F.3rd 705,710 (4th Cir. 1995) post jury verdict.

dismissal but has identified a question of fact which is at the heart of the litigation, i.e. whether termination of the employee only after the worst happened was "prompt and effective".

Finally, it would be premature for this Court to conclude to a certainty that Plaintiff's claims fail as a matter of law. *McCray v. Maryland Department of Transportation, Maryland Transit Administration*, 741 F.3d 480, 484 (4th Cir 2014); *Erickson v. Pardus*, 127 SC 2197 (2007). A ruling on the substantive merits of Plaintiff's Complaint at this stage, absent the opportunity to gather and submit evidence as contemplated by the Federal Rules, is premature. The cause of action should not be dismissed "before discovery has unearthed relevant facts and evidence." *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992.

### C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and WORKERS COMPENSATION EXCLUSIVITY MATTERS

Defendant seeks to dismiss Plaintiff's claim for Intentional Infliction of Emotional Distress/Outrage and any other intentional tort or negligence claim pled in the Complaint, stating the same are blocked under the exclusive remedy theory. Defendant asserts that Worker's Compensation is the exclusive remedy against an employer for an employee who sustains an injury arising from their employment. ECF 7-1 page 5. Defendant does not claim that Plaintiff fails to set forth facts sufficient to state the claim, the Motion to Dismiss is based on jurisdictional arguments. See ECF 7-1 page 6-8.

The employer makes an affirmative statement that Plaintiff's claims arose from her employment. Although not plead in the Complaint, but included as proposed amendment to the

11

Complaint, Exhibit 4, it is necessary to point out at this juncture that Plaintiff did attempt to file for Workers Compensation benefits. See Exhibit 2, Redacted SC Workers' Compensation Commission claim. Weston & Sampson, through its agents, took the position that the events underlying this matter were not covered by the Act. See Exhibit 3, Workers' Compensation claim denial letter, which is a June 22, 2022 letter to Plaintiff stating that her case was not compensable under the "Work Comp" laws of South Carolina. "There is no compensable injury, arising from an accident in the course and scope of employment". Upon information and belief this decision was reached with the input of the Defendant Weston & Sampson.

Weston & Sampson takes alternative positions that the facts underlying the Complaint are covered, as well as not covered, by the Workers' Compensation Act. Plaintiff does not have access to Defendant's workers compensation files or investigations. Without further discovery of the position Defendant is taking, it is unfair to dismiss Plaintiff's claim. If there are actions that Defendant will later claim were either inside or outside the scope of the Plaintiff's employment, or were consented to by the Plaintiff (ie sexual interactions) Plaintiff deserves to be able to discover the same and to amend her Complaint accordingly, as there may be other causes of action which would be applicable. To the extent that alternative pleading is permitted, should Defendant be given liberal leave to plead in the alternative, Plaintiff should be permitted the same courtesy.

Although Doe was advised her claims are outside of the purview of Workers' Compensation, Defendant asserts that Plaintiff's intentional tort and negligence claims (other

12

than defamation) are barred by the Worker's Compensation Act. A workplace injury is not covered by the South Carolina Workers Compensation Act unless there is (1) an injury, either physical or mental, (2) created by accident, and (3) arising out of employment. *Dickert v. Metropolitan Life Ins*. Co. 306 S.C 311, 411 S.E.2d 672, *Dickert Metropolitan Life Ins. Co*., 311 S.C. 218, 428 S.E.2d 700 (S.C. 1993). Cases where the injury is caused by an accident are within the jurisdiction of the South Carolina Workers' Compensation Commission.

S.C.Code Ann. §42-1-540 bars all common law actions against an employer for "accidental" personal injury. See also *Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E. 2d 296, 298 (S.C. App. 1986) cert. denied, 292 S.C. 230, 355 S.E. 2d 861 (S.C. 1987) (stating that the exclusivity provision of the Act "bars all actions against an employer where a personal injury to an employee comes within the Act... [making] the Act the exclusive means of settling all such claims"). Exceptions to the Act include subcontractor incidents, intentional injury, slander/injury to reputation and specific occupational exclusions. *Cason v. Duke Energy*, 560 SE2d 892, 893, n.2 (SC 2002). In addition, the Act's exclusivity provision does not bar suits for which the Act provides no remedy. See, *Futia v. Palmetto Behavioral Health*, 317 F.Supp.2nd 638 (SCDC 2004); see also, *Peay v. U.S. Silica Company* 313 S.C. 91, 437 S.E.2d 64 (1993).

When an injury is inflicted by an employer who acts with a specific intent to injure, the resulting injuries are exempted from the exclusive remedy of worker' compensation coverage. *Peay v. U.S. Silica Company* 313 S.C. 91, 437 S.E.2d 64 (1993), *Stewart v. McLellans Stores*, 194 S.C. 50, 9S.E.2d35 (1940). The Plaintiff alleged that she was subjected to specific physical

and psychological abuse by a supervisory employee and that the employer knew or should have known, with specific egregious actions taking place on a work trip. See Exhibit 1, ECF 1, para 42-50; 52, 54-57. When intentional abusive conduct is committed by an owner or high-level manager of the corporation, he can be considered an alter ego of the employer. *Stewart*, 194 S.C. 50, 9 S.E.2d 35 (1940). An employee is not precluded from suing his employer at common law if the employer or an "alter-ego" of the employer commits an intentional tort against the employee because "the intentional and outrageous nature of the act removes it from the realm of an 'accidental' injury." *Stewart v. McLellans Stores*, 194 S.C. 50, 9S.E.2d35 (1940). An alter ego of corporation is defined as a dominant corporate owner or officer of a corporation. *Dickert v. Metropolitan Life Ins. Co.*, supra.; *See also, Andrews v. Peters*, 55 N.C. App. 124, 284 S.E.2d 748 (1981); *disc. rev. denied* 305 N.C. 395, 290 S.E.2d 364 (1982). The asserting party must prove the exception, that the employee is an alter-ego, and that the acts of the employee are so serious and aggravating as to evidence a willful intent to injure.

*Stewart v. McClellan's Stores Co., et al,* 194 S.C. 50, 9 S.E. 2d 35 (S.C. 1940), is the seminal case on this topic.  In Stewart, our State Supreme Court discussed at length the exclusivity provision of the Act and the applicability if are committed by managers.   In Stewart, a manager of a store assaulted and battered an employee, and "with considerable force and violence" and thus was considered the alter ego of the Employer. In this case the Plaintiff has pled that the assault and acts at issue were committed by management. See Exhibit 1, ECF 1, para 21, 29,31, 42-50; 52, 54-57, 72.

14

As to whether the individual supervisor in this case is an alter ego, this is a fact to be determined, and is a complex question, as Weston & Sampson is employee owned. See Motion to Dismiss, ECF 7-1, page 1. As the question of an intentional act and the alter ego issues are ones for a trier of fact, Plaintiff's claims should not be dismissed upon a Motion pursuant to Rule 12(b)(6). *Reeves v. Carolina Foundry & Machine Works*, 194 S.C. 403, 9 SE 2nd 919 (1940). *Zeigler v. S.C.L.E.D.,* 250 at 329, 157 SE 2d at 599. *See also, Youmens v. Coastal Petroleum Co.,* 333 SC 195 (S.C. App 1998). [2]

### D. **DEFAMATION HAS BEEN PROPERLY PLED**

Plaintiff alleged that her former supervisor made false and injurious misstatements about her, disseminated false information including regarding her reputation for being chaste and honest. See Exhibit 1, ECF 1, para 72-77, 112-117. Nevertheless, Defendant Weston and Sampson seeks dismissal of this claim.

---

[2]     With regard to other acts of negligence, *Loges v. Mack Trucks*, Inc., 308 S.C. 134, 417 S.E.2d 538 (S.C. 1992) permits an employee to maintain a common law action for negligent supervision against an employer for a co-employee's alleged slander. The court determined that a slander action did not constitute a personal injury claim and thus was not barred by the Act's exclusivity provision "since the gravamen of a slander action is injury to one's reputation." Plaintiff here pleads libel and slander. See Exhibit 1, ECF 1, para 71-79, 112-117. Although Defendant does not seek to dismiss the claims for Intentional Infliction of Emotional Distress or Outrage against the individual defendant it is noteworthy that *Southern Holdings v. Horry County, South Carolina*, 02-1859, 2007 WL 89611 at *8-9 (DSC Mar. 2007), allowed a claim against the defendant individual employee in their individual capacity where defendant was alleged to have acted outside the scope of his employment through his actions.

15

*Parrish v. Allison*, 276 SC 308, 320-321, 656 SE2d 382 (S.C. Ct. App. 2008), reviews South Carolina law on the tort of defamation and allows a plaintiff to recover for injury to reputation as the result of the communications to others of a false message about the plaintiff. *Holtzscheiter v. Thomson Newspapers, Inc*., 332 S.C. 502, 508, 506 S.E.2d 497, 502 (1998); *Marray v. Holnam, Inc*., 344 S.C. 129, 138, 542 S.E.2d 743, 748 (Ct.App.2001). Defamatory communications take two forms: libel and slander. *Holtzscheiter*, 332 S.C. at 508, 506 S.E.2d at 502. To recover plaintiff must establish (1) a false and defamatory statement by the defendant concerning the plaintiff; (2) an unprivileged communication; (3) fault on the defendant's part in publishing the statement; and (4) either actionability of the statement irrespective of special harm or the existence of special harm to the plaintiff caused by the publication. See *Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002), *Parrish v. Allison*, 276 SC 308,656 SE2d 382 (S.C. Ct.App. 2008).

An allegedly defamatory statement can either be "actionable per se" or "not actionable per se*." Holtzscheiter,* 506 S.E.2d at 510. All libel is actionable per se, but slander is only actionable per se if it relates to one of the following five categories: (1) the commission of a crime of moral turpitude; (2) the contraction of a "loathsome disease"; (3) adultery; (4) lack of chastity; and (5)"unfitness in one's business or profession." *Id*.at 501. As stated in *Yost v. City of Charleston* and *King v. Charleston County School District*, 664 F. Supp.2d 571 (DSC 2009) a principal may be held liable for defamatory statements made by an agent acting within the scope of his authority or apparent authority.

Here Plaintiff alleged that Supervisor Roberts disseminated misinformation about her sexual activities (ie chastity or lack thereof) and about the events that occurred in the course of employment. His comments concerning the Plaintiff's veracity, honesty, chastity and fitness for work were sufficiently based on the Plaintiff's employment to avoid dismissal of her claim against the employer. A defamation claim may be maintained against an employer rather than the agent of the employer where the defamation is based on one's employment. *King v. Charleston County School District*, 664 F.Supp.2d 571, 586-7 (DSC 2009). That the Plaintiff alleges that the defamation is based on the employment is all that is required for stating a claim against the employer. *Vogt v. Greenmarine Holding, LLC*, 318 FSupp2d 136, 144, n.6.(SDNY 2004). The defamatory message is obvious on its face. *White v. Wilkerson*, 328 SC 179, 183 (1997).

Defendant claims that the facts plead, specifically dealing with lack of chastity, even when read in conjunction with others in the Complaint, are not enough to sustain a claim of defamation. *Iqbal* does suggest that Plaintiff must plead context specific material. The Fourth Circuit in *Nemet Chevrolet, Ltd. v. Consumeraffairs com, Inc*., 591 F. 3d 250(4th Cir. 2009) explains that the "context-specific" test does not require "detailed factual allegations." *Iqbal* . at 1949-50 (quotations omitted). The complaint must, however, plead enough facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." *Iqbal* . at 1950.

17

The Complaint when read in its totality alleges that Plaintiff was sexually assaulted by her Supervisor (Exhibit 1, including paragraphs 47, 48, 49, 55) in the course of employment (Id. at paragraphs 31, 34, 35), and that he later made false statements to the employer, upon information and belief to investigators, family members, social acquaintances and others that any sexual contact, touching or other actions with Doe, if they happened were consensual (Id. at paragraphs 64, 71, 73, 74, 75, 77, 112, 113). Roberts' false statements that Ms. Doe agreed to the conduct and that it may not have even occurred (Id. at paragraphs 64, 71, 74, 75, 77) were made without any protective legal privilege by Roberts to his employer and others. (Id. at paragraph 114). His statements to the employer were accepted by the employer (Id. at paragraphs 64, 65, 67, 68, 69) as he was on information and belief terminated for alcohol consumption and not his other behaviors. (Id. at paragraph 64). In the Complaint, beginning as early as paragraph 41, Plaintiff discusses the defamatory and retaliatory behavior of her supervisor. See Exhibit 1, Complaint, ECF 1, para. 41, 42, 44, 50, 52, 63-64, 71-79, which sets forth allegations that she was falsely accused of lack of veracity and chastity and that those allegations were disseminated without privilege. Supervisor Roberts is specifically named as the author of the defamation. See Exhibit 1, Complaint, ECF 1, Para. 111-117.

The dissemination of false information that Plaintiff agreed to be assaulted, choked, restrained, strangled, bitten, sexually and inappropriately touched (See, Exhibit 1 at paragraphs 47, 48, 49, 55) sufficiently outlines a claim of defamation and an attack on Doe's veracity and chastity and ability to perform her job. Roberts claims of consent to sexual exploitation that

18

occurred 12 days after hire on her first business trip with someone she just met (Id.at paragraphs 2,7,27,31) certainly negatively affected her career and tenure at Weston and Sampson. How could her reputation not be damaged? The defamatory message is obvious on its face. *White v. Wilkerson*, 328 SC 179, 183 (1997). As such Plaintiff requests that her claim of defamation not be dismissed.

Should the Court feel that the Complaint is insufficient Plaintiff attached a proposed amended Complaint that seeks to clarify the defamation claim and which will be filed with an appropriate motion for leave to amend. See, Exhibit 4.

Respectfully Submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID #9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)

Mt. Pleasant SC            jmunterstarklaw@gmail.com
June 10, 2024              ATTORNEY FOR PLAINTIFF