IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 2:24-cv-1682-RMG-BM |
| ) | |
| Weston & Sampson Engineers, Inc. and ) | |
| Jason Roberts, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Weston & Sampson Engineers, Inc. ("Defendant" or "W&S"), by and through its undersigned counsel, submits this Reply in support of its Motion to Dismiss. (ECF No. 7.)

**I.   Plaintiff's State Law Claims Against W&S Are Barred by the SCWCA.**

**A. It Is Undisputed that Plaintiff Alleges to Have Suffered Personal Injuries Arising From Her Employment.**

All of Plaintiff's state law claims are premised on allegations of harassment and misconduct by her supervisor, Defendant Roberts. (ECF No. 1 ¶¶ 35-36, 60, 64, 67.)

As a result of these allegations, Plaintiff claims to have suffered personal injuries, including, "acute and severe emotional distress and outrage," and being "humiliated, embarrassed, and distressed; have difficulty in her daily life; have her business affairs interrupted; be unable to attend her ordinary affairs due to her mental state; . . . suffer considerable shock, mental stress, worry; [and] to be held up to public ridicule, scorn, and contempt[.]"  (EFC No. 1 ¶¶ 107, 109, 115.) Indeed, throughout the Complaint, Plaintiff repeatedly alleges that she suffered "emotional distress" as a result of the underlying conduct. *Id*.

Therefore, it is indisputable that Plaintiff alleges to have suffered personal injuries under the South Carolina Workers' Compensation Act ("SCWCA"). *See Loges v. Mack Trucks*, 308 S.C. 134, 135, 137 (1992) (state law claims premised on allegations of harassment and emotional distress "constitute personal injuries within the scope of the [SCWCA]"); *Dickert v. Metro. Life Ins. Co.*, 311 S.C. 218, 219, 221 (1993) (mental injuries caused by sexual harassment qualify as personal injuries under the SCWCA). It is also undisputed that Plaintiff alleges these injuries arose from her employment; she does not even attempt to argue otherwise in her response brief.

In sum, Plaintiff's state law claims are premised on (1) conduct that caused her personal injuries (2) that arose from her employment. This brings her state law claims squarely within the purview of the SCWCA exclusivity provision. *See* S.C. Code Ann. § 42-1-310; *Mathis v. Interstate Contract Cleaning Servs.*, 2018 U.S. Dist. LEXIS 206274, at *12 (D.S.C. July 9, 2018) ("[T]he [SCWCA] provides the exclusive remedy against an employer for an employee who sustains injuries arising out of his employment."); *Sabb v. S.C. State Univ.*, 350 S.C. 416, 422 (2002) ("Because Sabb's claims . . . arose out of and in the course of her employment, the [SCWCA] provides the exclusive remedy for her."). Plaintiff has failed to cite a single case finding that an intentional infliction of emotional distress claim premised on harassment allegations falls outside the scope of the SCWCA. This Court should decline Plaintiff's invitation to deviate into uncharted territory.

**B. Plaintiff's Claims Do Not Meet a Recognized Exception to SCWCA Exclusivity.**

The South Carolina Supreme Court has stated that "*the only exceptions* to the [SCWCA]'s exclusivity provision are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to

reputation; or (4) where the Act specifically excludes certain occupations." *Kerr v. Hammond Sch.*, 2018 U.S. Dist. LEXIS 62242, at *5 (D.S.C. Feb. 22, 2018) (emphasis added).

Here, Plaintiff's response brief does not assert that any of the recognized exceptions apply. Instead, Plaintiff relies upon what she proposes to submit as a "proposed amendment to the Complaint, Exhibit 4" by arguing she attempted to file for workers' compensation benefits. (ECF No. 18 at 12.) However, this is not a recognized exception to the SCWCA exclusivity provision and Plaintiff has failed to provide any binding caselaw to support such a proposition. Instead, Plaintiff seeks to assert that the individual supervisor at issue, Defendant Roberts, may be an alter ego of the Defendant employer and thus her state law claims should survive dismissal at this stage. *Id.* at 15. It is well-settled in this District that supervisory and/or managerial employees do not constitute "alter egos" of a corporate Defendant. *See Highers v. Britelife Recovery at Hilton Head, LLC*, 2022 U.S. Dist. LEXIS 163019, at *11 (D.S.C. Sep. 8, 2022) (granting motion to dismiss upon finding that, "The Magistrate Judge concluded that Baumann and Gibbs were not "alter egos" of Defendant. [] The Magistrate Judge reasoned that Plaintiff's allegations were only sufficient to show that Baumann and Gibbs were supervisory employees and not sufficient to show that they were "dominate corporate owners" or "officers" as required under South Carolina law.") Likewise, it remains undisputed that W&S as the Defendant's employer did not commit any alleged assault against Plaintiff and Plaintiff has failed to demonstrate that any supervisory employee was actually a "dominant corporate officer of the employer" to constitute an alter ego and serve as an exception to the SCWCA exclusivity provision. *See Strickland v. Galloway*, 348 S.C. 644, 560 S.E.2d 448 (S.C. Ct. App. 2002) (stating that the exclusive remedy doctrine confers immunity not only on the direct employer, but also on co-employees").

Accordingly, the state law claims against W&S should be dismissed. *See Kerr*, 2018 U.S.

3

Dist. LEXIS 61395, at *13 (D.S.C. Apr. 11, 2018) (concluding that proposed amendments to state law claims would be futile because "Plaintiff's proposed amendments would not bring her negligence claims within one of the limited exceptions to [the exclusivity provision]"); *Williams v. MKKM, Inc.,* 2015 U.S. Dist. LEXIS 175279, at *11 (D.S.C. 2015) ("Plaintiff . . . has failed to allege any facts that would bring her claim under any of these exceptions. . . . Therefore, the Defendants are entitled to dismissal of this claim.").

### C. Plaintiff's State Law Claims Against W&S Should Be Dismissed Because She Is Limited to the Statutory Remedies Available.

Plaintiff essentially argues that her state law claims are not duplicative of her Title VII claims and/or that she should not be faulted for bringing numerous causes of action that provide for alternative theories of recovery. (ECF No. 18 at 4.) However, Plaintiff's intentional infliction of emotional distress and defamation claims indeed appear to be based on the same alleged conduct in which her Title VII claims are grounded. Specifically, Plaintiff's Title VII claims are based on Plaintiff's alleged reporting of "sexual assault, sexual harassment, quid pro quo and hostile environment, as well as retaliation at the hands of her supervisors" that apparently led to Plaintiff feeling she was being "ignored, isolated and frozen out." (ECF No. 1 ¶¶ 86, 89.) In addition, Plaintiff alleges that her Title VII claims stem from "[t]he actions of Manager Defendant Roberts, set forth above, constitute discriminatory, objectionable and sexual harassing behavior in violation of Title VII." *Id.* ¶ 97. Plaintiff's intentional infliction of emotional distress claim is based on the same underlying harassment and hostile work environment allegations, including "[t]hat as a direct and proximate result of the outrageous actions taken by the ***individual Defendant*** and by and through the agents, servants, officers and/or employees of the Defendants, Plaintiff suffered acute and severe emotional distress[.]" *Id.* ¶ 109 (emphasis added). Further, Plaintiff's defamation claim is also based on those same underlying harassment and hostile work environment allegations,

including that "Defendant Roberts, in his individual capacity and as a manager, agent and employee of the Defendant Employer, made or caused to be made, sent or caused to be sent, delivered or caused to be delivered, false, defamatory and injuries statements regarding the Plaintiff, as set forth above." *Id*. ¶ 112. Thus, Plaintiff's state law claims against W&S are premised on the same alleged misconduct that supports her Title VII claims.

Under South Carolina law, a plaintiff is barred from pursuing common law claims based on the same conduct for which the plaintiff is pursuing statutory remedies, even if those remedies originate from a federal statute. Plaintiff appears to take issue with immaterial particulars in the cases cited by Defendant W&S in its Memorandum in Support of the Motion to Dismiss. (ECF No. 18 at 5.) Nevertheless, this Court routinely applies this legal doctrine and dismisses state law claims that are duplicative of Title VII claims. *See, e.g.*, *Lindblad v. J&L Servs., Inc.*, 2019 U.S. Dist. LEXIS 25209, at *14-15 (D.S.C. Jan. 30, 2019), *adopted*, 2019 U.S. Dist. LEXIS 24755 (recommending dismissal of South Carolina state law claims and finding "it follows that the prohibition is not from a double recovery, but from pursuing a claim under common law when a statutory remedy exists. Therefore, because statutory remedies exist for Plaintiff's claims [] based on discrimination and retaliation, dismissal of Plaintiff's [state law] claim is proper."); *Menton v. Nestle Frozen Food Co.*, 2015 U.S. Dist. LEXIS 29724, at *11-13 (D.S.C. Jan. 23, 2015), *adopted*, 2015 U.S. Dist. LEXIS 28956 (recommending dismissal of South Carolina state law claims and stating "[i]nstead, the plaintiff incorporates her previous allegations, and then offers a series of legal conclusions to allege that her termination violated public policy []. Accordingly, the plaintiff's [state law] claim is duplicative of her Title VII claims, and the claim should be dismissed."). Accordingly, Plaintiff's state law claims should be barred because she has available Title VII statutory remedies for the alleged misconduct.

**II.     Conclusion**

For the reasons set forth above and in its original brief, W&S requests that the Court dismiss with prejudice all state law claims and the Title VII hostile work environment claim alleged against W&S in this action.

Respectfully submitted,

By: *s/ D. Randle Moody, II*
Laura A. Ahrens (Fed. I.D. No. 13396)
Email: laura.ahrens@jacksonlewis.com
D. Randle Moody, II (Fed. I.D. No. 7169)
Email: Randy.Moody@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT WESTON & SAMPSON ENGINEERS, INC*.

This 17th day of June, 2024.