IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO.: 2:24-cv-1682-RMG-BM

| | |
|---|---|
| **Jane Doe** ) | |
| ) | |
| **Plaintiff,** ) | **OPPOSITION TO DEFENDANT JASON** |
| ) | **ROBERTS MOTION TO COMPEL** |
| ) | |
| **v.** ) | |
| ) | |
| **Weston & Sampson Engineers, Inc.** ) | |
| **and Jason Roberts** ) | |
| **Defendants.** ) | |
| ) | |

Plaintiff Jane Doe, opposes Defendant Jason Roberts' Motion to require Plaintiff to proceed without a pseudonym and and to Amend the Complaint to Reflect her Name (ECF 17). Plaintiff asserts that anonymity can be vital to the representation of victims of sexual violence and seeks permission to proceed using the Jane Doe moniker.

## FACTUAL BACKGROUND

Plaintiff Jane Doe is a sexual assault victim. She filed suit against her former employer Defendant Weston & Sampson Engineers, Inc. and Defendant Roberts, her former supervisor. Plaintiff alleges multiple causes of action including assault and battery, hostile environment under Title VII of the Civil Rights Act of 1964, retaliation under of Title VII, as well as claims for intentional infliction of emotional distress, defamation and defamation *per se* and interference with contract. Plaintiff was employed with W&S from March 15, 2022 to September 30, 2022. After working for 12 days she was sent on a business trip to a conference at the instance of Defendant Roberts. While at the conference, Roberts she as alleged in the Complaint, became intoxicated and abusive, repeatedly sexually assaulted her, threatened her

with physical and emotion injury. and upon return to work, defamed her and continued to inflict emotional distress upon her after he was terminated and following her resignation.

Due to his actions, Plaintiff remains terrified, physically and emotionally traumatized, has suicidal ideation, was diagnosed with PTSD and has experienced continued harassment and fear for her personal safety.

Defendant Roberts correctly points out that Plaintiff in error did not seek express permission from the Court to use a pseudonym pursuant to FRCP 10(a) and requests that the Court Order Plaintiff to Amend her Complaint. Plaintiff seeks to rectify this error forthwith by filing the appropriate motion under Rule 10 for permission to proceed as Jane Doe

## II. RULE 10

Plaintiff did not comply with Rule 10(a), Fed. R. Civ. P., and seeks permission at this time to rectify the error as she believes that the facts and circumstances merit the same, including based upon the recent guidance from the Fourth Circuit. *See, Jane Doe v. Cenk Sidar*, No. 23-1151, No. 23-1177, decided February 21, 2024, attached at Exhibit 1.

Rule 10 indicates that party names are to be included in pleadings. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . ."). However, there are some instances where this general rule is overcome by extenuating circumstances. *Doe v. Public Citizen*, 749 F.3d 246, 254-55 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993*)). Doe* held that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request." *Id.* at 274.

## III. STANDARD FOR USE OF PSUEDONYM

Cases of sexual assault implicate 'privacy or confidentiality' concerns of the highest order. *James v Jacobson*, 6 F3d, 233,238 (4th cir. 1993). Although the is generally a "presumption" that parties must sue and be sued in their own names there are important exceptions to the rule. *James*, used by courts in the Fourth Circuit for considering requests to use a pseudonym and considers the following factors:

1. Whether aim is to "avoid the annoyance and criticism that may attend any litigation" or "to preserve privacy in a matter of sensitive and highly personal nature"
2. Whether using party's name poses risk of retaliatory physical or mental harm to party or innocent non-parties
3. Age of requesting party (less likely for adults)
4. Whether action is against government or private party
5. Whether permitting pseudonym poses risk of unfairness to opposing party

6 F.3d at 238.

Courts applying the *James* test have permitted use of a pseudonym by the plaintiff in a civil case alleging he was mistreated by a state university based on false sexual assault allegations. *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583 (E.D. Va. 2016); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016); but see *K.W. v. Holtzapple*, 299 F.R.D. 438 (M.D. Penn. 2014) (disallowing pseudonym for frat brother alleging § 1983 suit against school for illegal search that revealed drugs). A pseudonym was allowed in a case where revealing the plaintiff's name threatened the relief sought in the underlying claim. *Doe v. Tenenbaum*, 127 F. Supp. 3d 426, 469 (D. Md. 2012).  In *Lauren B. v. Baxter Int'l Inc.*, 298 F.R.D. 571, 573 (N.D. Ill. 2014) the court permitted use of a pseudonym in case where using her name was "a threat to her recovery" from "severe mental illnesses" including a long-standing eating disorder.

The question of whether to allow a litigant to proceed anonymously is a matter within the trial court's discretion, but may not be decided based upon general disapproval of having a party proceed as a Jane Doe or other "general" rules. *Id* at 242.

However, the recent decision by the Fourth Circuit Court of Appeals decision in *Jane Doe v. Cenk Sidar*, No. 23-1151, No. 23-1177, decided February 21, 2024 re-examines the application of *James* in sexual assault cases and ruled that the lower court had strayed from it's legal constraints by when it "fail[ed] to adequately take into account" the nature and strength of Doe's legitimate interest in anonymity relating to the sexual assault. *Id* at 11-12, citing, *Doe v. Doe*, 85 F.4th at 210. In *Doe v. Sidar,* the Appeals Court ruled that the decision to permit use of a pseudonym and the examination of the applicable factors must be based on "the circumstances of particular cases." Citing, *James* at 238.

> This Court has also identified "five non-exhaustive factors for district courts to consider when deciding motions to proceed by pseudonym." *Doe v. Doe*, 85 F.4th at 211. The first focuses on why the requesting party is seeking anonymity, asking whether "the justification" "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature." *James,* 6 F.3d at 238. The second factor directs the court's attention to risks of denying anonymity by asking "whether identification [of the requesting party] poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties." *Id.* The third likewise focuses on the claimed need for anonymity by considering "the ages of the persons whose privacy interests are sought to be protected." *Id.* In contrast, the fourth and fifth factors focus on the legitimate interests on the other side by asking "whether the action is against a governmental or private party" and assessing "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.*
>
>  *Jane Doe v. Cenk Sidar*, No. 23-1151, No. 23-1177, pg. 10- 11, decided February 21, 2024

The Appeals court found that the issues in the case, were not merely sensitive but involved the intimate details of Doe's sexual assault and resulting "psychological trauma" and further emphasized that the courts recognize "a plaintiff's interest in preserving privacy where the allegations concern sexual assault." *Id* at p.12, *citing*, *Doe v. Doe*, 85 F.4th at 212. The Court further reviewed its historical protection of victims (at page 12 of the opinion) noting ""the practice of closing courtrooms to members of the public while a victim of sex crimes testifies"— a step far more drastic than the "limited form of closure" represented by allowing a sexual assault victim to use a pseudonym—"has not been uncommon." *Bell v. Jarvis*, 236 F.3d 149, 167 (4th Cir. 2000) (first and third quote); *James,* 6 F.3d at 238 (second quote)." It also noted that substitutes for true identities are often used to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Id. citing*, *Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997) (emphasis added). The Federal Rules of Evidence also specifically protect the privacy interests of sexual assault victims—including alleged victims—in both criminal and civil cases. See Fed. R. Evid. 412.

In assessing the fairness factor the Fourth Circuit further admonished the lower court for operating under the presumption that there was a "flat rule" that the fairness factor always counsels against letting a plaintiff in a civil action use a pseudonym at trial unless the defendant is also using one. *James*, 6 F.3d at 240 n.4. The rule requires an individualized assessment of fairness and an examination of the facts of each case. Using that standard the Appeals Court found that use of anonymity in the case was appropriate.

In this case we have a sexual assault victim who has suffered severe mental health consequences and has received intense treatment since the incident. Plaintiff attaches the Complaint ECF 1, as Exhibit 2. Looking at the first factor under *James* she seeks to preserve privacy in a matter of sensitive and highly personal nature. Plaintiff alleges that while on a work trip she was sexually assaulted

repeatedly including having her life and career threatened if she told anyone. Exhibit 2, Paragraphs 47-55.  As stated in the Complaint the individual Defendant threatened Plaintiff's life and safety, and has access to her personal information the release of which  has resulted in continued fear and  harassment including by Defendant's paramour. Exhibit 2, 73-79. There is a significant risk to the Plaintiff of escalated and continued retaliation which may occur if her identity were published.   Plaintiff has experienced significant mental health repercussions as the result of the incident.   Plaintiff is over 21 and the action is against an individual.  Regarding fairness to the opposing party Defendant has previously, upon information and belief disclosed the facts and circumstances of the event to law enforcement, workers compensation adjusters, his employer, his paramour and friends, and coworkers. Given Plaintiff's victimization Plaintiff believes that based on the totality of the circumstances she should be permitted to go forward as Jane Doe and that her motion to use the pseudonym, which will be filed forthwith, should be granted.

## CONCLUSION

Given the foregoing, Plaintiff prays that the Defendant's Motion to Compel be denied.


Respectfully Submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID #9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF


Mt. Pleasant, SC
June 21, 2024