IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-BM |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT JASON ROBERTS' RESPONSE IN OPPPOSITION TO PLAINTIFF'S MOTION TO AMEND HER COMPLAINT**

Defendant Jason Roberts ("Roberts"), by and through his undersigned attorney, files this Response Opposing Plaintiff's Motion to Amend her Complaint. (ECF No. 19). The Court should deny Plaintiff's motion as futile because her proposed Amended Complaint does not cure the deficiencies set forth in the motions to dismiss. (ECF Nos. 7 and 15).

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading with leave of court and further states "[t]he court should freely give leave when justice so requires." "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (citations and emphasis omitted).

## II.     ARGUMENT

In her Motion to Amend, Plaintiff seeks to file an Amended Complaint with what she alleges is a more definite statement of facts in light of the Defendants' challenges in the two pending Motions to Dismiss (ECF Nos. 7 and 15). (ECF No. 19 at 2). Plaintiff's Motion,

however, is futile because the Proposed Amended Complaint fails to cure the deficiencies identified by the Defendants in their Motions to Dismiss.

In the Proposed Amended Complaint, Plaintiff adds allegations that her workers' compensation claim was denied. *See* Pl.'s Resp. Opp. Def. Roberts Mot. to Dismiss, ECF No. 22 at 19 (citing Proposed Am. Compl. ¶ 72). Further, Plaintiff also claims to have added "additional detail to clarify the defamation cause of action." *Id.* (citing Proposed Am. Compl. ¶¶ 115-124). However, as discussed more fully in Roberts' Reply, because the proposed additional allegations to these claims do not cure the deficiencies raised in the Motions to Dismiss, the amendment should be denied as futile.

In sum, Plaintiff still fails to plead the alleged defamatory statements, when they were made, and to whom they were published. *See Barrett v. Grand Strand Reg. Med. Center*, No. 4:23-cv-2658-RBH-TER, 2024 WL 1494706, *6 (D.S.C. Jan. 3, 2024), adopted 2024 WL 1191109 (D.S.C. Mar. 20, 2024); *Dombek v. Adler*, No. 2:18-cv-391-RMG, 2019 WL 459019, at *5 (D.S.C. Feb. 5, 2019) (dismissing defamation claims which lacked specificity required to make out claim for defamation). Additionally, simply adding an allegation that Plaintiff's claim for workers' compensation benefits was denied does not address Roberts' arguments that Plaintiff has failed to sufficiently plead her intentional infliction of emotional distress claim.

Based on the foregoing, Plaintiff 's proposed amendments do not cure the deficiencies raised in the motions to dismiss and thus the court should deny Plaintiff's Motion to Amend as futile. (ECF No. 19).

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

June 26, 2024

3