IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-BM |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT JASON ROBERTS' REPLY TO PLAINITFF'S RESPONSE TO ROBERTS' MOTION TO COMPEL PLAINTIFF TO PROCEED WITHOUT USING A PSEUDONYM AND RESPONSE OBJECTING TO PLAINTIFF'S MOTION TO BE ALLOWED TO PROCEED ANONYMOUSLY**

Defendant Jason Roberts ("Defendant" or "Roberts"), by and through his undersigned attorney, files this Reply to Plaintiff's Response to Roberts' Motion to Compel Plaintiff to Proceed Without Using a Pseudonym and to Amend her Complaint to Reflect her Name. In her response, Plaintiff moves to be allowed to proceed anonymously pursuant to Rule 10, SCRCP. (Pl.'s Resp. at 2).[1] To the extent this motion is properly before the Court, Roberts includes a response objecting to Plaintiff's motion. Because the extraordinary circumstances that warrant pseudonymity are not present here, Plaintiff should not be allowed to proceed anonymously in litigating this action.

**APPLICABLE LEGAL STANDARDS**

There is a "general presumption of openness of judicial proceedings," based on the Federal Rules of Civil Procedure, common law, and the First Amendment. *Doe v. Doe*, 85 F.4th

---

[1] Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of a complaint must name all the parties." Fed. R. Civ. P. 10(a).

206, 210 (4th Cir. 2023) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Allowing litigants to proceed pseudonymously undermines that right of public access. *Id.* "For that reason, few cases warrant anonymity, and few litigants request it." *Doe v. Sidar*, 93 F.4th 241, 247 4th Cir. 2024) (citing *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (noting that litigant anonymity should be "rare" and justified by "exceptional" circumstances (emphasis removed)). Whether to allow a litigant to proceed anonymously is "committed in the first instance to trial court discretion." *James*, 6 F.3d at 238.

In ruling on a motion to a allow a party to proceed anonymously, the court may not "act based on any 'general rule.'" *Sidar*, 93 F.4th at 247. Instead, the decision whether to permit use of a pseudonym must be based on "the circumstances of particular cases." *Id.* The court is to consider the following non-exhaustive factors:

> 1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> 2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> 3) The ages of the persons whose privacy interests are sought to be protected;
>
> 4) Whether the action is against a governmental or private party; and
>
> 5) The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

## ARGUMENT

The balance of interests at stake weigh against granting Plaintiff's motion to proceed under a pseudonym under the circumstances of this case.

The parties agree that there is a presumption that parties must sue in their names and, upon motion, the court may allow a party to proceed anonymously. (Pl.'s Resp. at 2-3). *See James*, 6 F.3d at 238. Further, the parties agree that this issue is controlled by the non-exhaustive list of factors identified by the Fourth Circuit in *James*, set out above. (Pl.'s Resp. at 3) (quoting *James*, 6 F.3d at 238)

As an initial, Plaintiff cites to a recent Fourth Circuit decision as re-examining the application of James in sexual assault cases, *Doe v. Sidar*, 93 F.4th 241. (Pl,'s Resp. at 4). In *Sidar*, however, the Fourth Circuit specifically applied the factors in *James* and determined that the district court had erred in its application of the first factor when it determined that the plaintiff had not demonstrated a sufficient level of need for anonymity and that "a flat rule" of fairness required the plaintiff to use her real name because the defendant was named. *Id.* at 247-48. Key in its decision was the fact that the defendant had already been found liable for raping the plaintiff, which "tipped [the determination] powerfully in [the plaintiff's] favor." *Id.* at 248-49. Here, however, Roberts has not been found liable for the alleged sexual assault of Plaintiff. In fact, as Plaintiff acknowledges in her response to Roberts' Motion to Dismiss, Plaintiff's allegations have not resulted in any charges, let alone a conviction even though two separate law enforcement agencies investigated the allegations. (ECF No. 22 at 4 n.1).[2] In any event, the application and analysis of the *James'* factors remains the proper manner for a court to determine whether a party can proceed anonymously.

Plaintiff's discussion of the *James'* factors is very conclusory. Citing generally to her Complaint, she alleges she is a sexual assault victim and suffers from severe mental health

---

[2] Plaintiff argues that this fact is irrelevant citing statistics regarding the low rate of reporting and prosecuting of sexual assaults. These statistics, however, simply have no bearing on this case as Plaintiff did report the alleged sexual assault and the police investigated and declined to bring charges.

consequences and has received intense treatment since the incident. (P.'s Resp. at 5). She further alleges that she was sexually assaulted repeatedly on a work trip; that Roberts threatened her life and career if she told anyone; that she has been harassed; and that there is significant risk to escalated and continued retaliation if her identity was published. *Id.* at 5-6. She then turns to the *James* facts and briefly addressed them.

1) **Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature**.

Roberts acknowledges that allegations of sexual assault have been held to involve a matter of sensitive or highly personal nature, *see, e.g, E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (unpublished). However, allegations of a sexual assault *alone* do not support allowing a plaintiff to sue anonymously. Such allegations are not dispositive; they are merely one factor to consider. *See Sidar*, 93 F.4th at 247 (holding that the court may not "act based on any 'general rule.'").

Plaintiff submits that she seeks to proceed anonymously not to avoid annoyance and criticism, but rather "to preserve privacy in a matter of sensitive and highly personal nature." (Pl.'s Resp. at 5). Plaintiff, however, has not acted to preserve her privacy.

Plaintiff has used her own name in a posting to a Facebook group where she claimed that Roberts sexually assaulted her. (Pl.'s Facebook Post which can be provided to the Court). In or about June or July 2023, an anonymous member wrote that she was seeking to determine if there were any "tea" or red flags associated with Roberts. She included Roberts' picture and his first name. Plaintiff, using her full name, responded: "To everyone, he SA me. I didn't know he had a criminal history. I'm putting this out there to protect anyone I can from him. He is DANGEROUS." "Are We Dating the Same Guy?" is a network of 200 female-only Facebook

groups with city and location-specific with more than 3.5 million members sharing dating experiences. "Are We Dating the Same Guy?" Greenville County/Anderson County has almost 15,000 members. Members often post anonymously; yet, Plaintiff choose not to. These facts form the basis (in part) for Roberts' defamation counterclaim against Plaintiff.

Plaintiff has not acted to preserve her privacy. Accordingly, Plaintiff's desire to remain anonymous only in this forum does not support a determination that this factor weighs in favor of proceeding anonymously. Because Plaintiff's reasons for anonymity (to preserve her privacy) are belied by her actions, this factor weighs against anonymity.

**2) Whether identification poses a risk of retaliatory physical or mental harm.**

As to the second *James* factor, the risk of retaliatory or mental harm to the party seeking anonymity, "district courts routinely look for 'aggravating factors' or 'evidence' as a means to determine whether a risk of harm truly exists." *Doe v. Doe*, 85 F.4th 206, 213 (4th Cir. 2023). Plaintiff does not allege any potential retaliation or harassment if her name is released in court documents. In fact, as Plaintiff acknowledges Roberts knows Plaintiff's identity and she further alleges that he had access to her personal information. There is no real risk of harassment or retaliation if the Court denied her motion to proceed anonymously. Accordingly, this factor weighs against anonymity.

**3) Age of the persons whose privacy interests are sought to be protected**

As to the third *James* factor, Plaintiff concedes that she is not a minor. (Pl.'s Resp. at 6). Because Plaintiff is not a minor and the allegations do not involve any minors, this factor weighs against anonymity. *See Smith v. Towson Univ.*, No.JRR-22-cv-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), aff'd, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding

that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor).

### 4) Whether the action is against a governmental or private party

Courts typically find the fourth factor weighs against anonymity where a plaintiff is suing an individual defendant. *See Doe v. Doe*, 85 4th 206, 215 (4th Cir. 2023) (noting "the more private parties (sued in their individual capacities), the more likely the courts were to find that the factor weighed against the plaintiff"); *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation."). "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). Thus, because both Plaintiff and Roberts are private parties, the fourth factor weighs against anonymity.

### 5) The risk of unfairness to the opposing party

As to the fifth factor, Plaintiff merely states "[r]egarding fairness to the opposing party, Defendant has previously, upon information and belief[,] disclosed the facts and circumstances of the event to law enforcement, workers compensation adjusters, his employer, his paramour and friends, and coworkers." (Pl.'s Resp. at 6). Roberts' actions in defending himself to law enforcement, his employer, and others does not alleviate the risk of unfairness that he faces if Plaintiff is allowed to proceed anonymously.

Plaintiff fails to address any unfairness to Roberts, such as the difficulty Roberts faces in defending this action if Plaintiff is allowed to continue anonymously. Moreover, as the Fourth Circuit recently recognized, "[w]here liability has not been established, there is at least some risk

6

that jurors may view a decision to let one side proceed anonymously as suggesting that the anonymous party's claims are valid or that it has the better case than the non-anonymous party." *Sidar*, 93 F.4th at 249. Accordingly, there is a risk of prejudice to Roberts in allowing Plaintiff to proceed anonymously which causes this factor to weigh against anonymity.

## CONCLUSION

Balancing the *James* factors, the factors weigh against granting Plaintiff's motion to proceed anonymously. Accordingly, Defendant Roberts respectfully requests that the Court grant his Motion to Compel Plaintiff to Proceed without Using a Pseudonym and to Amend her Complaint to Reflect her Real Name and deny her request to proceed anonymously.

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

June 26, 2024

7