IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe, | ) |
|                  Plaintiff, | ) ) ) |
|          v. | ) )    C.A. No. 2:24-cv-1682-RMG-KFM |
| Weston & Sampson Engineers, Inc. and Jason Roberts, | ) ) ) |
|                 Defendants. | ) ) ) ) |

**DEFENDANT WESTON & SAMPSON ENGINEERS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant Weston & Sampson Engineers, Inc. ("Defendant" or "W&S"), by and through its undersigned counsel, submits this Response in Opposition to Plaintiff's Motion Requesting Leave to Amend the Complaint. (ECF No. 19.) As discussed more fully below, the Court should deny Plaintiff's motion because her proposed amendments fail to cure the deficiencies identified in Defendant W&S's Motion to Dismiss and they are futile as a result.

### I.      FACTUAL AND PROCEDURAL BACKROUND

This lawsuit arises out of Plaintiff Jane Doe's ("Plaintiff") former employment with Weston & Sampson Engineers, Inc. In her Complaint, Plaintiff asserted multiple claims against Defendant W&S stemming from her employment, including Title VII hostile work environment and retaliation, and intentional infliction of emotional distress and defamation under South Carolina law.

On May 16, 2024, Defendant W&S timely moved to dismiss Plaintiff's state law claims and Title VII hostile work environment claim. (ECF No. 7.) The grounds for Defendant W&S's

Motion to Dismiss included that Plaintiff is limited to pursuing statutory remedies under Title VII, the intentional infliction of emotional distress claim is barred by the South Carolina Workers' Compensation Act's ("SCWCA") exclusivity provision, and the defamation claim lacks the requisite specificity. *Id*. On June 7, 2024, Defendant Roberts also filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 15.) Plaintiff filed a Response in Opposition to Defendant W&S's Motion to Dismiss on June 10, 2024 (ECF No. 18), and on June 17, 2024, Defendant W&S filed a Reply in support of its Motion to Dismiss. (ECF No. 20.)

On June 12, 2024, Plaintiff filed the instant motion requesting leave to amend the Complaint. (ECF No. 19.) In the proposed Amended Complaint attached to the instant motion, Plaintiff maintains the same claims against Defendant W&S and the factual allegations supporting these claims in her Amended Complaint are nearly identical to those in her initial Complaint. (*Compare* ECF No. 18-4 at ¶¶ 1-70, 73-76, 78-82 *with* ECF No. 1 at ¶¶ 1-70, 71-74, 75-79.) For the foregoing reasons, as well as those detailed in Defendant W&S's Motion to Dismiss and Reply brief, Plaintiff's Motion should be denied because proposed amendments to the Complaint fail to cure pleading deficiencies and are futile.

## II.     LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15. Nonetheless, it is well-established that leave to amend should be denied where the amendment sought would be futile. *See, e.g.*, *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x 640, 643 (4th Cir. 2011). To assess whether a proposed amendment is clearly futile, a district court may look to "substantive or procedural considerations." *Jones*, 444 Fed. App'x at 643 (citing *Davis v. Piper Aircraft*, 615 F.2d 606, 613 (4th Cir. 1980)). More specifically, where, as here, a proposed

2

amendment fails to state a claim upon which relief may be granted, leave to amend should be denied. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

### III.    ARGUMENT

#### A. The South Carolina Workers' Compensation Act's Exclusivity Provision Bars Plaintiff's Attempt to Assert the Same Claims Against W&S.

Plaintiff's allegations pertaining to her intentional infliction of emotional distress claim in the proposed Amended Complaint are identical to those in her original Complaint. (*Compare* ECF No. 18-4 at ¶¶ 109-113 *with* ECF No. 1 at ¶¶ 106-110.) Thus, Plaintiff continues to assert this claim against W&S, which is premised on allegations of misconduct allegedly committed by her supervisor, Defendant Roberts, and which allegedly caused Plaintiff "emotional distress and outage." (ECF No. 18-4 at ¶ 110.) This claim falls under the SCWCA because Plaintiff allegedly sustained personal injuries arising out of her employment and therefore, her intentional infliction of emotional distress claim remains jurisdictionally barred by the SCWCA's exclusivity provision, and any amendment to her Complaint as to the intentional infliction of emotional distress claim against Defendant W&S is futile. *See* ECF No. 7 at 5-8.

In *Crutchfield v. Pfizer Inc.*, 2013 U.S. Dist. LEXIS 83212, *6-11 (D.S.C. May 22, 2013), *adopted*, 2013 U.S. Dist. LEXIS 83062 (D.S.C. June 13, 2013), this Court granted an employer's motion to dismiss an intentional infliction of emotional distress claim against individual co-employees because the SCWCA's exclusivity provision barred that claim. Accordingly, the Court recommended dismissing Crutchfield's intentional infliction of emotional distress claim, and that recommendation was adopted. *Id*.

Here, as in *Crutchfield*, Plaintiff cannot circumvent the SCWCA's exclusivity provision's application by simply substituting her supervisors in their individual capacities for Defendant

3

W&S. There is no dispute that Plaintiff alleges her intentional infliction of emotional distress claim stems from her employment with Defendant W&S and any Complaint amendment is futile.

### B. Plaintiff Has Further Failed to Amend Pleading Deficiencies and Her Motion Should be Denied Because Any Complaint Amendments Are Futile.

#### a. Plaintiff's Defamation Claims Remain Barred Because They Lack the Requisite Specificity Required for Bringing Such Claims.

Plaintiff's allegations pertaining to her defamation claims in the proposed Amended Complaint are nearly identical to those in her original Complaint, with the exception that she has added allegations about Defendant Roberts being a supervisory employee and vague statements that Defendant Roberts told unspecified others that any sexual conduct with Plaintiff was consensual. (*Compare* ECF No. 18-4 at ¶¶ 114-124 *with* ECF No. 1 at ¶¶ 111-117.)

Thus, Plaintiff continues to assert such claims against W&S, however, her threadbare allegations of defamatory statements and/or actions against W&S are non-existent and remain entirely unsupported. Despite Plaintiff's proposed Complaint amendments, she still provides no evidence of who made any allegedly defamatory statements, what was allegedly said, or when such statements were made or to whom. Critically, the proposed amendments appear to still be against Defendant Roberts and fail to provide sufficient detail to constitute actionable defamation against W&S. (ECF No. 18-4 at ¶ 119, 120, 123.) Therefore, any amendment to her Complaint as to the defamation claims against Defendant W&S is futile. *See* ECF No. 7 at 8-10.

#### b. Plaintiff's Title VII Hostile Work Environment Claim Remains Barred Because W&S Took Prompt and Effective Remedial Action to Control Against Hostile Work Conditions.

Plaintiff's allegations pertaining to her Title VII hostile work environment claim in the proposed Amended Complaint are identical to those in her original Complaint. (*Compare* ECF No. 18-4 at ¶¶ 99-108 *with* ECF No. 1 at ¶¶ 96-105.) Thus, Plaintiff continues to assert this claim

4

against W&S, which is premised on allegations of misconduct allegedly committed by her supervisor, Defendant Roberts. It remains undisputed that Defendant W&S promptly terminated Roberts after Plaintiff informed W&S of Roberts' allegedly inappropriate behavior at issue. (*Compare* ECF No. 1 at ¶ 64 *with* ECF No. 18-4 at ¶ 64.) Thus, Defendant W&S took prompt and remedial action to control alleged hostile work conditions and liability cannot be imputed to W&S as Plaintiff's former employer, and so any amendment to her Complaint does not impact the Title VII hostile work environment claim and is futile. *See* ECF No. 7 at 4-5.

In short, Plaintiff seeks to simply repackage the same claims based on identical factual allegations which are futile and should not be entertained by the Court. Even if Plaintiff's Motion were granted, the result would be an inevitable dismissal. As such, Plaintiff's Motion Requesting Leave to Amend the Complaint should be denied in its entirety.

### IV.     CONCLUSION

For the reasons set forth above, Defendant W&S respectfully requests that the Court deny Plaintiff's motion requesting leave to amend the Complaint in its entirety.

Respectfully submitted,

By: *s/ D. Randle Moody, II*
Laura A. Ahrens (Fed. I.D. No. 13396)
Email: laura.ahrens@jacksonlewis.com
D. Randle Moody, II (Fed. I.D. No. 7169)
Email: Randy.Moody@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT WESTON & SAMPSON ENGINEERS, INC.*

This 26th day of June, 2024.