IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO.: 2:24-cv-1682-RMG-BM

| | |
|---|---|
| **Jane Doe** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>-v- )<br>**Weston & Sampson Engineers, Inc.** )<br>**and Jason Roberts** )<br>**Defendants.** )<br>_____ ) | ANSWER TO DEFENDANT JASON ROBERTS COUNTERCLAIMS |

Pursuant to Fed. R. Civ. P. Rule 12, Plaintiff, Jane Doe, by and through her undersigned attorney, hereby files this Answer to the Counterclaims raised by Defendant Jason Roberts as follows:

### FOR A FIRST DEFENSE
### (General Denial)

1. Each and every allegation of the Counterclaim not specifically admitted or qualified is hereby denied, and strict proof thereof is demanded.

2. In responding to the allegations of Paragraph 146, no allegation requiring a response is stated and thus is denied.

3. Plaintiff admits Paragraph 147.

4. Paragraph 148 is denied.

5. In response to Paragraph 149, Plaintiff admits to posting under her real name but denies the remainder of the paragraph and demands strict proof thereof.

6. Plaintiff denies allegations in Paragraph 150.

7. Plaintiff denies allegations in Paragraph 151.

1

8. Plaintiff denies allegations in Paragraph 152.

9. Plaintiff denies allegations in Paragraph 153.

10. Paragraph 154 contains legal conclusions and is therefore denied.

11. Plaintiff denies allegations in Paragraph 155.

12. Plaintiff denies the allegation of Paragraph 156.

13. Responding to Paragraph 157 Plaintiff lacks specific knowledge to respond to Defendant's allegation and therefore denies the allegation and demands strict proof thereof.

14. Responding to Paragraph 158, Plaintiff denies that Defendant Roberts is entitled to any of the relief requested.

15. Responding to Paragraph 159, Plaintiff denies the allegations.

16. Responding to Paragraph 160, Plaintiff incorporates by reference her prior responses hereto.

17. Plaintiff denies the allegations in Paragraph 161.

18. Plaintiff denies the allegations in Paragraph 162 and demands strict proof thereof.

19. Responding to Paragraph 163, Plaintiff lacks specific knowledge to respond to Defendant's allegations, and therefore denies the same.

20. Responding to Paragraph 164, Plaintiff denies that Defendant Roberts is entitled to any of the relief requested herein, and therefore denies the Paragraph 164 in full.

21. Responding to Paragraph 165, there is no allegation to admit or deny, and Plaintiff further incorporates by reference the prior responses herein.

22. Responding to Paragraph 167, Plaintiff admits she filed a civil action in this matter and reported to law enforcement in good faith; Plaintiff denies the remaining allegations of Paragraph 167.

23. Responding to Paragraph 168, Plaintiff admits that she brought a civil action against Defendants.

24. Plaintiff denies the allegations in Paragraph 169.

25. Plaintiff denies the allegations in Paragraph 170.

26. Plaintiff denies the allegations in Paragraph 171.

27. Plaintiff denies the allegations in Paragraph 172.

28. Responding to Paragraph 173, Plaintiff denies all allegations and denies that Defendant Roberts is entitled to any relief requested.

29. Paragraph 174 contains no allegations to which Plaintiff can respond, and incorporates by reference the responses to the foregoing paragraphs.

30. Regarding Paragraph 175, Plaintiff denies the allegations therein.

31. Plaintiff denies the allegations of Paragraph 176.

32. Plaintiff lacks sufficient information to respond to the allegations of Paragraph 177, and therefore denies the allegations therein.

33. Plaintiff denies the allegations of Paragraph 178, including the allegation that Defendant is entitled to damages.

34. Paragraph 179 contains no allegations to which Plaintiff can respond, and further incorporates by reference her responses to the foregoing paragraphs.

35. Plaintiff denies the allegations of Paragraph 180.

36. Plaintiff denies the allegations of Paragraph 181 and demands strict proof thereof.

37. Plaintiff denies the allegations of paragraph 182 and demands strict proof thereof.

38. Plaintiff denies the allegations of paragraph 183 and demands strict proof thereof.

39. Plaintiff denies that Defendant is entitled to damages and denies the remaining allegations of Paragraph 184.

40. Plaintiff denies that Defendant Roberts is entitled to any compensation as demanded in his prayer for relief.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

41. Defendant Roberts' Counterclaims fail, in whole or in part, to state a cause of action upon which relief can be granted.

**FOR A THIRD DEFENSE**
**(Waiver)**

42. Defendant Roberts' Counterclaims are barred, in whole or in part, by the equitable doctrine of waiver.

**FOR A FOURTH DEFENSE**
**(Estoppel)**

43. Defendant Roberts' Counterclaims are barred, in whole or in part, by the equitable doctrine of estoppel.

**FOR A FIFTH DEFENSE**
**(Unclean Hands)**

44. Defendant Roberts' Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOR A SIXTH DEFENSE
### (Statute of Limitations)

45. Defendant Roberts' Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

## FOR A SEVENTH DEFENSE
### (Truth)

46. Defendant Roberts' Counterclaims are barred, in whole or in part, because the information Plaintiff conveyed to any third parties about Defendant Roberts is true or substantially true.

## FOR AN EIGHTH DEFENSE
### (Opinion)

47. Defendant Roberts' Counterclaim for defamation is barred, in whole or in part, because the information Plaintiff conveyed to a third party was merely the opinion of Plaintiff, not an affirmative statement of fact.

## FOR A NINTH DEFENSE
### (Qualified Privilege)

48. Defendant Roberts' Counterclaims, including for defamation, are barred, in whole or in part, by the doctrine of qualified privilege because Plaintiff, including that third parties to whom she communicated, shared a common interest in the subject of the communication and Plaintiff did not exceed the scope of the qualified privilege.

## FOR A TENTH DEFENSE
### (Absolute Judicial Proceeding Privilege)

49. Defendant Roberts' Counterclaims are barred, in whole or in part, by the doctrine of absolute privilege because the information Plaintiff communicated to the third party merely summarized the allegations Plaintiff has made in her pleadings in this case and to law enforcement,

which are entitled to absolute privilege as statements made in connection with judicial proceedings.

## FOR AN ELEVENTH DEFENSE
### (Pre-Existing Reputation)

50. Defendant Roberts' Counterclaim for defamation is barred, in whole or in part, because Defendant Roberts' reputation was already diminished in the eyes of third-parties, prior to any statement about him that might have been published by Plaintiff, which negative reputation was not caused by any act or omission of Plaintiff.

## FOR A TWELFTH DEFENSE
### (No Damages)

51. Defendant Roberts' Counterclaims are barred, in whole or in part, because Defendant Roberts has not suffered any cognizable injury or damages.

## FOR A THIRTEENTH DEFENSE
### (No Proximate Cause)

52. Defendant Roberts' Counterclaims are barred, in whole or in part, because any alleged damages sustained by Defendant Roberts were not proximately caused by any act or omission of Plaintiff.

## FOR A FOURTEENTH DEFENSE
### (Good Faith, Absence of Malice)

53. Defendant Roberrt's Counterclaims are barred, in whole or in part, because Plaintiff acted in good faith, without malice, and with the belief of that Plaintiff possessed cause, including probable cause to act.

## FOR A FIFTEENTH DEFENSE
### (Election of Remedies)

54. To the extent Defendant seeks overlapping or duplicative recovery under the various causes of action, Defendant must elect which remedy to seek, and cannot recover under said overlapping and duplicative causes of action numerous times.

**FOR A SIXTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

55. Defendant has an obligation to mitigate his damages, but has failed to do so.

**FOR A SEVENTEENTH DEFENSE**
**(Comparative Negligence)**

56. Defendant's claims, if any, are barred, or should be proportionally reduced as provided by law, by Defendant's own comparative negligence, which combined, contributed to, and concurred without any alleged negligence on the part of Plaintiff, and that the damages suffered by the Defendant, if any, were due to, caused by, and were the direct and proximate result of the Defendant's own negligence, carelessness, recklessness, willfulness and wantonness.

**FOR AN EIGHTEENTH DEFENSE**
**(No Claim for Consequential Damages, Special Damages, Interest or Attorneys' Fees)**

57. Defendant has failed to allege facts sufficient to entitle him to consequential damages, special damages, interest or attorney's fees, and therefore cannot seek damages herein.

**FOR A NINETEENTH DEFENSE**
**(Reservation and Non-waiver)**

58. Plaintiff hereby gives notice that she intends to rely upon any additional defenses that may be available or apparent during discovery, and reserves, and does not waive, her right to amend this Answer to assert any such defenses.

**FOR A TWENTIETH DEFENSE**
**(Justification and Privilege)**

59. Defendant Roberts' Counterclaims are barred, including any claims of tortuous interference, in whole or in part, based upon the theory of justification and privilege

## FOR A TWENTYFIRST DEFENSE
### (Party to Contract)

60. Defendant Roberts' Counterclaims are barred, including any claims of tortuous interference, in whole or in part, as coworkers, as agents of an employer, are not third parties, and cannot be liable for tortious interference with a contract.

## FOR A TWENTYSECOND DEFENSE
### (Ripeness of Claim )

61. Defendant Roberts' Counterclaims are barred, in whole or in part, including any claims of malicious prosecution , as the are not yet ripe and are premature.

## FOR A TWENTYTHIR DEFENSE
### (Reservation and Non-waiver)

62. Plaintiff hereby gives notice that she intends to rely upon any additional defenses that may be available or apparent during discovery, and reserves, and does not waive, her right to amend this Answer to assert any such defenses.

WHEREFORE, having fully responded to the allegations in Defendant Roberts' Answer and Counterclaim, Plaintiff respectfully requests that the Court enter an order dismissing Defendant Roberts' Counterclaim, with prejudice, and requiring Defendant Roberts to pay the costs and attorneys' fees incurred by Plaintiff in responding to the Counterclaim.

Respectfully Submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com

ATTORNEY FOR PLAINTIFF

June 28, 2024
Mt. Pleasant SC