IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO.: 2:24-cv-1682-RMG-BM

| | |
|---|---|
| **Jane Doe** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **Weston & Sampson Engineers, Inc.** | ) |
| **and Jason Roberts** | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 10 MOTION**

**TO PROCEED AS JANE DOE**

Plaintiff's counsel did not seek express permission from the Court to use a pseudonym pursuant to FRCP 10(a) when she filed suit and does so now, as is she believes that rules require. Counsel prays that her client not be penalized for her actions. Plaintiff asserts that anonymity is vital to the representation of victims of sexual violence and seeks permission of the Court to proceed using the Jane Doe moniker and therefore files the appropriate motion seeking the same. Plaintiff does not seek to proceed as Jane Doe to avoid annoyance but to genuinely protect herself, and to preserve privacy in conjunction with a devastating event.

**FACTUAL and PROCEDURAL BACKGROUND**

Plaintiff Jane Doe is a sexual assault victim.

She filed suit against her former employer Defendant Weston & Sampson Engineers, Inc. and Defendant Roberts, her former supervisor *See ECF 1, Exhibit 1*. Defendant Roberts Moved to Compel Plaintiff Jane Doe to remove the Jane Doe designation (Roberts' Motion ECF 17 and Reply ECF 25) and require Plaintiff to proceed without a pseudonym and to Amend the

1

Complaint to reflect her name. Defendant noted that Plaintiff had failed to seek permission from the Court to proceed. Plaintiff Opposed the Motion, and as part of the Opposition stated her intention to file this Motion.

Plaintiff alleges multiple causes of action including assault and battery, hostile environment under Title VII of the Civil Rights Act of 1964, retaliation under of Title VII, as well as claims for intentional infliction of emotional distress, defamation and defamation *per se* and interference with contract.

As alleged in the Complaint, Plaintiff was subjected to intoxicated and abusive behavior, repeated sexual assaults and was threatened with physical and emotional injury. Upon her return to work, she suffered defamation and continued emotional distress.

Due to the above actions which are outlined more fully in ECF 1, Paragraphs 39-45,47-50-52-57, Plaintiff remains terrified, physically and emotionally traumatized, has had suicidal ideation, was diagnosed with PTSD and has experienced continued harassment and fear for her personal safety (ECF 1, 65-68).

Following the traumatic events, most recently during the time coinciding with the second anniversary of the events at issue Plaintiff voluntarily sought impatient treatment for conditions arising from the events, including extreme psychiatric degradation/suicidal ideation, and self-harm, self-medication, She has had two impatient admission for mental health concerns arising from the events, in addition to emergency room visits. [1]

Plaintiff, following the incident made appropriate police reports. The cases are still open and have not been closed.

---

[1] Plaintiff can provide additional medical and mental health records, SANE materials and police reports under seal to the Court for review if necessary.

Plaintiff submitted to a detailed and intensely personal SANE examination complete with a sexual assault kit and pictures, as well as follow-up medical visits necessitated by the events.

Plaintiff was forced to leave her job at Weston and Sampson, take a hiatus from work and procure a different position in a new location.

Plaintiff has taken steps to protect her identity:

- Plaintiff changed her username and photo on social media accounts, and uses an app to filter unknown callers and she also affirmatively acts to block harassing callers.

- She purchased a new vehicle because Defendant knew her old vehicle.

- She moved from her apartment near Charleston to a new location because Defendant had access to her personal information through work.

- Prior to moving she enhanced security at her residence and requested increased security from Weston and Sampson

- Plaintiff got a new job and started over in a different location.

- Plaintiff informed law enforcement of harassment. See Exhibit 2.

- Roberts, AM, SD and BD ( mentioned in the Complaint) continue to harass Doe; most recently by AM in December 2023 despite efforts to maintain privacy and requests to cease and desist.

## II. ARGUEMENT

Rule 10(a), Fed. R. Civ. P., indicates that party names are to be included in pleadings. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . ."). However, case law has been developed that allows use of a pseudonym under certain circumstances. *Doe v. Public Citizen*, 749 F.3d 246, 254-55 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238

3

(4th Cir. 1993*))*. Plaintiff believes that the facts and circumstances of this case merit the use of *Jane Doe*, including based upon recent guidance from the Fourth Circuit. *See, Jane Doe v. Cenk Sidar*, No. 23-1151, No. 23-1177 (4th Cir 2024), decided February 21, 2024, 93 F.4th 241, attached as Exhibit 3.  While the question of whether to allow a litigant to proceed anonymously is a matter within the trial court's discretion, it may not be decided based upon general disapproval of having a party proceed as a Jane Doe or other "general" rules.  *James, supra,* at 242. Plaintiff submits that in cases of sexual assault, the anonymity of the victim should be preserved, including because cases of sexual assault implicate 'privacy or confidentiality' concerns of the highest order. *James v Jacobson*, 6 F3d, 233, 238 (4th Cir. 1993).

The recent decision by the Fourth Circuit Court of Appeals decision in *Jane Doe v. Cenk Sidar*, No. 23-1151, No. 23-1177, decided February 21, 2024,  re-examines the application of *James* in sexual assault cases. *Sidar* ruled that the lower court strayed from its legal constraints by when it  "fail[ed] to adequately take into account" the nature and strength of Doe's legitimate interest in anonymity relating to the sexual assault. *Id.* at 11-12, citing, *Doe v. Doe*, 85 F.4th at 210. In *Doe v. Sidar,* the Appeals Court ruled that the decision to permit use of a pseudonym and the examination of the applicable factors must be based on "the circumstances of particular cases." Citing, *James* at 238.

> This Court has also identified "five non-exhaustive factors for district courts to consider when deciding motions to proceed by pseudonym." *Doe v. Doe*, 85 F.4th at 211. The first focuses on why the requesting party is seeking anonymity, asking whether "the justification" "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature." *James,* 6 F.3d at 238. The second factor directs the court's attention to risks of denying anonymity by asking "whether identification [of the requesting party] poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties." *Id.* The third likewise focuses on the claimed need for anonymity by considering "the ages of the persons whose privacy interests are sought to be protected." *Id.* In contrast, the fourth and fifth factors focus on the legitimate interests on the other side by asking

4

"whether the action is against a governmental or private party" and assessing "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.*

Exhibit 3, *Jane Doe v. Cenk Sidar*, No. 23-1151, No. 23-1177, pg. 10- 11, decided February 21, 2024.

The Sidar Court found that the issues in the case, were not merely sensitive but involved the intimate details of Doe's sexual assault and resulting "psychological trauma" and further emphasized that the courts recognize "a plaintiff's interest in preserving privacy where the allegations concern sexual assault." *Id* at p.12, citing, *Doe v. Doe*, 85 F.4th at 212.

The Court further reviewed its historical protection of victims (at page 12 of the opinion) noting ""the practice of closing courtrooms to members of the public while a victim of sex crimes testifies"—a step far more drastic than the "limited form of closure" represented by allowing a sexual assault victim to use a pseudonym—"has not been uncommon." *Bell v. Jarvis*, 236 F.3d 149, 167 (4th Cir. 2000) (first and third quote); *James,* 6 F.3d at 238 (second quote)." *Sidar* also noted that substitutes for true identities are often used to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Id., citing*, *Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997); see also,  *Doe v. Ayers,* 789 F.3d 944, 945 (9th Cir. 2015). The Federal Rules of Evidence also specifically protect the privacy interests of sexual assault victims—including alleged victims—in both criminal and civil cases. See, Fed. R. Evid. 412.

In assessing the fairness factor, the Fourth Circuit in *Sidar*  further  admonished the lower court for operating under the presumption that there was a "flat rule" that the fairness factor always counsels against letting a plaintiff in a civil action use a pseudonym at trial unless the defendant is also using one. *James*, 6 F.3d at 240 n.4. The rule requires an individualized

5

assessment of fairness and an examination of the facts of each case. Using that standard the Appeals Court found that use of anonymity in the *Sidar* case was appropriate.

Courts have allowed anonymity not only in cases involving sexual assault but also in a case where revealing the plaintiff's name threatened the relief sought in the underlying claim. *Doe v. Tenenbaum*, 127 F. Supp. 3d 426, 469 (D. Md. 2012). In *Lauren B. v. Baxter Int'l Inc.*, 298 F.R.D. 571, 573 (N.D. Ill. 2014) the court permitted use of a pseudonym in case where using her name was "a threat to her recovery" from "severe mental illnesses" including a long-standing eating disorder. See also, Exhibit 4, *Doe v. Del Toro*, 23-cv-12112, D. Mass., February 27, 2023. In that case Doe survived a sexual assault which lead to significant mental health challenges. The court noted that he had "credibly alleged that disclosure of his name would inhibit his ongoing recovery and trigger serious risks, including suicidal ideation" permitting use of the pseudonym. *Id.*

Applying the standards discussed above to the case at hand, Doe comes before the Court as a traumatized sexual assault victim, who was had just turned 22 when the events occurred. She suffered physically and has and continues to have severe mental health consequences arising from the incident, including suicidal ideations. She has received intense treatment since the incident, including recent inpatient psychiatric treatment around the 2 year anniversary of the incident.

Looking at the first and second factors under *James* and *Sidar,* Plaintiff seeks to preserve privacy in a matter of sensitive and highly personal nature. She had taken steps to protect her privacy, and her mental health. As stated above, Doe has taken particularized care to preserve her identity and protect herself. She moved her residence, got additional security, got a new job, relocated to a new area, and purchased a different vehicle. She changed and anonymized social

media, blocked calls, reported harassment issues to law enforcement. Regarding allegations that Plaintiff intentionally disclosed her identity to a group on social media, Plaintiff denies intentionally disclosing her identity.

As stated in the Complaint the individual Defendant is alleged to have threatened Plaintiff's life and safety, and has access to her personal information, the release of which has resulted in continued fear and harassment including by Defendant, Defendant's paramour, and the paramour's friends. see Exhibit 1, 73-79 and Exhibit 2 email. There is a significant risk to the Plaintiff of escalated and continued retaliation which may occur if her identity were published.

Regarding the third and fourth factors, Plaintiff is over 21 and the action is against a company and an individual.

Regarding the fifth factor discussed in *James* and *Sidar*, fairness to the opposing party, Defendant previously, upon information and belief disclosed the facts and circumstances of the event to law enforcement, workers compensation adjusters, his employer, his paramour and friends, and coworkers. There is no prejudice to the Defendant or his defense of the case in Plaintiff proceeding anonymously. Defendant knows the identity of the Plaintiff and has not identified any specific impediment to his defense. Defendant is "fully capable of investigating and responding to her allegations." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). *See also*, *Doe v. Anne Arundel County*, 1:23-cv-03451-JRR (D. Md. May 8, 2024) attached as Exhibit 4, applying *Sidar*, regarding allowing use of a Jane Doe designation and fully discussing the fifth factor. Plaintiff further asserts that reasonable citizens in this day would not assume that Defendant has a better case than Plaintiff just because

7

her name is protected in a sexual assault case. Jurors take their jobs seriously and have the ability to examine the facts and circumstances and render decision fairly/

## CONCLUSION

Given the foregoing, Plaintiff prays that the Motion to Proceed under Pseudonym be granted and that Plaintiff's action be permitted to proceed.

> Respectfully submitted,
>
> *s/Jennifer Munter Stark*
> Jennifer Munter Stark, Esq. ID 9364
> Jennifer Munter Stark, Esquire, LLC
> 210 Wingo Way #300
> Mt. Pleasant, SC 29464
> (843) 972-0004, (843) 972-0006 (f)

July 1, 2024
Mt. Pleasant SC