IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO.: 2:24-cv-1682-RMG-BM

| | |
|---|---|
| **Jane Doe** ) | |
| ) | |
| **Plaintiff,** ) | **PLAINTIFF'S REPLY TO DEFENDANTS'** |
| ) | **RESPONSE IN OPPOSITION TO** |
| ) | **PLAINTIFF'S LEAVE TO AMEND** |
| v. ) | |
| ) | |
| **Weston & Sampson Engineers, Inc.** ) | |
| **and Jason Roberts** ) | |
| **Defendants.** ) | |
| ) | |

   **COMES NOW THE PLAINTIFF**, Jane Doe and replies to Defendants' Response in Opposition to her Motion for Leave to Amend as follows;

### I.   PROCEDURAL HISTORY

   Plaintiff filed suit in this action, in response to which Defendants filed Motions to Dismiss pursuant Federal Rules of Civil Procedure Rule 12. These Motions are still pending before the Court (ECF 7 and ECF 15). Plaintiff filed oppositions, (ECF 18 and ECF 22). In an abundance of caution, Plaintiff filed a Proposed Amended Complaint as an exhibit to her oppositions (ECF 18 and ECF 22) and filed her Motion for Leave to Amend (ECF 19), appending her Proposed Amended Complaint thereto (ECF 19-2).

   Plaintiff's amendments seek to clarify alleged deficiencies in her Complaint (ECF 1) as alleged in the Motions to Dismiss. Defendants have opposed Plaintiff's Motion for Leave to Amend (ECF 24 and ECF 27).

### II . LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure mandate that leave to amend a pleading shall be freely given when justice so requires, see *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 (4th Cir. 1984). In fact, Rule 15 has been interpreted as "evinc[ing] a bias in favor" of granting amendments. See, *Dussouy v. Gulf Coast Investment Corp.* 660 F.2d 594, 598 (5th Cir. 1981). Some Courts have gone so far as to rule that in the absence of prejudice, denial of motion to amend is improper. See *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

Defendants oppose Plaintiff's Motion for Leave to Amend based on the presumption that amendment in this case would be futile as Plaintiff's claims may fail to survive a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As stated above, federal courts have consistently interpreted Rule 15(a) to strongly favor amendments unless there exists apparent or declared bad faith on the part of the movant, undue delay, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1963).

In the case before the Court, Plaintiff has not repeatedly tried and failed to cure deficiencies by amendments that have been previously allowed. This is her first opportunity to amend her complaint. As such, she should not be denied that opportunity, as there is clearly no bad faith, undue delay or prejudice to the Defendants. In fact, no scheduling order has been issued, no discovery done, and all the parties remain in the vicinity. If anything, Plaintiff would be prejudiced if not permitted the opportunity to amend under the clear mandate and intention of Rule 15.

Plaintiff is not required to prove her case at this time.  She must only set forth sufficient facts to state a plausible claim for relief on the face of the pleadings.  See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); see also *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).  As long as plaintiff has asserted sufficient facts, "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt."  *Vogt v. Greenmarine Holding, LLC*, 318 F.Supp.2d 136, 144, n.6 (S.D.M.Y. 2004); see also *Austen v. The Catterion Partners, V, LP*, 704 F.Supp.2d 168, 177 (D.Conn. 2010).  *Iqbal's* plausibility standards do not impose a probability requirement at the pleading stage but simply call for enough facts to raise a reasonable expectation that discovery will reveal evidence of improper conduct.  A well pleaded complaint may proceed even if it strikes a savvy judge the actual proof of those facts is improbable, and that a recovery is very remote and unlikely.  *Twombly*, 550 U.S. at 556, citations omitted.

### III. <u>PLAINTIFF SHOULD NOT BE PROHIBITED FROM AMENDING HER COMPLAINT BASED ON DEFENDANTS' PREDICTIONS OF ULTIMATE SUCCESS</u>

### <u>DEFAMATION</u>

Defendants argue that Plaintiff's defamation claims are futile and as such amendment should be disallowed. Again, Plaintiff should not be prohibited from pursuing her claims at this early stage based upon premature assumptions of victory by the defense where Plaintiff has articulated the cause of action and specific facts and incidents which support her claims. Plaintiff has alleged both libel and slander in her Amended Complaint. Slander is a spoken defamation, while libel is a written defamation or one accomplished by actions or conduct. *Swinton Creek Nursery v. Edisto Farm Credit*, 514 S.E.2d 126 (S.C. 1999). In South Carolina, the elements for a defamation claim are: 1) a false and defamatory statement concerning another; 2) an

3

unprivileged publication to a third party; 3) fault on the part of the publisher; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C.Ct.App. 2001). Plaintiff has alleged the necessary elements for a defamation claim in her Amended Complaint.

Specifically, Plaintiff has alleged that Defendants made disparaging remarks about her including comments intended to attack her chastity, reputation for chastity, her reputation for honesty and fitness for employment, to discredit her, causing her great humiliation and embarrassment, holding her up to public ridicule and scorn, and damaging her professional reputation. Plaintiff also alleges, the Defendants and specifically Roberts while employed ( and after)  claimed that she engaged voluntarily in sexual acts with him which Plaintiff claims is untrue, resulting in besmirchment of Plaintiff's reputation including at work. See Proposed Amended Complaint, ECF 19-2, Paragraphs 73, 76, 77, 80, 114-124.

Defamation allows a plaintiff to recover injury to reputation as the result of the defendant's communication to others of a false message about the plaintiff. Where the defamatory meaning of a message or statement may be obvious on the face of the statement the statement is defamatory per se. See *Holtzscheiter v. Thomason Newspapers, Inc.*, 506 S.E.2d 497, 508-509 (S.C. 1998). Where a claim of defamation arises in an employment situation a defamation claim may be maintained against an employer, and/or an agent of the employer, where the defamation is based on one's employment; *King v. Charleston County School Dist.*, 664 F.Supp.2d 571, 586-587 (D.S.C. 2009). Pursuant to *Yost v. City of Charleston* and *King v. Charleston County School District*, 664 F. Supp.2d 571 (DSC 2009) a principle may be held liable for defamatory statements made by an agent acting within the scope of his authority or apparent authority. Plaintiff alleged that while employed by Weston and Sampson, and after,  Roberts participated in creating and

4

decimating falsehoods regarding Plaintiff's reputation for chastity, honesty and fitness for duty. Plaintiff has alleged that her former employer and superior made false and injurious statements about her including on information and belief, written documents, and disseminated the same. Plaintiff has articulated a lack of privilege and alleged that Defendants attacked her reputation, accused her of unchaste and unprofessional conduct.  False accusations of unchastity and unfitness for work are inherently libelous. As a result of the dissemination of prejudicial information Plaintiff alleges that she was harmed.

As such Plaintiff submits that the allegations are sufficient, as argued in full in her opposition to Defendants' Motions to Dismiss, and as such the proposed amendments are not futile and should be permitted.

## **WORKERS COMPENSATION  EXCLUSIVITY**

Defendant W&S claims that Plaintiff cannot maintain claims for negligence based on workers compensation exclusivity and argues the same in relation to their Motion to Dismiss. Plaintiff's original Complaint omitted additional facts relevant thereto which were fully set forth in opposition to the Defendants Motions to Dismiss. See, ECF 18 page 11-15, ECF 18-2 and ECF 18-3.

In the Proposed Amended Complaint, Plaintiff added information that she filed for workers compensation and was denied because the acts complained of were outside of the Act. See, ECF  19-2, Para 72). Presumably, and as may be revealed in discovery, Defendant Employer filed documentation that led to the decision that Plaintiff's worker's compensation claim was not covered.  At this point, it appears that Defendants excluded Plaintiff from the workers compensation system, but also seeks to exclude Plaintiff from pursuing her State negligence claims. Defendant wants to have it both ways.

Plaintiff seeks to Amend the Complaint to add facts making it clear that she was excluded from obtaining workers compensation claims based on lack of coverage under the Act. Plaintiff should be able to obtain discovery and ultimately have her issues decided by the Court once all information on this subject is available rather than being foreclosed from amendment on the grounds of futility.

## ALLEGED EXISTENCE OF A VIABLE DEFENSE UNDER TITLE VII

Defendant Weston and Sampson alleges that as it has alleged viable defenses including termination of the offending employee after the events complained of and as such Plaintiff is foreclosed from amending her Complaint. Defendant has presented no specific case law relative to this point.

Plaintiff is not required to prove her case at this time. However Plaintiff submits she has alleged that Defendant Employer was on notice of improper actions by the offending employee as early as December 2021, well before the seminal events in this case in spring 2022. ECF 19.2 Proposed Amended Complaint at paragraph 23 and 27.

Plaintiff's proposed Amendments are not futile and should be permitted by the Court.

## CONCLUSION

As such Plaintiff asserts that she has articulated sufficient facts so as to show Amendment would not be futile and prays that she be permitted to Amend her complaint.

Respectfully Submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID 9364
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006(f)
jmutnterstarklaw@gmail.com

6

July 3, 2024
Mt. Pleasant SC