IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | **)** | C/A No. 2:24-cv-1682-RMG-BM |
| Plaintiff, | ) | |
| v. | ) | |
| | **)** | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT JASON ROBERTS' RESPONSE OPPPOSING
PLAINTIFF'S MOTION TO PROCEED AS JANE DOE**

Defendant Jason Roberts ("Roberts") files this Response Opposing Plaintiff's Motion to Proceed as Jane Doe ("Motion"). (ECF No. 30). Roberts addressed many of Plaintiff's arguments in his Reply to Plaintiff's Response to Roberts' Motion to Compel Plaintiff to Proceed (ECF No. 17). (ECF No. 25, "Reply"). Rather than repeat those arguments here, Roberts incorporates his Reply into this response, and includes only responses to Plaintiff's new arguments herein.

Although not alleged in her Complaint, Proposed Amended Complaint, or her Response to Robert's Motion to Compel, Plaintiff states for the first time that the alleged sexual assault has caused her suicidal ideation and caused her to twice seek inpatient treatment with the last time occurring around the second anniversary of the alleged incidents, or early April 2024, when she filed her original Complaint. (ECF No. 30-1 at 6). Plaintiff argues that in cases where a sexual assault is alleged, the anonymity of the victim should be preserved. *Id.* at 4. She notes the Fourth Circuit has held that there should not be general or flat rules which disapprove of proceeding anonymously. *Id.* at 4, 6. However, there should also not be general rules of always allowing someone to proceed anonymously. The court should apply the factors set forth in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), with none of the five factors being dispositive. *Doe v.*

*Sidar*, 93 F.4th 241, 249 (4th Cir. 2024) (holding that an individualized assessment of fairness and an examination of the facts of each case is required when addressing whether to allow a party to proceed anonymously).

As to the first and second factors, Plaintiff states she seeks to preserve her privacy. As Roberts stated in his Reply, however, Plaintiff has used her own name in a posting to a Facebook group where she claimed that Roberts sexually assaulted her. She not only published the name of Roberts, she posted pictures of him. In response to this argument, Plaintiff merely "denies *intentionally* disclosing her identity." (ECF No. 30-1 at 7) (emphasis added). As Roberts previously noted, Plaintiff posted her allegation that Roberts sexually assaulted her on a website that has thousand of followers and specifically allows anonymous postings; yet she chose to use her real name. Plaintiff has not acted to preserve her privacy – instead she chose to knowingly and willingly publish her name, her profile picture (which links to pictures of herself) in making public allegations against Roberts.

Plaintiff also argues that "[t]here is a significant risk of escalated and continued retaliation if her identity were published" by Roberts, Roberts' paramour, and Roberts' friends. *Id.* However, these people already know her identity. While Plaintiff argues she has moved and taken steps on social media to remain private, her name has not changed. Accordingly, the first two *James* factors weigh against allowing Plaintiff to proceed anonymously.

Plaintiff does not argue whether that the third and fourth factors weigh in her favor; she merely states she is over 21, and the action is against a company and an individual. *Id.* As argued in his Reply, these factors weigh against anonymity. (Reply at 5-6 and cases cited therein).

As for the fifth factor, which involves an inquiry about fairness to the opposing party, Plaintiff argues Roberts knows her identity and therefore there will not be any prejudice to him

or his defense. She contends "that reasonable citizens in this day would not assume that Defendant has a better case than Plaintiff just because her name is protected in a sexual assault case" because "[j]urors take their jobs seriously and have the ability to examine the facts and circumstances and render decisions fairly." (ECF No. 30-1 at 8). However, the Fourth Circuit recently recognized the exact opposite noting that "[w]here liability has not been established, there is at least some risk that jurors may view a decision to let one side proceed anonymously as suggesting that the anonymous party's claims are valid or that it has the better case than the non-anonymous party." *Sidar*, 93 F.4th at 249.

Moreover, the Fourth Circuit also recognized two other sources of potential unfairness. *Id.* An anonymous plaintiff can use anonymity as a shield to launch defamatory charges without shame or liability, and can also "have their cake and eat it to" by gaining the ability to remain anonymous if they lose and retaining power to reveal their identity if they win. *Id*. While in *Sidar*, these risks were absent because the defendant's default had been established liability, here, Roberts vehemently denies liability. Accordingly, there are several recognized risks of prejudice to Roberts in allowing Plaintiff to proceed anonymously which causes this factor to weigh against anonymity.

The *James* factors weigh against allowing Plaintiff to proceed anonymously. Accordingly, Plaintiff 's Motion to Proceed as Jane Doe (ECF No. 30) should be denied. If the Court grants Plaintiff's Motion, Roberts respectfully asks the Court to limit Plaintiff proceeding as Jane Doe to pretrial and revisit this issue if this action proceeds to a trial.

          Respectfully submitted,

          <u>s/Deborah B. Barbier</u>
          Deborah B. Barbier (#6639)
          DEBORAH B. BARBIER, LLC
          1811 Pickens Street
          Columbia, South Carolina 29201
          803-445-1032
          dbb@deborahbarbier.com

July 11, 2024
Columbia, SC