IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lauren Ballard, <br><br> Plaintiff, <br><br> v. <br><br> Weston & Sampson Engineers, Inc. and Jason Roberts, <br><br> Defendants. | C.A. No. 2:24-cv-1682-RMG-KFM |

**MEMORANDUM IN SUPPORT OF DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S PARTIAL MOTION TO DISMISS**

Defendant Weston & Sampson Engineers, Inc. ("Defendant" or "W&S"), by and through its undersigned counsel, submits this Memorandum in Support of its Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.04. For the reasons cited below, all state law claims alleged against Defendant W&S in Plaintiff's Second Amended Complaint, as well as the Title VII hostile environment claim against W&S, should be dismissed with prejudice.

I.   **INTRODUCTION**

This lawsuit arises out of Plaintiff Jane Doe's ("Plaintiff") former employment with Weston & Sampson Engineers, Inc.[1] Weston & Sampson Engineers, Inc. is an employee-owned company focused on creating highly valued, multidisciplinary solutions for the natural and built environment. In or around March 2022, Plaintiff began working for W&S as a GIS Analyst. (ECF

---

[1] Solely for purposes of Defendant's Motion under Rule 12(b)(6), and without admitting the truth of any allegations, Defendant recites the facts as alleged in Plaintiff's Second Amended Complaint.

No. 43 at ¶ 20.) Plaintiff alleges that Defendant Roberts engaged in inappropriate behavior towards her during her employment with W&S, for which she brings various state and federal causes of action against W&S as well as Roberts. (*Id.* at ¶¶ 35-36, 39-56.) Plaintiff informed W&S of such allegedly inappropriate behavior, and W&S promptly investigated and terminated Roberts from employment with W&S. (*Id.* at ¶¶ 60, 64.) It remains that all of Plaintiff's state law claims in the present action are premised on her allegations of harassment and misconduct by Defendant Roberts. (*Id*. at ¶¶ 35-36, 60, 64, 68.)

Plaintiff alleges two state law causes of action against W&S as a result of Roberts' conduct arising out of her employment with W&S: (1) intentional infliction of emotional distress; and (2) defamation, including defamation *per se*. Plaintiff additionally alleges the following federal causes of action against W&S: (1) Title VII hostile environment harassment; and (2) Title VII retaliation.

Specifically, Plaintiff alleges that W&S knew or should have known of Roberts' conduct and that W&S failed to take any reasonable steps to prevent or stop Roberts' alleged behavior, including by allegedly failing to investigate appropriately. (*Id.* at ¶ 68.) As set forth more fully below, Plaintiff's claims against W&S should be dismissed under Rule 12(b)(6) because: (A) the common law claims are duplicative of the Title VII claims, and Plaintiff is limited to available statutory remedies, (B) the Title VII hostile environment claim should be dismissed because W&S took prompt and effective remedial action to control alleged hostile work conditions, (C) the common law claims are all barred by the South Carolina Workers' Compensation Act's exclusivity provision, and (D) the defamation claim is barred because it lacks requisite specificity. In sum, Plaintiff fails to state a claim upon which relief can be granted for numerous independent reasons, and the Title VII hostile environment and state law claims against W&S should be dismissed.

## II.     LEGAL STANDARD

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a federal court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Williams v. GlaxoSmithKline LLC*, No. 1:18-cv-1346-JMC, 2019 U.S. Dist. LEXIS 7784, at *11 (D.S.C. Jan. 16, 2019) (quoting *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)). Although a motion to dismiss pursuant to Rule 12(b)(6) invites analysis into the legal sufficiency of a complaint, "dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Id*. at *12 (quoting *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011)). "Accordingly, if a federal court is applying state law, and state law bars a plaintiff's claim, dismissal is warranted as a matter of law under Rule 12(b)(6)." *Id*. at *12 (citing *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395-99 (4th Cir. 2018)).

## III.     ARGUMENT

### A.     Plaintiff's Common Law Claims are Duplicative of Her Title VII Claims, and Plaintiff is Limited to Available Statutory Remedies.

Plaintiff has brought common law claims for intentional infliction of emotional distress and defamation against W&S. These claims arise out of her employment with W&S, and they are based on the same conduct in which her statutory Title VII claims are grounded. Specifically, Plaintiff's Title VII claims are based on her alleged reporting of "sexual assault, sexual harassment, quid pro quo and hostile environment, as well as retaliation at the hands of her supervisors" that apparently led to Plaintiff feeling she was being "ignored, isolated and frozen out." (ECF No. 43 at ¶¶ 89, 92.) In addition, Plaintiff alleges that her Title VII claims stem from "[t]he actions of Manager Defendant Roberts, set forth above, constitute discriminatory, objectionable and sexual harassing behavior in violation of Title VII." (*Id*. at ¶ 100.) Plaintiff's intentional infliction of

emotional distress claim is based on the same underlying harassment and hostile work environment allegations, including "[t]hat as a direct and proximate result of the outrageous actions taken by the ***individual Defendant*** and by and through the agents, servants, officers and/or employees of the Defendants, Plaintiff suffered acute and severe emotional distress[.]" (*Id.* at ¶ 112) (emphasis added). In addition, Plaintiff's defamation claim is also based on those same underlying harassment and hostile work environment allegations, including that "Defendant Roberts, in his individual capacity and as a manager, agent and employee of the Defendant Employer, made or caused to be made, sent or caused to be sent, delivered or caused to be delivered, false, defamatory and injurious statements regarding the Plaintiff, as set forth above." (*Id.* at ¶ 115.) Thus, Plaintiff's state law claims against her former employer, W&S, are premised on the same alleged misconduct that supports her Title VII claims. Thus, Plaintiff is limited to the statutory remedies provided by Title VII.

Under South Carolina law, a plaintiff is barred from pursuing common law claims based on the same conduct for which the plaintiff is pursuing statutory remedies, even if those remedies originate from a federal statute. *Dockins v. Ingles Mkts.,* 306 S.C. 496, 413 S.E.2d 18, 19 (S.C. 1992) (the South Carolina Supreme Court held that this principle "applies when the right is created by federal law as well as state law."). "When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy *See, e.g.*, *Lindblad v. J&L Servs., Inc.*, 2019 U.S. Dist. LEXIS 25209, at *14-15 (D.S.C. Jan. 30, 2019), *adopted*, 2019 U.S. Dist. LEXIS 24755 (recommending dismissal of South Carolina state law claims and finding "it follows that the prohibition is not from a double recovery, but from pursuing a claim under common law when a statutory remedy exists. Therefore, because statutory remedies exist for Plaintiff's claims [] based on discrimination and retaliation, dismissal of Plaintiff's [state

4

law] claim is proper."); *Menton v. Nestle Frozen Food Co.*, 2015 U.S. Dist. LEXIS 29724, at *11-13 (D.S.C. Jan. 23, 2015), *adopted*, 2015 U.S. Dist. LEXIS 28956 (recommending dismissal of South Carolina state law claims and stating "[i]nstead, the plaintiff incorporates her previous allegations, and then offers a series of legal conclusions to allege that her termination violated public policy []. Accordingly, the plaintiff's [state law] claim is duplicative of her Title VII claims, and the claim should be dismissed.").

In *Menton*, the plaintiff's common law tort claim was "based on the same alleged facts as her Title VII claims." *Menton,* 2015 U.S. Dist. LEXIS 29724, at *11. This Court dismissed the common law claim because it was "duplicative of her Title VII claims" and she was limited to the statutory remedies available under Title VII.  *Id.* at *13 (McDonald, Mag. J), *report and recommendation adopted,* 2015 U.S. Dist. LEXIS 28956, at *17 (D.S.C. Mar. 10, 2015); *see also Mack v. House of Hope of the Pee Dee,* No. 4:13-cv-2887-BHH-TER, 2015 U.S. Dist. LEXIS 33946, at *23 (D.S.C. Jan. 13, 2015) (common law claims for negligent retention, negligent supervision, IIED, and wrongful termination were barred because the plaintiff could pursue statutory remedies under the SCWCA and under the ADA); *New v. Belk Stores,* No. 8:00-852-24, 2000 U.S. Dist. LEXIS 23522, at *6-8 (D.S.C. Oct. 5, 2000) (common law contract claim was dismissed as duplicative of FMLA claim); *Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988) (negligence claim was duplicative and barred because the FLSA provided a statutory remedy).

The exact same concept applies here and Plaintiff's state law claims in the instant case should be barred because she has available statutory remedies under Title VII for the alleged misconduct. Plaintiff's common law claims are based on the same underlying allegations as her Title VII claims. (*Compare* ECF No. 43 at ¶¶ 109-29, *with id.* at ¶¶ 88-108.)  Therefore, Plaintiff

5

is limited to pursuing statutory remedies under Title VII, and her common law claims against W&S are subject to dismissal as a matter of law.

      **B.    Plaintiff's Title VII Hostile Environment Claim Must Be Dismissed Because W&S Took Prompt and Effective Remedial Action to Control Alleged Hostile Work Conditions.**

Plaintiff cannot maintain a Title VII hostile environment claim because W&S, as her employer, quickly remedied the alleged issue by terminating the alleged perpetrator, Defendant Roberts, upon being informed of his alleged inappropriate behavior. To maintain a hostile work environment claim under Title VII, Plaintiff must show that (1) the conduct was unwelcome; (2) based upon sex; (3) the harassment was sufficiently pervasive or severe to alter the conditions of Plaintiff's employment and create an abusive working environment; and (4) some basis exists for imputing liability to the employer. *Mack v. Detyens Shipyards, Inc.*, 2017 U.S. Dist. LEXIS 196591 (D.S.C. Nov. 30, 2017). An employer can only be held liable for an employee's coworker's action if they were negligent in controlling the work conditions at the facility or failed to take prompt and effective remedial action once they became aware of the allegedly harassing behavior. *Id.* A quick remedial action by the employer, which occurred in this case presently before the Court, rebuts a plaintiff's assertion that the action can be imputed to the employer. *See, e.g.*, *Vance v. Ball State Univ.,* 570 U.S. 421, 133 S. Ct. 2434, 2439, 186 L. Ed. 2d 565 (2013); *DeClue v. Central Illinois Light Co.*, 223 F.3d 434, 437 (7th Cir. 2000) ("The [principle] defense [for a defendant employer] that the law recognizes to a . . . sexual-harassment charge . . . is that the defendant [did] all [it] could to prevent the harassment") (citing to *Burlington Industries, Inc.*, 524 U.S. at 765); *see also Spicer v. Virginia Department of Corr.*, 66 F.3d 705, 710 (4th Cir. 1995) ("when an employer's remedial response results in the cessation of the complained of conduct, liability must cease as well").

In the present case, it is undisputed that W&S promptly terminated Roberts after Plaintiff informed her employer of Roberts' allegedly inappropriate behavior at issue. (ECF No. 43 at ¶ 64.) Thus, Plaintiff's Title VII hostile environment claim fails as a matter of law because W&S took prompt and effective remedial action to control alleged hostile work conditions and liability cannot be imputed to W&S as Plaintiff's former employer.

### C. Plaintiff's Intentional Infliction of Emotional Distress Claim is Barred by the South Carolina Workers' Compensation Act's Exclusivity Provision.

Plaintiff's state law claims are premised on her allegations of harassment and misconduct by Defendant Roberts. (ECF No. 43 at ¶¶ 35-36, 60, 64, 68.)  As a result of these allegations, Plaintiff claims to have suffered personal injuries, including, "acute and severe emotional distress and outrage," and being "humiliated, embarrassed, and distressed; have difficulty in her daily life; have her business affairs interrupted; be unable to attend her ordinary affairs due to her mental state; . . . suffer considerable shock, mental stress, worry; [and] to be held up to public ridicule, scorn, and contempt[.]"   (EFC No. 43 at ¶¶ 110, 113, 126.) Indeed, throughout the Complaint, Plaintiff repeatedly alleges that she suffered "emotional distress" as a result of the underlying conduct.  (*Id*.)

It is well-settled under South Carolina law that the South Carolina Workers' Compensation Act (the "SCWCA") provides the exclusive remedy against an employer for an employee who sustains an injury arising out of their employment. *See, e.g.*, *Loges v. Mack Trucks*, 308 S.C. 134, 135, 137 (1992) (state law claims premised on allegations of harassment and emotional distress "constitute personal injuries within the scope of the [SCWCA]"); *Sabb v. S.C. State Univ*, 350 S.C. 416, 567 S.E.2d 231, 234 (S.C. 2002); *Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218 – 221, 428 S.E.2d 700 (S.C. 1993) (mental injuries caused by sexual harassment qualify as personal injuries under the SCWCA).

Plaintiff's state law claims are premised on (1) conduct that allegedly caused her personal injuries (2) that arose from her employment. This brings her state law claims squarely within the purview of the SCWCA exclusivity provision. *See Mathis v. Interstate Contract Cleaning Servs.*, 2018 U.S. Dist. LEXIS 206274, at *12 (D.S.C. July 9, 2018) ("[T]he [SCWCA] provides the exclusive remedy against an employer for an employee who sustains injuries arising out of his employment."); *Sabb v. S.C. State Univ.*, 350 S.C. 416, 422 (2002) ("Because Sabb's claims . . . arose out of and in the course of her employment, the [SCWCA] provides the exclusive remedy for her."). The exclusivity provision of the SCWCA provides:

> The rights and remedies granted by [the SCWCA] to an employee when he and his employer have accepted the provisions of [the SCWCA], respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540.

As a result of the exclusivity provision, the South Carolina Workers' Compensation Commission has exclusive original jurisdiction over workplace tort claims brought by an employee against an employer, and all other courts are divested of jurisdiction over such claims. *See Sabb*, 567 S.E.2d at 234, n.3. Thus, the SCWCA's exclusivity provision is jurisdictional and bars state common law actions against an employer where an employee's alleged injury falls under the SCWCA. Further, "the exclusivity provision should be 'construed liberally in favor of coverage.'" *Williams,* 2019 U.S. Dist. LEXIS 7784, at *14 (quoting *Peay v. U.S. Silica Co.,* 313 S.C. 91, 437 S.E.2d 64, 65 (S.C. 1993)).

The SCWCA is also the exclusive remedy for any intentional tort committed by an employee. *See Edens v. Bellini*, 359 S.C. 433, 597 S.E.2d 863, 869-870 (S.C. Ct. App. 2004). The only exception that applies to intentional conduct is that the SCWCA does not apply when the act

was committed by the employer or an alter ego. *Id*. Here, it is undisputed that the Defendant employer did not commit any alleged assault against Plaintiff. In *Dickert*, the Court refused to extend the definition of "alter ego" to supervisory employees such as an office manager and held that only "dominant corporate owners and officers" may constitute alter egos. *Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218, 221, 428 S.E.2d 700 (S.C. 1993). Here, it remains undisputed that Roberts, as the employee who committed the alleged act at issue was at most a supervisory employee and was not a "dominant corporate owner or officer of the employer" to be considered an alter ego. *See* ECF No. 1 at ¶ 21; *see also Dickert*, 311 S.C. at 221; *Strickland v. Galloway*, 348 S.C. 644, 560 S.E.2d 448 (S.C. Ct. App. 2002) (stating that the exclusive remedy doctrine confers immunity "not only on the direct employer, but also on co-employees").

The South Carolina Supreme Court has specifically held, "[w]e affirm the Court of Appeals' decision inasmuch as it holds that Employee's causes of action against Employer are precluded by the exclusivity provision of the [SCWCA]. *See* S. C. Code Ann. § 42-1-540 (1985). However, we reverse the opinion to the extent it holds that Co-Employee may not be held individually liable for an intentional tort he may have committed while acting within the scope of employment." *Dickert*, 311 S.C. 218, 220, 428 S.E.2d 700, 701 (S.C. 1993). Further, the South Carolina Supreme Court has held that an employee's action against a company for intentional infliction of emotional distress caused by the action of another employee falls within the scope of the SCWCA since these actions arise from personal injury. *Loges v. Mack Trucks*, 417 S.E.2d 538 (1992).[2]

---

[2] To the extent Plaintiff is alleging negligence claims against Defendant, those are also barred by the exclusivity provision of the SCWCA. *See, e.g.*, *Loges*, 308 S.C. at 135, 417 S.E.2d at 539-41 (affirming judgment on negligent supervision claim – premised on allegations of sexual harassment by a coworker – because the claim involved emotional distress injuries that arose from employment and were therefore subject to the SCWCA's exclusivity provision); *Williams v.*

Here, Plaintiff asserts an intentional infliction of emotional distress claim under South Carolina law against W&S, which is premised on allegations of misconduct allegedly committed by her supervisor, Defendant Roberts, and which allegedly caused Plaintiff "emotional distress and outrage." (ECF No. 43 at ¶¶ 21, 109-13.) This common law claim falls under the SCWCA because Plaintiff allegedly sustained personal injuries arising out of her employment. *See, e.g., Loges*, 417 S.E.2d at 541 ("[Plaintiff] cannot argue that her employer failed to provide protection and yet maintain that her injury did not arise out of employment."). Therefore, Plaintiff's exclusive remedy is under the SCWCA, and Plaintiff's intentional infliction of emotional distress claim is jurisdictionally barred by the SCWCA's exclusivity provision consistent with the multitude of cases cited above.

### a. Plaintiff's Claims Do Not Meet a Recognized Exception to the SCWCA's Exclusivity Provision.

The South Carolina Supreme Court has stated that "the only exceptions to the [SCWCA]'s exclusivity provision are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations." *Kerr v. Hammond Sch.*,

---

*GlaxoSmithKline LLC,* No. 1:18-cv-1346-JMC, 2019 U.S. Dist. LEXIS 7784, at *17-18 (D.S.C. Jan. 16, 2019); *Kerr v. Hammond Sch.*, No. 3:17-cv-3109-JFA-KJM, 2018 U.S. Dist. LEXIS 62242, at *3-8 (D.S.C. Feb. 22, 2018) (McDonald, Mag. J.); *Williams v. MKKM, Inc.*, No. 2:14-cv-4509-DCN-BM, 2015 U.S. Dist. LEXIS 175279, at *2-3, 9-10 (D.S.C. 2015); *Sutton v. Securitas Sec. Servs., USA*, No. 4:13-2542-MGL-KDW, 2014 U.S. Dist. LEXIS 53538, at *8-9 (D.S.C. Mar. 24, 2014), *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 52383, at *3 (D.S.C. Apr. 16, 2014); *Palmer v. House of Blues Myrtle Beach Rest. Corp.*, No. 4:05-cv-3301-RBH, 2006 U.S. Dist. LEXIS 67593, at *8 (D.S.C. Sept. 20, 2006); *Whicker v. Sci. Applications Int'l Corp.*, No. 2:11-cv-3193-SB-BHH, 2012 U.S. Dist. LEXIS 150163, at *4-5 (D.S.C. Sep. 20, 2012).

2018 U.S. Dist. LEXIS 62242, at *5 (D.S.C. Feb. 22, 2018) (emphasis added).

To the extent Plaintiff seeks to assert that the individual supervisor at issue, Defendant Roberts, may be an alter ego of the Defendant employer and thus her state law claims should survive dismissal at this stage, it is well-settled in this District that supervisory and/or managerial employees do not constitute "alter egos" of a corporate Defendant. *See Highers v. Britelife Recovery at Hilton Head, LLC*, 2022 U.S. Dist. LEXIS 163019, at *11 (D.S.C. Sep. 8, 2022) (granting motion to dismiss upon finding that, "The Magistrate Judge concluded that Baumann and Gibbs were not "alter egos" of Defendant.  [] The Magistrate Judge reasoned that Plaintiff's allegations were only sufficient to show that Baumann and Gibbs were supervisory employees and not sufficient to show that they were "dominate corporate owners" or "officers" as required under South Carolina law.")  Likewise, it remains undisputed that W&S, as the Defendant employer, did not commit any alleged assault against Plaintiff and Plaintiff has failed to demonstrate that any supervisory employee was actually a "dominant corporate officer of the employer" to constitute an alter ego and serve as an exception to the SCWCA exclusivity provision. *See Strickland v. Galloway*, 348 S.C. 644, 560 S.E.2d 448 (S.C. Ct. App. 2002) (stating that the exclusive remedy doctrine confers immunity not only on the direct employer, but also on co-employees").

Accordingly, the state law claims against W&S should be dismissed.  *See Williams v. MKKM, Inc.*, 2015 U.S. Dist. LEXIS 175279, at *11 (D.S.C. 2015) ("Plaintiff . . . has failed to allege any facts that would bring her claim under any of these exceptions. . . . Therefore, the Defendants are entitled to dismissal of this claim.").

    **D. Plaintiff's Defamation Claim is Barred Because it Lacks the Requisite Specificity Required for Bringing Such a Claim.**

To assert a claim of defamation to survive dismissal, Plaintiff must prove all of the following: (1) a false and defamatory statement was made; (2) the unprivileged publication of the

statement to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm. *See Williams v. Lancaster Cty. Sch. Dist.*, 369 S.C. 293, 302-03, 631 S.E.2d 286, 292 (Ct. App. 2006); *Pomerantz v. Coastal Carolina Univ.*, 2023 U.S. Dist. LEXIS 23825, at *11-12 (D.S.C. Feb. 10, 2023) (overruling a plaintiff's objection to granting defendant's motion to dismiss on defamation claim because it does not allege defendant made the alleged statement and does not allege an unprivileged publication by defendant to a third party.)

Federal courts in South Carolina applying South Carolina law have concluded that an individual's claims of defamation should be dismissed when the allegedly defamatory statements lack necessary specificity as is the case here. *See, e.g., Davis v. New Penn Fin.*, No. 6:18-3342-TMC-KDW, 2021 U.S. Dist. LEXIS 137377 (the court found that plaintiff's defamation claims did not provide sufficient detail to constitute actionable defamation as it was not clear if any statements were defamatory in nature, when they were made, or if any nonprivileged publication occurred), *adopted*, 2021 U.S. Dist. LEXIS 136771 (D.S.C. July 22, 2021); *Doe v. Cannon*, No. 2:16-cv-00530-RMG, 2017 U.S. Dist. LEXIS 20582, at *1 (D.S.C. Feb. 14, 2017) (dismissing defamation claim because the plaintiff's allegations fail to "state with specificity the time, place, medium, and listener of the alleged defamatory statements"); *Sigler v. Black River Elec. Coop.*, No. 3:20-2203-JMC-SVH, 2020 U.S. Dist. LEXIS 251518, at *8-9 (D.S.C. 2020) (dismissing defamation claim upon finding that "even assuming [plaintiff's defamation allegations] indicate a false and defamatory statement was made, they lack the necessary specificity to state a claim for defamation"); *Johnson v. Builders FirstSource Southeast Group, LLC*, No. 3:21-cv-02612-SAL (D.S.C. Jan. 9, 2023) (the court dismissed the plaintiff's defamation claim upon finding, "[Plaintiff] fails to identify a defamatory statement with any particularity. Instead, he vaguely

alleges that [Defendant's] employees and supervisors made 'defamatory statements' about him surrounding his status of employment and purported disciplinary actions. . . . [Plaintiff] bases his defamation claim not on any specific statements[.] . . . But South Carolina law requires the publication of a false statement to sustain a defamation claim.").[3]

Here, Plaintiff's threadbare allegations of defamatory statements and/or defamatory actions against W&S are non-existent and speculative and remain entirely unsupported, and therefore cannot survive this Motion to Dismiss. As her defamation claims pertain to W&S, Plaintiff provides no evidence of who made any allegedly defamatory statements, what was allegedly said, or when such statements were made or to whom. The following allegations in Plaintiff's Second Amended Complaint appear to be against Roberts and fail to provide sufficient detail to constitute actionable defamation against W&S:

> 65. Upon information and belief Roberts claimed and continues to claim and disseminate statements that Plaintiff's account of the events are untrue and any physical contact with Plaintiff was consensual which Plaintiff denies.
>
> 72. … Upon information and belief the denial [of workers' compensation benefits] was based on dissemination of information that the events that occurred on the business trip were either outside the scope of employment or consensual which information would have been received from the employer Weston & Sampson. Any statements that Plaintiff was engaged in a voluntary sexual or intimate relationship with the individual Defendant were untrue and made without privilege.
>
> 73. Following the incident, Defendant Roberts disseminated misinformation regarding Plaintiff including that the actions were consensual, that she is untruthful and has attacked her reputation for chastity.

---

[3] In *Dockins*, the South Carolina Supreme Court held that a claim of slander is outside the SCWCA since it is not a personal injury but, rather, a harm to one's proprietary interest. *Dockins v. Ingles Markets, Inc.*, 411 S.E.2d 437 (1991). However, Plaintiff has expressly pled her defamation cause of action to include personal injuries, which fall under the purview of the SCWCA. Specifically, Plaintiff has pled that as a result of alleged defamation, "Plaintiff was and continues to: be greatly humiliated, embarrassed, and distressed . . . unable to attend her ordinary affairs due to her mental state . . . suffer considerable shock, mental stress, worry." (ECF No. 43 ¶ 126.) Therefore, W&S maintains that Plaintiff's defamation claims against W&S are also jurisdictionally barred by the SCWCA's exclusivity provision and should be dismissed as a matter law.

75. During and after his employment, Defendant Roberts used this information to harass Plaintiff and shared her personal information with the mother of one of his children, A.M.

76. The harassment took the form of LinkedIn messaging, Facebook, text messaging, and other forms of social media from Defendant Roberts, A.M., and two of A.M.'s co-workers and social media "friends" S.D. and B.A.

78. Before and after Defendant Roberts was terminated from Defendant Employer, A.M. accused Plaintiff of being unchaste, and harassed and threated Plaintiff. Upon information and belief Roberts made untrue statements to A.M. leading her to accuse Plaintiff of having an intimate physical relationship while on the business trip.

79. The allegations that Plaintiff was unchaste or involved in a sexual manner with Defendant Roberts were perpetrated by Roberts disseminating untruths about his encounter with Plaintiff on the business trip, including to A.M., his employer, insurers and law enforcement.

117. The false and injurious statements by the Defendants were made after the events described business conference which was attended by Roberts and Plaintiff, and included in April 2022, May 2022, June 2022, and continued to be disseminated through December 2023.

118. The untrue statements regarded Plaintiff's honesty, chastity, consent to sexual interactions with Roberts and engagement in other inappropriate conduct at the conference.

119. Plaintiff asserts that she has told the truth and denies that she engaged in consensual sexual relations or had an intimate relationship with Roberts and any statements made by the Defendants to that end are untrue, defamatory and made without privilege.

121. Said statements, attacking Plaintiff's truthfulness, veracity and chastity, and fitness for employment were upon information and belief, published to the employer, other employees of the Defendant employer, others within the business and police communities, insurers and to Defendant Roberts' paramour, social friends and to other persons, not specifically stated herein.

122. Defendant Roberts, upon information and belief, falsely represented to the Defendant employer, co-workers, law enforcement, insurers, the business community, his social friends and family and others that any sexual conduct with Plaintiff was consensual. This constituted a false statement that Plaintiff engaged in a voluntary sexual encounter with him on a business outing and that she lied about it.

123. The Defendant employer upon information and belief repeated and disseminated the untruths perpetrated by Roberts, its agent and employee, including to its insurers and

throughout the Company without privilege.

(ECF No. 43 ¶¶ 65, 72, 73, 75, 76, 78, 79, 117, 118, 119, 121, 122, 123.) Plaintiff has failed to identify any defamatory statements she alleges Defendant W&S made and Defendant W&S denies making any such statements. Indeed, she is unable to plead any alleged statements with required specificity but merely alleges "upon information and belief" as it pertains to Defendant W&S's purported positions in a legal proceeding. Thus, it is not clear if any alleged statements were defamatory in nature, who made them, when they were made, or if any nonprivileged publication occurred, and all of which Defendant W&S vehemently denies. Further, any alleged defamatory statements made by Defendant Roberts while he was employed by W&S are outside the scope of his employment and cannot be attributable to W&S, just as any such statements allegedly made after Defendant Roberts' termination from W&S cannot be attributed to W&S. For the foregoing reasons, Plaintiff's defamation claims against W&S fail as a matter of law and should be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendant W&S respectfully requests that the Court dismiss with prejudice the Title VII hostile environment claim and all state law claims against W&S in this action.

Respectfully submitted this 26th day of August, 2024.

> By: *s/ D. Randle Moody, II*
> D. Randle Moody, II (Fed. I.D. No. 7169)
> Email: Randy.Moody@jacksonlewis.com
> Laura A. Ahrens (Fed. I.D. No. 13396)
> Email: laura.ahrens@jacksonlewis.com
> JACKSON LEWIS P.C.
> 15 South Main Street, Suite 700
> Greenville, SC 29601
> (864) 232-7000
>
> *ATTORNEYS FOR DEFENDANT WESTON & SAMPSON ENGINEERS, INC.*