IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAUREN BALLARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WESTON & SAMPSON ENGINEERS, INC, ET AL.,<br><br>　　　　　Defendants. | C/A No. 2:24-cv-01682-RMG-WBS |

**DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S RESPONSES TO LOCAL CIVIL RULE 26.03 INTERROGATORIES**

Pursuant to Local Civil Rule 26.03, Defendant Weston & Sampson Engineers, Inc. ("Weston & Sampson"), by and through its undersigned counsel, hereby makes the following responses to the Court's interrogatories in conjunction with the Joint Rule 26(f) Report.

**1.     Short Statement of the Facts of the Case.**

This is an employment case arising from Plaintiff Lauren Ballard's ("Plaintiff") resignation from employment with Weston & Sampson. Plaintiff asserts the following claims under Title VII of the Civil Rights Act of 1964 ("Title VII") against Weston & Sampson: sex discrimination including hostile work environment, and retaliation. Further, Plaintiff asserts the following South Carolina state law claims against Weston & Sampson: intentional infliction of emotional distress, defamation, and defamation *per se*. All of these claims are premised on Plaintiff's allegations of harassment and/or conduct allegedly committed by Defendant Jason Roberts, conduct that she asserts Weston & Sampson knew or should have known about and failed to stop. Weston & Sampson maintains that Plaintiff voluntarily resigned from employment and Weston & Sampson

1

denies any discriminatory or retaliatory conduct by Weston & Sampson against Plaintiff during her employment.

**2.    Names of Fact Witnesses Likely to be Called by the Party and a Brief Summary of Their Expected Testimony.**

Weston & Sampson anticipates that it will call one or more of the following individuals as fact witnesses:

a.    Plaintiff Lauren Ballard

Plaintiff is expected to testify regarding the allegations she has made in the Second Amended Complaint in this matter.

b.    Jason Roberts

Defendant Jason Roberts is expected to testify regarding his alleged misconduct and role at Weston & Sampson. He is also expected to testify regarding the information he provided during Weston & Sampson's investigation of the alleged misconduct at issue.

c.    Colleen Manning

Colleen Manning is expected to testify regarding Weston & Sampson's relevant policies and procedures, as well as remedial action taken against Jason Roberts as a result of Weston & Sampson's investigation into his alleged misconduct.

d.    Robert Horner

Robert Horner is expected to testify regarding Weston & Sampson's relevant policies and procedures, as well as remedial action taken against Jason Roberts as a result of Weston & Sampson's investigation into his alleged misconduct.

e.    Kip Gearhart

Kip Gearhart is expected to testify regarding Weston & Sampson's relevant policies and procedures.

f.    Mehgan Moody

Meghan Moody is expected to testify regarding Weston & Sampson's relevant policies and procedures.

  g.  <u>Leah Stanton</u>

Leah Stanton is expected to testify regarding Weston & Sampson's relevant policies and procedures.

  h.  <u>Daniel Shinnick</u>

Daniel Shinnick is expected to testify regarding Weston & Sampson's relevant policies and procedures.

The witnesses identified in subparagraphs (c) through (h) above may only be contacted through Defendant Weston & Sampson's undersigned counsel. Weston & Sampson anticipates that there will be additional fact witnesses identified during discovery. Weston & Sampson also reserves the right to supplement its response to this inquiry in the course of discovery and to call as witnesses at trial any individuals deposed or identified by Plaintiff or Defendants in discovery.

**3.** **Names and Subject Matter of Expert Witnesses. (If no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.)**

At this time, Weston & Sampson has not yet determined what expert witnesses, if any, it will offer in this matter. Weston & Sampson reserves the right to amend or supplement its response to this inquiry as it becomes necessary or appropriate in the future.

**4.** **A Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting the Same.**

Plaintiff cannot establish a *prima facie* case for discrimination, retaliation, or hostile work environment under Title VII. In defending against Plaintiff's claims under Title VII, Weston & Sampson may rely on the language of Title VII (42 U.S.C. § 2000e, *et seq.*), the Equal Employment Opportunity Commission Regulations interpreting Title VII, as well as various other administrative and judicial interpretations of these statutes.

Plaintiff also cannot establish a *prima facie* case for any of the state common law claims against Weston & Sampson. Weston & Sampson may rely on the South Carolina Workers'

Compensation Act exclusivity provision (S.C. Code Ann. § 42-1-540), as well as various other administrative and judicial interpretations of relevant statutes and causes of action. These claims are further barred because Plaintiff has statutory remedies available under Title VII for the same alleged misconduct which forms the bases of her state law claims.

Weston & Sampson also anticipates that there is additional statutory, regulatory, and case law to support its legal defenses and theories, including against Plaintiff's state law claims under South Carolina law, based on specific facts to be determined in discovery. Weston & Sampson reserves the right to rely upon such authority as this case proceeds, to amend its Answer, and to supplement its authority, including identifying such authority in a dispositive motion.

5. **Proposed dates for the following deadlines listed in Local Civil Rule 16.02:**

   a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

      As set forth in the Consent Amended Conference and Scheduling Order, the Parties agree to having Plaintiff's expert disclosures due **February 10, 2025**.

      As set forth in the Consent Amended Conference and Scheduling Order, the Parties agree to having Defendants' expert disclosures due **March 31, 2025**.

   b. Completion of discovery.

      As set forth in the Consent Amended Conference and Scheduling Order, the Parties agree to completing discovery no later than **May 13, 2025**.

   c. Dispositive motions.

      As set forth in the Consent Amended Conference and Scheduling Order, dispositive motions shall be filed on or before **August 15, 2025**.

6. **Any Special Circumstances Which Would Affect the Time Frames Applied In Preparing the Scheduling Order.**

Weston & Sampson is unaware of any special circumstances that would affect the time frames applied in the Court's Consent Amended Conference and Scheduling Order.

4

**7.     Any Additional Information Requested In the Pre-Scheduling Order or Otherwise Requested by the Assigned Judge.**

No additional information has been requested at this time.

Respectfully submitted this 20th day of September, 2024.

By: *s/ D. Randle Moody, II*
D. Randle Moody, II (Fed. I.D. No. 7169)
Email: Randy.Moody@jacksonlewis.com
Laura A. Ahrens (Fed. I.D. No. 13396)
Email: laura.ahrens@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT WESTON & SAMPSON ENGINEERS, INC.*