IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
2:24-cv-1682-RMG-WSB

| | |
|---|---|
| **Lauren Ballard,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) **LOCAL RULE 26.03 DISCLOSURES** |
| **Weston & Sampson Engineers, Inc. and Jason Roberts, Individually** | ) ) ) ) |
| **Defendants.** | ) ) ) |

Plaintiff Lauren Ballard ("Plaintiff") hereby provides the following Local Rule 26.03 disclosures in conjunction with the Joint Rule 26(f) report:

1. **A short statement of facts of the case.**

**RESPONSE:**

Weston & Sampson is an engineering firm employing over 750 employees with offices in North Charleston and Columbia, SC, with policies that prohibit discrimination, harassment, bullying, unwanted touching and retaliation- all of which are grounds for termination.

Defendant Supervisor Roberts was employed by Defendant and was Plaintiff's supervisor. Roberts, by his admission to Plaintiff, was disciplined in December 2021, when he was drunk at a company party and engaged in prohibited harassment, unwanted touching and racial slurs, such as calling black co-workers "his n****r". These actions occurred with the knowledge of the employer and resulted in discipline. However, Defendant Roberts was not terminated, remained in a supervisory position, and was permitted to go to conferences and have access to sensitive information.

1

Plaintiff was hired at Defendant as an engineer in March 2022 to work in their North Charleston, SC office. This was her first professional job after graduation from college. After working 11 days Supervisor Roberts instructed Plaintiff to tell HR to send her to a scheduled business conference that week, as another member of the team was ill, which W&S agreed to do. Other employees with more tenure were not given the opportunity to fill the spot.

Plaintiff, Supervisor Roberts and a third male employee attended the conference, where Roberts was observed to drink excessively, solicit women and call black colleagues "n****r", repeating his behavior from only months before. Roberts threatened Plaintiff and sexually assaulted her while on the trip. Plaintiff was traumatized, and reported the assault to employer Weston & Sampson. Plaintiff was treated for physical and mental health concerns following the incidents. She was then subjected to hostility and retaliation by the employer, as well as defamatory comments by Defendants. As a result, Plaintiff was forced to leave the employer.

Plaintiff pursued her administrative remedies, and filed a complaint with the EEOC within the proper time frame, alleging discrimination, disparate treatment, hostile work environment and retaliation.

Plaintiff brought suit against Weston & Sampson and Roberts for her physical and mental injuries and losses. Plaintiff alleges that as a proximate cause of each one of the causes of action, she has suffered damages, including reputational injury, costs and attorney fees. The Employer says it is not responsible for her damages or for the conduct of their employee. Roberts denies the events occurred and anything that did happen was consensual. The Company says it has policies in place to protect employees and discipline wrongdoers, and they took reasonable precautions to prevent injury.

**2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

1. **Lauren Ballard,** As Plaintiff, witness has information related to the facts and circumstances giving rise to the Complaint and damages.

2. **Jason Roberts.** As Defendant, witness has information related to the facts and circumstances giving rise to the Complaint.

3. **Weston & Sampson Engineers, Inc. 30(b)(6) Witness(es), Representative of Human Resources.** Witness may have information on Workers' Compensation, EEO, ADA, contract and other relevant policies and procedures, salary information of staff, training, investigations, personnel files of witnesses, discipline policies and procedures, responsiveness, discrimination, enforcement of regulations, specific incidents involving Plaintiff and other employees and specific complaints made by Plaintiff.

4. **Dan Shinnick.** Mr. Shinnick, as supervisor of Defendant Roberts, may have information regarding events occurring at Weston & Sampson before and after Plaintiff's hiring. Defendant additionally may have knowledge of Defendant Weston & Sampson's policies and procedures

5. **Jerry Corr.** Mr. Corr may have information regarding events occurring at Weston & Sampson before and after Plaintiff's hiring, including his knowledge and observations of Defendant Roberts.

6. **Bob Horner**. Mr. Horner may have knowledge of events as Plaintiff's superior at W&S and the person to whom Plaintiff ultimately reported, as well as knowledge of the actions of the individual Defendant before and after Plaintiff's hiring. Defendant additionally may have knowledge of Defendant Weston & Sampson's policies and

3

procedures.

7. **Timothy "TC" Cooner**. Mr. Cooner may have knowledge as a co-worker of Plaintiff, who, on information and belief, witnessed the individual Defendant's actions and communicated with Plaintiff regarding the same. As a former employee of W&S, the witness is expected to have knowledge of Defendant's policies and procedures.

8. **Blake Duke**, Mr. Duke may have knowledge as a co-worker of Plaintiff about Defendant Roberts' conduct, including that prior to Plaintiff's hiring, and his communication with Plaintiff about the same.

9. **Marco Viola**. Witness may have knowledge of Defendant Roberts' individual actions and behavior at the ESRI conference

10. **Jacqueline D. Maillet**,  Witness has knowledge of Plaintiff's SANE exam.

11. **Amber Morell**, As the alleged parent of Jason Roberts' child, witness may have knowledge of individual Defendant and Plaintiff, and knowledge of the events complained upon in the Complaint.

12. **Charlotte-Mecklenburg Police Department**, including Detective Watts,  Expected to testify as to Plaintiff's report of the events set forth in the Complaint.

13. **Carolina Center for Behavioral Health**, including Lance Feldman, MD   Plaintiff received mental healthcare from the witness following the events described in the Complaint.

14. **MUSC Behavioral Health**, including  Ethan Ashley MD. Plaintiff received mental healthcare from the witness following the events described in the Complaint.

15. **Melissa Ballard**, As mother of Plaintiff, witness has knowledge of the facts and circumstances of the events giving rise to this cause of action, and of damages

16. **Robert Ballard**,. As father of Plaintiff, witness has knowledge of the facts and

4

circumstances of the events giving rise to this cause of action, and of damages.

17. **Oconee Mental Health Services**, Staff has knowledge of mental health services provided to Plaintiff after the events described in the Complaint.

18. **Employees of Weston & Sampson**, including **Kip Gearhart, Emmett Smith, Margaret McCarthy, Paige Lux, Shelby Droze, Paulina** Witnesses may have information about the actions of the individual Defendant before and after Plaintiff's hiring.

19. All persons listed as witnesses in Defendant's Responses to Local Rule 26 interrogatories, as well as those witnesses provided during discovery.

20. Other witnesses not yet identified, who may later be identified over the course of discovery in this present action.

Plaintiff reserves the right to supplement this answer at a later date as permitted by the rules of Court.

**3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:** Plaintiff anticipates that her treating physicians and mental health professionals will testify as fact witnesses and will also testify as expert witnesses in their fields of expertise. Plaintiff may designate additional experts in the fields of Human Resources, mental health and behavioral sciences.

Plaintiff reserves the right to supplement this answer at a later date as permitted by the rules of Court.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:**

5

**<u>Plaintiff case arises under the following Statutes:</u>**

Plaintiff's claims are set forth in Second Amended Complaint, ECF 43.

With regard to Employer Weston and Sampson, Plaintiff's claims include violations of Title VII of Civil Rights Act, 42 U.S.C. §2000e, et seq., (discrimination, harassment, hostile environment) and retaliation. Plaintiff asserts that she was discriminated against in the terms and conditions of employment and suffered negative employment action based upon her sex (female). Plaintiff claims retaliation as a result of her reports to the employer of unequal treatment and utilization of the EEO system. *Burlington Northern v. White,* 126 S. Ct. 2405 (2006) clarifies the standard for Title VII retaliation claims. Plaintiff has also filed claims against the employer for intentional infliction of emotional distress.

Plaintiff also seeks reparations for defamation. *Parrish v. Allison*, 276 SC 308, 320-321, 656 SE2d 382 (S.C. Ct.App. 2008), *Woodward v. South Carolina Farm Bureau Ins. Co.*, 277 S.C. 29, 282 S.E. 2d 599 (1981). Plaintiff's claims against Weston & Sampson for defamation also relate to statements made by Defendant Roberts as agent for Weston & Sampson.

Plaintiff's claims against Defendant Roberts include state claims for Assault and Battery, Intentional Infliction of Emotional Distress, Defamation and Tortious Interference with Contract. Defendant Robert's Defenses are as follows:

1. Failure to state a claim.
2. Intervening Causes.
3. Consent.
4. Latches, Waiver and/or Estoppel.
5. Unclean Hands.
6. Punitive Damages Defenses
7. Statute of Limitations.

In addition, Defendant Roberts has filed counterclaims against Plaintiff alleging:

1. Defamation and Defamation Per Se
2. Invasion of Privacy
3. Malicious Prosecution
4. Tortious Interference with Contract
5. Abuse of Process

Plaintiff denies that she engaged in any wrongful or tortious behavior against Defendant Roberts. Plaintiff denies that any statement and acts she performed are untruthful and/or made with malice. In addition, any negative employment actions suffered by Defendant Roberts were the result of his actions alone.

**5.     Proposed dates for the following deadlines listed in Local Civil Rule 16.02:**

**RESPONSE**:

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures:** Plaintiffs February 10, 2025 and Defendants' March 31, 2025; and

**(b) Completion of discovery:** May 13, 2025; and

**(c) Dispositive Motions:** August 15, 2025.

**Please see the Amended Consent Scheduling Order, ECF 58.**


**6.     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. See generally Local Rule 16.02 (Content of Scheduling Order).**

**RESPONSE:** Plaintiff is unaware of any special circumstances at this time.

7.   **The parties shall provide any additional information requested in the Prescheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE:** Plaintiff is unaware of any additional information at this time.

                                                  Respectfully submitted,
*s/Jennifer Munter Stark, Esq.*
Jennifer Munter Stark, Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF

September 20, 2024
Mt. Pleasant SC