IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-WSB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LOCAL CIVIL RULE 26.03 DISCLOSURES OF DEFENDANT JASON ROBERTS**

Defendant Jason Roberts ("Defendant" or "Roberts"), by and through his undersigned attorney, hereby provides the following information pursuant to Local Civil Rule 26.03 (D.S.C.).

**(1) A short statement of the facts of the case.**

Plaintiff brings this action alleging claims against her former employer and co-worker, Roberts, arising from Robert's allegedly inappropriate behavior towards Plaintiff during a business trip. She alleges that Roberts sexually assaulted her and harassed her. She alleges their employer Defendant Weston & Sampson ("W&S") failed to properly respond to her allegations and that she ultimately was forced to resign from her job. Roberts asserts that the alleged sexual activity was consensual and that he has not harassed Plaintiff, nor has he interfered with her position at W&S.

In her Second Amended Complaint, Plaintiff alleges four state law claims against Roberts: (1) civil assault and battery; (2) intentional infliction of emotional distress; (3) defamation and defamation per se; and (4) tortious interference with contract. Plaintiff additionally alleges two federal causes of action against W&S: (1) Title VII hostile environment harassment claim; and (2) Title VII retaliation claim, and two state law claims: (1) intentional

infliction of emotional distress; and (2) defamation, including defamation per se. Roberts has alleged counterclaims for: (1) defamation and defamation per se; (2) invasion of privacy; (3) malicious prosecution; (4) tortious interference with contract; and (5) abuse of process.

**(2) The names of fact witnesses likely to be called and a brief summary of their expected testimony.**

At this time. Roberts is currently aware that the following individuals and/or categories of individuals likely have discoverable information concerning the claims and defenses asserted in this case. Additional witnesses may be identified through further investigation and discovery. Thus, Roberts reserves the right to supplement this response as more information becomes available. No decision has been made on which witnesses will ultimately be called to testify.

(a)     Plaintiff Lauren Ballard

As the Plaintiff in this action, Ms. Ballard is expected to testify regarding the allegations contained in the Second Amended Complaint and her alleged damages.

(b) Jason Roberts

Defendant Jason Roberts is expected to testify regarding his alleged conduct during the relevant time alleged in the Second Amended Complaint.

(c)     Any witness to the conduct alleged in the Second Amended Complaint

(d)     Corporate Representatives of Defendant W&S

      c/o Donald Randle Moody, II, and Laura A. Ahrens of Jackson Lewis P.C.

(e)     Other employees/agents of W&S as well as any witnesses identified by the Plaintiff or Defendant W&S

(f)     Any treating physician and behavioral health providers who provided treatment related to the alleged abuse of Plaintiff

(g)     Security or management at any hotel at which any abuse allegedly occurred

(h)  Any person to whom any report of abuse was made by Plaintiff

Roberts anticipates that there will be additional fact witnesses identified during discovery. Roberts reserves the right to supplement his response to this inquiry as discovery progresses and to call as witnesses at trial any individuals deposed or identified by Plaintiff or Defendants in discovery.

**(3)  The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Roberts has not retained any expert witnesses at this time (or identified any subject matters or fields of expertise for potential experts) but reserves the right to do so as the needs of the case dictate. Roberts will identify any retained experts pursuant to Rule 26(a)(2), Fed. R. Civ. P., and the applicable scheduling order.

**(4)  A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Roberts has filed a partial Motion to Dismiss as to Plaintiff's claims of intentional infliction of emotional distress (4th C/A), defamation and defamation per se (5th C/A), and tortious interference with contract (6th C/A) against Roberts for failure to state a claim. He has also filed an Answer to the Second Amended Complaint, in which he asserts the following defenses to the remaining cause of action alleged against him for civil assault and battery (1st C/A):

(a) Roberts denies the material allegations in the Second Amended Complaint.

(b) Some or all of Plaintiff's claims are subject to dismissal for failure to state a claim.

(c) Plaintiff's damages were a proximate result of one or more independent, efficient, intervening causes. *See, e.g., Rife v. Hitachi Const. Mach. Co.*, 363 S.C 209, 217, 609 S.E.2d 565, 569 (Ct. App. 2005) ("An intervening force may be a superseding cause that relieves an actor from liability.").

(d) Any injuries or damages sustained by Plaintiff, all of which are denied by Roberts and are barred by consent, either express or implied. *See, e.g., Pryor v. Nw. Apartments*, 321 S.C. 524, 532, 469 S.E.2d 630, 635 (Ct. App. 1996) (citing *Mayes v. Paxton*, 313 S.C. 109, 437 S.E.2d 66 (1993).

(e) Plaintiff's claims are barred by the doctrine of waiver. *See, e.g., Provident Life & Accident Ins. Co. v. Driver*, 317 S.C. 471, 478, 451 S.E.2d 924, 928 (Ct. App. 1994).

(f) Plaintiff is precluded from any recovery under the equitable doctrine of unclean hands. *See, e.g., First Union Nat'l Bank v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998).

(g) Plaintiff's claims are barred by the doctrine of laches. *See, e.g., Chambers of S.C., Inc. v. Cty. Council*, 315 S.C. 418, 421, 434 S.E.2d 279, 280 (1993).

(h) Some of Plaintiff's claims arose out of or during the scope of her alleged employment with W&S, and thus are preempted by and subject to the exclusive remedy provision of the South Carolina Workers' Compensation Act. See S.C. Code Ann. § 42-1-540 (providing that the sole and exclusive remedy for injuries sustained by an employee when the employer and employee are governed under the terms of the S.C. Workers' Compensation Act).

(i) Plaintiff is not entitled to an award of punitive damages as there can be no showing by clear and convincing evidence that Plaintiff's alleged damages were the result of willful, wanton, or reckless conduct by Roberts. *Scott v. Porter*, 340 S.C. 158, 530 S.E.2d 389 (Ct. App. 2000).

(j) If punitive damages are recoverable, which is denied, the amount of punitive damages "is not really a fact tried by the jury" and, therefore, the Plaintiff's request for punitive damages "to be determined by the jury" violates the United States Constitution. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001).

(k) If punitive damages are recoverable, which is denied, the amount of punitive damages must be limited to an amount no greater than the award of actual damages. *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). Further, if punitive damages are awarded, the due process limitations on punitive/exemplary damages outlined by the Supreme Court are applicable. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

(l) Plaintiff's claim for punitive damages are barred because punitive damages are essentially criminal in nature and a form of punishment, they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, they are grounded in a defendant's status rather than in specific misconduct, and they would violate Roberts' procedural and substantive due process and equal protection rights under the United States Constitution and the Constitution of the State of South

  Carolina. *See generally* U.S. Const. amends. IV, V, VI, and XIV; S.C. Const. art. I, §§ 3 and 15.

(m) Any award of punitive damages is subject to the limitations set forth in S.C. Code Ann. § 15-32-530. *See* S.C. Code Ann. § 15-32-530.

(n) Plaintiff's request for punitive damages is subject to the provisions of S.C. Code Ann. § 15-32-520, including but not limited to the requirement for a bifurcated trial and the clear and convincing evidence standard of proof. See S.C. Code Ann. § 1532-520(A); S.C. Code Ann. § 15-32-520(D).

(o) Roberts is entitled to all rights under S.C. Code Ann. § 15-38-15 to the extent it bars, limits, or apportions any fault or recovery herein. *See* generally S.C. Code Ann. § 15-38-15.

(p) If Roberts is found to be liable to Plaintiff (which is specifically denied), then other potentially responsible parties would be liable to them in contribution or indemnity. *See, e.g.*, S.C. Code Ann. § 15-38-20(A).

(q) If Roberts is found liable to Plaintiff (which is specifically denied), then it is entitled to a setoff or recoupment for all sums of money recovered from any other potentially liable party or monies obtained from any other collateral source obtained by or on behalf of Plaintiff by way of any settlement, judgment, or otherwise which Plaintiff has entered or recovered from any other potentially responsible party. *See, e.g., Smith v. Widener*, 397 S.C. 468, 471-72, 724 S.E.2d 188, 190 (Ct. App. 2012).

(r) Plaintiff will be subject to an election of remedies should they prevail on more than one of their causes of action. *See, e.g., Harper v. Ethridge*, 290 S.C. 112, 120, 348 S.E.2d 374, 379 (Ct. App. 1986).

Roberts has also alleged counterclaims based on Plaintiff's publication of a false Facebook post in a group with over 40,000 members that Roberts had sexually assaulted her. Additionally, her allegations of sexual assault resulted in Roberts being investigated by law enforcement and terminated from W&S. Specifically, he has alleged counterclaims for: (1) defamation and defamation per se; (2) invasion of privacy; (3) malicious prosecution; (4) tortious interference with contract; and (5) abuse of process *See Swinson Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 514 S.E.2d 126 (1999)(discussing defamation, defamation per se, and invasion of privacy); *Law v. South Carolina Dep't of Corr.*, 368 S.C. 424, 629 S.E.2d 642 (2006)(discussing malicious prosecution); *Broach v. Carter*, 399 S.C. 434, 732 S.E.2d 185 (Ct.

App. 2012) (discussing tortious interference with contract); *Pallares v. Seinar*, 407 S.C. 359, 756 S.E.2d 128 (2014)(discussing abuse of process).

**(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) Completion of discovery.**

Roberts believes the deadlines which were jointly proposed by the parties are appropriate.

**(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

The parties are unaware of any special circumstances that would affect the time frames applied in the Court's Consent Amended Conference and Scheduling Order.

**(7) Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

Roberts is not currently aware of any other information requested by the assigned judge.

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

*Attorney for Defendant Jason Roberts*

September 20, 2024

6