IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | C/A No. 2:24-cv-1682-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| Jason Roberts, *individually*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants Jason Roberts ("Roberts") and Weston & Sampson Engineers, Inc.'s ("W&S") Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 46; 47. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the undersigned is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

On August 26, 2024, Defendants separately filed Motions to Dismiss. ECF Nos. 46; 47. On September 9, 2024, Plaintiff filed Responses to both Motions. ECF Nos. 48; 49. On September 15, 2024, Roberts filed a Reply. ECF No. 54. These matters are now ripe for review.

**BACKGROUND AND FACTUAL ALLEGATIONS**

Plaintiff brings this action asserting claims against W&S, her former employer, and Roberts, her former supervisor, arising out of Roberts' allegedly sexually inappropriate behavior. Plaintiff began working for W&S in March 2022. ECF No. 43, Am. Compl. at ¶ 27. Within weeks after her hire, Plaintiff alleges Roberts sexually assaulted her on two occasions during a business trip. *Id*. at ¶¶ 31, 42-50, 55. Plaintiff reported these assaults to W&S; however, she claims W&S

1

brushed the report aside. *Id*. at ¶¶ 58, 62. Plaintiff alleges that from March 2022 to December 2023, Roberts knowingly spread false information to W&S and others that Plaintiff lied about the assaults, the relations were consensual, and Plaintiff was unchaste. *Id*. at ¶¶ 73, 80, 117. Plaintiff claims W&S knew of Roberts' propensity from prior conduct towards female coworkers but did not terminate him. *Id*. at ¶¶ 22, 23, 81. Based upon Roberts conduct and a continuing hostile work environment, Plaintiff claims that she was forced to resign from her position. *Id*. at ¶ 72.

Plaintiff filed a Second Amended Complaint ("Complaint") on August 12, 2024. ECF 43. The Complaint asserts six causes of action: (1) civil assault and battery against Roberts, (2) Title VII retaliation against W&S, (3) Title VII sexual harassment and hostile work environment against W&S, (4) intentional infliction of emotional distress ("IIED") against both Defendants, (5) defamation against both Defendants, and (6) tortious interference with contractual relations against Roberts. Roberts seeks dismissal of the defamation, IIED, and tortious interference with contractual rights claims. ECF No. 46. W&S seeks dismissal of the Title VII sexual harassment and hostile work environment, IIED, and defamation claims. ECF No. 47.

## APPLICABLE LAW AND ANALYSIS

**Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its

2

well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Intentional Infliction of Emotional Distress**

Defendants each move for dismissal of Plaintiff's IIED claim. Defendants assert that this claim is barred by the exclusive remedy of the South Carolina Workers' Compensation Act ("SCWCA"). ECF Nos. 46-1 at 9-11; 47-1 at 7-11. A co-employee who negligently injures another employee while in the scope of employment is immune from suit per the SCWCA and cannot be held personally liable. *Dickert v. Metropolitan Life Inc. Co.,* 428 S.E.2d 700, 701 (S.C. 1993). However, this immunity is not extended to a co-employee who commits an intentional tortious act upon another employee. *Id*. at 222 ("[t]he Worker's Compensation Act may not be used as a shield for a co-employee's intentional injurious conduct."). Plaintiff has pled that Defendants' actions were intentional and done with full awareness that the actions would cause emotional distress. ECF No. 43 at ¶¶ 84, 98, 110.[1] Plaintiff's allegations are sufficient to present a claim that is not barred by the SCWCA at this early stage of the case.

---

[1] Additionally, in South Carolina, "intent to harm will be inferred as a matter of law when a person sexually assaults, harasses, or otherwise engages in sexual misconduct toward an adult." *State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 136 (S.C. Ct. App. 2000).

W&S asserts that the IIED claim should be dismissed because it arises from the same set of facts as the Title VII claims. ECF No. 47-1 at 3-6. In support, W&S relies on cases considering the public policy exception to wrongful termination claims brought in conjunction with Title VII claims. *Id*. at 4-5. In response to W&S, Plaintiff cites *Charlot v. Donley*, C/A No. 3:11-579-MBS-SVH, 2012 WL 3264568 (D.S.C. Aug. 9, 2012).[2] ECF No. 48 at 6. The core argument made by W&S is that Title VII preempts all state law causes of action which arise out of the same operative facts as the Title VII discrimination. The Court does not agree that the law supports W&S's broad proposition that all state law claims with overlapping, or even duplicative, factual allegations with federal law claims are subject to dismissal.

In *Dockins v. Ingles Markets, Inc.*, the South Carolina Supreme Court held that an employee who was allegedly terminated in retaliation for filing a complaint under the Fair Labor Standards Act ("FLSA") had an existing statutory remedy for wrongful termination, and therefore, the public policy exception would not apply to permit the wrongful termination claim. *Id.*, 413 S.E.2d 18, 18-19 (S.C. 1992) (internal citation omitted). In *Menton v. Nestle Prepared Foods Company*, a plaintiff brought claims for Title VII gender discrimination, Title VII retaliation, wrongful termination, breach of contract, and IIED. *Id*., C/A No. 7:14-2542-JMC, 2015 WL 1038121 at *1 (D.S.C. Mar. 10, 2015). The district court did not dismiss the plaintiff's IIED claim but dismissed a wrongful discharge claim because the public policy exception did not apply. *Id*. at *7 (listing cases in accord); *see also Lindbald v. J&L Servs., Inc.*, C/A No. 4:18-cv-1336-RBH-

---

[2] In *Charlot*, the district court reviewed case law applying the Supreme Court of the United States of America's decision in *Brown v. General Servs. Admin.*, which held that Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of *federal* employment discrimination." 2012 WL 3264568 at *4 (quoting *Brown*, 425 U.S. 820, 829 (1976) (emphasis added). Because Plaintiff was a private sector employee, the analysis in *Charlot* is not directly on point.

TER, 2019 WL 653968 at *5 (D.S.C. Jan. 1, 2019) (recommending dismissal of wrongful termination claim on the basis that statutory remedies exist for claims of discharge based on discrimination and retaliation), *R&R adopted*, 2019 WL 652248 (D.S.C. Feb. 15, 2019).  W&S's argument has been applied to dismiss wrongful termination claims brought with Title VII claims insofar as the allegations do not allege a violation of public policy, but not so broadly to bar all state court claims. *See Schoolcraft v. Wabtec Passenger Transit*, No. 7:11-0294-TMC, 2011 WL 5909943, at *2 (D.S.C. Nov. 28, 2011) (holding, in the context of remanding a state law action pursuant to private employment, that where an anti-discrimination suit provides an exclusive remedy, a plaintiff may still proceed with state law claims in order to vindicate personal injuries that extend beyond discrimination in the workplace) (citing *Otto v. Heckler*, 802 F.2d 337 (9th Cir. 1986)).

W&S also relies on *Mack, New*, and *Nettles*, which are distinguishable.  ECF No. 47-1 at 5;  s*ee e.g.*, *Mack v. House of Hope of the Pee Dee*, C/A No. 4:13-cv-2887-BHH-TER, 2015 WL 1218250 at *11 (D.S.C. Jan. 13, 2015) (recommending plaintiff's state law claims were barred by the SCWCA), *R&R adopted by id*. at *2 (D.S.C. Mar. 17, 2015); *New v. Belk Stores*, C/A No. 8:00-852-23, 2000 U.S. Dist. LEXIS 23522 at *7-8 (D.S.C. Oct. 10, 2000) (finding a breach of contract claim without merit, reasoning that an alleged guarantee on a Family Medical Leave Act ("FMLA") workplace poster did not create contractual duties in excess of rights secured by FMLA)[3]; *Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) (granting summary

---

[3] The court relied on *Dockins*, discussed previously, and upon *Desrochers v. Hilton Hotels Corp.*, 28 F. Supp. 2d 693 (D. Mass. 1998).  As the district court explained, "[h]owever, in [Desrochers], the district court addressed a related issue: whether plaintiffs can assert an MCRA [i.e., Massachusetts' analog to 42 U.S.C. § 1983] cause of action for violation of their FMLA rights. Significantly, in *Desrochers*, the district court observed that the plaintiffs do not seek to enforce any state substantive rights; the underlying rights that plaintiffs seek to enforce are federal and are granted by the FMLA. In those circumstances, the court found, a state law claim would be

judgment as to a negligence cause of action when terms of recovery of overtime wages, the remedy sought by the plaintiff, were governed by FLSA). This collection of authority does not stand for the broad proposition that all state law claims with overlapping, or even duplicative, factual allegations with federal law claims are subject to dismissal.

Only in *New v. Belk Stores* did the court consider *Dockins* when dismissing a state law claim other than wrongful termination. *Id.*, 2000 U.S. Dist. LEXIS 23522 at *6-7 (quoting *Dockins*, 413 S.E.2d at 19) ("[w]hen a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. We hold this applies when the remedy is created by federal law as well as state law."). After finding plaintiff's wrongful discharge claim failed as a matter of law because the public policy exception did not apply, the court in *New* went beyond and found:

> that the underlying inquiry in *Desrochers*, whether a plaintiff seeks to enforce state substantive rights, or rights granted by the FMLA, should be dispositive in this case. In the within action, Plaintiff seeks to vindicate his right to reinstatement, a right conferred by the FMLA. Congress has provided specific remedies for the violation of this right in 29 U.S.C. § 2617. Recovery under a state law theory of breach of contract is therefore duplicative. The court agrees with the district court in *Desrochers* that, in such a case, the plaintiff should be limited to his statutory cause of action.

*Id.* at *8. The court's reasoning did not turn on any overlap of factual allegations, as argued by W&S, but instead on the right sought to be vindicated.

In *Nettles*, the court found a breach of contract claim failed as a matter of law because a sufficiently conspicuous disclaimer did not modify statements in a policy manual into a contractual

---

duplicative. Accordingly, the court dismissed this state law cause of action. *The court allowed discovery, however, on the plaintiffs' cause of action for intentional infliction of emotional distress, which arose out of the same conduct.* The court implied that because freedom from intentional infliction of emotional distress is not one of the rights granted by the FMLA, that cause of action was not duplicative." (internal citations and quotations omitted) (emphasis added).

guarantee by the employer. 704 F. Supp. at 98. That court rejected plaintiff's argument that the public policy exception applied. *Id*. The court then considered a cause of action that "purport[ed]" to be for negligence and sought recovery for unpaid overtime. *Id*. at 99-100. The court reasoned that because this was a remedy secured by FLSA, the cause of action was duplicative and therefore should be dismissed. *Id*. at 100. Again, the reasoning of the court in *Nettles* did not turn on duplicative factual allegations but rather whether the right sought to be vindicated by the state law claim was secured by federal statute.

Plaintiff does not seek to vindicate a right conferred by Title VII (like sexual harassment or retaliation for reporting such) with her IIED claim. Instead, the IIED claim seeks recovery for alleged harm resulting from emotional distress. *Compare* ECF No. 43 at ¶¶ 112-13 *with id*. at ¶¶ 105-06. Therefore, Plaintiff may plead both an IIED and Title VII claim, and the allegations in the Complaint against W&S are sufficiently pled. The undersigned recommends the district court deny Defendants' Motions to Dismiss Plaintiff's IIED claim.

**Defamation**

Defendants each move for dismissal of the defamation cause of action. Roberts asserts (1) that the claim is not pled with sufficient specificity and (2) that Plaintiff has not presented allegations that any publication was not privileged. ECF 46-1 at 5-9. Roberts relies on several cases which generally dismissed defamation claims for lacking details of time, place, content, speaker, and listener, or offered mere recitations of the elements. *Id*. Plaintiff replies that the *Iqbal* standard, while requiring context-specific allegations, does not require detailed factual allegations in the pleadings. ECF No. 48 at 24-25.

"The tort of defamation permits a plaintiff to recover for injury to her reputation as the result of the defendant's communication to others of a false message about the plaintiff." *McBride*

7

*v. Sch. Dist. of Greenville Cnty.*, 698 S.E.2d 845, 852 (S.C. Ct. App. 2010). The elements of defamation include "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *McNeil v. S.C. Dep't of Corr.*, 743 S.E.2d 843, 848 (S.C. Ct. App. 2013) (citation omitted). Defamation that is actionable irrespective of special harm includes statements regarding (1) the commission of a crime, (2) contraction of a loathsome disease, (3) adultery, (4) unchastity, or (5) unfitness in one's business or profession. *Fountain v. First Reliance Bank*, 730 S.E.2d 305, 309 (S.C. 2012) (citation omitted). "[I]n order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'" *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, C/A No. 97-2397, 1999 WL 89125 at *3 (4th Cir. 1999) (quoting *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. Apr. 25, 1996)). A defendant "cannot be expected to defend against an allegation that [he] defamed [a p]laintiff by making a statement heard by unknown persons at an unknown place at an unknown time." *Colleton v. Charleston Water Sys.*, 225 F. Supp.3d 362, 369-70 (D.S.C. Mar. 25, 2016).

Considered in the light most favorable to Plaintiff, she has pled a claim for defamation against Roberts with sufficient particularity to survive the Motion to Dismiss. Plaintiff has pled Roberts made statements about her unchastity, which would constitute defamation per se. ECF No. 43 at ¶¶ 121-22; *Fountain*, 730 S.E.2d 309. Plaintiff alleges such statements were made by Roberts to W&S, co-employees, law enforcement, insurers, Robert's paramour A.M, two of A.M.'s coworkers, and social friends S.D. and B.A. *Id*. at 78, 121. The Complaint includes a time frame from March of 2022, to include specifically April, May, and June of 2022, and more generally a range of until December 2023. *Id*. at 117. Based on the foregoing, the undersigned finds that

8

Defendant's argument that Plaintiff's defamation claim should be dismissed based on a lack of specificity is without merit. *See Twombly*, 550 U.S. at 555 (noting that Rule 8 requires only "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests") (citation and internal quotation marks omitted).

Roberts also argues the alleged defamatory statements are subject to a qualified privilege. ECF No. 46-1 at 8-9. Plaintiff responds that any statements that she was engaged in a voluntary sexual or intimate relationship with Roberts were untrue and made without privilege. ECF No. 49 at 26. Such privilege is not absolute and is an affirmative defense which must be raised in Roberts' Answer. *See Swinton Creek Nursery v. Edisto Farm Credit. ACA*, 514 S.E. 125, 134 (S.C. 1999) (classifying qualified privilege as an affirmative defense). The Court will not rely on factual assertions outside of the pleading or upon affirmative defenses that have yet to be pled. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of [affirmative] defenses.").

Even if the issue of privilege were properly before the Court at this stage, it is not absolute. Generally, "[c]ommunications between officers and employees of a corporation are qualifiedly privileged if made in good faith and in the usual course of business." *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 749 (S.C. Ct. App. 2001) (citation omitted). However, "[w]here the speaker exceeds his privilege and the communication complained of goes beyond what the occasion demands that he should publish, and is unnecessarily defamatory of the plaintiff, he will not be protected." *Id*. (citation omitted). "Whether the publication went too far beyond what the occasion required, resulting in the loss of the qualified privilege, is a question for the jury." *Id*. (citation omitted).

9

Plaintiff alleges that Roberts made knowingly false statements about her chastity without privilege. ECF No. 43 at ¶¶ 72, 119, 122, 123, 125. Plaintiff has sufficiently pled allegations which would not subject the statements to privilege.

W&S asserts that the defamation claim should also be dismissed because it arises from the same set of facts as the Title VII sexual harassment and hostile work environment claims. ECF No. 47-1 at 3-6. Much like Plaintiff's IIED claim, her defamation claim does not seek to vindicate a right conferred by Title VII. *Compare* ECF No. 43 at ¶ 126 *with id*. at ¶¶ 105-06. Plaintiff's defamation claim seeks to vindicate a right against harm to her reputation and, as such, may be brought in conjunction with her Title VII claim.

Therefore, Plaintiff's allegations for the defamation claim are sufficient against both Defendants at this stage of the case, and the undersigned recommends the district court deny Defendants' Motions to Dismiss as to that claim.

**Tortious Interference with Contractual Relations**

Roberts moves to dismiss the cause of action for tortious interference with contractual relations. ECF No. 46-1 at 14. The elements for a cause of action for tortious interference with a contract are: (1) the existence of a contract, (2) the other party's knowledge of the contract, (3) the other party's intentional procurement of a breach of the contract, (4) the absence of justification, and (5) resulting damage. *Eldeco, Inc. v. Charleston County Sch. Dist.,* 642 S.E.2d 726, 731 (S.C. 2007). Plaintiff has pled that Roberts "negligently, recklessly, and intentionally, interfered with Plaintiff's position at [W&S] ...." ECF No. 43 at ¶132. Plaintiff has failed to make the allegation of fact regarding the third element of this cause of action, that Roberts' intent was to procure a breach of her employment contract.

Even if this were pled successfully, the general rule is that a tortious interference with a contract claim does not protect a party to a contract from actions of parties to the contract. *McLendon v. Horry Cnty. Police Dep't*, C/A No. 4:13-CV-3403-BHH, 2016 WL 1168142, at * 6-7 (D.S.C. Mar. 25, 2016) ("because [the plaintiff's supervisors] are agents of Plaintiff's employer, . . . Plaintiff cannot maintain an action against them for intentional interference with a contract"); *Farley v. Goodwill Indus. of Lower S.C., Inc.*, C/A No. 4-15-CV-2450, 2016 WL 408949, at *16 (D.S.C. Jan. 12, 2016), *R&R adopted by* 2016 WL 398159 (D.S.C. Feb. 2, 2016); *Wencoast Restaurants, Inc. v. Chart Capital Partners, L.P.*, C/A No. 2:05-1650-18, 2006 WL 490101, at *3 (D.S.C. Feb. 28, 2006) (finding plaintiff could not establish an interference with contract claim against defendants who were parties to the contact, including the agents and employees of the defendants).

A co-worker may be considered a third party to the contract under limited circumstances. *See Hall v. UBS Fin. Servs. Inc.*, 866 S.E. 2d 337, 345 (S.C. 2021) (stating that "[w]e now endorse the *Todd* court's recognition of the validity of a claim for third-party tortious interference with a terminable-at-will employment contract.")[4]; *see Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 321 S.E.2d 602, 607 (S.C. Ct. App. 1984) ("a corporate employer is a party to the contract of its employee, and an officer or agent of the corporation acting for or on behalf of the corporation is not a third party either."), *writ granted in part*, 328 S.E.2d 479 (1985), *and decision quashed*, 336 S.E.2d 472 (1985). Plaintiff failed to plead allegations that the alleged conduct is sufficient to be

---

[4] Plaintiff contends *Hall* "in fact would stand for the proposition that in a sexual assault case the issues surrounding are fact intensive and would as such make a case such as this inappropriate for early dismissal…." ECF No. 49 at 17. This Court has previously rejected this argument. *See Barrett v. Grand Strand Reg'l Med. Center/Hca Healthcare, Inc. Parallon*, C/A No. 4:23-cv-02658-RBH-TER, 2024 WL 1191109 at *5 (D.S.C. Mar. 20, 2024) ("As to [p]laintiff's argument that [the *Hall* case] precludes dismissal of [a tortious interference] claim prior to discovery, this Court vehemently disagrees").

treated a third-party, as laid out by the court in *Todd*. *Barrett*, 2024 1191109 at *6 (considering *Todd*, stating "[a] claim for tortious interference with contract against co-employees requires the individual co-employees to have been acting outside of their employment and not as agents of the [c]orporate [d]efendants.").

Therefore, the undersigned recommends Plaintiff's claim for tortious interference with contractual relations against Roberts be dismissed.

**Title VII**

W&S has moved to dismiss the cause of action for Title VII sexual harassment and hostile work environment. To establish a claim for sexual harassment based upon a hostile work environment, a plaintiff must prove (1) unwelcome conduct, (2) based upon plaintiff's sex, (3) that is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create abusive work environment, and (4) that is imputable to the employer. *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021). Plaintiff alleges each of these elements in the Complaint. ECF No. 43 at ¶¶ 100-06.

W&S argues that it took quick remedial action by terminating Roberts to rebut Plaintiff's assertion that the action can be imputed to the employer. This argument presents an affirmative defense to Plaintiff's claim. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 186 (4th Cir. 2001) (citation omitted). At the Rule 12(b)(6) stage, all facts in the Complaint are taken as true. *Nanni*, 878 F.3d at 452. The Court will not rely on factual assertions outside of the pleading or upon affirmative defenses that have yet to be pled. *See Martin*, 980 F.2d at 952 ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of [affirmative] defenses.").

As such, the undersigned recommends W&S's motion to dismiss Plaintiff's claims under Title VII against W&S be denied.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court deny W&S's Motion to Dismiss. ECF No. 47. The undersigned further recommends that the district court deny Robert's Motion to Dismiss as to Plaintiff's claims for defamation and IIED and grant Robert's Motion to Dismiss only as to Plaintiff's claim for tortious interference with contractual relations. ECF No. 46.

IT IS SO RECOMMENDED.

s/William S. Brown<br>
United States Magistrate Judge

October 29, 2024
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).