IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-WSB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT JASON ROBERTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C), Defendant Jason Roberts ("Roberts"), through his undersigned counsel, hereby files these objections to the Magistrate Judge's Report and Recommendation ("R&R"). (ECF No. 68). The Magistrate Judge recommends, inter alia, that Defendant Robert's Motion to Dismiss (ECF No. 46) be denied as to Plaintiff's defamation claim (ECF No. 68 at 7-10). The Court should decline to adopt this part of the R&R and instead dismiss Plaintiff's defamation claim against Roberts with prejudice.

**I. LEGAL STANDARD**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must review de novo any "portions of the report or specified proposed findings" to which any party objects. *Id.*

## II.   ARGUMENT

First, Roberts objects to the Magistrate Judge's finding that Plaintiff has generally pled her defamation claim with the required specificity. (R&R at 7-8). "To establish a defamation claim, a plaintiff must prove: (1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable regardless of harm or the publication of the statement caused special harm." *West v. Morehead*, 396 S.C. 1, 7, 720 S.E.2d 495, 498 (Ct. App. 2011). To establish publication to a third party, a plaintiff must provide **specific** facts that include "the time, place, content and listener of the alleged defamatory matter." *Campbell v. Int'l Paper Co.*, No. 3:12-cv-03043-JFA, 2013 WL 1874850, at *3 (D.S.C. May 3, 2013) (citation omitted).

While the Magistrate Judge quoted this standard, he failed to properly apply it and erroneously concluded that Plaintiff has pled a claim for defamation against Roberts with sufficient particularity. (R&R at 7-8). The Magistrate Judge noted that Plaintiff alleges that Roberts made statements about her unchastity and that such statements were made to W&S, co-employees, law enforcement, insurers, Robert's paramour A.M, two of A.M.'s coworkers, and social friends S.D. and B.A and that the allegations "include a time frame from March of 2022, to include specifically April, May, and June of 2022, and more generally a range of until December 2023." *Id.* at 8-9.

Plaintiff's allegations are not sufficiently alleged as "[e]ach act of defamation is a separate tort that, in most instances, a plaintiff must specifically allege." *Doe v. McGowan*, No. 2:16-cv-00777-RMG-MGB, 2017 WL 573619, at *3 (D.S.C. Jan. 5, 2017), adopted, 2017 WL 571487 (D.S.C. Feb. 13, 2017). In *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, the case cited by the Magistrate Judge, R&R at 8, the court held that in a defamation claim, "[a]

2

plaintiff may not baldly allege a broad course of conduct over a lengthy period of time and later sue on any act that occurred during that time period." 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999) (unpublished table decision). That is exactly what Plaintiff has done here. She makes only broad allegations that "upon information and belief," Roberts made defamatory statements about her "honesty, chastity, consent to sexual interactions with Roberts and engagement in other inappropriate conduct at the conference" to numerous people at unknown times over the course of almost two years.[1] Plaintiff fails to include any specific facts as to the time, place, content, and listener for any of the alleged defamatory statements. Because Plaintiff's allegations fail to provide any of the requisite details, her defamation claim should be dismissed. *Carson v. Emergency MD, LLC*, No. 6:20-cv-1946-HMH, 2020 WL 5077655, at *5 (D.S.C. Aug. 25, 2020) (dismissing defamation claim and noting that "[m]any courts applying South Carolina law have found that a lack of specificity in a plaintiff's allegations regarding a defamation claim warrants dismissal.").

Second, Roberts objects to the Magistrate's Judge's recommendation that Plaintiff has sufficiently alleged the statements were made without privilege. The publication element of a defamation claim requires that a plaintiff show "dissemination of the statement to a third party" and that the "dissemination d[id] not occur in a privileged context." *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 201 (E.D. Va. 2010). In his Motion to Dismiss, Roberts argued the Plaintiff had

---

[1] Plaintiff fails to include specific dates – such that Roberts cannot determine if some of the alleged defamatory statements may be barred by the two-year statute of limitations. *See Ortiz v. Jackson*, No. 2:23-cv-01741-DCN, 2023 WL 5208007, *3 (D.S.C. Aug. 14, 2023); S.C. Code Ann. § 15-3-550 (providing for a two-year statute of limitations). The limitations period begins when the alleged defamatory statement is made, not when the plaintiff learns of the statement. *See Jones v. City of Folly Beach*, 326 S.C. 360, 369, 483 S.E.2d 770, 775 (Ct. App. 1997). Further the discovery rule does not apply. *See Meisner v. Zymogenetics, Inc.*, No. 3:12-cv-00684-CMC-PJG (D.S.C. Sept. 22, 2014) (declining to apply the discovery rule to libel/slander claims and holding that the claims accrued when the allegedly defamatory statement was made), aff'd, 612 F. App'x. 182 (4th Cir. Aug. 11, 2015) (unpublished per curium).

failed to allege any facts that support her conclusory allegations that these statements were made without privilege. (Roberts' MTD at 8).

The Magistrate Judge concluded that the issue of privilege is not before the court and that, even if it were, the privilege "is not absolute." (R&R at 9-10). He also found that because "Plaintiff alleges that Roberts made knowingly false statements about her chastity without privilege," she sufficiently plead allegations which would not subject the statements to privilege." (R&R at 10) (citing SAC ¶¶ 72, 119, 122, 123, 125).[2] However, these allegations merely recite that the statements were made without privilege; there are no factual allegations that support this conclusory recital of one of the elements of a defamation claim.

Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff's mere allegations that the statements were unprivileged is not enough, and the Magistrate Judge erred in finding Plaintiff's conclusory allegations are sufficient.[3]

---

[2] "Even assuming, arguendo, Plaintiff had established that certain remarks could be considered "actionable per se," Plaintiff is still required to establish the other prongs of her defamation claim-including that the remark or remarks were published and not subject to qualified privilege." *Davis v. New Penn Fin. LLC,* No. 6:18-3342-TMC-KDW, 2021 WL 3410790 *19 (D.S.C. May 25, 2021).

[3] Moreover, each act of defamation is a separate tort that a plaintiff must sufficiently plead, *McGowan*, 2017 WL 573619, at *3, and a plaintiff is required to sufficiently establish, inter alia, that the statement was not subject to privilege. *See Davis*, 2021 WL 3410790, *19.

4

Moreover, as to whether the alleged defamatory statements are subject to privilege, the Magistrate Judge did not properly distinguish between a qualified and absolute privilege. Further, the Magistrate Judge erred in finding that the issue of qualified privilege was not properly before the court on a motion to dismiss. (R&R at 9).

Privileged communications are either absolute or qualified. South Carolina has long recognized that "[w]hen a communication is absolutely privileged, no action lies for its publication, no matter what the circumstances under which it is published." *Hainer v. Am. Med. Intern., Inc.*, 492 S.E.2d 103, 106 (1997)). Further, absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). There is absolute privilege in communications regarding government investigations. *Cosby v. Legal Servs. Corp., Inc*, 2006 WL 4781412, (D.S.C. May 11, 2006). "Communications made in the investigation of a crime for the purpose of detecting the participants in the crime are privileged." *Myles v. Main-Waters Enterprises, LLC,* No. 2011-UP-112, 2011 WL 11733602, at *4 (S.C. Ct. App. Mar. 22, 2011) (citations omitted). Furthermore, "the absolute privilege exists as to any utterance arising out of the judicial proceeding and having any reasonable relation to it, including preliminary steps leading to judicial action of any official nature provided those steps bear reasonable relation to it." *Crowell v. Herring*, 392 S.E.2d 464, 467–68 (S.C. Ct. App. 1990) (citing Restatement (Second) of Torts § 587 cmt. e (1977)); *see also Belton v. W. Marine, Inc.*, No. 0:16-3347-TLW-SVH, 2017 WL 1373374, at *2 (D.S.C. Jan. 17, 2017), R&R adopted, No. 0:16-3347-TLW, 2017 WL 1353755 (D.S.C. Apr. 13, 2017) ("South Carolina law is clear that all statements relevant to a matter at issue in a judicial proceeding are entitled to absolute immunity.").

Plaintiff alleges that defamatory statements were made after she reported that she allegedly had been sexually assaulted by Roberts to law enforcement and W&S and others. In responding to Plaintiff's allegations of sexual assault, Roberts denied the allegations to law enforcement, his employer, and others. Such statements would clearly be relevant to a criminal investigation and judicial proceedings and thus privileged and subject to absolute immunity. *See Crowell v. Herring*, 392 S.E.2d 464, 467 (S.C. Ct. App. 1990). While Plaintiff alleges such statements are not privileged, she does not allege why Roberts' statements to law enforcement would not be absolutely privileged? To allow a plaintiff to avoid the application of absolute privilege by merely alleging that the statements were not privileged defeats the entire rationale for absolute privilege, which provides for immunity from suit and not simply a defense. *Mitchell*, 472 U.S. at 526. Here, there are no factual allegations in the SAC supporting the conclusory allegation that at least some of the statements were not absolutely privileged.

Further, the Magistrate Judge erred in his evaluation of qualified privilege. While "affirmative defenses, including qualified privileges, are disfavored at the motion to dismiss stage," they should be granted "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Connolly v. Lanham*, 685 F. Supp. 3d 312, 342 (D. Md. 2023) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir. 2000)). Under South Carolina law, communications between employees or agents of the same corporation are qualifiedly privileged if made in good faith and in the usual course of business. *Murray v. Holnam, Inc.*, 344 S.C. 129, 140-41, 542 S.E.2d 743, 749 (Ct. App. 2001). Whether an occasion gives rise to a qualified privilege is a question of law for the court to decide. *Id.*

Here, the face of Plaintiff's SAC reveal that at least some of the alleged defamatory statements were qualifiedly privileged, including those made to W&S, co-employees, law

6

enforcement, and insurers. As to many of the remaining alleged defamatory statement, however, the court cannot make this evaluation because Plaintiff's allegations are devoid of any specific facts. *See Davis*, 2021 WL 3410790, at *16 (finding that the plaintiff had failed to provide sufficient detail regarding the allegedly defamatory statements, including what was said and when they were made, that would allow the court to evaluate them for defamatory content).

Accordingly, because Plaintiff's allegations lack specificity, her defamation claim should be dismissed. *Carson,* 2020 WL 5077655, at *5; *Dombek v. Adler*, No. 2:18-cv-391-RMG, 2019 WL 459019, at *2 (D.S.C. Feb. 5, 2019) (unpublished) (dismissing defamation claim because claimant alleged "nothing more than a recitation of the[ ] elements" and merely stated that " 'on multiple occasions,' including in email dated '19 September 2015' plaintiffs 'published unprivileged statements alleging that [the claimant] engaged in crimes of moral turpitude and acted in a manner unfit for [the claimant's] lawsuit business or profession.'"); *Barrett v. Grand Strand Reg. Med. Center*, No. 4:23-cv-2658-RBH-TER, 2024 WL 1494706, *6 (D.S.C. Jan. 3, 2024), adopted 2024 WL 1191109 (D.S.C. Mar. 20, 2024); *McNeil v. S.C. Dep't of Corr.*, 743 S.E.2d 843, 848 (S.C. Ct. App. 2013); *Jackson v. Denmark Tech. Coll.*, No. 1:17-03431-MGL, 2018 WL 3729743, at *5-6 (D.S.C. Aug. 6, 2018) (unpublished); *Doe v. Cannon*, No. 2:16-cv-00530-RMG, 2017 WL 591121, at *1 (D.S.C. Feb. 14, 2017).

### III. CONCLUSION

For the foregoing reasons, Roberts objects to the Magistrate Judge's recommendation that the Court deny Roberts' Motion to Dismiss as to the defamation claim. The Court should dismiss Plaintiff's defamation claim. Further, the dismissal should be with prejudice because she was given an opportunity to amend her defamation claim after Defendants filed motions to dismiss her original complaint raising the same issue regarding the lack of specificity.

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

November 5, 2024