IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAUREN BALLARD,<br><br>     Plaintiff,<br><br>  v.<br><br>WESTON & SAMPSON ENGINEERS, INC, ET AL.,<br><br>     Defendants. | C/A No. 2:24-cv-01682-RMG-WBS |

**DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C), Defendant Weston & Sampson Engineers, Inc. ("Weston & Sampson"), by and through its undersigned counsel, hereby files these Objections to the Magistrate Judge's Report and Recommendation ("R&R"). (ECF No. 68.) For the reasons discussed in detail below, Weston & Sampson respectfully requests that the Court decline to adopt the particular portions of the R&R addressed herein and instead dismiss Plaintiff's defamation and intentional infliction of emotional distress claims against Weston & Sampson with prejudice.

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

  A.  **Relevant Factual Background**

This lawsuit arises out of Plaintiff Lauren Ballard's ("Plaintiff") former employment with Weston & Sampson. In or around March 2022, Plaintiff began working for Weston & Sampson as a GIS Analyst. (ECF No. 43 at ¶ 20.) Plaintiff alleges that Defendant Roberts engaged in inappropriate behavior towards her during her employment with Weston & Sampson, for which

she brings various state and federal causes of action against Roberts as well as Weston & Sampson. (*Id*. at ¶¶ 35-36, 39-56.) Plaintiff informed Weston & Sampson of such allegedly inappropriate behavior, and Weston & Sampson promptly investigated and terminated Roberts from employment with Weston & Sampson. (*Id*. at ¶¶ 60, 64.)

As set forth more fully below, Plaintiff's defamation and intentional infliction of emotional distress claims against Weston & Sampson should be dismissed per Rule 12(b)(6) of the Federal Rules of Civil Procedure because her intentional infliction of emotional distress claim is barred by the South Carolina Workers' Compensation Act's exclusivity provision and her defamation claim is barred because it lacks requisite specificity.

**B.     Relevant Procedural History**

Plaintiff brought this case against Defendants Weston & Sampson and Jason Roberts on April 3, 2024. (ECF No. 1.) On May 16, 2024, Weston & Sampson moved to dismiss Plaintiff's state law claims and Title VII hostile work environment claim against Weston & Sampson. (ECF No. 7.) Plaintiff filed a Response in Opposition to Weston & Sampson's Motion to Dismiss on June 10, 2024 (ECF No. 18), and on June 17, 2024, Weston & Sampson filed a Reply in support of its Motion to Dismiss. (ECF No. 20.) On June 12, 2024, Plaintiff filed a motion requesting leave to amend her Complaint. (ECF No. 19.) In her proposed Amended Complaint attached to the motion for leave, Plaintiff maintained the same claims against Weston & Sampson and the factual allegations supporting these claims in her Amended Complaint were nearly identical to those in her initial Complaint. (Compare ECF No. 18-4 at ¶¶ 1-70, 73-76, 78-82 with ECF No. 1 at ¶¶ 1-70, 71-74, 75-79.) Briefing was exchanged and Plaintiff filed her Amended Complaint against Defendants on July 26, 2024. On August 12, 2024, Plaintiff filed her Second Amended Complaint

against Defendants as ordered by the Court.[1] (ECF No. 43.) Thus, Plaintiff has had and taken numerous opportunities to amend her allegations against Weston & Sampson and yet, her defamation and intentional infliction of emotional distress claims against Weston & Sampson remain deficient and should be dismissed for the following reasons.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made." *T&S Brass & Bronze Works, Inc. v. Slanina*, 2017 U.S. Dist. LEXIS 68155, at *24 (D.S.C. May 4, 2017). Further, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The underlying Motion to Dismiss is governed by Federal Rule of Civil Procedure 12(b)(6) and the legal standard was properly summarized in the R&R. (ECF No. 68 at 2-3.)

## III.    ANALYSIS

    **A.**  **The Magistrate Judge Incorrectly Concluded That Plaintiff's Intentional Infliction of Emotional Distress Claim Was Not Barred by the South Carolina Workers' Compensation Act's Exclusivity Provision.**

Weston & Sampson objects to the Magistrate Judge's finding that Plaintiff has sufficiently alleged her intentional infliction of emotional distress claim against Weston & Sampson to avoid dismissal. Specifically, the Magistrate Judge found that "Plaintiff has pled that Defendants' actions were intentional and done with full awareness that the actions would cause emotional distress.

---

[1] The Court issued an order on August 5, 2024, stating, in part, "Within seven (7) days from the date that this Order is entered, Plaintiff must file an Amended Complaint identifying herself by name as the Plaintiff in this case." (ECF No. 41.)

ECF No. 43 at ¶¶ 84, 98, 110. Plaintiff's allegations are sufficient to present a claim that is not barred by the SCWCA at this early stage of the case." (ECF No. 68 at 3.) The citations from Plaintiff's Amended Complaint, ECF No. 43, that the Magistrate Judge cites are as follows:

> 84. While working for the Defendant Employer Defendant Roberts did intentionally without consent touch, restrain, threaten and sexually assault Plaintiff, and initiate other inappropriate physical contact without the consent of Plaintiff.
>
> 98. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for the federally protected rights of the Plaintiff, entitling Plaintiff to punitive damages.
>
> 110. Plaintiff is informed and believes that the Defendants above named, acted negligently, willfully, wantonly, recklessly, grossly negligently, and intentionally, being fully aware of the severe emotional trauma that the Plaintiff would suffer as a consequence of their actions. The Defendants caused such acts to be done against the Plaintiff thereby causing the Plaintiff suffer emotional distress and outrage.

The Magistrate Judge stated that, "immunity is not extended to a co-employee who commits an intentional tortious act upon another employee." (ECF No. 68 at 3.) The Magistrate failed to recognize that the South Carolina Workers' Compensation Act ("SCWCA") is the exclusive remedy for any intentional tort allegedly committed by an employee. *See Edens v. Bellini*, 359 S.C. 433, 597 S.E.2d 863 (Ct. App. 2004). The only exception to this is when the act is committed by the employer or an alter ego. *Id*.

Here, Plaintiff has not pled that Defendant Weston & Sampson as her former employer committed any alleged assault against her. The Court made clear in *Dickert v. Metropolitan Life Ins. Co.* that the definition of "alter ego" does not extend to supervisory employees, such as an office manager, and held that only "dominant corporate owners and officers" may constitute alter egos. *Dickert*, 311 S.C. 218, 221, 428 S.E.2d 700 (S.C. 1993). Here, Defendant Roberts, as the former employee who committed the alleged act at issue was at most a supervisory employee, and was not and Plaintiff has not alleged that he was a dominant corporate owner or officer of Weston

4

& Sampson to be considered an alter ego. *See* ECF No. 43 at ¶ 21; *see also Strickland v. Galloway*, 348 S.C. 644, 560 S.E.2d 448 (Ct. App. 2002) (stating that the SCWCA exclusive remedy doctrine confers immunity "not only on the direct employer, but also on co-employees"); *Highers v. BriteLife Recovery at Hilton Head, LLC*, 2022 U.S. Dist. LEXIS 163019, at *11 (D.S.C. Sep. 8, 2022) (granting motion to dismiss upon finding that, "The Magistrate Judge concluded that Baumann and Gibbs were not "alter egos" of Defendant. [] The Magistrate Judge reasoned that Plaintiff's allegations were only sufficient to show that Baumann and Gibbs were supervisory employees and not sufficient to show that they were "dominant corporate owners" or "officers" as required under South Carolina law").

The Magistrate Judge failed to analyze and/or find that Weston & Sampson did not commit any alleged assault on Plaintiff, and that Defendant Roberts was not a dominant corporate owner or officer of Weston & Sampson to be considered an alter ego, and therefore, Plaintiff's exclusive remedy for the alleged conduct of Defendant Roberts falls under the SCWCA. Therefore, the Court should decline to adopt the R&R on this issue and dismiss Plaintiff's intentional infliction of emotional distress claim against Weston & Sampson because it is jurisdictionally barred by the SCWCA's exclusivity provision.

> **B.     The Magistrate Judge Failed to Recognize That Plaintiff's Intentional Infliction of Emotional Distress Claim Does Not Meet a Recognized Exception to the South Carolina Workers' Compensation Act's Exclusivity Provision.**

The Magistrate Judge failed to address the fact that Plaintiff's intentional infliction of emotional distress claim against Weston & Sampson does not otherwise meet any recognized exception to the SCWCA's exclusivity provision. As the South Carolina Supreme Court has stated, "the only exceptions to the [SCWCA]'s exclusivity provision are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where

5

the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations." *Kerr v. Hammond Sch.*, 2018 U.S. Dist. LEXIS 62242, at *5 (D.S.C. Feb. 22, 2018). It remains undisputed, and the Magistrate Judge did not find otherwise, that Weston & Sampson as the Defendant employer did not commit any alleged intentional assault against Plaintiff and Plaintiff has failed to demonstrate that any supervisory employee was actually a "dominant corporate officer of the employer" to constitute an alter ego and provide an exemption to the SCWCA's exclusivity provision. *See Strickland*, 348 S.C. 644, 560 S.E.2d 448 (Ct. App. 2002).

For these reasons, the Court should decline to adopt the R&R and dismiss Plaintiff's intentional infliction of emotional distress claim against Weston & Sampson because it is jurisdictionally barred by the SCWCA's exclusivity provision and Plaintiff has failed to plead any recognized exception to that provision.

      **C.**    **The Magistrate Judge Incorrectly Found That Plaintiff's Defamation Claim Against Weston & Sampson Was Pled with Requisite Specificity.**

Weston & Sampson objects to the Magistrate Judge's finding that Plaintiff has sufficiently alleged her defamation claim against Weston & Sampson to avoid dismissal. Specifically, as to this cause of action, the Magistrate Judge made the sole and narrow finding that "W&S asserts that the defamation claim should also be dismissed because it arises from the same set of facts as the Title VII sexual harassment and hostile work environment claims. ECF No. 47-1 at 3-6." (ECF No. 68 at 10.) While this is true, the Magistrate Judge failed to recognize and rule on the basis that Defendant Weston & Sampson filed a motion to dismiss and argued separate from Defendant Roberts, that there are additional grounds for dismissing Plaintiff's defamation claim against Weston & Sampson that the Magistrate Judge critically failed to analyze. The Magistrate Judge then summarily concluded, "Therefore, Plaintiff's allegations for the defamation claim are

6

sufficient against both Defendants at this stage of the case, and the undersigned recommends the district court deny Defendants' Motions to Dismiss as to that claim." *Id.*

Critically, the Magistrate Judge failed to consider Weston & Sampson's arguments in its Motion to Dismiss clearly laying out why Plaintiff's defamation claim against Weston & Sampson fails for lack of requisite specificity at this stage in the proceedings. *See* ECF No. 47-1 at 11-15. In order to move forward with her defamation claim against Weston & Sampson, Plaintiff must plead with requisite specificity all of the following: (1) a false and defamatory statement was made; (2) the unprivileged publication of the statement to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm. *See Williams v. Lancaster Cty. Sch. Dist.*, 369 S.C. 293, 302-03, 631 S.E.2d 286, 292 (Ct. App. 2006); *Pomerantz v. Coastal Carolina Univ.*, 2023 U.S. Dist. LEXIS 23825, at *11-12 (D.S.C. Feb. 10, 2023) (overruling a plaintiff's objection to the court's granting defendant's motion to dismiss on defamation claim because it does not allege defendant made the alleged statement and it does not allege an unprivileged publication by defendant to a third party). She has not done so, and her defamation claim against Weston & Sampson must be dismissed for that reason alone.

Particularly concerning, the Magistrate Judge appears to have not given credence to the plethora of case law that Weston & Sampson provided and included summary parentheticals for in its Motion to Dismiss. The authorities cited demonstrate that Federal courts applying South Carolina law have found an individual's claim of defamation should be dismissed when the allegedly defamatory statements lack the necessary specificity. *See* ECF No. 47-1 at 12-13.[2] The

---

[2] *See, e.g., Davis v. New Penn Fin.*, No. 6:18-3342-TMC-KDW, 2021 U.S. Dist. LEXIS 137377 (the court found that plaintiff's defamation claims did not provide sufficient detail to constitute actionable defamation as it was not clear if any statements were defamatory in nature, when they were made, or if any nonprivileged publication occurred), *adopted*, 2021 U.S. Dist. LEXIS 136771

7

Magistrate Judge did not analyze or address that Plaintiff's threadbare allegations of defamatory statements against Weston & Sampson are non-existent, speculative, remain entirely unsupported, and fail to allege the requisite specificity as required per the legal elements of a defamation claim under South Carolina law. Thus, those threadbare allegations cannot survive Weston & Sampson's Motion to Dismiss. For Plaintiff's defamation claim against Weston & Sampson, she provides no evidence whatsoever of who made any allegedly defamatory statements, what was allegedly said, or when such statements were made or to whom. *See* ECF No. 47-1 at 13-14. The defamation allegations in Plaintiff's Second Amended Complaint appear to solely be against Roberts and entirely fail to provide sufficient detail to constitute actionable defamation against Weston & Sampson. *Id*; ECF No. 43 at ¶¶ 65, 72, 73, 75, 76, 78, 79, 117, 118, 119, 121, 122, 123.

Plaintiff has still failed to identify any defamatory statements she alleges Weston & Sampson made and Weston & Sampson denies making any such statements. Thus, as they pertain to Weston & Sampson, it remains unclear if any alleged statements were defamatory in nature, who made them, when they were made, or if any nonprivileged publication occurred. In addition, any alleged defamatory statements made by Defendant Roberts while he was employed by Weston & Sampson are outside the scope of his employment and cannot be attributable to Weston &

---

(D.S.C. July 22, 2021); *Doe v. Cannon*, No. 2:16-cv-00530-RMG, 2017 U.S. Dist. LEXIS 20582, at *1 (D.S.C. Feb. 14, 2017) (dismissing defamation claim because the plaintiff's allegations fail to "state with specificity the time, place, medium, and listener of the alleged defamatory statements"); *Sigler v. Black River Elec. Coop.*, No. 3:20-2203-JMC-SVH, 2020 U.S. Dist. LEXIS 251518, at *8-9 (D.S.C. 2020) (dismissing defamation claim upon finding that "even assuming [plaintiff's defamation allegations] indicate a false and defamatory statement was made, they lack the necessary specificity to state a claim for defamation"); *Johnson v. Builders FirstSource Southeast Group, LLC*, No. 3:21-cv-02612-SAL (D.S.C. Jan. 9, 2023) (the court dismissed the plaintiff's defamation claim upon finding, "[Plaintiff] fails to identify a defamatory statement with any particularity. Instead, he vaguely alleges that [Defendant's] employees and supervisors made 'defamatory statements' about him surrounding his status of employment and purported disciplinary actions. . . . [Plaintiff] bases his defamation claim not on any specific statements[.] . . . But South Carolina law requires the publication of a false statement to sustain a defamation claim.").

Sampson. Likewise, any alleged defamatory statements made by him following his termination cannot be attributable to Weston & Sampson.

The Magistrate Judge erred by failing to consider these points, which are detrimental to Plaintiff's defamation claim against Weston & Sampson. For these reasons, the Court should decline to adopt the R&R and dismiss Plaintiff's defamation claim against Weston & Sampson because Plaintiff has failed to plead this claim with the requisite specificity.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Weston & Sampson objects to the Magistrate Judge's Report and Recommendation recommending that the Court deny Weston & Sampson's Motion to Dismiss as to Plaintiff's intentional infliction of emotional distress and defamation claims. Weston & Sampson requests that the Court dismiss Plaintiff's intentional infliction of emotional distress and defamation claims against Weston & Sampson with prejudice.

Respectfully submitted this 12th day of November, 2024.

        By: *s/ D. Randle Moody, II*
        D. Randle Moody, II (Fed. I.D. No. 7169)
        Email: Randy.Moody@jacksonlewis.com
        Laura A. Ahrens (Fed. I.D. No. 13396)
        Email: laura.ahrens@jacksonlewis.com

        JACKSON LEWIS P.C.
        15 South Main Street, Suite 700
        Greenville, SC 29601
        (864) 232-7000

        *ATTORNEYS FOR DEFENDANT WESTON & SAMPSON ENGINEERS, INC.*