IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAUREN BALLARD<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WESTON & SAMPSON ENGINEERS, INC AND JASON ROBERTS, INDIVIDUALLY,<br><br>　　　　　Defendant. | C.A. No.: 2:24-CV-1682-RMG-WSB<br><br><u>REPLY IN RESPONSE TO ROBERTS' OPJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION</u> |

Plaintiff, responds to Defendant Roberts objections, ECF 69, to the Magistrate's Report and Recommendation, ECF 68, as follows:

### 1.  <u>ISSUES</u>

Did the Magistrate err in concluding that the Plaintiff's Amended Complaint sufficiently presented factual allegations that, if proven true, would entitle the Plaintiff to relief on her claim for defamation?

Defendant Roberts states that Magistrate Judge Brown articulated the correct standard in the Report and Recommendation, but failed to properly apply it. ECF 69, page 2. Plaintiff disagrees and asserts that Magistrate Judge Brown not only articulated the correct standard but also reached the proper conclusion.

### II.  <u>STANDARD OF REVIEW</u>

It is the role of the Magistrate Judge to make a recommendation to this Court.  The responsibility to make a final determination remains with the Court.  *See Matthews v. Weber*, 423 U.S. 261, 270 (1976).  Further, the Court is charged with making a *de novo* determination of

those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions. *See* 28 U.S.C. § 636(b)(1).

In this matter the Honorable William S. Brown, U.S. Magistrate Judge, filed his Report and Recommendation ("Report") on October 29, 2024, ECF 68, which in part denied Defendant Roberts' Motion to Dismiss Plaintiff's claim of defamation. Defendant Roberts seeks review of that recommendation to this Court.

### III.   STANDARD ON MOTION TO DISMISS

Fed.R.Civ.P. 8(a)(2) provides that the Plaintiffs' complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This form of pleading, known as notice pleading, puts Defendant on notice of the potential claim, but it was also designed to give litigants straightforward access to the courts.

Recently, the Court has interpreted these longstanding rules in a new light by stating that a complaint "requires more than labels and conclusions*". Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 1959 (2007). The allegations of the complaint must raise the right to relief "above the speculative level". *Id.* at 545. Furthermore, while the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co*., 14 F.3d 213, 217-18 (4th Cir. 1994). But Fed.R.Civ.P. 8(e) remains instructive: "[p]leadings must be construed so as to do justice." *Iqbal*, as discussed in *Memmet Chevrolet, Ltd. v. ConsumerAffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) notes that an initial pleading does not necessarily require detailed factual allegations but must however plead enough facts to allow a

Court, drawing on "judicial experience and common sense" to infer "more than just the mere possibility of misconduct".

## IV. DEFAMATION

### Plaintiff's Defamation Claim was Plead with Sufficient Detail

Defendant Roberts asserts that the Court improperly concluded that Plaintiff sufficiently plead her claim of defamation. ECF 69, page 2. Defendant Roberts admits that the Magistrate properly articulated the correct standard in the Report and Recommendation, but asserts that the Court failed to properly apply it. ECF 69, page 2.

Defendant Roberts' primary argument is that the pleadings lack sufficient detail. [1] Defendant also cites the case of *Bell Atlantic v. Twombly* for the proposition that labels and conclusions are improper, and that formula pleading is similarly unacceptable. ECF 69, page 4. [2]

The Report and Recommendation ECF 68, pages 7-9, reviews South Carolina law on defamation, including regarding allegations of unchastity, which constitutes defamation per se, and concludes :

> "The tort of defamation permits a plaintiff to recover for injury to her reputation as the result of the defendant's communication to others of a false message about the

---

[1] Defendant cites *Campbell v. Int'l Paper Co.*, C/A No. 3:12-cv-03042-JFA, 6 (D.S.C. May. 3, 2013) at ECF 69, page 2, for the proposition that additional detail is required in a defamation claim. However the Court in *Campbell* ruled that the allegations of time, place, content and listener were sufficient, stating that: "Based on the court's review of the Amended Complaint, Campbell has likely sufficiently pleaded the first, third, and fourth elements of defamation above. For example, he pleaded that the statements by the individual defendants that he committed a gross safety violation were both false and intentionally made with conscious knowledge of their falsity. Although the defendants argue that he has not pleaded a plausible claim of falsity because he also alleged that he admitted to technical safety violations, there is certainly a difference between a gross violation that may endanger others and a technical, or minor, violation."

[2] *Twombly* was a class action Sherman Anti-trust Act case filed by consumers against the telephone company alleging parallel actions by carriers but failing to allege or identify a specific contract, combination, or conspiracy, between the suspect entities. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 1964 (2007).

plaintiff." *McBride v. Sch. Dist. of Greenville Cnty*., 698 S.E.2d 845, 852 (S.C. Ct. App. 2010). The elements of defamation include "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *McNeil v. S.C. Dep't of Corr*., 743 S.E.2d 843, 848 (S.C. Ct. App. 2013) (citation omitted). Defamation that is actionable irrespective of special harm includes statements regarding (1) the commission of a crime, (2) contraction of a loathsome disease, (3) adultery, (4) unchastity, or (5) unfitness in one's business or profession. *Fountain v. First Reliance Bank*, 730 S.E.2d 305, 309 (S.C. 2012) (citation omitted). "[I]n order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'" *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.,* C/A No. 97-2397, 1999 WL 89125 at *3 (4th Cir. 1999) (quoting *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. Apr. 25, 1996)). A defendant "cannot be expected to defend against an allegation that [he] defamed [a p]laintiff by making a statement heard by unknown persons at an unknown place at an unknown time." *Colleton v. Charleston Water Sys*., 225 F. Supp.3d 362, 369-70 (D.S.C. Mar. 25, 2016).

Considered in the light most favorable to Plaintiff, she has pled a claim for defamation against Roberts with sufficient particularity to survive the Motion to Dismiss. Plaintiff has pled Roberts made statements about her unchastity, which would constitute defamation per se. ECF No. 43 at ¶¶ 121-22; *Fountain,* 730 S.E.2d 309. Plaintiff alleges such statements were made by Roberts to W&S, co-employees, law enforcement, insurers, Robert's paramour A.M, two of A.M.'s coworkers, and social friends S.D. and B.A. *Id*. at 78, 121. The Complaint includes a time frame from March of 2022, to include specifically April, May, and June of 2022, and more generally a range of until December 2023. Id. at 117. Based on the foregoing, the undersigned finds that Defendant's argument that Plaintiff's defamation claim should be dismissed based on a lack of specificity is without merit. See *Twombly*, 550 U.S. at 555 (noting that Rule 8 requires only "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests") (citation and internal quotation marks omitted).

Plaintiff's pleading contains very detailed allegations of non-consensual sexual actions and unwanted touching and assault. Plaintiff details that Defendant has falsely claimed she consented, disseminating that information as to lack of chastity and effectively labeling her what is called an "unchaste" woman in the caselaw. Plaintiff alleged in the Second Amended Complaint that her former supervisor made false and injurious misstatements about her, and

disseminated false information including regarding her reputation for being chaste and honest , as well as fit for her job. ECF 43, para 41,65,72,73, 78,79,80, 114-129. Plaintiff's Second Amended Complaint alleges that Defendant Roberts, her supervisor, told his employer, law enforcement, insurers, his paramour (A.M.) and two of A.M.'s co-workers and social media "friends" S.D. and B.A. that Plaintiff consented to the sex acts described in the Second Amended Compliant. ECF 43, para 41, 64, 65, 72, 73, 78-80, 114-129. With regard to the timeline at issue the pleadings clearly state that the defamatory events began in March 2022, continued in April, May and June 2022 and continued to occur as recently as December 2023. ECF 43, para 75-80, 117.

That the allegations are sufficient is clearly supported by the detailed nature of Second Amended Complaint. In addition Plaintiff's allegations echo the requirements of and the law set forth in the Report and Recommendation and argued in her Opposition to the Motion to Dismiss ECF 49, page 19-25. Plaintiff asserts that the Magistrate Judge has properly applied the agreed upon law in reaching his finding that the pleading of defamation is sufficient.

### Plaintiff's Defamation Claim Included Allegations that the Statements Were Made Without Privilege

Roberts asserts not that Plaintiff failed to allege that Roberts acted without privilege, but that additional detail was needed. ECF 69, page 4. Plaintiff alleged in her Second Amended Complaint that Roberts' false statements, that Plaintiff agreed to the sexual conduct and that it may not have even occurred, (*Id.* at paragraphs 64, 65, 71-75, 77, 122, 124) were made without any protective legal privilege by Roberts to his employer and others. (*Id.* at paragraph 72, 119, 123, 125). The Magistrate found that Plaintiff alleged Roberts made knowingly false statements

about her chastity without privilege and the same was sufficient. ECF 68, page 10, citing ECF 43 paragraphs 72, 119, 122, 123, 125.

Roberts disputes the sufficiency of the pleading and cites the unpublished opinion of *Davis v. New Penn* for the proposition that Plaintiff must establish all prongs of a defamation claim including publication and absence of privilege. ECF 69 @ page 4, n.2. The *Davis* opinion is a summary judgment decision and therefore not applicable. The opinion discussed that defendant's opinions and complaints about Plaintiff's disability or using the "disability card" did not meet summary judgment standard for defamation and is not directly on point. *Davis v. New Penn Fin.,* No. 6:18-3342-TMC-KDW, 2002, U.S. Dist. LEXIS 137377, at *37 (D.S.C. May 25, 2021). Defendant also cites unpublished opinions arising from an alleged wrongful police interaction in *Doe v. McGowan*, citing them as authority on pleading. These are not on point as they deal with the rule on impermissible claim splitting. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" 2:16-cv-777-RMG-MGB. 2017 WL 573619 (DSC Jan. 5, 2017).

Given the foregoing Plaintiff asserts that Defendant has failed to set forth a reasoned argument or case law supporting why Plaintiff's pleading as to privilege was not enough.

### **Was the Matter of Qualified Privilege Properly Considered?**

The Magistrate Judge opined that the merits of the defense of privilege was not presently properly before the Court, as a Motion under Rule 12(b)(6) tests the sufficiency of the complaint and does not resolve contests regarding facts, the merits or the case or the applicability of affirmative defenses. ECF 68, page 9. Nevertheless the Magistrate discussed Defendant's

arguments on the existence of privilege in detail in the Report and Recommendation. ECF 68, page 9.

Defendant asserts that the Magistrate Judge erred in his evaluation of the defense of qualified privilege. ECF 69, page 6. Defendant argues that the merits of the affirmative defenses to defamation of absolute immunity and qualified privilege should be ruled upon at this stage. Note that Defendant Roberts failed to plead the affirmative defense of absolute immunity or qualified privilege in his answers to both the initial complaint and his answer to the second amended complaint. See ECF 16 and ECF 45. It is well-settled that "[a] party's failure to plead an affirmative defense . . . generally 'results in the waiver of that defense and its exclusion from the case.'" *Dole v. Williams Enterprises, Inc.,* 876 F.2d 186, 189 (D.C. Cir. 1989) (emphasis in original, quoting 5 Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure Section(s) 1278 (1990)). *Harris v. Secretary*, 126 F.3d 339, 343 (D.C. Cir. 1997).

Even absent a waiver of the defenses, "a motion to dismiss under Rule 12(b)(6) does not typically resolve the applicability of defenses to a well-pled claim." See *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (stating a motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses").*Goldfarb v. Mayor & City Council of Balt*., 791 F.3d 500, 508 (4th Cir. 2015). A motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense. See, *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added); *accord Desser v. Woods*, 266 Md. 696, 296 A.2d 586, 591 (Md. 1972).

Even if the defenses were properly before the Court, the defense of privilege requires a fact intensive enquiry and is not appropriately decided on a motion to dismiss. See, *Murray v. Holnam, Inc.*, 542 SE 2d 743 (SC Ct App 2001) The defense is also qualified by a requirement of good faith, which Plaintiff would dispute. Communications between officers and employees of a corporation are only qualifiedly privileged if made in good faith and in the usual course of business. *Conwell v. Spur Oil Co.,* 240 S.C. 170, 125 S.E.2d 270 (1962). Indeed, the Defendant in his first Motion to Dismiss (ECF 15-1) recognized that this issue of privilege requires a detailed fact finding based on the cases cited. Defendant's brief notes that "one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it [qualifiedly or] conditionally privileged, and (2) the privilege is not abused." *West v. Morehead*, 396 S.C. 1, 7, 720 S.E.2d 495, 499 (Ct. App. 2011) (alteration in original) (internal quotation omitted); and further notes that the required elements of a qualified privileged communication are: (1) good faith; (2) an interest to be upheld; (3) statement limited in scope to this purpose; (4) a proper occasion; and (5) publication in a proper manner to proper parties. *Bell v. Saturday Evening Post Publ. Co.*, 459 S.E.2d 315, 317 (Ct. App. 1995); *Manley v. Manley*, 353 S.E.2d 312, 315 (S.C. Ct. App. 1987). ECF 15-1 at 10.

Defendant further asserts that he had absolute immunity in this case and thus the defamation claim should be dismissed at this stage without fact finding. ECF 69 page 5-6. Defendant cites no controlling law supporting this theory - mandating absolute immunity or requiring a decision on the unpled defense at the is time.

Defendant cites *Hainer v. Am Med Intern Inc,* 492 SE2d 103, 106 (1997). This was not a motion to dismiss case, but a case that was reversed post verdict based on a mandatory reporting statute, including whether a truthful communication could be considered malicious under S.C.

Code Ann. § 40-33-936, and if the privilege against liability created by that statute is a qualified privilege that can be overcome by showing that the complaint was made with actual malice. Defendant also cites *Mitchell v. Forsyth,* 105 S. Ct. 2806 (1985), a seminal case, in which the court held that the Attorney General was not absolutely immune from suit for acts performed in his exercise of national security functions, and that an order denying qualified immunity was appealable before final judgment. Defendant also cites the unpublished *Cosby v. Legal Services* which does discuss privilege regarding communications about investigations authorized by law and qualified privilege regarding such investigations. *Cosby* however is not a motion to dismiss case, but a ruling on summary judgment (supporting the proposition that consideration of potential but unpled defenses should not be ruled on at this time). Similarly the unpublished case of *Myles v. Main-Waters Enters., LLC,* 2011 S.C. App. Unpub. Mar 22, 2011, was a summary judgment, arising a fight at a McDonald's where reported statements were found to be substantially true and qualifiedly privileged as made in good faith to law enforcement. Another cited case, *Crowell v. Herring,* 301 S.C. 424 (SC Ct App 1990) also a summary judgment case, discussed if statements made during the course of a VFW Court Martial were subject to privilege.

None of the cases cited by the Defendant identify error by the Court neither do they mandate absolute immunity nor do they require a ruling at the motion to dismiss stage.

## **CONCLUSION**

Plaintiff asserts that Defendant's Objections only serve to re-hash arguments that have already been rejected by the Magistrate. There are no errors of fact or law identified. Therefore, the Plaintiff asks that the Court OVERULE Defendant's objections and adopt the Magistrates decision denying Defendant's Motion to Dismiss Plaintiff's Claims of Defamation.

Respectfully submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF

November 19, 2024
Mt. Pleasant, SC