IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lauren Ballard, ) | |
| ) | C/A No. 2:24-cv-1682-RMG-WSB |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Weston & Sampson Engineers, Inc., ) | |
| and Jason Roberts, individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT JASON ROBERTS' REPLY TO PLAINTIFF'S RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Jason Roberts ("Defendant" or "Roberts"), by and through his undersigned attorney, files this Reply to briefly address several arguments Plaintiff makes in her Response to Robert's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 71).

First, Plaintiff argues that Roberts has waived the defense of absolute or qualified immunity because he failed to plead it in his Answer. (ECF No. 71 at 7). Out of an abundance of caution, Roberts filed an Answer to the claims when he filed his Motion for Partial Dismissal, and he specifically stated this in his Answer and that, if necessary (i.e. the motion to dismiss is denied), he would amend his answer to address the other claims. (ECF No. 45 at 1).[1]

Second, Plaintiff erroneously argues that a case cited by Roberts, *Doe v. McKowan* No. 2:16-cv-777-RMG-MGB, 2017 WL 573619 (D.S.C. Jan. 5, 2017), is not on point because the

---

[1] While the majority rule is that the filing of a partial motion to dismiss suspends the time to answer, there is contrary authority, and the Fourth Circuit has not ruled on this issue. *Doshi v. Blinken*, No. 23-3613 (RC), 2024 WL 3509486, * 9 (D.D.C. July 22, 2024); *Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *see also Justice v. Dimon*, 2011 WL 2183146, *2 (W.D.N.C. June 6, 2011) (holding that this district court will follow the majority rule that the filing of a partial motion to dismiss suspends the time to answer). Hence, Plaintiff filed an Answer to the claims that he has not moved to dismiss.

Court was addressing the issue of claim splitting. (ECF No. 71 at 6). However, the Court also specifically addressed whether the defamation claim was sufficiently pled:

> In addition to being improper claim splitting, the Complaint fails to allege a defamation claim upon which relief may be granted. "Each act of defamation is a separate tort that, in most instances, a plaintiff must specifically allege." *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, No. 97-2397, 1999 WL 89125, 172 F.3d 862 (Table) (4th Cir. 1999) (citing *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. 1996) ("in order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.' ")) A defendant "cannot be expected to defend against an allegation that [the defendant] defamed Plaintiff by making a statement heard by unknown persons at an unknown place at an unknown time." *Colleton v. Charleston Water System, et al,* No. 2:15-cv-2321-RMG at *8 (D.S.C. Mar. 25, 2016) (dismissing plaintiff's defamation claim without prejudice). The Complaint does not allege with specificity the time, place, medium, or listener of any of the alleged defamatory statements. Therefore, this court recommends that the defamation claims against the Senn Defendants be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure as well.

*Id.* at *5.

Finally, Plaintiff summarily discounts citations to any case which was before the court on a summary judgment motion. (ECF No. 71 at 6, 8, 9). Roberts cited to these cases for legal propositions, such as "absolute immunity is immunity from suit;" communications regarding government investigation are privileged, and absolute privilege applies to judicial proceedings. (Objections, ECF No. 69 at 5). Holdings in summary judgment cases can be instructive as to what allegations are necessary to support a legal claim or other independent legal propositions. *See, e.g., Roching v. Dep't of Veterans Affairs*, 725 F.3d 927, 931 (8th Cir. 2013) (rejecting the plaintiff's attempt to distinguish precedent simply because it "was decided on summary judgment, not on a motion to dismiss"). Because Roberts cites these cases for legal propositions apart from the summary judgment standard, these cases should not be disregarded simply because they were decided at the summary judgment stage.

Finally, Plaintiff notes that she alleges in her Special Amended Complaint ("SAC") "that Roberts' false statements, that Plaintiff agreed to the sexual conduct and that it may not have even occurred, ([SAC ¶¶] 64, 65, 71-75, 77, 122, 124), were made without any protected legal privilege by Roberts to his employer and others." (ECF No. 71 at 5). These paragraphs do not allege sufficient facts to support a defamation claim against Roberts. Moreover, this perfectly illustrates why specific facts must be alleged. Statements that the sexual conduct did not occur are completely different from statements that Plaintiff consented. Yet, Plaintiff has not ever provided any facts as to the specific statements that were allegedly made; or facts concerning which statements were made to whom; or facts regarding when (except over an almost two year period) these statements were allegedly made. Plaintiff has not alleged her defamation claim sufficiently and, because she has been given several opportunities to cure any deficiencies, the Court should decline to adopt this portion of the R&R and dismiss the defamation claim with prejudice.

                Respectfully submitted,

                s/Deborah B. Barbier
                Deborah B. Barbier (#6639)
                DEBORAH B. BARBIER, LLC
                1811 Pickens Street
                Columbia, South Carolina 29201
                803-445-1032
                dbb@deborahbarbier.com

November 21, 2024