IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAUREN BALLARD ) | C.A. No.: 2:24-CV-1682-RMG-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPLY IN RESPONSE TO |
| ) | <u>WESTON & SAMPSON'S</u> |
| WESTON & SAMPSON ENGINEERS, INC AND ) | <u>OPJECTIONS TO MAGISTRATE'S</u> |
| JASON ROBERTS, INDIVIDUALLY, ) | <u>REPORT AND</u> |
| ) | <u>RECOMMENDATION</u> |
| Defendant. ) | |
| ) | |

Plaintiff, responds to Defendant Weston & Sampson's objections, ECF 70, to the Magistrate's Report and Recommendation, ECF 68, as follows:

## 1. ISSUES

A. Regarding Plaintiff's claims of IIED, did the Magistrate correctly conclude that Plaintiff's allegations that the Defendants' actions were intentional and done with full awareness that the actions would cause emotional distress were sufficient to present a claim that is not barred by the South Carolina Workers' Compensation Act? ECF 68, page 3.

B. Did the Magistrate, as stated by the Defendant, fail to sufficiently analyze whether (in conjunction with Plaintiff's IIED claims) the Defendant Employer committed an assault on Plaintiff and whether Defendant Roberts was an alter-ego?

C. Did the Magistrate err in concluding that the Plaintiff's Second Amended Complaint (ECF 43) sufficiently presented factual allegations against the employer that, if proven true, would entitle the Plaintiff to relief on her claim of defamation?

D. Did the Magistrate Judge fail to consider other arguments and case law presented by the Defendant as alleged in their Objections to the Report and Recommendation?

## II. STANDARD OF REVIEW

It is the role of the Magistrate Judge to make a recommendation to this Court. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). Further, the Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions. *See* 28 U.S.C. § 636(b)(1).

In this matter the Honorable William S. Brown, U.S. Magistrate Judge, filed his Report and Recommendation ("Report") on October 29, 2024, ECF 68, which in part denied Defendant Weston & Sampson's Motion to Dismiss Plaintiff's claim of defamation and IIED. Defendant Weston & Sampson seeks review of that recommendation to this Court.

## III. STANDARD ON MOTION TO DISMISS

Fed.R.Civ.P. 8(a)(2) provides that the Plaintiffs' complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This form of pleading, known as notice pleading, puts Defendant on notice of the potential claim, but it was also designed to give litigants straightforward access to the courts.

Recently, the Court has interpreted these longstanding rules in a new light by stating that a complaint "requires more than labels and conclusions*". Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 1959 (2007). The allegations of the complaint must raise the right to relief "above the speculative level". *Id.* at 545. Furthermore, while the court must

construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994). But Fed.R.Civ.P. 8(e) remains instructive: "[p]leadings must be construed so as to do justice." *Iqbal*, as discussed in *Memmet Chevrolet, Ltd. v. ConsumerAffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) notes that an initial pleading does not necessarily require detailed factual allegations but must however plead enough facts to allow a Court, drawing on "judicial experience and common sense" to infer "more than just the mere possibility of misconduct".

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IIED is Plead Sufficiently Such That it is Not Barred at This Stage of The Case.

Plaintiff's intentional infliction of emotion distress claims relate to acute and severe distress that no reasonable person could endure arising from events which relate to personal devastating emotional injury from intentional vile conduct, harassment and threats, actions and inactions of and arising from the employer's conduct as well as the individual Defendant's. See e.g. ECF 43, Paragraphs 37-38, 42, 50, 67-82, 84, 98, 109-113. The Magistrate Judge performed a thorough review of the pleadings, motions and law and found that Plaintiff had sufficiently pleaded a claim which was not barred by the SCWCA and should not be dismissed at this early stage of the case. ECF 68 page 3.

Defendant Weston & Sampson objects to the Report and Recommendation stating that workers compensation is the exclusive remedy for any intentional tort and that the only exception is when the act is committed by the employer or alter ego. ECF 70 page 4.[1] It is well

---

[1] Weston & Sampson states at ECF 70, page 4- 5 that Plaintiff did not plead that the employer assaulted her the Court failed to analyze the same. Plaintiff details intentional acts including assault and battery by Roberts, while employed, in the Complaint including at ECF 43, para. 83-

Page **3** of **13**

settled that there are several exceptions to the Worker's Compensation Act, including subcontractor incidents, intentional injury, slander/injury to reputation and specific occupational exclusions. *Cason v. Duke Energy*, 560 SE2d 892, 893, n.2 (SC 2002).

The Act's exclusivity provision also does not bar suits for which the Act provides no remedy. See, *Futia v. Palmetto Behavioral Health*, 317 F.Supp.2nd 638 (SCDC 2004); see also, *Peay v. U.S. Silica Company* 313 S.C. 91, 437 S.E.2d 64 (1993). Plaintiff plead at ECF 43 para 72 that she applied for workers' compensation benefits but was denied:

> Plaintiff sought workers compensation benefits, but the same were denied on June 22, 2022 by the Defendant Weston & Sampson's insurer, on the basis that it was not a compensable case under the Worker's Compensation Laws of the State of South Carolina and there was no compensable injury arising from an accident or injury in the scope of employment. Upon information and belief the denial was based on dissemination of information that the events that would have been received from the employer Weston & Sampson. Any statements which information would have been received from the employer Weston & Sampson. Any statements that Plaintiff was engaged in a voluntary sexual or intimate relationship with the individual Defendant were untrue and made without privilege.

### **Intentional Acts**

The South Carolina Supreme Court recognizes that an employee may maintain a common law action for intentional infliction of emotional distress against an employer. The cause of action is not barred by the exclusivity provision of the Workers' Compensation laws when the employer's conduct is intentional. *McSwain v. Shei,* held that an employee could sue for intentional infliction of emotional distress when the employer's conduct was found to be outrageous and intolerable in a civilized society. In *McSwain,* a summary judgment case, the

---

87. See also *McSwain v. Shei,*, which discusses that both assault and IIED can be permissible causes of action against an employer and not barred where the acts are intentional. 304 S.C. 25 402 S.E.2d 890 (1991). Defendant does not argue that other numerous facts and allegations outlined in the Complaint against the employer fall short of what is necessary to make a claim of IIED.

employee was forced to engage in vigorous public exercise while suffering from a disclosed medical condition, resulting in the employee losing control of her bladder.[2] The employee sued both the employer and individual who forced her to engage in the calisthenics. The Court stated:

> A common law cause of action will not be barred by the exclusivity provisions when the employer manifests a deliberate intent to injure the employee. This exception is applicable to the intentional infliction of emotional distress. In *Stewart*, we recognized that an employee can maintain a common law action for the employer's intentional assault and battery. We extend that rule to allow actions for the intentional infliction of emotional distress. As this is the only type of tort which is involved in this case, we express no opinion as to the application of the exception to other intentional torts. *Id.* at 30.

When an injury is inflicted by an employer who acts with a specific intent to injure, the resulting injuries are exempted from the exclusive remedy of worker' compensation coverage. *Peay v. U.S. Silica Company,* 313 S.C. 91, 437 S.E.2d 64 (1993), *Stewart v. McLellan's Stores,* 194 S.C. 50, 9S.E.2d35 (1940).

The Plaintiff alleged that she was subjected to specific intentional physical and psychological abuse with specific egregious actions taking place on a work trip. See ECF 43, para 41-56. She also alleged, other acts that occurred post trauma related to working conditions and failure to act, that not only were Robert's acts intentional, but the employer knew Roberts had previously engaged in dangerous conduct which they knew or should have known would be repeated and intentionally allowed him to offsite to represent the employer. ECF 43 at para 22-24, 37-38, 61-66, 68,70,81, 82, 109-113. The Magistrate specifically noted that the allegations of intent in ECF 43 paragraphs 84, 98 and 110 were sufficient, including citing *State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 136 (S.C. Ct. App. 2000) for the proposition that "intent to harm will be inferred as a matter of law when a person sexually assaults, harasses, or otherwise engages in sexual misconduct toward an adult."

---

[2] The decision does not include a discussion of the "alter ego" issue.

Page **5** of **13**

**Alter- Ego**

Defendant objects to the Magistrate's Report and Recommendation stating that Plaintiff failed to demonstrate that " any supervisory employee was actually a "dominant corporate officer of the employer" to constitute an alter ego…." ECF 70, page 6.

When intentional abusive conduct is committed by an owner or high-level manager of the corporation, he can be considered an alter ego of the employer. *Stewart v. McLellan's Stores,* 194 S.C. 50, 9 S.E.2d 35 (1940). An employee is not precluded from suing his employer at common law if the employer or an "alter-ego" of the employer commits an intentional tort against the employee because "the intentional and outrageous nature of the act removes it from the realm of an 'accidental' injury." *Stewart v. McLellan's Stores*, 194 S.C. 50, 9S.E.2d35 (1940).

*Stewart v. McClellan's Stores Co.*, 194 S.C. 50, 9 S.E. 2d 35 (S.C. 1940), is the seminal case on this topic. In *Stewart,* our State Supreme Court discussed at length the exclusivity provision of the Act and the applicability if actions are committed by managers. In *Stewart,* a manager of a store assaulted and battered an employee, and "with considerable force and violence" and thus was considered the alter ego of the Employer. In this case the Plaintiff has pled that the assault and acts at issue were committed by management.  ECF 43, para 15, 21, 23, 29, 36-57, 72.  Plaintiff also plead that the individual defendant/supervisor oversaw GIS departments on the east coast; was the representative of Weston & Sampson to the conference at issue, had access to employee information; had the power to threaten and negatively impact Plaintiff's job. See e.g. ECF 43, paragraphs 6, 21, 37, 38, 42,50, 74, 120.

As the question of an intentional act and the alter ego issues are sufficiently plead and ultimately ones for a trier of fact, Plaintiff's claims should not be dismissed upon a Motion

pursuant to Rule 12(b)(6) as correctly determined by the Magistrate Judge in his Report and Recommendation.

## V.   DEFAMATION

**Plaintiff's Defamation Claim was Plead with Sufficient Detail**

Defendant Weston & Sampson asserts that the Court improperly concluded that Plaintiff sufficiently plead her claim of defamation. ECF 70, page 6-9.

Defendant objects to the Report and Recommendation stating that the Magistrate failed to consider arguments based on lack of specificity as to whom at Weston & Sampson made the defamatory remarks and what those remarks were. ECF 70, page 7-8. Defendant also claims that the Court "failed to give credence to the plethora of caselaw" it provided in its Motion to Dismiss. ECF 70, page 7.

The Report and Recommendation ECF 68, pages 7-9, reviews in detail South Carolina law on defamation and the facts plead:

> "The tort of defamation permits a plaintiff to recover for injury to her reputation as the result of the defendant's communication to others of a false message about the plaintiff." *McBride v. Sch. Dist. of Greenville Cnty*., 698 S.E.2d 845, 852 (S.C. Ct. App. 2010). The elements of defamation include "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *McNeil v. S.C. Dep't of Corr*., 743 S.E.2d 843, 848 (S.C. Ct. App. 2013) (citation omitted). Defamation that is actionable irrespective of special harm includes statements regarding (1) the commission of a crime, (2) contraction of a loathsome disease, (3) adultery, (4) unchastity, or (5) unfitness in one's business or profession. *Fountain v. First Reliance Bank*, 730 S.E.2d 305, 309 (S.C. 2012) (citation omitted). "[I]n order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'" *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.,* C/A No. 97-2397, 1999 WL 89125 at *3 (4th Cir. 1999) (quoting *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. Apr. 25, 1996)). A defendant "cannot be expected to defend against an allegation that [he] defamed [a p]laintiff by

> making a statement heard by unknown persons at an unknown place at an unknown time." *Colleton v. Charleston Water Sys.*, 225 F. Supp.3d 362, 369-70 (D.S.C. Mar. 25, 2016).
>
> Considered in the light most favorable to Plaintiff, she has pled a claim for defamation against Roberts with sufficient particularity to survive the Motion to Dismiss. Plaintiff has pled Roberts made statements about her unchastity, which would constitute defamation per se. ECF No. 43 at ¶¶ 121-22; *Fountain,* 730 S.E.2d 309. Plaintiff alleges such statements were made by Roberts to W&S, co-employees, law enforcement, insurers, Robert's paramour A.M, two of A.M.'s coworkers, and social friends S.D. and B.A. *Id.* at 78, 121. The Complaint includes a time frame from March of 2022, to include specifically April, May, and June of 2022, and more generally a range of until December 2023. Id. at 117. Based on the foregoing, the undersigned finds that Defendant's argument that Plaintiff's defamation claim should be dismissed based on a lack of specificity is without merit. See *Twombly*, 550 U.S. at 555 (noting that Rule 8 requires only "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests") (citation and internal quotation marks omitted).

The Court then concludes that "Plaintiff's allegations for the defamation claim are sufficient against both Defendants at this stage…" ECF 68, page 10. [3]

**Specific Allegations Against Weston and Sampson**

A principal may be held liable for defamatory statements made by an agent acting within the scope of his employment or within the scope of his apparent authority. *Murray v. Holnam, Inc.*, 344 S.C. 129, 145, 542 S.E.2d 743, 751 (Ct. App. 2001). A defamation claim may be maintained against an employer rather than the agent of the employer where the defamation is arises from one's employment. *King v. Charleston County School District*, 664 F.Supp.2d 571, 586-7 (DSC 2009). That the Plaintiff alleges that the defamation is based on the employment is

---

[3] Regarding allegations that the Magistrate failed to consider Defendant's caselaw, Plaintiff notes that the Magistrate authored a detailed Report and Recommendation which included a particularized review of published South Carolina law on the tort of defamation. Many of the cases cited by the Defendant were unpublished or were summary judgment cases. The Plaintiff understands that generally unpublished decisions may be helpful but, unlike unpublished decisions, they are not binding on the Court. See e.g *Suber v. Comm'r of the SSA*, 640 F. Supp. 2d 684, 687 n.* (D.S.C. 2009).

all that is required for stating a claim against the employer. *Vogt v. Greenmarine Holding, LLC*, 318 F.Supp.2d 136, 144, n.6 (SDNY 2004).

Plaintiff alleged that her former supervisor, as agent of the employer and as an individual, made false and injurious misstatements about her, disseminated false information including regarding her reputation for being chaste and honest. See, ECF 43, para 41, 65, 72-73, 78-80, 114-129. Plaintiff's Second Amended Complaint alleges that Defendant Roberts, her supervisor, told his employer, law enforcement, insurers, his paramour (A.M.) and two of A.M.'s co-workers and social media "friends" S.D. and B.A. that Plaintiff consented to the sex acts described in the Second Amended Compliant. ECF 43, para 41, 64, 65, 72, 73, 78-80, 114-129. With regard to the timeline at issue the pleadings clearly state that the defamatory events began in March 2022, continued in April, May and June 2022 and continued to occur as recently as December 2023. ECF 43, para 75-80, 117. [4]

The pleading for the cause of action incorporates the prior paragraphs by reference and specifically names Roberts as agent and employee of the Defendant as the defamer (see ECF 43, emphasis supplied):

> 114. The Plaintiff realleges each and every allegation contained in paragraphs preceding as if set forth again verbatim.
>
> 115. *That, on information and belief, Defendant Roberts, in his individual capacity and as a manager, agent and employee of the Defendant Employer, made or caused to be made, sent or caused to be sent, delivered or caused to be delivered, false, defamatory and injurious statements regarding the Plaintiff, as set forth above.*
>
> 116. *The employer Weston & Sampson, through Roberts and other agents or employees on information and belief* also disseminated false information, regarding

---

[4] Defendant argues that any alleged defamatory statements made by Roberts were made outside of the scope of employment. ECF 70, page 8-9. Plaintiff has pled, as stated above, that the statements were made by Roberts in the course of employment and as a representative of the Defendant. Such is sufficient at this time and given the factual dispute is a matter best left to the finder of fact at a later date, once discovery has occurred.

Page **9** of **13**

Plaintiff within the Company and to its agents and insurers within and outside the Company.

117. The false and injurious statements by the Defendants were made after the events described business conference, which was attended by Roberts and Plaintiff, and included in April 2022, May 2022, June 2022, and continued to be disseminated through December 2023.

118. The untrue statements regarded Plaintiff's honesty, chastity, consent to sexual interactions with Roberts and engagement in other inappropriate conduct at the conference.

119. Plaintiff asserts that she has told the truth and denies that she engaged in consensual sexual relations or had an intimate relationship with Roberts and any statements made by the Defendants to that end are untrue, defamatory and made without privilege.

120. *As a supervisor Defendant Roberts was not only Plaintiff's superior but was a longer term employee, was the senior representative at the conference* where the events giving rise to the false statements occurred, and he had more experience, contacts and standing in the industry than Plaintiff, who was a recent graduate.

121. Said statements, attacking Plaintiff's truthfulness, veracity and chastity, and fitness for employment were upon information and belief, published to the employer, other employees of the Defendant employer, others within the business and police communities, insurers and to Defendant Roberts' paramour, social friends and to other persons, not specifically stated herein.

122. Defendant Roberts, upon information and belief, falsely represented to the Defendant employer, co-workers, law enforcement, insurers, the business community, his social friends and family and others that any sexual conduct with Plaintiff was consensual. This constituted a false statement that Plaintiff engaged in a voluntary sexual encounter with him on a business outing and that she lied about it.

123. *The Defendant employer upon information and belief repeated and disseminated the untruths perpetuated by Roberts, its agent and employee, including to its insurers and throughout the Company without privilege.*

124. Plaintiff denies the conduct was consensual and statements that she consented to any such conduct are false and constitute a direct attack on her chastity, reputation for chastity, fitness for employment and reputation for honesty.

    125.  *Defendant Roberts, individually and as an agent of the Defendant Employer had no legal privilege to publish said statements to any third party. Similarly Defendant Employer had no legal right or privilege to disseminate false information to any third party.*

    126.  *That as a direct and proximate result of the libelous and defamatory statements made by Defendant individually and as an agent, servant, officer and, employee of the Defendant Employer, and by the Defendant Employer*, Plaintiff was and continues to: be greatly humiliated, embarrassed, and distressed; have difficulty in her daily life; have her business affairs interrupted; be unable to attend her ordinary affairs due to her mental state; be compelled to expend money for legal and medical representation; suffer considerable shock, mental stress, worry; to be held up to public ridicule, scorn, and contempt; and her professional reputation in the industry has been severely injured; and be otherwise damaged, suffering actual, special and consequential damages.

    127.  *Defendant Roberts made these defamatory statements including in the course of his employment as a supervisor concerning the Plaintiff intentionally or with reckless disregard for Plaintiff's reputation as an upstanding, honorable and respected member of her community and citizen of the State of South Carolina and as a chaste woman.*

    128. The employer, through agents and employees made these defamatory statements concerning the Plaintiff intentionally or with reckless disregard for Plaintiff's reputation as an upstanding, honorable and respected member of her community and citizen of the State of South Carolina and as and honest and chaste woman.

Given the details provided, Plaintiff believes that the Magistrate correctly opined that the Plaintiff's pleadings contained sufficient specificity as to Weston & Sampson such that the defamation claim should not be dismissed.

**Matters of Privilege**

Plaintiff alleged that the subject defamatory communications were made without privilege. See e.g. ECF 43, paragraph 125. The Defendant submits in the Objections that Plaintiff failed to allege that any non-privileged communication occurred and that this was not

sufficiently considered. ECF 70, page 8. Weston & Sampson has not filed an answer and therefore has not plead the affirmative defense of privilege.

The Magistrate discussed Defendant's Roberts' arguments on the existence of privilege in detail in the Report and Recommendation. ECF 68, page 9. The Magistrate Judge opined that the merit of the defense of privilege was not presently properly before the Court, as a Motion under Rule 12(b)(6) tests the sufficiency of the complaint and does not resolve contests regarding facts, the merits of the case or the applicability of affirmative defenses. ECF 68, page 9.

Regarding affirmative defenses generally "a motion to dismiss under Rule 12(b)(6) does not typically resolve the applicability of defenses to a well-pled claim." See *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (stating a motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses").*Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). A motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense. See, *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added); *accord Desser v. Woods*, 266 Md. 696, 296 A.2d 586, 591 (Md. 1972).

Even if the defense were properly before the Court, the defense of privilege requires a fact intensive enquiry and is not appropriately decided on a motion to dismiss. See, *Murray v. Holnam, Inc.*, 542 SE 2d 743 (SC Ct App 2001) The defense is also qualified by a requirement of good faith, which Plaintiff would dispute. Communications between officers and employees of a corporation are only qualifiedly privileged if made in good faith and in the usual course of business. *Conwell v. Spur Oil Co.,* 240 S.C. 170, 125 S.E.2d 270 (1962).

As such Plaintiff believes that the Report and Recommendation correctly found that the cause of action for defamation was plead in and appropriate manner and should not be dismissed.

## CONCLUSION

Plaintiff asserts that Defendant's Objections should be overruled as they fail to clearly identify clear errors of fact or law. Therefore, the Plaintiff asks that the Court OVERULE Defendant's objections and adopt the Magistrate's decision denying Defendant's Motion to Dismiss Plaintiff's Claims of Defamation and Intentional Infliction of Emotional Distress.

Respectfully submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF

November 26, 2024
Mt. Pleasant, SC