IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CHARLESTON
CASE NO. 2:24-cv-1682-RMG-WSB

LAUREN BALLARD

    Plaintiff,

vs.

WESTON & SAMPSON ENGINEERS, INC. and JASON ROBERTS, individually

    Defendant.

**PLAINTIFF'S RULE 26(a)(2) DISCLOSURES**

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, the Plaintiff, Lauren Ballard by her undersigned attorneys, propounds the following disclosures to the Defendant.

A) In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702. 703, or 705.

**ANSWER**: The Plaintiff identifies, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the following non-retained experts who are also disclosed in Plaintiff's Rule 26(a)(1) disclosures:

1. **Jacqueline D. Maillet, SANE Nurse. Mission Heath SANE/Forensic Nurse Team Supervisor. 509 Biltmore Ave Asheville NC 2880. 828-213-8471.**

2. **Carolina Center for Behavioral Health, including Lance Feldman, MD 2700 E Phillips Rd, Greer, SC 29650, 864-235-2335.**

3. **MUSC Behavioral Health, including Ethan Ashley MD. 171 Ashley Avenue Charleston SC 29425. 843-792-9162, ashleyet@musc.edu.**

1

4. **Oconee Mental Health Services**, **115 Carter Park Rd, Seneca, SC 29678, 864-885-0157**.

   **Plaintiff specifically reserve the right to call and elicit any opinions from any and all expert witnesses at the trial of this case. The medical providers listed here will be used as both expert and fact witnesses. The Plaintiff reserves the right to supplement this response as discovery progresses.**

   (B) Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

       (i) a complete statement of all opinions the witness will express and the basis and reasons for them:

       (ii) the facts or data considered by the witness in forming them:

       (iii) any exhibits that will be used to summarize or support them:

       (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

       (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition: and

       (vi) a statement of the compensation to be paid for the study and testimony in the case.

**ANSWER**: **These physician experts have not prepared separate reports, and the Plaintiff will rely on medical records produced in discovery.**

1. **Jacqueline D. Maillet, SANE Nurse.** Ms. Maillet treated Plaintiff when she went to the hospital for treatment following the incidents at issue. She is expected to testify as to Plaintiff's injuries, medical treatment and diagnosis including opinions regarding the nature, extent and causation of the injuries, based on her experience

and medical expertise, treatment records, tests and information located in the Plaintiff's medical records.

2. **Lance Feldman, MD.** Dr. Feldman is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and following the incidents sets forth in the Complaint. He is expected to testify as to the impact that the incidents at issue, Plaintiff's job loss and working conditions had upon Plaintiff's mental health, based on his medical expertise, treatment records and information located in Plaintiff's medical records.

3. **Ethan Ashley MD.** Dr. Ashley is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and the period following the incidents at issue herein. He is expected to testify as to the impacts that the incidents, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on his medical expertise and treatment records and information located in the Plaintiff's medical records.

4.  **Oconee Mental Health Services**. Oconee Mental Health Services representatives are expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and the period following the incidents set forth in the Complaint.  OMHS is also expected to testify as to the impacts that the incidents at issue, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on their medical expertise and information located in the Plaintiff's medical records.

Respectfully submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FED ID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mount Pleasant, SC  29464
(843) 972-0004, (843) 972-0006 (fax)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF

March 4, 2025
Mt. Pleasant, SC