**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Lauren Ballard,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Weston & Sampson Engineers, Inc., Jason Roberts, individually<br><br>　　　　Defendants. | Case No. 2:24-cv-1682-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") recommending this Court deny Defendant Weston & Sampson's motion to dismiss and deny-in-part and grant-in-part Robert's motion to dismiss. (Dkt. No. 68). Both Defendants filed objections to the R&R (Dkt. Nos. 69, 70, and 73), and Plaintiff replied (Dkt. No. 71 and 74). For the reasons set forth below, the Court adopts-in-part and rejects-in-part the R&R.

**I.    Background**

Plaintiff sued her former employer Weston & Sampson ("W&S") and her former supervisor Roberts alleging that Roberts sexually assaulted her on two occasions during a business trip and that W&S disregarded her report of the alleged assaults. Plaintiff alleges that from March 2022 to December 2023, Roberts spread false information to W&S and others that Plaintiff lied about the assaults, the relations were consensual, and Plaintiff was unchaste. Plaintiff claims W&S knew of Robert's propensity from prior conduct towards female coworkers but did not terminate him. Based on Roberts conduct and an alleged continuing hostile work environment, Plaintiff claims she was forced to resign from her position.

In Plaintiff's Second Amended Complaint, she alleges six causes of action: (1) civil assault and battery against Roberts, (2) Title VII retaliation against W&S, (3) Title VII sexual harassment

1

and hostile work environment against W&S, (3) Title VII sexual harassment and hostile work environment against W&S, (4) intentional infliction of emotional distress ("IIED") against both Defendants, (5) defamation against both Defendants, and (6) tortious interferences with contractual relations against Roberts.

Roberts moved to dismiss the defamation, IIED, and tortious interference with contractual rights claims. (Dkt. No. 46). W&S moved to dismiss the Title VII sexual harassment and hostile work environment, IIED, and defamation claims. (Dkt. No. 47). The Magistrate Judge issued an R&R recommending denying Defendant Weston & Sampson's motion to dismiss, denying Robert's motion to dismiss as to Plaintiff's claims for defamation and intentional infliction of emotional distress, and granting Robert's motion to dismiss as to Plaintiff's claim for tortious interference with contractual relations. (Dkt. No. 68). Defendants filed objections to the R&R (Dkt. No. 69, 70, and 73), and Plaintiff replied (Dkt. No. 71 and 74). The matter is now ripe for the Court's review.

**II.     Standard**

  **A. Report and Recommendation of the Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the

magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow if "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

#### A. Intentional Infliction of Emotional Distress Claim

Defendant W&S moved to dismiss Plaintiff's IIED claim arguing that it is barred by the exclusive remedy provision of the South Carolina Workers' Compensation Act ("SCWCA") and it is preempted by Title VII because Plaintiff's Title VII claims and state law claims arise out of the same operative facts. The Magistrate Judge found that Plaintiff's allegations are sufficient to present a claim against Defendant W&S that is not barred by the SCWCA because Plaintiff pled that Defendants' actions were intentional and done with full awareness that the actions would cause emotional distress. The Magistrate Judge also found that Plaintiff does not seek to vindicate a right conferred by Title VII by reasoning that Plaintiff's IIED claim sought recovery for alleged harm resulting from emotional distress which is a right not conferred by Title VII. Accordingly, the Magistrate Judge recommends the Court deny Defendant's motion to dismiss Plaintiff's IIED claim.

Defendant W&S objected to the Magistrate Judge's finding arguing that the Magistrate Judge incorrectly concluded that Plaintiff's IIED claim was not barred by SCWCA exclusivity provision.

The SCWA contains an exclusivity provision which excludes all other rights and remedies of an employee against their employer, at common law or otherwise, for a work-related injury. *Edens v. Bellini*, 359 S.C. 433, 441 (S.C. 2004). The only exceptions to the exclusivity provision are (1) where the injury results from the act of a subcontractor who is not the injured person's

4

direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the SCWA specifically excludes certain occupations. *Id.* at 445. The intentional injury exception has been construed quite narrowly and the issue is whether the event producing the injury was intentional or accidental. *Id.* To be intentional in this context, the deliberate infliction of harm should be "comparable to an intentional left jab to the chin." *Id.*

The intentional act injury exception is applicable to claims of IIED and could also apply to injuries inflicted by a co-employee. *Id.* But an employer may not be sued in civil court for IIED based on a non-alter ego employees' action. *Sibert v. Raycom*, No. 3:17-cv-1544-CMC, 2017 WL 3721238, at *3 (D.S.C. Aug. 29, 2017).

Here, Plaintiff has not pled that Defendant W&S acted with a deliberate or specific intent to injure her. Nor did Plaintiff plead that Defendant Roberts was an alter ego of Defendant W&S. Plaintiff points to allegations that Defendant W&S knew Defendant Roberts had previously engaged in dangerous and inappropriate conduct and should have known it would be repeated. These allegations are not akin to a intentional left jab to the chin as required by the intentional act exception. Accordingly, the Court finds that Plaintiff did not plausibly plead a claim for IIED against Defendant W&S. The Court sustains Defendant W&S's objection and declines to adopt the portion of the R&R recommending the Court maintain Plaintiff's IIED claim against Defendant W&S. Plaintiff's IIED claim against Defendant W&S is dismissed and Plaintiff's IIED claims against Defendant Roberts remains.

**B. Defamation Claim against Defendant W&S**

Defendant W&S moved to dismiss Plaintiff's defamation claim arguing that it arises from the same set of facts as the Title VII sexual harassment and hostile work environment claims and

that the defamation claim lacks the requisite specificity. The Magistrate Judge found that the defamation claim was sufficient against Defendant W&S. Defendant W&S objected to the Magistrate Judge's recommendation arguing that the Magistrate Judge failed to consider Defendant W&S's sufficiency argument.

"In order to prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 444 (S.C. 2006). A claim for defamation must state the alleged defamatory statement(s) as well as the "time, place, medium, and listener of the alleged defamatory statements." *Gentry v. Bioverativ U.S. LLC*, No. 2:19-cv-0873-MBS, 2019 WL 3802476, at *9 (D.S.C. Aug. 13, 2019).

Here, the alleged defamatory statements generally state that Plaintiff lied about the assaults from Defendant Roberts, that the relations between Plaintiff and Defendant Roberts were consensual, and that Plaintiff was unchaste. Plaintiff alleges these statements were made between March 2022 to June 2022 and were made to coworkers, law enforcement, and insurers. Specifically as to Defendant W&S, Plaintiff alleged Defendant W&S disseminated the alleged false information regarding Plaintiff within the company and to its agents and insurers within and outside the company and that Defendant W&S disseminated the untruths perpetuated by Defendant Roberts to its insurers and throughout the company without privilege. Plaintiff further alleges Defendant Roberts made defamatory statements in the course of his employment as a supervisor and acting as an agent and employee of Defendant W&S. Plaintiff contends that these alleged statements have directly and proximately caused her harm through humiliation, embarrassment, and distress.

The Court finds that these allegations, read in the light most favorable to Plaintiff, plausibly state a claim for defamation against Defendant W&S. At this early stage in litigation, Plaintiff has sufficiently stated allegations addressing each element of a defamation claim and also indicated the time, place, medium, and listener of the alleged defamatory statements. Accordingly, the Court overrules Defendant W&S's objection and adopts the R&R as to Plaintiff's defamation claim against Defendant W&S. Plaintiff's defamation claim against Defendant W&S remains.

### C. Defamation Claim against Defendant Roberts

Defendant Roberts moved to dismiss Plaintiff's defamation came arguing that Plaintiff's defamation claim lacked the required specificity and that the alleged defamatory statements are subject to a qualified privilege. The Magistrate Judge found that Plaintiff sufficiently pled a claim for defamation against Defendant Roberts and that Defendant Robert's privilege defense was not available at this stage in the litigation. Defendant Roberts objects to the Magistrate Judge's finding arguing that the Magistrate Judge failed to properly apply the defamation standard and that the Magistrate Judge erred in finding that privilege was not properly before the Court on a motion to dismiss.

#### 1. Sufficiency of the Pleading

As stated earlier, "[i]n order to prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 444 (S.C. 2006). A claim for defamation must state the alleged defamatory statement(s) as well as the "time, place, medium, and listener of the alleged defamatory

statements." *Gentry v. Bioverativ U.S. LLC*, No. 2:19-cv-0873-MBS, 2019 WL 3802476, at *9 (D.S.C. Aug. 13, 2019).

Here, Plaintiff alleged that Defendant Roberts told his employer, coworkers, law enforcement, insurers, others that Plaintiff consented to the sex acts that Plaintiff described as an assault. Plaintiff also alleged that Defendant Roberts stated that Plaintiff was unchaste and disseminated false information regarding her reputation for chastity and honesty. Plaintff alleged that these statements were initially made from March 2022 to June 2022 and continued to occur as recently as December 2023.

The Court finds that these allegations, read in the light most favorable to Plaintiff, plausibly state a claim for defamation against Defendant Roberts. At this early stage in litigation, Plaintiff has sufficiently stated allegations addressing each element of a defamation claim and also indicated the time, place, medium, and listener of the alleged defamatory statements. Accordingly, the Court overrules Defendant Robert's objection and adopts the R&R as to the sufficiency of Plaintiff's defamation claim against Defendant Roberts.

### 2. Privilege

Defendant Roberts asserts that Plaintiffs defamation claim is subject to both absolute and qualified privilege.

In a defamation action, the defendant may assert the affirmative defense of conditional or qualified privilege. *Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 484 (1999). Communications made in the investigation of a crime for the purpose of detecting the participants in the crime are privileged. *Bell v. Bank of Abbeville*, 208 S.C. 490, 494 (S.C. 1946). Additionally, communications between officers and employees of a corporation are qualifiedly privileged if

made in good faith and in the usual course of business. *Conwell v. Spur Oil Co.*, 240 S.C. 170, 125 S.E.2d 270, 270 (S.C. 1962).

Under this defense, one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it conditionally privileged, and (2) the privilege is not abused. *Id.* In general, the question whether an occasion gives rise to a qualified or conditional privilege is one of law for the court. *Murray v. Holnam, Inc.*, 344 S.C. 129, 140 (S.C. 2001). However, the question whether the privilege has been abused is one for the jury. *Id.* The publisher must not wander beyond the scope of the occasion. *Id.* The privilege does not protect any unnecessary defamation, and the person making the communication must be careful to go no further than his interests or duties require. *Id.* Where the speaker exceeds his privilege and the communication complained of goes beyond what the occasion demands that he should publish, and is unnecessarily defamatory of the plaintiff, he will not be protected. *Id.* Factual inquiries, such as whether the defendants acted in good faith in making the statement, whether the scope of the statement was properly limited in its scope, and whether the statement was sent only to the proper parties, are generally left in the hands of the jury to determine whether the privilege was abused. *Id.*

Here, Plaintiff has sufficiently pled allegations which would not subject the alleged statements to privilege. Plaintiff has pled that Defendant Roberts made the alleged defamatory statements to his acquaintances outside of work. Those alleged statements do not fall within either privilege Defendant Roberts asserts. Additionally, Plaintiff has alleged that Defendant Roberts stated Plaintiff was unchaste to the employer, coworkers, insurers, and law enforcement. A jury could find that such a statement goes beyond the privilege, be considered unnecessary defamation, and find that the privilege was abused and not available to him. Reading the allegations in the light

most favorable to Plaintiff, the Court finds that Plaintiff has plausibly alleged that Defendant Roberts made defamatory statements that would not be subject to privilege. Accordingly, Plaintiff's defamation claim against Defendant Roberts remains.

IV.   **Conclusion**

For the reasons set forth above, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** the Magistrate Judge's R&R (Dkt. No. 68). Plaintiff's IIED claim against Defendant W&S is dismissed, and all other claims against Defendant W&S remain. Plaintiff's tortious interference with contractual relations claim against Defendant Roberts is dismissed, and all other claims against Defendant Roberts remain.

**AND IT IS SO ORDERED.**

      s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 17, 2025
Charleston, South Carolina