IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

LAUREN BALLARD,

               Plaintiff,

    v.

WESTON & SAMPSON ENGINEERS, INC, ET
AL.,

               Defendants.

C/A No. 2:24-cv-01682-RMG-WBS

## DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant Weston & Sampson Engineers, Inc. ("Defendant W&S"), by and through its undesigned counsel, Jackson Lewis P.C., and hereby responds to the allegations in Plaintiff's Second Amended Complaint as follows:

### FOR A FIRST DEFENSE

### I.   NATURE OF THE ACTION

The allegations in the paragraph under "Nature of the Action" appear to summarize the legal claims and allegations that Plaintiff seeks to bring against Defendants W&S and Jason Roberts. Defendant W&S denies the allegations therein and denies any liability on such claims and further denies that Plaintiff is entitled to any of the relief she seeks.

### II.  PARTIES

In response to the specific numbered allegations in Plaintiff's Second Amended Complaint, Defendant W&S responds as follows:

1.      Upon information and belief, Defendant W&S admits the allegations in Paragraph

1 of the Second Amended Complaint.

2.     Upon information and belief, Defendant W&S admits only that Plaintiff was approximately 22 years of age when she became employed by Defendant W&S. Defendant W&S denies the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3.     Defendant W&S admits only that Plaintiff was employed by Defendant W&S in North Charleston, South Carolina at the 3955 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405 location. Defendant W&S denies the remaining allegations in Paragraph 3 of the Second Amended Complaint.

4.     Defendant W&S admits the allegations in Paragraph 4 of the Second Amended Complaint.

5.     Defendant W&S admits the allegations in Paragraph 5 of the Second Amended Complaint.

6.     Defendant W&S admits only that Jason Roberts was employed by W&S as a GIS Specialist. Defendant W&S denies the remaining allegations in Paragraph 6 of the Second Amended Complaint.

7.     Upon information and belief, Defendant W&S admits the allegations in Paragraph 7 of the Second Amended Complaint.

8.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statement in Paragraph 8 of the Second Amended Complaint, and thus denies the allegations in Paragraph 8.

### III. JURISDICTION AND VENUE

9.     In response to Paragraph 9 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 8 as if fully set forth herein.

10.     Defendant W&S admits the allegations in Paragraph 10 of the Second Amended Complaint.

11.     Defendant W&S admits only that while Plaintiff was employed by Defendant W&S, Defendant W&S maintained an office in North Charleston, South Carolina. Defendant W&S denies the remaining allegations in Paragraph 11 of the Second Amended Complaint.

12.     Defendant W&S admits the allegations in Paragraph 12 of the Second Amended Complaint.

13.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statement in Paragraph 13 of the Second Amended Complaint, and thus denies the allegations in Paragraph 13.

14.     Defendant W&S admits the allegations in Paragraph 14 of the Second Amended Complaint.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     Defendant W&S admits the allegations in Paragraph 15 of the Second Amended Complaint only to the extent they allege that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant W&S denies the remaining allegations in Paragraph 15 of the Second Amended Complaint.

16.     Defendant W&S admits the allegations in Paragraph 16 of the Second Amended Complaint.

17.     Defendant W&S admits the allegations in Paragraph 17 of the Second Amended Complaint.

18.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statement in Paragraph 18 of the Second Amended Complaint, and thus denies

the allegations in Paragraph 18.

## V. FACTUAL ALLEGATIONS

19.    In response to Paragraph 19 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 18 as if fully set forth herein.

20.    Defendant W&S admits the allegations in Paragraph 20 of the Second Amended Complaint.

21.    Defendant W&S denies the allegations in Paragraph 21 of the Second Amended Complaint.

22.    Defendant W&S admits only that Jason Roberts received a written warning while employed by W&S. Defendant W&S denies the remaining allegations in Paragraph 22 of the Second Amended Complaint.

23.    Defendant W&S admits only that Jason Roberts, while employed by W&S, attended a work-related event in or around December 2021 and thereafter received a written warning and training. Defendant W&S denies the remaining allegations in Paragraph 23 of the Second Amended Complaint.

24.    Defendant W&S admits only that it has policies and procedures prohibiting discrimination, harassment, and retaliation, which speak for themselves. Defendant W&S denies the remaining allegations in Paragraph 24 of the Second Amended Complaint.

25.    Defendant W&S admits the allegations in Paragraph 25 of the Second Amended Complaint.

26.    Defendant W&S admits only that the language provided on its website speaks for itself. Defendant W&S denies the remaining allegations in Paragraph 26 of the Second Amended Complaint.

27.     Defendant W&S admits only that Plaintiff began her employment with W&S at its North Charleston, South Carolina office in or around March 2022, that it is an Equal Opportunity Employer, and that its policies speak for themselves. Defendant W&S denies the remaining allegations in Paragraph 27 of the Second Amended Complaint.

28.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 28 of the Second Amended Complaint, and thus denies the allegations in Paragraph 28.

29.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 29 of the Second Amended Complaint, and thus denies the allegations in Paragraph 29.

30.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 30 of the Second Amended Complaint, and thus denies the allegations in Paragraph 30.

31.     Defendant W&S denies the allegations in Paragraph 31 of the Second Amended Complaint.

32.     Defendant W&S denies the allegations in Paragraph 32 of the Second Amended Complaint.

33.     Defendant W&S denies the allegations in Paragraph 33 of the Second Amended Complaint.

34.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 34 of the Second Amended Complaint, and thus denies the allegations in Paragraph 34.

35.     Defendant W&S admits only that Plaintiff attended the conference at issue with

Jason Roberts and another male coworker. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 35 of the Second Amended Complaint, and thus denies the remaining allegations in Paragraph 35.

36.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 36 of the Second Amended Complaint, and thus denies the allegations in Paragraph 36.

37.     Defendant W&S admits only that Jason Roberts attended the conference at issue. Defendant W&S denies the remaining allegations in Paragraph 37 of the Second Amended Complaint.

38.     Defendant W&S denies the allegations in Paragraph 38 of the Second Amended Complaint.

39.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 39 of the Second Amended Complaint, and thus denies the allegations in Paragraph 39.

40.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 40 of the Second Amended Complaint, and thus denies the allegations in Paragraph 40.

41.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 41 of the Second Amended Complaint, and thus denies the allegations in Paragraph 41.

42.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 42 of the Second Amended Complaint, and thus denies the allegations in Paragraph 42.

43.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 43 of the Second Amended Complaint, and thus denies the allegations in Paragraph 43.

44.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 44 of the Second Amended Complaint, and thus denies the allegations in Paragraph 44.

45.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 45 of the Second Amended Complaint, and thus denies the allegations in Paragraph 45.

46.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 46 of the Second Amended Complaint, and thus denies the allegations in Paragraph 46.

47.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 47 of the Second Amended Complaint, and thus denies the allegations in Paragraph 47.

48.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 48 of the Second Amended Complaint, and thus denies the allegations in Paragraph 48.

49.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 49 of the Second Amended Complaint, and thus denies the allegations in Paragraph 49.

50.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 50 of the Second Amended Complaint, and thus denies

the allegations in Paragraph 50.

51.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 51 of the Second Amended Complaint, and thus denies the allegations in Paragraph 51.

52.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 52 of the Second Amended Complaint, and thus denies the allegations in Paragraph 52.

53.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 53 of the Second Amended Complaint, and thus denies the allegations in Paragraph 53.

54.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 54 of the Second Amended Complaint, and thus denies the allegations in Paragraph 54.

55.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 55 of the Second Amended Complaint, and thus denies the allegations in Paragraph 55.

56.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 56 of the Second Amended Complaint, and thus denies the allegations in Paragraph 56.

57.    Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 57 of the Second Amended Complaint, and thus denies the allegations in Paragraph 57.

58.    Defendant W&S admits only that Plaintiff reported Jason Roberts' alleged actions

to law enforcement.

59.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 59 of the Second Amended Complaint, and thus denies the allegations in Paragraph 59.

60.     Defendant W&S admits the allegations in Paragraph 60 of the Second Amended Complaint.

61.     Defendant W&S denies the allegations in Paragraph 61 of the Second Amended Complaint.

62.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 62 of the Second Amended Complaint regarding Plaintiff's thought process, and thus denies those allegations in Paragraph 62. Defendant W&S denies the remaining allegations in Paragraph 62 of the Second Amended Complaint.

63.     Defendant W&S denies the allegations in Paragraph 63 of the Second Amended Complaint.

64.     Defendant W&S admits only that Jason Roberts' employment was terminated. Defendant W&S denies the remaining allegations in Paragraph 64 of the Second Amended Complaint.

65.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 65 of the Second Amended Complaint, and thus denies the allegations in Paragraph 65.

66.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 66 of the Second Amended Complaint, and thus denies the allegations in Paragraph 66.

67.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 67 of the Second Amended Complaint, and thus denies the allegations in Paragraph 67.

68.     Defendant W&S denies the allegations in Paragraph 68 of the Second Amended Complaint.

69.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 69 of the Second Amended Complaint regarding Plaintiff's thought process, and thus denies those allegations in Paragraph 69. Defendant W&S denies the remaining allegations in Paragraph 69 of the Second Amended Complaint.

70.     Defendant W&S denies the allegations in Paragraph 70 of the Second Amended Complaint.

71.     Defendant W&S admits only that Plaintiff resigned from employment with W&S. Defendant W&S denies the remaining allegations in Paragraph 71 of the Second Amended Complaint.

72.     Defendant W&S admits only that Plaintiff sought workers' compensation benefits, which were denied. Defendant W&S denies the remaining allegations in Paragraph 72 of the Second Amended Complaint.

73.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 73 of the Second Amended Complaint, and thus denies the allegations in Paragraph 73.

74.     Defendant W&S admits only that Jason Roberts was formerly employed by W&S. Defendant W&S denies the remaining allegations in Paragraph 74 of the Second Amended Complaint.

75. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 75 of the Second Amended Complaint, and thus denies the allegations in Paragraph 75.

76. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 76 of the Second Amended Complaint, and thus denies the allegations in Paragraph 76.

77. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 77 of the Second Amended Complaint, and thus denies the allegations in Paragraph 77.

78. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 78 of the Second Amended Complaint, and thus denies the allegations in Paragraph 78.

79. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 79 of the Second Amended Complaint, and thus denies the allegations in Paragraph 79.

80. Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 80 of the Second Amended Complaint, and thus denies the allegations in Paragraph 80.

81. Defendant W&S denies the allegations in Paragraph 81 of the Second Amended Complaint.

82. Defendant W&S denies the allegations in Paragraph 82 of the Second Amended Complaint.

## VI. FOR A FIRST CAUSE OF ACTION
### As to Defendant Roberts
### (Civil Assault and Battery)

83.     In response to Paragraph 83 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 82 as if fully set forth herein.

84.     As to Paragraph 84 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

85.     As to Paragraph 85 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

86.     As to Paragraph 86 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

87.     As to Paragraph 87 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

## VII.     FOR A SECOND CAUSE OF ACTION
### As to Defendant Weston & Sampson
### (Employer Retaliation – Title VII of the Civil Rights Act of 1964)

88.     In response to Paragraph 88 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 87 as if fully set forth herein.

89.     The allegations in Paragraph 89 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S admits only that Plaintiff reported that an incident had occurred at the conference at issue. Defendant W&S denies the remaining allegations in Paragraph 89 of the Second Amended Complaint.

90.     The allegations in Paragraph 90 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S

admits only that Plaintiff reported that an incident has occurred at the conference at issue. Defendant W&S denies the remaining allegations in Paragraph 90 of the Second Amended Complaint.

91.     The allegations in Paragraph 91 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 91 of the Second Amended Complaint.

92.     The allegations in Paragraph 92 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 92 of the Second Amended Complaint.

93.     The allegations in Paragraph 93 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 93 of the Second Amended Complaint.

94.     The allegations in Paragraph 94 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 94 of the Second Amended Complaint.

95.     The allegations in Paragraph 95 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 95 of the Second Amended Complaint.

96.     The allegations in Paragraph 96 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 96 of the Second Amended Complaint.

97.     The allegations in Paragraph 97 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S

denies the allegations in Paragraph 97 of the Second Amended Complaint.

98.     The allegations in Paragraph 98 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 98 of the Second Amended Complaint.

### VIII.   FOR A THIRD CAUSE OF ACTION
**As to Defendant Weston & Sampson**
**(Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.)**

99.     In response to Paragraph 99 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 98 as if fully set forth herein.

100.     The allegations in Paragraph 100 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 100 of the Second Amended Complaint.

101.     The allegations in Paragraph 101 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 101 of the Second Amended Complaint.

102.     The allegations in Paragraph 102 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 102 of the Second Amended Complaint.

103.     The allegations in Paragraph 103 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 103 of the Second Amended Complaint.

104.     The allegations in Paragraph 104 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 104 of the Second Amended Complaint.

105.    The allegations in Paragraph 105 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 105 of the Second Amended Complaint.

106.    The allegations in Paragraph 106 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 106 of the Second Amended Complaint.

107.    The allegations in Paragraph 107 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 107 of the Second Amended Complaint.

108.    Defendant W&S denies that Plaintiff is entitled to any of the relief sought and/or requested in Paragraph 108 of the Second Amended Complaint.

### IX. FOR A FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress against all Defendants)**

109.    In response to Paragraph 109 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 108 as if fully set forth herein.

110.    On March 17, 2025, the Court dismissed this claim against Defendant W&S. (ECF No. 76.) Accordingly, no response is required for Paragraph 110 of the Second Amended Complaint.

111.    On March 17, 2025, the Court dismissed this claim against Defendant W&S. (ECF No. 76.) Accordingly, no response is required for Paragraph 111 of the Second Amended Complaint.

112.    On March 17, 2025, the Court dismissed this claim against Defendant W&S. (ECF No. 76.) Accordingly, no response is required for Paragraph 112 of the Second Amended Complaint.

113. On March 17, 2025, the Court dismissed this claim against Defendant W&S. (ECF No. 76.) Accordingly, no response is required for Paragraph 113 of the Second Amended Complaint.

## X. FOR A FIFTH CAUSE OF ACTION
### As to all Defendants (Defamation and Defamation Per Se)

114. In response to Paragraph 114 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 113 as if fully set forth herein.

115. The allegations in Paragraph 115 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 115 of the Second Amended Complaint.

116. The allegations in Paragraph 116 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 116 of the Second Amended Complaint.

117. The allegations in Paragraph 117 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 117 of the Second Amended Complaint.

118. The allegations in Paragraph 118 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 118 of the Second Amended Complaint.

119. The allegations in Paragraph 119 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 119 of the Second Amended Complaint, and thus denies the allegations in Paragraph 119.

120.     Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 120 of the Second Amended Complaint, and thus denies the allegations in Paragraph 120.

121.     The allegations in Paragraph 121 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 121 of the Second Amended Complaint.

122.     The allegations in Paragraph 122 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 122 of the Second Amended Complaint, and thus denies the allegations in Paragraph 122.

123.     The allegations in Paragraph 123 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 123 of the Second Amended Complaint.

124.     The allegations in Paragraph 124 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 124 of the Second Amended Complaint, and thus denies the allegations in Paragraph 124.

125.     The allegations in Paragraph 125 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 125 of the Second Amended Complaint.

126.     The allegations in Paragraph 126 of the Second Amended Complaint contain legal

conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 126 of the Second Amended Complaint.

127.   The allegations in Paragraph 127 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 127 of the Second Amended Complaint.

128.   The allegations in Paragraph 128 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 128 of the Second Amended Complaint.

129.   The allegations in Paragraph 129 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant W&S denies the allegations in Paragraph 129 of the Second Amended Complaint.

## XI. FOR A SIXTH CAUSE OF ACTION
### As to Defendant Roberts (Tortious Interference with Contract)

130.   In response to Paragraph 130 of the Second Amended Complaint, Defendant W&S incorporates its responses to Paragraphs 1 through 129 as if fully set forth herein.

131.   As to Paragraph 131 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

132.   As to Paragraph 132 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

133.   As to Paragraph 133 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

134.   As to Paragraph 134 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

135.   As to Paragraph 135 of the Second Amended Complaint, a response is not required

as these allegations are not directed at Defendant W&S.

136.    As to Paragraph 136 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

137.    As to Paragraph 137 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

138.    As to Paragraph 138 of the Second Amended Complaint, a response is not required as these allegations are not directed at Defendant W&S.

139.    Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs 139 and 140 of the Second Amended Complaint.

140.    Regarding Plaintiff's jury demand, Defendant W&S admits only that Plaintiff is entitled to a jury trial on her legal claims to the extent those claims survive pretrial dismissal and are appropriately subject to a jury trial pursuant to the applicable statute(s). Defendant W&S denies that any claims should survive pretrial dismissal. All equitable claims and issues should be decided by the Court without a jury.

141.    Defendant W&S denies any allegations in Plaintiff's Complaint that have not been specifically admitted, denied, or referred to on information or belief.

## FOR A SECOND DEFENSE

Plaintiff's Second Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

Some or all of the claims in the Second Amended Complaint should be barred based upon the applicable statute of limitations.

### FOR A FOURTH DEFENSE

Some or all of the relief sought by Plaintiff in the Second Amended Complaint may be barred to the extent that Plaintiff has failed to mitigate her damages.

### FOR A FIFTH DEFENSE

Some or all of the relief sought by Plaintiff in the Second Amended Complaint may be barred by the doctrine of after-acquired evidence.

### FOR A SIXTH DEFENSE

All actions taken by Defendant W&S with respect to Plaintiff were justified, reasonable, and in good faith, without any improper motive, purpose, or means.

### FOR A SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that she has failed to exhaust administrative remedies and procedural prerequisites for bringing a claim against Defendant W&S under Title VII of the Civil Rights Act of 1964.

### FOR AN EIGHTH DEFENSE

All actions taken by Defendant W&S with respect to Plaintiff were made based on legitimate, non-discriminatory, and non-retaliatory considerations.

### FOR A NINTH DEFENSE

Defendant W&S has made good-faith efforts to prevent discrimination and retaliation in the workplace and to comply with Title VII of the Civil Rights Act of 1964. In the event that Defendant W&S is determined to have violated Title VII, which it denies, such violation was in good faith, and Defendant W&S had reasonable grounds for believing that its actions did not violate such statutes.

### FOR A TENTH DEFENSE

To the extent that Plaintiff purports to demonstrate that an improper motive played a part

in any challenged employment decision, the same employment decision would have been made in the absence of any alleged improper motive.

### FOR AN ELEVENTH DEFENSE

If any allegations of unlawful conduct are true, Defendant W&S's employees implicated in those allegations acted on their own, in violation of Defendant W&S's strict policies prohibiting such conduct and acted outside the scope of their employment.

### FOR A TWELFTH DEFENSE

Plaintiff's claim for punitive damages is barred because Defendant W&S, at all times, acted in a reasonably prudent manner, without any intent to harm Plaintiff and without malice or reckless indifference to Plaintiff's rights.

### FOR A THIRTEENTH DEFENSE

At all times relevant hereto, Defendant W&S maintained policies against unlawful discrimination and harassment in the workplace and such policy was well-known to employees, including Plaintiff.

### FOR A FOURTEENTH DEFENSE

Any award of punitive damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States. Therefore, Plaintiff's claim for punitive damages is barred in whole or in part.

### FOR A FIFTEENTH DEFENSE

Any communications concerning Plaintiff were made without malice between persons with a legitimate interest in the subject matter and were thereby protected by a qualified privilege.

### FOR A SIXTEENTH DEFENSE

The actions and/or statements allegedly published by Defendant W&S did not have a

defamatory meaning, and therefore the claim for defamation should be dismissed.

### FOR A SEVENTEENTH DEFENSE

Any statements published by Defendant W&S were truthful in all respects and that such truth acts as an absolute bar to Plaintiff's defamation cause of action.

### FOR AN EIGHTEENTH DEFENSE

Assuming any allegedly defamatory statements were made, which Defendant W&S expressly denies, Plaintiff's claims are barred because the statements were protected by a qualified, conditional, and/or absolute privilege.

### FOR A NINETEENTH DEFENSE

Assuming any allegedly defamatory statements were made, which Defendant W&S expressly denies, those remarks were not published by Defendant W&S.

### FOR A TWENTIETH DEFENSE

The actions and/or statements allegedly published by Defendant W&S were not made with actual or implied malice, and therefore the claim for defamation should be dismissed.

### FOR A TWENTY-FIRST DEFENSE

To the extent Plaintiff is entitled to punitive damages, which Defendant W&S denies, S.C. Ann. Code Section 15-32-530 applies, and all such damages are limited by statute.

### FOR A TWENTY-SECOND DEFENSE

Defendant W&S is not liable for Plaintiff's claim for damages set forth in the Second Amended Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

### FOR A TWENTY-THIRD DEFENSE

Defendant W&S reserves the right to amend its Answer or assert further defenses upon

discovery of facts not previously known.

**WHEREFORE,** having fully answered Plaintiff's Second Amended Complaint, Defendant W&S prays that:

A.    The Court enter judgment in Defendant W&S's favor;

B.    Plaintiff's Second Amended Complaint be dismissed with prejudice;

C.    The Court award Defendant W&S all costs, expenses, fees, and damages that may arise with the defense of Plaintiff's Second Amended Complaint; and

D.    The Court award Defendant W&S such further relief as it deems just and proper.

Respectfully submitted this 31st day of March, 2025.

By: *s/ D. Randle Moody, II*
D. Randle Moody, II (Fed. I.D. No. 7169)
Email: Randy.Moody@jacksonlewis.com
Laura A. Ahrens (Fed. I.D. No. 13396)
Email:  laura.ahrens@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT WESTON &*
*SAMPSON ENGINEERS, INC.*