IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lauren Ballard, ) | |
| ) | C/A No. 2:24-cv-1682-RMG-WSB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Weston & Sampson Engineers, Inc., ) | |
| and Jason Roberts, individually, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Jason Roberts, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Lauren Ballard, ) | |
| ) | |
| Counter-Defendant. ) | |
| _____) | |

**DEFENDANT JASON ROBERTS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES OR,
ALTERNATIVELY, TO
COMPEL COMPLETE EXPERT DISCLOSURES**

Defendant Jason Roberts files this Motion to Strike Plaintiff's Expert Disclosures or, alternatively, to Compel Complete Expert Disclosures. Plaintiff's disclosures do not provide a summary of the facts and opinions to which these non-retained experts are expected to testify as required by Federal Rule of Civil Procedure 26(a)(2)(C). (ECF No. 75). Without the proper disclosures, Defendant is unable to assess these expert's opinions and the facts relied upon by them and determine whether Plaintiff is seeking to use these non-retained experts to provide improper expert opinion testimony. Accordingly, these experts should be stricken or, alternatively, Plaintiff should be compelled to comply with Rule 26's disclosure requirements.

## I.    FACTS/BACKGROUND

On March 5, 2025, Plaintiff filed her Rule 26(a)(2) expert disclosures naming four "non-retained experts:"

1. Jacqueline D. Maillet, SANE Nurse at Mission Heath SANE/Forensic Nurse Team Supervisor in Asheville, N.C.;

2. "Carolina Center for Behavioral Health, including Lance Feldman, MD," in Greer, S.C.;

3. "MUSC Behavioral Health, including Ethan Ashley, MD," in Charleston S.C.; and

4. Oconee Mental Health Services representatives in Seneca, S.C.

(ECF No. 75 1-2).

On March 21, 2025 after receiving Plaintiff's expert designations, Defendant Roberts requested a meet and confer to discuss the sufficiency of the Plaintiff's designations and the lack of expert reports. Counsel for all parties conferred on March 26, 2025 and Plaintiff's counsel thereafter provided a legal argument for their position. However, after further research Defendant Roberts cannot agree that Plaintiff's designations are sufficient. Plaintiff contends that these non-retained experts do not need to prepare separate reports and will rely on medical records produced in discovery. *Id.* Further, she states that she "**specifically reserve (sic) the right to call and elicit any opinions from any and all expert witnesses at the trial of this case. The medical providers listed here will be used as both expert and fact witnesses.**" *Id.* at 2 (emphasis in original).

Plaintiff states that Ms. Maillet "is expected to testify as to Plaintiff's injuries, medical treatment and diagnosis including opinions regarding the nature, extent and causation of the injuries, based on her experience and medical expertise, treatment records, tests and information located in the Plaintiff's medical records." *Id.* at 2-3. Drs. Feldman and Ashley are "expected to

testify as to the impacts that the incidents, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on [their] medical expertise and treatment records and information located in the Plaintiff's medical records." *Id.* at 3. The Oconee Mental Health Service representatives is "expected to testify as to the impacts that the incidents at issue, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on their medical expertise and information located in the Plaintiff's medical records." *Id.*

## II.     LEGAL STANDARD

A party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then the expert must provide a comprehensive written report which contains, inter alia, a "complete statement of all opinions," the basis and reasons for such opinions, and the witness's qualifications. Fed. R. Civ. P. 26(a)(2)(B).

If the expert is not specifically retained to provide expert testimony, then the expert need not provide a comprehensive written report but still must disclose the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) provides that when a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

### III. DISCUSSION

Plaintiff has disclosed non-retained experts with a generic summary of their opinions and a reference to Plaintiff's medical records and these experts' "medical expertise" as the basis for their opinions. Even assuming for the purposes of this motion that these experts are properly determined to be non-retained experts,[1] Rule 26(a)(2)(C) requires a non-retained expert disclosure to include a summary of the facts and opinions to which the witness is expected to testify. Because Plaintiff's disclosures fail to satisfy these requirements, the Court should strike these expert disclosures.

A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, "is recruited to provide expert opinion testimony." *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011). In contrast, a non-retained expert witness's testimony "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *Id.* A witness can also serve as a hybrid witness as to some opinions, but also serve as a retained expert as to others. *Holmes v. Maersk A/S, Co.*, No. 2:20-CV-04014-DCN, 2022 WL 686791, at *6 (D.S.C. Mar. 8, 2022) (citing *Sullivan v. Glock*, 175 F.R.D. 497, 500 (D. Md. 1997).

Non-retained medical providers who have provided medical treatment fall into a grey area. They have been referred to as "hybrid experts" who have knowledge of the underlying facts but can also offer **limited** opinion testimony because of their specialized knowledge. *See Kobe v.*

---

[1]Without the proper disclosures, Defendant cannot determine whether these experts should be properly deemed to be non-retained experts. *See Grant v. Lowe's Home Centers, LLC*, No. 9:20-CV-00764-DCN, 2021 WL 5882005, at *6 (D.S.C. Apr. 8, 2021) (holding that when the treating physician goes beyond observations and opinions obtained through treatment, then the treating physician becomes an expert who may need to provide a Rule 26(a)(2)(B) report). Some of these non-retained experts' opinions may go beyond the limits of non-retained experts. Accordingly, Defendant assumes they are non-retained experts only for the purposes of this motion.

*Haley*, No. 3:11-1146-TMC, 2013 WL 4067921, at *3–4 (D.S.C. Aug. 12, 2013) (holding that because physicians in the case were "not testifying only as to their care and treatment of [the p]laintiffs," but "also providing what appears to be some expert testimony under Rules 702 and 703," the physicians were hybrid witnesses and "hybrid witnesses are subject to Rule 26(a)(2)(C) requirements.").

However, "[w]hen the treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report." *Grant v. Lowe's Home Centers, LLC*, No. 9:20-CV-00764-DCN, 2021 WL 5882005, at *6 (D.S.C. Apr. 8, 2021); *see also Morris v. Bland*, 666 Fed. Appx. 233, 239 (4th Cir. 2016) ("[n]umerous courts have held that a physician is exempt from this written report requirement only as to opinions formed during the course of treatment."). Thus, hybrid experts' opinion testimony is generally limited to "opinions that were formed during the course of their participation in the relevant events of the case, and only to those opinions which were properly disclosed." *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013). [2]

In any event, a party seeking to submit testimony of a treating physician as a non-retained expert must still comply with Rule 26(a)(2)(C) by disclosing the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). As other district courts have recognized, "to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing

---

[2] The party seeking to avoid producing a retained expert report bears the burden of demonstrating that the witness is a hybrid witness. *Holmes*, 2022 WL 686791,*7 n.4.

reference to the care a treating physician provided." *Grant*, 2021 WL 5882005, at *7. The disclosures "must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Id.* (internal citation omitted).

As stated above, even assuming for the purposes of this motion only that Plaintiff's non-retained experts are treating medical providers or physicians, Plaintiff's disclosures are plainly insufficient. Plaintiff has not provided any summary of the facts. Further, she provides no information about these alleged experts' examinations, specific treatment or diagnoses, or the actual opinions. Rule 26(a)(2)(C) requires the "summary of the facts" to contain "a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information." *Tolan*, 2015 WL 5332171, at *6.

Instead, has had provided Plaintiff's medical records. However, a mere "reference [to] large bodies of material sources of fact" does not qualify as a summary of facts. *Id. See also Kristensen ex rel. Kristensen v. Spotnitz,* 2011 WL 5320686 (W.D. Va. 2011) (finding that the names of the witnesses along with an indication that " 'medical records'. . . which had been submitted 'in previous discovery' " was insufficient to comply with the rule . . . a 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium.'"); *Carbajal v. Lucio*, No. 10-cv-02862-PAB-KLM, 2016 WL 7335475, at *2 (D. Colo. Dec. 16, 2016) (explaining that for a non-retained expert "citations to the record, deposition testimony, or other materials without a clear indication of what sections will be used or how the facts or opinions will be framed and presented in testimony" do not satisfy expert disclosure requirements).

Moreover, as noted above, the leeway for treating medical providers or physicians only goes so far. Several cases have held that a treating practitioner as a non-retained expert may

6

express opinions as to diagnosis, prognosis, extent of disability and causation *where they are based on the treatment*. *See Morris*, 666 Fed. App'x at 239 (emphasis added) ("[n]umerous courts have held that a physician is exempt from this written report requirement only as to opinions formed during the course of treatment."); *Grant*, 2021 WL 5882005, at *6 (holding that when the treating physician goes beyond observations and opinions obtained through treatment, then the treating physician steps becomes an expert who may need to provide a Rule 26(a)(2)(B) report); *Leonard v. Louis Berkman LLC W. Virginia*, No. 5:03CV109, 2006 WL 8442327, at *2 (N.D.W. Va. Feb. 22, 2006) (citing *Bragg v. Liberty Mut. Ins. Co.*, 77 F.R.D. 78 (E.N.H. 1998) (collecting cases)); *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition *during* the treatment then such an opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B).") (emphasis added).

Thus, Plaintiff's non-retained experts' opinions are limited to those formed based on information and material reviewed or prepared in the course of treating Plaintiff. However, without the proper disclosures of the opinions of these experts, Defendant is unable to determine whether these non-retained experts formed their opinions during Plaintiff's treatment.

Given Plaintiff's failure to submit the required disclosures in accordance with Rule 26(a)(2)(C), the non-retained treating medical providers' expert testimony should be stricken. Complying with Rule 26 is "not merely an aspiration as the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Kobe v. Haley*, No. CA 3:11-1146-TMC, 2013 WL 4067921, at *4 (D.S.C. Aug. 12, 2013) (citations and internal quotation marks omitted). "Failure to comply with either requirement [in Rule 26(a)(2)(C)] typically will result in mandatory exclusion." *Timpson by & through Timpson*

*v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253 (4th Cir. 2022) (citing Fed. R. Civ. P. 37(c)(1); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595–96 (4th Cir. 2003)). When a party fails to provide this disclosure, the party is not allowed to use that witness at trial unless the failure to disclose was substantially justified or is harmless.

In determining whether non-disclosure of an expert's expected testimony is substantially justified or harmless, this court may consider: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Southern States Rack & Fixture v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The burden of showing that nondisclosure was substantially justified or harmless lies with the non-disclosing party – here, the Plaintiff. *Id.*

As stated above, prior to filing this motion, Defendant conferred with opposing counsel and attempted in good faith to resolve this matter.

## IV.    CONCLUSION

The disclosure of names and addresses of non-retained expert witnesses, without a summary of facts and opinions to which the specific witnesses are expected to testify, is insufficient to satisfy Rule 26(a)(2). As such, Plaintiff's non-retained expert witness designations should be stricken or Plaintiff should be ordered to comply with the disclosure requirements set forth in Rule 26 and additional deadlines should be set so that the Defendant has an opportunity consult with experts regarding the information disclosed and make additional expert disclosures.

Respectfully submitted,

s/Deborah B. Barbier

Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

April 14, 2025