IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
2:24-cv-1682-RMG-WSB

| | |
|---|---|
| **Lauren Ballard,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **PLAINTIFF'S OPPOSITION TO** |
| | )    **DEFENDANTS MOTION TO STRIKE** |
| **Weston & Sampson Engineers, Inc. and** | ) |
| **Jason Roberts, Individually** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Plaintiff opposes Defendant and Counter Plaintiff Roberts' Motion to Strike or Compel Plaintiff to provide additional clarity regarding her the disclosure of her treating physicians as witnesses, provided pursuant to FRCP Rule 26(a)(2)(B). See ECF 83 (Defendant's Motion to Strike);ECF 75 (Plaintiff's Disclosures); ECF 84 (Defendant Weston & Sampson Joinder to Defendant Roberts Motion to Strike.)

## INTRODUCTION

Employees have the right to expect that they will be safe at work and that employers will follow their own rules- and the law- in training, supervising and hiring. In this case Plaintiff alleges that Defendants' actions caused Lauren (the Plaintiff) injury which necessitated treatment by doctors and healthcare professionals.

Plaintiff disclosed healthcare providers in her LR 26.03 disclosures (ECF 65, dated September 23, 2024, and her Rule 26 (a)(1) materials, dated September 20, 2024. Lauren has not hired and paid outside experts to do reports, but named her own treating healthcare professionals,

pursuant to FRCP Rule 26(a)(2)(C), as what has sometimes been referred in the caselaw as non-retained hybrid fact-expert witnesses. ECF 75, Plaintiff's Disclosures.

Lauren filed her disclosures (Exh 1) and then upon objection from Defendant Roberts supplemented the same with medical records which contain the substance of the treating healthcare providers' examination, treatment and prognosis. Plaintiff's understanding of Defendants Motion is not that there is a dispute over the identity of witnesses or the contents of the medical records (they are not claiming those are a surprise), but a difference of opinion as to what is required under the relevant rule, FRCP Rule 26(a)(2)(C).

Defendant states they are unable to determine based on the submission and the records whether the treating physicians "formed their opinions during the Plaintiff's treatment" and state that they do not want to be unfairly surprised. ECF 83-1 p. 7.

Counsel have conferred and exchanged relevant law, and have done so in good faith in an attempt to resolve the dispute.

## LEGAL OVERVIEW

This Court stated in *Southern Industrial Contractors, LLC v. O'Brien* 2:19-cv-1691-RMG.( D.S.C. April 1, 2021) as follows:

> Rule 26(a)(2) provides for two different types of disclosure of expert opinions. Rule 26(a)(2)(B) requires experts who are "retained or specially employed to provide expert testimony in the case or ... whose duties as the party's employee regularly involve giving expert testimony" to disclose an extensive expert report. Rule 26(a)(2)(C) requires experts who are not so retained or employed to provide a more summary disclosure of the witness's expected testimony. Rule 26(a)(2)(C) was added to Rule 26 in 2010. The committee notes explain:
>
>> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule

> 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.

Rule 26(a)(2)(C) witnesses "typically are treating physicians or party employees, but the rule is not confined to such witnesses." *See United States v. 269 Acres More or Less, Located in Beaufort County South Carolina,* No. 9:16-cv-2550-RMG, 2018 WL 542225, at *2 (D.S.C. Jan. 24, 2018).

## **DISCUSSION**

As with similar treating physicians called to testify about their care of a patient, Lauren's treating physician's testimony will address knowledge gained and opinions formed during the course of treatment, based on the witnesses' training and experience as healthcare and mental health care providers. This has been ruled to be permissible testimony without a separate report.  *Nicholson v. Biomet, Inc.,* 537 F. Supp. 3d 990, 1019 (N.D. Iowa 2021) (treating physician's causation testimony was based on treatment he provided to plaintiff and was permissible without production of expert report).*Smithwick v. BNSF Ry. Co.,* 447 F. Supp. 3d 1239, 1249 (W.D. Okla. 2020) (treating physician's testimony may extend to opinions on causation only to extent that opinions about cause of injury are necessary part of patient's treatment). *Vaughn v. Carnival Corp.,* 571 F. Supp. 3d 1318, 1324 (S.D. Fla. 2021) (opinions as to cause of injuries do not require written report if based on examination and treatment of patients). *Hahnel v. United States*, 782 F. Supp. 2d 20, 29 (W.D.N.Y. 2011) (back surgeon who

formed opinion as to causation during course of treatment was not required to provide written report); *Galvez v. KLLM Transp. Servs.,* LLC, 575 F. Supp. 3d 748, 754 (N.D. Tex. 2021) (treating physician who does not provide expert report may testify as to facts disclosed during care—as well as diagnosis, causation of plaintiff's injuries, and plaintiff's prognosis—as long as those opinions are based on personal knowledge and observations obtained during course of treatment).*Clanton v. United States,* 241 F. Supp. 3d 857, 867 n.13 (S.D. Ill. 2017) (doctor's opinion regarding causation of plaintiff's renal failure was made during course of providing treatment, rather than at request of counsel in anticipation of litigation and, thus, doctor was not required to submit expert report under Rule 26(a)(2)).

      Treating physicians may offer their observations and opinions related to their "diagnosis and treatment" of a patient. See *Indem. Ins. Co. of N. Am. v. Am. Eurocopter* LLC, 227 F.R.D. 421, 423 (M.D.N.C. 2005). They may also give their opinions about "causation and prognosis" as long as those opinions were formed "during the regular course of the physicians' treatment." See *O'Brien v. Osborn Transp., Inc.,* No. 4:08-CV-3008-TLW-TER, 2010 WL 11639974, (D.S.C. Mar. 23, 2010). This is because courts recognize "[i]t is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course" of treating a patient. See *Fielden v. CSX Transp., Inc.,* 482 F.3d 866, 870 (6th Cir. 2007) (quoting *Martin v. CSX Transp., Inc.,* 215 F.R.D. 554, 557 (S.D. Ind. 2003)). A treating physician's causation opinions are admissible if they are based on his or her treatment of the patient. See *Wickersham v. Ford Motor C*o., No. 9:13-CV-1192-DCN, 2016 WL 5349093, at *3 (D.S.C. Sept. 26, 2016); *Fantauzzo v. Sperry, No*. 2:21CV4 (RCY), 2022 WL 1524990, at *3 (E.D. Va. May 13, 2022). "An opinion is 'based on' treatment where the physician acquires the

information used in forming the opinion through treatment*." Wickersham*, 2016 WL 5349093, at *3.

In *O'Brien v. Osborn Transp.,* 4:08-cv-3008-TLW-TER, cited above, Thomas E. Rogers, III, United States Magistrate Judge stated:

> Defendants argue that while treating physicians may testify as fact witnesses concerning the treatment and diagnosis of a party—which is a part of the ordinary treatment process—opinions regarding causation, permanency, and prognosis exceed the scope of lay testimony and enter the realm typically reserved for properly disclosed expert witnesses. Defendants argue that the treating physicians' testimony should be limited to what they saw and did and why they did it. However, a majority of the courts that have addressed this issue have not placed such a strict limitation upon treating physicians. Even the cases cited by Defendants fail to support such a strict limitation. Rather, courts have generally found that opinions as to causation and prognosis formed during the course of treatment do not necessitate a Rule 26(a)(2)(B) report. See, e.g., *Indemnity Ins. Co. of North America v. American Eurocopter LLC*, 227 F.R.D. 421, 423-424 (M.D.N.C. 2005); *Griffith v. Northeast Illinois Regional Commuter R.R*., 233 F.R.D. 513, 518 (N.D.Ill. 2006); *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D.Va.1995); Osterhouse v. Grover, 2006 U.S. Dist. LEXIS 30904, 2006 WL 1388841, *2 (S.D.Ill. 2006); Wreath v. United States, 161 F.R.D. 448, 450 (D.Kan.1995); Piper v. Harnischfeger Corp., 170 F.R.D. 173, 175 (D.Nev.1997); Glass v. Crimmins Transfer Co., 299 F.Supp.2d 878, 888 (C.D.Ill.2004); Washington v. Arapahoe County Dept. of Social Servs., 197 F.R.D. 439, 442 (D.Colo.2000); Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H.1998); Salas v. U.S., 165 F.R.D. 31, 33 (W.D.N.Y.1995); Garcia v. City of Springfield Police Dept., 230 F.R.D. 247, 248-249 (D.Mass. 2005); Fielden v. CSX Transp., Inc., 482 F.3d 866, 869 (6th Cir.2007); Guidry v. Fairways Offshore Exploration, Inc.2008 U.S. Dist. LEXIS 78884, : 2008 WL 4425566, *8 (S.D.Tex. 2008).

Applying these principles Plaintiff believes that her disclosures are sufficient and that the doctors should not be narrowly limited in their testimony.

## REQUEST TO STRIKE

The Defendants ask the Court to strike the expert designation and to take the extreme step of ruling to exclude her treating physicians from testifying or to order supplementation of

the disclosures. Should the Court feel that the expert designations of Lauren Ballard's treating healthcare providers is insufficient, she requests leave to amend the designations as required by the court to add or correct any insufficiencies. Defendants have not identified any specific prejudice to date suffered from Plaintiff's alleged actions. They have also articulated no prejudice that will result if the Court finds deficiencies and permits amendment rather than ordering the witnesses stricken from the record.

From the perspective of prejudice and surprise, the suit was filed in 2024. Plaintiff served LR 26.03 interrogatory responses on or about September 23, 2024, disclosing lay witnesses and healthcare providers. Plaintiff served Rule 26 (a) (1) materials which included lay witnesses and healthcare providers on September 20, 2024. Recently the Court ruled on the Defendants Motions to Dismiss March 17, 2025 (ECF 76) and granted a Motion to revise the scheduling order, continuing discovery through August 28, 2025 (ECF 82). There is sufficient time for appropriate discovery, and no trial date has been set.

"Should the Court find the disclosure insufficient, Courts have broad discretion in deciding whether the failure was substantially justified or is harmless. *Wilkins v. Montgomery,* 751 F.3d 214, 222 (4th Cir. 2014). In doing so, the court should consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co*., 318 F.3d 592, 597 (4th Cir. 2003) ("the Southern States factors")." *Crimmins v. United States,* 2:17-cv-3470-DCN (August 9, 2019)(D.S.C).

Applying the above criteria, the identity of the witnesses is not a surprise. Plaintiff Lauren Ballard has identified the witnesses and provided the Defendants with the medical reports. In addition Plaintiff included the following information (ECF 75):

1. **Jacqueline D. Maillet, SANE Nurse.** Ms. Maillet treated Plaintiff when she went to the hospital for treatment following the incidents at issue. She is expected to testify as to Plaintiff's injuries, medical treatment and diagnosis including opinions regarding the nature, extent and causation of the injuries, based on her experience and medical expertise, treatment records, tests and information located in the Plaintiff's medical records.

2. **Lance Feldman, MD.** Dr. Feldman is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and following the incidents set forth in the Complaint. He is expected to testify as to the impact that the incidents at issue, Plaintiff's job loss and working conditions had upon Plaintiff's mental health, based on his medical expertise, treatment records and information located in Plaintiff's medical records.

3. **Ethan Ashley MD.** Dr. Ashley is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and the period following the incidents at issue herein. He is expected to testify as to the impacts that the incidents, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on his medical expertise and treatment records and information located in the Plaintiff's medical records.

4. **Oconee Mental Health Services**. Oconee Mental Health Services representatives are expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and the period following the incidents set forth in the Complaint. OMHS is also expected to testify as to the impacts that the incidents at issue, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on their medical expertise and information located in Plaintiff's medical records.

Plaintiff asserts that this is not a case where there are surprises. Looking at the second criteria, should there be missing information, there is sufficient time to amend and correct deficiencies. Third, no trial date has been set and the parties have just exchanged requests for written discovery. Plaintiff cannot be said to have interfered with the trial. Looking at the next element, treating healthcare providers are important witnesses. The testimony of treating

physicians is important in any case. Because they personally evaluate and treat the parties, their firsthand knowledge, and observations, are of great value to the factfinder. They help the parties and the jury understand the link between the alleged events and the documented injuries, providing essential information for claims and defenses alike. Finally, Plaintiff believes she has complied with the disclosure requirements and the Defendants have adequate information to move forward.

## **CONCLUSION**

Given the foregoing Plaintiff respectfully requests that the Defendants' Motion to Strike or compel modification be denied.

Respectfully Submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID #9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF

April 28, 2025
Mt. Pleasant SC