IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lauren Ballard, <br><br>                    Plaintiff, <br><br> v. <br><br> Weston & Sampson Engineers, Inc., <br> Jason Roberts <br><br>                    Defendants. <br><br> Jason Roberts, <br><br>                    Counter-Plaintiff, <br><br> v. <br><br> Lauren Ballard, <br><br>                    Counter-Defendant. | C/A No. 2:24-cv-01682-RMG-WSB <br><br> **ORDER** |

Before the Court is Defendant Jason Roberts' ("Roberts") Motion to Strike Plaintiff Lauren Ballard's ("Ballard") Expert Disclosures or, in the alternative, to Compel Complete Expert Disclosures and Weston & Sampson Engineers, Inc. ("W&S") Motion for Joinder. ECF Nos. 83; 87. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**BACKGROUND**

On March 5, 2025, Ballard filed expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) identifying "the following non-retain experts who are also disclosed in Ballard's Rule 26(a)(1) disclosures:"

1.    **Jacqueline D. Maillet, SANE Nurse at Mission Heath SANE/Forensic Nurse**

1

        **Team Supervisor in Asheville, NC …;**

2. **Carolina Center for Behavioral Health, including Lance Feldman, MD, in Greer, SC …;**

3. **MUSC Behavioral Health, including Ethan Ashley, MD, in Charleston SC …;**

4. **Oconee Mental Health Services representatives in Seneca, SC …**

**Plaintiff specifically reserve[s] the right to call and elicit any opinions from any and all expert witnesses at the trial of this case. The medical providers listed here will be used as both expert and fact witnesses. The Plaintiff reserves the right to supplement this response as discovery progresses.**

ECF No. 75 at 1-2 (emphasis in original). Ballard also stated that "[t]he physician experts have not prepared separate reports, and the Plaintiff will rely on medical records produced in discovery." *Id.* at 2. Ballard provided the following summary of expected testimony:

1. **Jacqueline D. Maillet, SANE Nurse.** Ms. Maillet treated Plaintiff when she went to the hospital for treatment following the incidents at issue. She is expected to testify as to Plaintiff's injuries, medical treatment and diagnosis including opinions regarding the nature, extent and causation of the injuries, based on her experience and medical expertise, treatment records, tests and information located in the Plaintiff's medical records.

2. **Lance Feldman, MD.** Dr. Feldman is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and following the incidents sets forth in the Complaint. He is expected to testify as to the impact that the incidents at issue, Plaintiff's job loss and working conditions had upon Plaintiff's mental health, based on his medical expertise, treatment records and information located in Plaintiff's medical records.

3. **Ethan Ashley MD.** Dr. Ashley is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and the period following the incidents at issue herein. He is expected to testify as to the impacts that the incidents, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on his medical expertise and treatment records and information located in the Plaintiff's medical records.

4. **Oconee Mental Health Services**. Oconee Mental Health Services representatives are expected to testify as to Plaintiff's treatment, diagnosis and

> care as it relates to the time period that Plaintiff was employed by Defendant Weston & Sampson, and the period following the incidents set forth in the Complaint. OMHS is also expected to testify as to the impacts that the incidents at issue, Plaintiff's job loss and working conditions had on Plaintiff's mental health, based on their medical expertise and information located in the Plaintiff's medical records.

*Id*. at 3 (emphasis in original).

Roberts filed the Motion to Strike Ballard's Expert Disclosures or, in the alternative, to Compel Complete Expert Disclosures on April 14, 2025. ECF No. 83. W&S moved to join Roberts' Motion on April 24, 2025.[1] ECF No. 87. Ballard filed a Response on April 28, 2025. ECF No. 85. These matters are ripe for review.

## **APPLICABLE LAW**

**Expert Disclosures**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Federal Rule of Civil Procedure 26(a)(2) provides as follows:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony...
>
> …
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise

---

[1] W&S states in its Motion:

> Defendant W&S agrees with the arguments laid out by Defendant Roberts in the Discussion section of the Memorandum in Support of the Motion and Defendant Roberts' request includes, in part, the setting of additional deadlines resulting from the Court's ruling, to permit Defendants the opportunity to consult with experts regarding the information disclosed and make additional expert disclosures, which should and will likely apply to all Defendants.

*Id*. The Court grants W&S's Motion to join and refers collectively to Roberts and W&S as Defendants.

3

> stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

*Id*.

Witnesses subject to Rule 26(a)(2)(C) "typically are treating physicians or party employees, but the rule is not confined to such witnesses." *See United States v. 269 Acres More or Less, Located in Beaufort Cnty. S.C.*, C/A No. 9:16-cv-2550-RMG, 2018 WL 542225, at *2 (D.S.C. Jan. 24, 2018). "Treating physicians generally do not have to comply with the requirements of Rule 26(a)(2)(B), meaning they do not have to provide an expert report." *Grant v. Lowe's Home Ctrs.*, C/A No. 9:20-cv-00764-DCN, 2021 WL 5882005, at *6 (D.S.C. Apr. 8, 2021) (citations omitted). As such, treating physicians may opine "as to causation and prognosis formed during the course of treatment" without requiring a 26(a)(2)(B) report, but "[w]hen the treating physician goes beyond the observations and opinions obtained by treating the individual and <u>expresses opinions acquired or developed in anticipation of trial</u>, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report." *Id*. (emphasis in original) (citing *O'Brien v. Osborn Transp., Inc.*, 2010 WL 11639974, at *1 (D.S.C. Mar. 23, 2010) (collecting cases)); *see Morris v. Bland*, 666 F. App'x. 233, 239 (4th Cir. 2016).

"[T]he [Rule 26(a)(2)(C)] disclosure 'is considerably less extensive than the report required by Rule 26(a)(2)(B)[,]'" but the disclosure "must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Grant*, 2021 WL 5882005 at *7 (citing *Marr v. Abercrombie & Fitch Stores, Inc.*, C/A No. 5:14–CV–00123–F, 2015 WL 3827326, at *4 (E.D.N.C. June 19, 2015)).

"A party seeking to avoid producing an expert report [pursuant to Rule 26(a)(2)(B)] bears the

4

burden of demonstrating that the witness is a hybrid." *Holmes v. Maersk A/S, Co.*, C/A No. 2:20-cv-04014-DCN, 2022 WL 686791, at *6 (D.S.C. Mar. 8, 2022). "Hybrid witnesses [are] fact witnesses with expertise that will inform their testimony…." *Timpson by and through Timpson v. Anderson County Disabilities and Special Needs Board*, 31 F.4th 238, 253 (4th Cir. 2022).

**Effect of Failure to Disclose**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In considering substantial justification or harm, the Fourth Circuit has given the following guidance:

> [A] district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack and Fixture, Inc. v. Sherwin-Williams* Co., 318 F.3d 592, 596–97 (4th Cir. 2003)) (the "*Southern States* factors"). "Should the Court find the disclosure insufficient, Courts have broad discretion in deciding whether the failure was substantially justified or is harmless." *Id*.

## ANALYSIS

Defendants argue Ballard failed to provide sufficient information pursuant to Rule 26(a)(2)(C)(ii). ECF No. 83-1 at 6-7. Defendants contend that without this information the proposed expert testimony should be stricken because Defendants are unable to prepare their defense and to prevent surprise at trial. *Id*. at 7-9. Alternatively, Defendants ask the Court to compel complete disclosures of the required information of Rule 26(a)(2)(C)(ii). *Id*. at 8.

Ballard argues "her disclosures are sufficient and that the doctors should not be narrowly limited in their testimony." ECF No. 85 at 5 (citing *O'Brien*, , 2010 WL 11639974, at *1). Ballard

5

further argues that any insufficient disclosure is substantially justified or harmless. *Id*. at 6-8. To the extent her disclosures are insufficient, Ballard requests leave to amend. *Id*. at 6.

In reviewing whether Ballard's disclosures "clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions[,]" *Grant*, 2021 WL 5882005 at *7, the Court finds the disclosures do not satisfy all of the requirements of the rule.

**Identification of Witnesses**

The fourth expert listed by Ballard is "Oconee Mental Health Services representatives." This fails to "clearly identify the witness." The disclosure must identify a person from whom testimony will be received.[2]

**Subject Matter**

Ballard's disclosures appropriately state the subject matter or topics that the witnesses with address in the expected testimony. *See generally*, ECF No. 75 at 2-3.

**Summary of Opinions and Factual Basis**

Ballard's disclosures do not include a summary of actual opinions. Without this summary, Defendants are left unaware of what opinions the experts will offer or on what facts the experts will base those opinions. *See Kobe v. Haley*, C/A No. 3:11–1146–TMC, 2013 WL 4067921, at *5 n.6 (D.S.C. Aug. 12, 2013) (citing *Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, *8 (N.D.Ga.2013) ("The reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion. Further, the fact that plaintiff provided all his medical records to the defendants does not mean that plaintiff has fulfilled the 'summary of

---

[2] The disclosure also identifies "Carolina Center for Behavioral Health, *including* Lance Feldman, MD" and "MUSC Behavioral Health, *including* Ethan Ashley, MD." However, it later describes the proposed testimony Dr. Feldman and Dr. Ashley. To the extent that the disclosure suggests that witnesses who worked at these facilities, in addition to Dr. Feldman and Dr. Ashley may testify, any such person must be disclosed. ECF No. 75 at 1 (emphasis added).

the facts and opinions' prong of Rule 26(a)(2)(C)."). Therefore, Ballard's disclosures fail to fully satisfy Rule 26(a)(2)(C).

As noted, the Rule 26(a)(2)(C) disclosure "is **considerably** less extensive than the report required by Rule 26(a)(2)(B) . . . ." *Grant*, 2021 WL 5882005 at *7 (citations omitted) (emphasis added). Therefore, it is sufficient, for each witness, to provide a brief paragraph summarizing the expected opinions and facts found in the treatment records on which the opinions are expected to be based.

**Remedy**

The Court finds the *Southern States* factors decidedly weigh against excluding these witnesses. *See Wilkins*, 751 F.3d at 222. Defendants rely on the mandatory exclusion language of Rule 37(c)(1). ECF No. 83-1 at 7 (citing *Kobe*, 2013 WL 4067921, at *4*; Timpson*, 31 F.4th at 253). However, like in *Grant*, "the court fails to see why, at this stage in the litigation, this harm cannot be cured by [Ballard] providing a proper Rule 26(a)(2)(C) summary of expert opinions." 2021 WL 5882005, at *8 (collecting cases permitting a non-compliant party an opportunity to provide the required report and the moving party an opportunity to depose); *see Kobe*, 2013 WL 4067921, at *4–5 (requiring the plaintiff to file the proper reports required pursuant to Rule 26(a)(2)(C) within thirty days). Ballard's disclosures give notice of the identity of some experts and the subject matter of the expected testimony. Moreover, a trial date is not set, minimizing any effect of granting an opportunity to remedy. *See generally* ECF No. 82. Accordingly, applying the *Southern States* factors, the Court finds granting Ballard an opportunity to cure her disclosures is proper.

## CONCLUSION

Based on the foregoing, the Court **DENIES IN PART and GRANTS IN PART** Defendants' Motions to Strike Ballard's Expert Disclosures. ECF Nos. 83; 87. The Court **COMPELS** Ballard to identify each expert witness by name and supplement the disclosure to provide a summary of the facts

7

and opinions to which witness is expected to testify, within 21 days of this Order.

Given this Order's effect on the present deadlines, the Court will enter a Third Amended Scheduling Order extending current deadlines.[3]

**IT IS SO ORDERED.**

                                                                  s/William S. Brown
                                                          United States Magistrate Judge

May 12, 2025
Greenville, South Carolina

---

[3] This extension is granted, in part, to afford Defendants an opportunity to depose Plaintiff's proposed experts upon receipt of the new disclosures. This will provide Defendants with an opportunity to have a full understanding of the scope of the testimony of each of these witnesses and eliminate any claimed prejudice.

8