IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | C/A No. 2:24-cv-01682-RMG-WSB |
| Plaintiff, | ) | |
| v. | ) | **THIRD AMENDED** |
| | ) | **SCHEDULING ORDER** |
| Weston & Sampson Engineers, Inc., Jason Roberts | ) | |
| Defendants. | ) | |
| Jason Roberts, | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| Lauren Ballard, | ) | |
| Counter-Defendant. | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following amended schedule is established for this case.

1.  Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **July 14, 2025**.

2.  Counsel shall file and serve a document identifying all records custodian witnesses proposed to be presented by affidavit at trial and certifying that appropriate affidavits with attached records have been served on other parties no later than **October 27, 2025**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.).

3.  Discovery shall be completed no later than **October 27, 2025**. All discovery requests, including subpoenas *duces tecum*, shall be served in time for the responses thereto to be served by this date. *De bene esse* depositions must be completed by discovery deadline. No extension of this deadline will be permitted without leave of court. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge Brown in an attempt to resolve the matter informally.

4.      Mediation, pursuant to Local Civil Rules 16.04-16.12 (D.S.C.), shall be completed in this case on or before **December 1, 2025**.[1] *See* mediation requirements form attached to original Scheduling Order.  **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are  directed  to complete the mediation initiation form, which was attached to the original Scheduling Order, and return it to the Court no later than thirty (30) days prior to the mediation deadline.

5.      All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **January 30, 2026**.

6.      Unless otherwise ordered by the Court, this case is subject to being called for jury selection and trial after the expiration of the deadline in ¶ 5 OR thirty (30) days following the issuance of a report and recommendation on any motion described in ¶ 5 of this Order, whichever is later.

    **IT IS SO ORDERED.**

                                                        s/ William S. Brown
                                                        United States Magistrate Judge

May 12, 2025
Greenville, South Carolina

---

[1] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for Defendant means an individual who can decide to offer Plaintiff a sum up to the existing demand of Plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for Plaintiff means Plaintiff himself or herself or a representative of Plaintiff who can make a binding decision on behalf of Plaintiff or Plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.