UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAUREN BALLARD,<br><br>    Plaintiff,<br><br>vs.<br><br>WESTON & SAMPSON ENGINEERS, INC.<br>AND JASON ROBERTS, INDIVIDUALLY<br>    Defendant | Case No. 2:24-cv-1682-RMG-WSB<br><br>**MOTION TO FILE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL WITNESS DISCLOSURES UNDER SEAL AND MEMORANDUM IN SUPPORT** |

### MOTION FOR LEAVE TO FILE PLAINTIFF'S SUPPLEMENTAL WITNESS DISCLOSURES PARTIALLY UNDER SEAL

The Plaintiff moves for permission to file Plaintiff's Supplemental Witness Disclosures, to be filed pursuant to the Court's Order of May 12, 2025 ECF 79, with redactions and to file the full document under seal.

The Plaintiff's Supplemental Witness Disclosure contains mostly information that does not require protection. Plaintiffs' Supplemental Witness Disclosure contains information, facts and opinions to which Plaintiff believes each witness will testify, including for Dr. Ethan Ashley, Dr. Michael Tran and Jacqueline Maillet, SANE Nurse. The disclosures as to Dr. Ashley and Dr. Tran do not require protection. Most of Ms. Maillet's disclosures also do not require protection.

Plaintiff's Supplemental Witness Disclosures however, relating to Ms. Maillet's anticipated testimony as to the SANE examination do contain sensitive and personal information relating to Plaintiff and the individual Defendants which would be suitable for protection from general dissemination to the public.

1

The matters that Plaintiff seeks to file under seal relate to narrative facts of the incident under lying the SANE examination, the examination and medical treatment received as a result. As the facts and treatment received in this case are personal and disputed, Plaintiff seeks to file some details included in the Supplemental Witness Disclosure related to Ms. Maillet's anticipated testimony as to the SANE examination under seal balancing the duty to disclose with the duty to protect the parties.

## MEMORANDUM

Local Rule 5.03 requires Counsel to address the following factors in any motion to seal: (1) identify, with specificity, the documents or portions thereof for which sealing is requested. (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

1. The portion of the Plaintiff's Supplemental Witness Disclosure document to be sealed relates to the SANE witness Jacqueline Maillet and disclosure of medical records (exhibit 1 to Plaintiff's Supplemental Witness Disclosure) which incorporate facts underlying alleged assault, treatment and contents of the SANE exam as they relate to sensitive allegations in this case.

2. Counsel is struggling with the obligation of the Plaintiff to disclose facts and opinions of named witnesses but also protect medical records and some of the details of the SANE examination which involve graphic anatomical descriptions, disputed allegations and sensitive details which need to be disclosed under Federal Rule Of Civil Procedure 26, but Plaintiff believes are not necessary to reveal to the public.

3. The reasons for sealing the information are based on the inclusion of medical information, facts and opinions in the SANE report regarding Plaintiff's description of the incidents, the treatment for an alleged assault, which are in dispute, and graphic detail from the examination. The parties would be negatively impacted by the public dissemination of such information. Said information, however, is necessary to be referred to and incorporated into the facts and opinions required to be disclosed in Plaintiff's Supplemental Witness Disclosure.

4. Less drastic alternatives will not afford adequate protection, and allowing information to be filed under seal with general information filed publicly provides the least drastic method of keeping the information private.

5. The parties do have a Confidentiality Order in place. Defendants have been provided on this date with Plaintiff's Supplemental Witness Disclosures -in full and in the proposed redacted format as well with notification of the Plaintiff's intention to file this motion. Plaintiff provided late notice to Defendants of the Motion as she reviewed the proposed Supplemental Witness Disclosure submission and felt that in balancing disclosure requirements of Federal Rules with the explicit content of SANE report she needed to request the Court's Protection of some information.

6. The factors a trial court considers with the sealing of a document include a balancing of "the public's right to access" when compared to "competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Improper reasons for making sealed information public include "promoting public scandals" or "unfairly gaining a business advantage." *Id.* The public's right to know is considered with regard to "whether release would enhance the public's understanding of an important historical event;" and "whether the public has already had access to the information contained in the records." *Id.* The trial court has discretion. *Id.* The SANE exam and medical

records in this case and descriptions therein are not something that the public would have access in the normal course. Plaintiff does not have an ulterior motive such as gaining an advantage in business or hiding information from an opponent. Plaintiff as stated above seeks assistance from the Court in balancing proper disclosure with privacy of the parties.

7. Pursuant to Local Rule 5.03(B) the filing shall be accompanied by a non-confidential descriptive index of the documents at issue. Plaintiff attaches Supplemental Witness Disclosures with full information related to Dr. Ethan Ashley, Dr. Michael Tran and non-confidential information for Jacqueline Maillet. The plaintiff attaches a descriptive document as well.

## **CERTIFICATION**

Counsel has reviewed Local Rule 5.03 and certifies that she believes that she is in compliance with the rule.

**PLAINTIFF SO MOVES :**

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF

June 2. 2025
Mt. Pleasant, SC