## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CHARLESTON
## CASE NO. 2:24-cv-1682-RMG-WSB

LAUREN BALLARD

        Plaintiff,

    vs.

WESTON & SAMPSON ENGINEERS, INC.
and JASON ROBERTS, individually

        Defendant.

**PLAINTIFF'S SUPPLEMENTAL
RULE 26(a)(2) DISCLOSURES**

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, and the Court's Order ECF 89 dated May 12, 2025, following is Plaintiff's Supplemental disclosures of expert witnesses:

A) In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702. 703. or 705.

**ANSWER**: **The Plaintiff identifies, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the following non-retained experts who are also disclosed in Plaintiff's Rule 26(a)(1) disclosures:**

1. **Jacqueline D. Maillet, SANE Nurse. Mission Heath SANE/Forensic Nurse Team Supervisor. 509 Biltmore Ave Asheville NC 2880. 828-213-8471.**

2. **Ethan Ashley MD. MUSC Behavioral Health, including 171 Ashley Avenue Charleston SC 29425. 843-792-9162, ashleyet@musc.edu.**

3. **Dr Michael Tran. Oconee Mental Health Services**, 115 **Carter Park Rd, Seneca, SC**

**29678, 864-885-0157**.

**Plaintiff specifically reserves the right to call and elicit any opinions from the medical providers listed here will be used as both expert and fact witnesses. The Plaintiff reserves the right to supplement this response as discovery progresses.**

(B) Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them:

    (ii)    the facts or data considered by the witness in forming them:

    (iii)    any exhibits that will be used to summarize or support them:

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition: and

    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

**<u>ANSWER</u>: These physician experts have not prepared separate reports, and the Plaintiff will rely on medical records produced in discovery. Pursuant to the Court's order the Plaintiff provides additional facts, opinions and identification of witnesses:**

**1. Treating medical provider Jacqueline D. Maillet, RN, Sexual Assault Nurse Examiner (SANE) SANE-A, SANE-P, NR-P, Mission Health SANE/Forensic Nurse Team Supervisor. MISSION HEALTH, HCA Healthcare / North Carolina Division, 509 Biltmore Ave, Asheville, NC.**

Ms. Maillet is expected to testify to her report (provided previously), the initial contact, circumstances and procedures of the forensic medical exam conducted on the Plaintiff between 4/3/22 and 5/23/22, including follow-ups, at the Mission Health facility noted above. Testimony would be based on medical records, including photographs, in include the nature and scope of the examination performed, the results of the examination and the nature of a SANE examination generally. Witness is expected to provide her background, specific training and resume including that she serves as a certified Sexual Assault Nurse Examiner (SANE) for both adults and pediatrics and is also director and program coordinator for Mission's Compassionate Care Unit.

Maillet is expected to testify from her records as to Plaintiff's' medical history and statements made by the Plaintiff patient during the examination that were documented in the medical record, including the patient's physical condition, description of the alleged assault, pain, and emotional state. Witness is expected to testify from records as to what Plaintiff reported occurred during the incidents including statements made during the assault.  This would include with greater detail as set forth in the report that the Plaintiff reported that she went on a business trip was assaulted by her supervisor. Testimony is expected to include the specific details given narratively and as part of the SANE exam checklist done with the Plaintiff by the medical provider.

Specific facts include that the examination required the patient to answer detailed questions and the witnesses is expected to testify as to the answers to the questions as dictated by the report. These would include that the assault involved ████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████████████████████ Witness is expected that to testify that the Plaintiff reported she had difficulty breathing post incident, hyperventilation and being unable to speak, felt that she had voice changes- including raspy voice/ hoarse voice, coughing, trouble swallowing, painful swallowing, drooling and nausea. Witness is also expected to testify that the Plaintiff reported behavioral changes such as agitation, amnesia, restlessness and disorientation as well as headaches dizziness and loss of consciousness. With regard to medical history witness is expected to testify from page 4, 5 and 6 of the SANE report, which provides a very detailed narrative fact of the incident leading to the patient presenting at the facility for an examination. Attached as Exhibit 1.

Ms. Maillet is expected to testify as to what a SANE examination is and what was discussed with the Plaintiff regarding the nature of a forensic exam as well as the details of the exam performed. The witness is also expected to relay what information was provided to the patient including information on Hepatitis, HIV, STI laboratory testing and STI prophylaxis, ████████ ███████████ baseline tests and lab work which was performed. In addition, that the patient was provided with information on support groups, counseling and given literature.

Testimony would include information on the prescriptions given to Plaintiff. Witnesses expected to testify that Plaintiff received medications including STI prophylaxis, negative pregnancy tests.██████████████, erythromycin, metronidazole, Zofran. Diagnostic testing specifically included urine pregnancy test, HIV antibody test, RPR, gonorrhea, chlamydia STI testing and that the results of the urine pregnancy test were negative, similar with STD's and gonorrhea.

Ms. Maillet is expected to testify as to the physical findings observed during the exam, such as bruises, abrasions, swelling, or lack thereof.   Medical provider will be able to report from the medical records as to examination ███████████████████████████████ Plaintiff's affect, descriptions of pain and responses to questions posed during the exam would be included in the testimony. The nurse's clinical observations of the patient's demeanor, affect, and presentation during the examination would be testified to include that she was tearful when discussing with police and telling her sexual history.

Maillet is expected to testify as to the process of forensic evidence collection (e.g., rape kit, clothing, swabs, photographs) and the chain of custody for that evidence generally and testify from the records as to what was specifically done in this case. She is expected to go through the file and stated that the medical documentation was created as part of the examination and its accuracy. ██████████████████████████████

████████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

██████████████████████

████████████████████████████████████

████████████████████████████████████,



Other facts to which the witness is expected to testify include that Plaintiff returned for appropriate follow-up visits. At the 5/23/22 visit the Plaintiff reported that she had difficulty returning to work and was not feeling supported by the administration. She advised medical provider at the follow up appointment that she had been admitted to MUSC from 5/6/22-5/9/2022 for mental health treatment.

Ms. Maillet is also expected to testify that in a follow up visit Plaintiff advised the medical provider that she had brought clothing from the event and was aware that the clothing could be collected if necessary by law enforcement.

The witness is expected to testify that during a follow up visit the plaintiff communicated that she was sleeping more felt and felt that her voice had not returned to normal. Witnesses expected to testify that Plaintiff communicated that she was feeling like more bruising was evident.

Maillet is expected to testify that additional photographs were taken and body maps updated at the follow up visit. Photos and records have been provided detailing the same.

Maillet is expected to testify that the physical findings were consistent with the reported incident, based on her training and experience as a SANE nurse. She will not offer opinions beyond those

formed during the course of treatment and examination. She is not being presented as a retained expert under Rule 26(a)(2)(B).

**2. Treating medical provider Ethan Ashley MD. Medical University of South Carolina, Institute of Psychiatry, 67 President St, Charleston SC 29425 843-792-9888; MUSC Behavioral Health. 171 Ashley Avenue Charleston SC 29425. 843-792-9162, ashleyet@musc.edu**

Dr. Ashley is a mental health professional and is expected to testify as to Plaintiff's treatment, diagnosis and care at the Medical University of South Carolina. He is expected to testify as to his training and experience. He expected to testify regarding his treatment of Plaintiff during the time frame beginning 5-5-22 through 5-9-22, including the patient's mental health and psychiatric condition, diagnosis, hospitalization following a suicidal ideation/attempt, treatment provided, medications prescribed, and prognosis at the time of discharge based on medical records. Medical Records previously produced.

Doctor Ashley is expected to testify that Plaintiff was admitted to MUSC on 5-5-22 following a suicidal ideation/attempt as a walk in patient and that she met the criteria for inpatient hospitalization due to suicidal ideation and was at a high risk of suicide at that time. The physician is expected to testify as to the contents of the admission questionnaire which contains details of suicidal thoughts and fears. Physician witness is expected to testify that Plaintiff reported current psychosocial stressors, had a history of treatment for depression, anxiety, PTSD and reported a history of trauma in March/April of 2022. He is expected to testify that Plaintiff indicated as part of her history that she had not had prior suicide attempts but currently was having thoughts to kill herself due to recent assault. Additional facts would include that she presents herself as tearful, does not feel safe, doesn't have friends in the area, has experienced exacerbation of anxiety and panic attacks, is hypervigilant, and is concerned for her security. In

addition, he is expected to testify that she reports avoidance, hopelessness, sleep disturbances, decreased energy, decreased interest in things she previously enjoyed, lack of concentration, guilt, changes in appetite and psychomotor retardation. Further the physician is expected to testify that Plaintiff reports she feels isolated and unsupported, has negative self-talk, fears for her life and has fear of the perpetrator.

In addition to the above Dr. Ashley is expected to testify as to lab tests done while the Patient was in-patient,  and can  testify that the patient presented with symptoms of,  and based on her treatment and evaluations, was diagnosed with acute stress vs. post-traumatic stress disorder, and generalized anxiety disorder with exacerbation of symptoms.

Physician is expected to testify that while hospitalized Plaintiff was initially prescribed Ativan, Atarax, Tylenol, venlafaxine, and Trazodone, and was then prescribed PRN acetaminophen, hydroxyzine, lorazepam, polyethylene glycol, Trazodone. Physician is expected to testify that records indicate that the provider initiated inpatient therapy, and that Plaintiff participated in same as well as group therapy covering different topics and tasks. Dr. Ashley is expected to testify that throughout hospitalizations Plaintiff was calm, quiet, withdrawn, cooperative. Physician can also testify  to the contents of daily flowsheets showing comprehensive physical data, and evaluation of mood, behavior, interaction, emotions, speech, affect, perception, judgment and elect etcetera, and daily participation in activity tracking.

Dr. Ashley is expected to testify that treatment was necessary and appropriate based on Plaintiff's history. Dr. Ashley is expected to testify that Plaintiff was cleared for discharge, that she understood her diagnosis and had learned some coping mechanisms- in addition to receiving medication- and understood the discharge plan formulated and that it included a safety plan,

prescription medication and referral to follow-up services. The physician is expected to testify that Plaintiff was prescribed Effexor on release. As part of this discussion the medical provider is expected to testify from records that Plaintiff described an inability to work, as her current job was a major trigger to her depression and suicidal thoughts and she plans to return to North Carolina, look for new job. Doctor is expected to testify as to other facts related to discharge and support including that patient's parents are her primary support system.

Dr. Ashley is expected to testify that plaintiff was discharged with a primary psychiatric diagnosis of suicidal ideation and anxiety. Doctor is further expected to opine that the patient's suicide attempt was consistent with her clinical presentation and mental health history, and that her condition required hospitalization and treatment. He may also testify to the patient's prognosis and risk factors for future harm as of the date of discharge. He is expected to testify that in summary Plaintiff experienced suicidal ideations arising from adult sexual abuse which would be based on evaluation of Plaintiff, his treatment of the patient, the records, his training and experience. He will not offer opinions beyond those formed during the course of treatment and examination. He is not being presented as a retained expert under Rule 26(a)(2)(B).

4. **Treating medical provider Dr. Michael Tran, Oconee Mental Health Services, 115 Carter Park Rd, Seneca, SC 29678, 864-885-0157**.

Dr. Tran is expected to testify as to his training and experience as a mental health provider. Witness is expected to testify that Plaintiff was referred to Oconee's care from a private psychiatric medical provider and accepted to Anderson-Oconee-Pickens Mental Health Center for Initial Admission and Treatment starting March 21, 2024 and designated as a voluntary

admission for outpatient care and follow-up mental health care. Medical records have been provided.

Witness is expected to testify as to Plaintiff's mental health condition and that her diagnosis was post-traumatic stress disorder with a secondary diagnosis of Unspecified Depressive Disorder. The witness is also expected to testify that their treatment began in March 2024 and is ongoing, the dates of appointments, and to testify about Plaintiff's treatment plan of continued counseling and medication (Effexor, Lorazepam), progress and prognosis.

Provider is expected to testify that Plaintiff's mental health history would include two hospitalizations and outpatient treatment following an assault. Dr. Tran is expected to testify that Plaintiff's first hospitalization was at Medical University of South Carolina (MUSC) in 2022, and the second was at Carolina Center for Behavioral Health (CCBH) in 2024 and that Outpatient treatment was ongoing since 2019. Witness is expected to testify as to Plaintiff's reported history of assault in March 2022 during a business trip, resulting in PTSD symptoms and suicide attempts in 2022 and 2024. The witnesses is expected to provide additional history from medical records including employment and social history.

The medical provider is expected to testify to Plaintiffs' conveyance of her experiences, including suicidal ideations, fear, distress, anxiety, chronic worry, social anxiety, nightmares, flashbacks, hyper vigilance, increased distress, and disassociation associated with anxiety and trauma.

Dr. Tran, specifically, is expected to testify that he provided psychiatric medical assessments, what these assessments were and how his diagnoses of PTSD and Depression were reached, along with his medication management, and psychotherapy interventions during treatment.

Dr. Tran is also expected to discuss addressing past trauma, managing PTSD, and ensuring continuity of care through regular follow-ups. Witness can testify to the therapy schedule and

medication, plans for individual therapy, and family therapy, Plaintiff's requests for and provision of trauma-focused counseling and coping skills, safety planning and crisis management as well as management of depressive and anxiety related symptoms. Based on the records, the witness can testify that Plaintiff is improving, compliant, and aware of how the anniversary of the events can lead to mental health symptoms.

Witness is expected to testify as to the impacts that the incidents at issue had on the Plaintiff and how these have affected her until date of last appointment and that based on their records and Plaintiff's information as provided that her PTSD and Depression relates to the assault. He will not offer opinions beyond those formed during the course of treatment and examination. The witness is not being presented as a retained expert under Rule 26(a)(2)(B).


 Respectfully submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID ID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mount Pleasant, SC  29464
(843) 972-0004, (843) 972-0006 (fax)
jmunterstarklaw@gmail.com
ATTORNEY FOR PLAINTIFF


May 2, 2025
Mt. Pleasant, SC