IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-WSB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Jason Roberts, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lauren Ballard, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**DEFENDANT JASON ROBERTS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT
DISCLOSURES**

Defendant Jason Roberts files this Motion to Strike Plaintiff's Supplemental Disclosures because they do not comply with the Court's May 12, 2025 Order to provide a summary of the non-retained experts' opinions and a factual basis for those opinions as required by Federal Rule of Civil Procedure 26(a)(2)(C). (ECF No. 89 at 6-7). Accordingly, these experts should be stricken.

### I. FACTS/BACKGROUND

After Plaintiff filed her initial Rule 26(a)(2) expert disclosures naming four "non-retained experts," Roberts filed a Motion to Strike Plaintiff's Expert Disclosures or, in the alternative, to

Compel Complete Expert Disclosures (ECF No. 83), and Defendant W&S moved to join Roberts' Motion (ECF No. 87). After determining that Plaintiff had failed to fully comply with Rule 26(a)(2)(C), the Court denied in part and granted in part Defendants' motion and gave Plaintiff 21 days to identify each expert witness by name and supplement the disclosure to provide a summary of actual opinions and the factual basis for those opinions. (ECF No. 89 at 7-8). The Court specifically stated that it is sufficient that the disclosure provide, for each witness, a brief paragraph summarizing the expected opinions and the facts found in the treatment records upon which the opinions are expected to be based. *Id*. On June 2, 2025, Plaintiff served her Supplemental Disclosures (Exhibit A, Pl.'s Supp. Disclosures)[1] on Defendants and filed a Motion to File Portions of Plaintiff's Amended Disclosures under Seal (ECF No. 91).

## II. LEGAL STANDARD

A party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the expert is not specifically retained to provide expert testimony, then the expert need not provide a comprehensive written report but still must disclose the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) provides that when a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

---

[1] Plaintiff has filed a Motion to Seal certain portions of her Supplemental Disclosures. (ECF No. 91). Although the Court has not ruled on that motion, Roberts has redacted those portions which are quoted herein and Exhibit A. Roberts has provided the Court with an unredacted Motion and Plaintiff's Supplemental Disclosure. Moreover, Plaintiff filed an unredacted copy of the Supplemental Disclosures with her Motion to Seal. (ECF No. 91-3).

### III. DISCUSSION

Plaintiff's Supplemental Disclosures offer Defendants little more than the prior disclosures and still do not comply with Rule 26(a)(2)(C) or the Court's Order. In her Supplemental Disclosures, Plaintiff has provided an overall summary of Plaintiff's medical records which spans numerous pages and either states only the subject matter or topics the witnesses will address without any actual opinion and sets forth opinions without any reference to the facts on which those opinions are based.

Rule 26(a)(2)(C) requires the "summary of the facts" to contain "a brief account of facts—*only those on which the expert actually relied in forming his or her opinions*—that states the main points derived from a larger body of information." *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015) (emphasis added) (citation omitted). Recently, in *Mills v. Cabell County Board of Education*, No. 3:22-CV-00592, 2024 WL 3362861, at *3–4 (S.D.W. Va. July 10, 2024), the district court explained what is necessary under Rule 26(a)(20(C) "stating the general subject matter of a witness' testimony—for instance, opinions will be offered about the physical and emotional effects of the Plaintiff's health conditions—does not provide facts or opinions." The court continued:

> A true summary of a treating physician's expected testimony would look something like this: "The witness is expected to opine that the plaintiff is unable to lift more than 50 pounds and will remain unable to do so for the indefinite future. This opinion is based on the following facts: the witness diagnosed the plaintiff with three herniated discs in his back, he observed during office visits that the plaintiff is experiencing symptoms that prevent him from lifting more than 50 pounds, and he observed during office visits that the plaintiff's condition is not improving."

*Id.* (citing *Kazmierski v. Bonafide Safe & Lock, Inc.*, No. 15-C-0059, 2015 WL 10070324, at *2 (E.D. Wis. Dec. 11, 2015)).

Here, Plaintiff has included a summary of her entire applicable medical records followed by very generalized opinions. *Carbajal v. Lucio*, No. 10-cv-02862-PAB-KLM, 2016 WL 7335475, at *2 (D. Colo. Dec. 16, 2016) (explaining that for a non-retained expert "citations to the record, deposition testimony, or other materials without a clear indication of what sections will be used or how the facts or opinions will be framed and presented in testimony" do not satisfy expert disclosure requirements). As discussed below in more detail, Plaintiff's Supplemental Disclosures fail to comply with Rule 26 and the Court's Order that Plaintiff identify each witness and provide a summary of actual opinions and the facts on which the experts base those opinions. (ECF No. 89r at 6). Accordingly, the Court should strike Plaintiff's expert disclosures.

    A.   Jacqueline Maillet, RN

As to Jacqueline D. Maillet, the Sexual Assault Nurse Examiner ("SANE"), Plaintiff states that Maillet is expected to testify "as to Plaintiff's medical history and statements made by the Plaintiff patient during the exam that were documented in the medical record, including [Plaintiff's] physical condition, description of the alleged assault, pain, and emotional state." (Pl.'s Supp. Disclosures at 3). Plaintiff then essentially summarizes her entire medical examination and follow-up examinations, including Plaintiff's descriptions of the alleged assault, the physical exam and physical findings, photographs that were taken, diagnostic testing performed and medications prescribed, and that she was provided with information on support groups and counseling. (Pl.'s Supp. Disclosures at 3-6).

As for physical findings, she states:

> Ms. Maillet is expected to testify as to the physical findings observed during the exam, such as bruises, abrasions, swelling, *or lack thereof*. Medical provider will be able to report from the medical records as to examination ███████████ ██████████████████████████. Plaintiff's affect, descriptions of pain

4

and responses to questions posed during the exam would be included in the testimony. The nurse's clinical observations of the patient's demeanor, affect, and presentation during the examination would be testified to include that she was tearful when discussing with police and telling her sexual history.

(Pl.'s Supp. Disclosures at 5) (emphasis added).

Plaintiff then states that Maillet will testify as to ███████████  (Pl.'s Supp. Disclosures at 5-6). Plaintiff specifically states she expects that Maillet will ███ the foregoing ███████ ███████████████████████ *Id.*

As to actual opinions in the Supplemental Disclosures, Plaintiff sets forth only one. After summarizing her medical records, Plaintiff states at the end of her disclosures that "Maillet is expected to testify that the physical findings were consistent with the reported incident, based on her training and experience as a SANE nurse." (Pl.'s Supp. Disclosures at 6). It is unclear what specific physical findings (or lack thereof) Maillet's opinion is referring to or what facts her opinion is based upon. Defendants should not have to guess from a summary of Plaintiff's entire medical examinations Maillet is relying upon to form her opinion.

**B. Dr. Ethan Ashley, MUSC**

As to Dr. Ethan Ashley from MUSC, Plaintiff states he is expected to testify as to Plaintiff's treatment at MUSC, including Plaintiff's diagnosis, prognosis, the lab tests and medications prescribed, treatment, and what Plaintiff relayed to him. (Pl.'s Supp. Disclosures at

7-9). Plaintiff also states that Dr. Ashley is expected to testify as to Plaintiff's history of treatment for depression, anxiety, PTSD, and history of trauma in March/April 2022. *Id.* at 7.

As to any opinions, Plaintiff states:

> Doctor [Ashley] is further expected to opine that [Plaintiff's] suicide attempt was consistent with her clinical presentation and *mental health history*, and that her condition required hospitalization and treatment. He may also testify to the patient's prognosis and risk factors for future harm as of the date of discharge. He is expected to testify that in summary Plaintiff experienced suicidal ideations arising from adult sexual abuse which would be based on evaluation of Plaintiff, his treatment of the patient, the records, his training and experience.

(Pl.'s Supp. Disclosures at 9) (emphasis added). However, Plaintiff fails to state what specific facts in her mental health history Dr. Ashley is relying on as being consistent with a suicide attempt. Additionally, Plaintiff fails to state what her prognosis and future risk factors for future harm are and what facts support these opinions.

Moreover, it is unclear if Plaintiff's non-retained experts' opinions are limited to those formed based on information and material reviewed or prepared in the course of treating Plaintiff. *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition *during* the treatment then such an opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B).") (emphasis added).

### C. Dr. Michael Tran, Oconee Mental Health Services

As to Dr. Michael Tran, Plaintiff states he is expected to testify as to Plaintiff's mental health history, including two hospitalizations, and "that Outpatient treatment was ongoing since 2019." (Pl.'s Supp. Disclosures at 10). She states that "Dr. Tran is also expected to discuss addressing past trauma, managing PTSD, and ensuring continuity of care through regular follow-ups. *Id.* Plaintiff states that he "is expected to testify as to the impacts that the incidents at issue

had on the Plaintiff and how these have affected her until date of last appointment and that based on their records and Plaintiff's information as provided that her PTSD and Depression relates to the assault." *Id.* at 11. Again, this opinion is very general and it is missing the facts in the record that Dr. Tran is relying on to opine that Plaintiff's PTSD and Depression "relate" to the alleged assault. Additionally, this is particularly problematic because, as noted, Plaintiff has had ongoing outpatient treatment since 2019 – three years prior to the alleged assault. *Hall v. Sykes*, 164 .R.D. at 48.

Plaintiff's Supplemental Disclosures are plainly insufficient. Plaintiff has not provided these alleged experts' actual opinions or which specific facts support these opinions. Given Plaintiff's failure to submit the required supplemental disclosures in accordance with Rule 26(a)(2)(C), the non-retained treating medical providers' expert testimony should be stricken. "Failure to comply with either requirement [in Rule 26(a)(2)(C)] typically will result in mandatory exclusion." *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253 (4th Cir. 2022) (citing Fed. R. Civ. P. 37(c)(1); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595–96 (4th Cir. 2003)). When a party fails to provide this disclosure, the party is not allowed to use that witness at trial unless the failure to disclose was substantially justified or is harmless.

In determining whether non-disclosure of an expert's expected testimony is substantially justified or harmless, this court may consider: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Southern States Rack & Fixture v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Plaintiff has been

7

given an opportunity to cure her disclosures and the Supplemental Disclosures are still insufficient. Thus, Plaintiff's should be precluded from using these witnesses as non-retained experts at trial.

Prior to filing this motion, Defendant conferred with opposing counsel and attempted in good faith to resolve this matter.

## IV.     CONCLUSION

Plaintiff's Supplemental Disclosure without providing actual opinions and supporting facts is insufficient to satisfy Rule 26(a)(2). As such, Plaintiff's non-retained expert witness designations should be stricken.

Respectfully submitted,

s/Deborah B. Barbier

Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

June 19, 2025

## CERTIFICATE OF CONSULTATION

I, Deborah Barbier, certify that on the 18th day of June, 2025, I conferred with the opposing counsel about the filing of this motion and in attempt to resolve the issues.

/s/ Deborah B. Barbier
**Deborah B. Barbier**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered to the involved parties, by the CM/ECF system.

/s/ Deborah B. Barbier
**Deborah B. Barbier**