IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | |
| Plaintiff, | ) ) ) | C/A No. 2:24-cv-01682-RMG-WSB |
| v. | ) ) | **ORDER** |
| Weston & Sampson Engineers, Inc., Jason Roberts | ) ) ) | |
| Defendants. | ) ) | |
| Jason Roberts, | ) ) | |
| Counter-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Lauren Ballard, | ) ) | |
| Counter-Defendant. | ) ) | |

Before the Court is Jason Roberts' ("Roberts") Motion to Exclude Lauren Ballard's ("Ballard") Expert Witnesses. ECF No. 94. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

On March 5, 2025, Ballard filed expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). ECF No. 75. Roberts filed a Motion to Strike, or in the alternative, Motion to Compel Complete Expert Disclosures, on April 14, 2025, arguing that Ballard failed to provide sufficient information pursuant to Rule 26(a)(2)(C)(ii). ECF No. 83. Weston & Sampson Engineers, Inc. ("W&S") moved to join Roberts' Motion on April 24, 2025. ECF No. 87. The experts at issue are medical professionals who have examined Ballard.

1

On May 12, 2025, the Court denied the Motion to Strike and granted the Motion to Compel, finding that Ballard's disclosures were not sufficient, but that the *Southern States* factors decidedly weighed against excluding these witnesses. ECF No. 89. In granting the Motion to Compel, the Court stated as follows:

> As noted, the Rule 26(a)(2)(C) disclosure "is **considerably** less extensive than the report required by Rule 26(a)(2)(B) . . . ." *Grant*, 2021 WL 5882005 at *7 (citations omitted) (emphasis added). Therefore, it is sufficient, for each witness, to provide a brief paragraph summarizing the expected opinions and facts found in the treatment records on which the opinions are expected to be based.

*Id*. at 7 (emphasis in original).

On June 2, 2025, Ballard filed a Motion to Seal portions of the supplemental expert disclosures. ECF No. 91. Ballard included in this filing a redacted version of the supplemental expert disclosure. ECF No. 91-1. The next day, Ballard filed a Motion for an Extension of Time to file the supplemental disclosures. ECF No. 92. The Court granted the extension and directed Ballard to file her supplemental disclosures within three days of the Court ruling on her Motion to Seal. ECF No. 93.

On June 19, 2025, Roberts filed the pending Motion to Exclude Ballard's Supplemental Expert Witness Designation, arguing that Ballard failed to provide sufficient information pursuant to Rule 26(a)(2)(C) and the Court's prior Order. ECF No. 94. The same day, Ballard filed an additional attachment to her Motion to Seal, including a redacted version of a medical evaluation by one of the identified experts. ECF No. 95. On June 23, 2025, the Court granted Ballard's Motion to Seal. ECF No. 96. On June 26, 2025, Ballard filed the full version of the supplemental expert disclosures under seal (ECF No. 97) and also filed the redacted version as a stand-alone filing. ECF No. 98. On July 3, 2025, Ballard filed a Response in Opposition to Roberts' Motion to Exclude. ECF No. 99. W&S has not joined Roberts' Motion to Exclude. This matter is ripe for review.

## APPLICABLE LAW

**Expert Disclosures**

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Federal Rule of Civil Procedure 26(a)(2) provides as follows:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony...
>
> …
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

*Id.*

Witnesses subject to Rule 26(a)(2)(C) "typically are treating physicians or party employees, but the rule is not confined to such witnesses." *See United States v. 269 Acres More or Less, Located in Beaufort Cnty. S.C.*, C/A No. 9:16-cv-2550-RMG, 2018 WL 542225, at *2 (D.S.C. Jan. 24, 2018). "Treating physicians generally do not have to comply with the requirements of Rule 26(a)(2)(B), meaning they do not have to provide an expert report." *Grant v. Lowe's Home Ctrs*., C/A No. 9:20-cv-00764-DCN, 2021 WL 5882005, at *6 (D.S.C. Apr. 8, 2021) (citations omitted). As such, treating physicians may opine "as to causation and prognosis formed during the course of treatment" without requiring a 26(a)(2)(B) report, but "[w]hen the treating physician goes beyond the observations and opinions obtained by treating the individual and expresses opinions acquired or developed in

3

anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report." *Id*. (emphasis in original) (citing *O'Brien v. Osborn Transp., Inc.*, C/A No. 4:08-cv-3008-TLW-TER, 2010 WL 11639974, at *1 (D.S.C. Mar. 23, 2010) (collecting cases)); *see Morris v. Bland*, 666 F. App'x. 233, 239 (4th Cir. 2016). "[T]he [Rule 26(a)(2)(C)] disclosure 'is considerably less extensive than the report required by Rule 26(a)(2)(B)[,]'" but the disclosure "must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Grant*, 2021 WL 5882005 at *7 (citing *Marr v. Abercrombie & Fitch Stores, Inc.*, C/A No. 5:14–CV–00123–F, 2015 WL 3827326, at *4 (E.D.N.C. June 19, 2015)).

## DISCUSSION

Roberts argues "Plaintiff has included a summary of her entire applicable medical records followed by very generalized opinions" in her supplemental expert disclosures and concludes testimony from all three experts should be struck. ECF No. 94-1 at 4, 7. Ballard contends the supplemented disclosures are sufficient and if the Court finds otherwise, the Court should permit additional disclosures or restrict the expected testimony. ECF No. 99 at 4-8.

The Court finds Ballard's supplemented disclosures sufficient. As the Court recognized in its Order, the Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)." ECF No. 89 at 7; *see Marr*, 2015 WL 3827326, at *4 (courts "must take care of requiring undue detail."); Fed. R. Civ. P. 26, 2010 advisory committee's note ("Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.").

Ballard's supplemental disclosures identified three experts: registered nurse Jacqueline D. Maillet ("Maillet"), Dr. Ethan Ashley ("Dr. Ashley"), and Dr. Michael Tran ("Dr. Tran"). ECF No. 98 at 1-2. Ballard summarized the expected subject matter, facts, and opinions of each expert. *Id*. at 3-7 (Maillet), 7-9 (Dr. Ashley), 9-11 (Dr. Tran). Upon review, and while not exhaustive, Maillet is

4

expected to opine as to the physical findings during her SANE exam, ECF No. 98 at 5; Dr. Ashley is expected to opine as to the necessity of hospitalization and prognosis, *id*. at 9; and Dr. Tran is expected to opine on his diagnoses, treatment, and prognosis, *id*. at 9-10.

Roberts contends Ballard's summaries are not specific enough. ECF No.94-1 at 3. Roberts relies on *Kazmierski v. Bonafide Safe & Lock, Inc.*, C/A No. 15-C-0059, 2015 WL 10070324, at *2 (E.D. Wis. Dec. 11, 2015). However, this authority unpersuasive as the disclosing party in *Kazmeirski* merely provided a listing of categories or subject matters on which the witnesses might testify and failed to identify *any* facts or opinions. *Id*. 2015 WL 10070324, at *2 – 3. Ballard's summaries in the supplemental disclosures provide substantive factual basis for the expected testimony and go well beyond a "passing reference" warned of by this Court in *Grant*. 2021 WL 5882005, at *7 (quoting *Marr*, 2015 WL 3827326, at *4). As such, Ballard's supplemental disclosures comply with Rule 26(a)(2)(C) and this Court's prior Order.

## <u>CONCLUSION</u>

Based on the foregoing, the Court **DENIES** Roberts' Motion to Exclude. ECF No. 94.

**IT IS SO ORDERED.**

s/William S. Brown<br>
United States Magistrate Judge

July 8, 2025
Greenville, South Carolina