**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Lauren Ballard, | ) | CA No. 2:24-cv-01682-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| vs. | ) | **SUPPORT OF MOTION TO** |
| | ) | **COMPEL DISCOVERY** |
| Weston & Sampson Engineers, Inc. | ) | |
| and Jason Roberts, Individually | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Lauren Ballard ("Plaintiff"), respectfully moves this Court for an order compelling Defendant Weston & Sampson Engineers, Inc. (Defendant") to respond to Interrogatories and Requests for Production of Documents (from Plaintiff's first set of written discovery).

## I.        INTRODUCTION

This case involves claims brought under Title VII for discrimination based on sex along with associated State claims. Plaintiff alleges a pattern of discrimination, hostile work environment and retaliation based on sex by her former employer, Defendant Weston & Sampson, arising from misconduct by a supervisor on a business trip for an industry conference. Plaintiff requested discovery from employer relating to hiring, discipline, training, policies and procedures and employee and business records related to the same in the Interrogatories and Requests for production dated May 15, 2025.   Since that time, the parties have in good faith sought to resolve discovery disputes and this Motion arises from the disputes which remain.

## II.        STATEMENT OF RELEVANT FACTS

Facts giving rise to Plaintiff's Title VII and State Claims

Weston & Sampson, is an engineering company employing over 1000 persons in the United States including in South Carolina. They employed the individual Defendant, Roberts, in 2021. Within months of hire he was involved in a serious disciplinary incident arising from misbehavior at a Weston & Samson holiday party. Although disciplined and given a final warning for his behavior on or about December 20, 2021, he was permitted to travel to a conference where he is alleged to have engaged in the conduct detailed in the Complaint. Plaintiff was employed after graduation from college by Defendant W&S for two weeks and was sent with the individual Defendant to a trade conference in Florida by the employer. Weston & Sampson is alleged to have created and maintained a toxic and discriminatory work environment, engaged in sexual harassment and discrimination, retaliated against Plaintiff once she reported the conduct, and engaged in defamatory actions and intentional infliction of emotional distress.

## III.   STATUS OF DISCOVERY

Plaintiff served written discovery on Defendants on May 15, 2025, seeking discovery related to the following issues that remain in dispute: criteria for conference attendance (Interrogatory 6); records of discipline of employees who exhibited similar inappropriate behavior to Defendant Roberts over the past five years (Interrogatory 10), records and communications regarding Roberts' inappropriate behavior, (Interrogatory 11), documents related to hiring and performance reviews of employees who attended the conference or supervised plaintiff (Request for production 1 and 4); training policy information and training records (Requests 2 and 3); documents related to the investigation of plaintiff's report of assault including requests under ADA (Request 11); request for documents related to the incident underlying the complaint (Request 13); Expense reports related to the conference (Request 19); Financial reports over a five year period (Requests 31-37).

In response to Plaintiff's May 15, 2025 discovery requests (*See Exhibit 1*), on June 16, 2025, Defendant requested and received a 21-day extension of time to respond until July 8, 2025. (*See Exhibit 2*). Plaintiff received responses on July 8, 2025 (*See Exhibit 3*). Plaintiff sent a deficiency letter on July 28, 2025. (*See Exhibit 4*). Defendant did not respond to the deficiency letter. Plaintiff emailed Defendants on August 25, 2025 relating to discovery (including regarding outstanding discovery) and again on September 15, 2025, following up on a discovery call to Defendant counsel requesting a time to meet and confer and to also discuss amending the Scheduling Order (*See Exhibit 5*). On September 16, 2025 Defendant sent supplemental materials (See Exhibit 6).

Plaintiff and Defendant discussed outstanding discovery again on September 30, 2025 and October 2, 2025. Defendant agreed to provide supplemental discovery materials first by Wednesday October 8, 2025 then by Friday October 10, 2025. Defendants have failed to supplement discovery or provide information on outstanding materials.

The discovery set forth below remains outstanding and Plaintiff requests that Defendant Weston & Sampson produce the same.

## IV.    <u>LEGAL ARGUMENT</u>

To survive a motion to compel, "a party objecting to discovery must first show that the information sought is not relevant before showing that it is not proportional to the needs of the case." <u>Ashmore v. Williams</u>, 2017 WL 2437082, *4 (D.S.C. June 6, 2017). The party objecting to discovery also bears the burden of showing that "the requested information is outside the scope of discovery." <u>Id</u>.

Pursuant to Fed. R. Civ. P. 26(b)(1), a party may seek discovery regarding:

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Interrogatories and Requests outlined above are both relevant and proportional to the needs of this case. "Relevant information is a broader concept than admissible evidence. To be relevant, information need only be calculated to lead to the discovery of admissible evidence, it need not be admissible itself." Mustang Innovation, LLC v. Sonoco Prods. Co., 2015 WL 4508830, at *1 (D.S.C. July 24, 2015). In the Fourth Circuit "undue restrictions of discovery in Title VII cases are 'especially frowned upon.'" Ardrey v. U.P.S., 798 F.2d 679, 684 (4th Cir. 1986) (citations omitted). Each of the Interrogatories and Requests at issue are well within the permissible scope of Fed. R. Civ. P. 26(b)(1). As such, Plaintiff respectfully requests that the Court compel production of all nonprivileged information and/or documents responsive to the Interrogatories and Requests at issue.

## SPECIFIC DISCOVERY DISPUTES:

**INTERROGATORY NO. 6:** Describe the criteria and employer policies for an employee to attend any conference.

**ANSWER:** Defendant W&S does not have documents responsive to this interrogatory.

**SUPPLEMENTAL ANSWER:** None given.

**Dispute:** Plaintiff, while working W&S, understood that there were parameters related to business travel including conference attendance, expense payment and reimbursement, selection criteria, availability to travel, and subject matter. Status of years of employment or outstanding discipline may also affect status.

Defendant does not assert that the corporation's travel policies are not relevant Defendant but has indicated that there are no written policies. Even if there are no written policies, Plaintiff

4

believes that she is intitled to a response stating Defendant's employment practices, based on

articulable policy or custom. In employment cases customs and practices often are unwritten and

offer significant information about the employer. In addition, as the employer is a national

corporation with hundreds of employees involved in engineering throughout the country, it is

difficult to believe that that there are no parameters, customs, practices or rules related to

conference or other travel for employees.


**INTERROGATORY NO. 10:** Identify each circumstance involving employees disciplined (via
a letter of reprimand, suspension, terminated, or other) during the past five years for inappropriate
and unprofessional conduct, including racial or sexual statements or discrimination, unwanted
touching, alcohol abuse, or physical or verbal harassment/aggression, use of inappropriate or
vulgar language including inappropriate sexualized language, threats and/or firearms issues in the
relevant time period as set forth in the instructions above. Please identify the policy violation and
the result (discipline, counseling, termination, etc.). For the purposes of maintaining privacy please
identify each employee by initials, number or other symbol.

**ANSWER:** Defendant W&S objects to this request to the extent it seeks information related to
any employees other than Plaintiff or Defendant Roberts on the grounds that any such
persons are not parties in this case and such information is neither relevant to any party's
claim or defense nor proportional to the needs of the case. Defendant W&S further objects to
this request to the extent it seeks information regarding such employees who were disciplined
during the past five years for inappropriate and unprofessional conduct, policy violations,
and the result, as all such information is not relevant and not proportional to the needs of the
case – except for such information that may apply to Plaintiff and/or Defendant Roberts.
Further, to the extent this request requests information related to racial statements or
discrimination, such information is neither relevant to any party's claims or defenses nor
proportional to the needs of the case because Plaintiff is not alleging race discrimination or
retaliation here.

**SUPPLEMENTAL ANSWER:** None given.

**Dispute:** Defendant objects in a boilerplate manner, based on general relevance and relevance of

racial incident and proportionality, but does *not object based on burden or difficulty in obtaining*

*the information and does not present an argument that comparator evidence in this case is not*

*relevant*. The parties discussed the dispute during recent Meet and Confer conversations and in

Deficiency letter (Exh. 4).  Defendant was requested to provide substantiation for its

proportionality objection and failed to do so.  Defendant has not provided supplementation and as such the dispute remains.

**The Requested Information and Documents Are Relevant and Proportional to Plaintiff's Claims.**

Defendants objected to Plaintiffs' discovery request on the basis of, among other things, relevance. The Supreme Court and courts in this circuit have stated that the rules of discovery, including Rule 26, are to be given broad and liberal construction. Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Nemecek v. Bd. of Governors, 2000 U.S. Dist. LEXIS 22340, 2000 WL 33672978, *4 (E.D.N.C. Sep. 27, 2000). "While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.  Indeed, the standard for discoverability is not coterminous with that of admissibility at summary judgment or trial and is much broader." Gage v. Golden Corral Corp., 2014 U.S. Dist. LEXIS 7661, *8-9 (E.D.N.C. Jan. 22, 2014) (internal citations and quotations omitted). Frank Betz Assocs., Inc. v. Jim Walter Homes, Inc., 226 F.R.D. 533, 536 (D.S.C. 2005) (recognizing that the standard for whether to allow a motion to compel discovery is not limited by whether the information is admissible under the Rules of Evidence). "The district court has broad discretion in determining relevance for discovery purposes." Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992).

As the court in Pitrolo v. Cty. of Buncombe, 2007 U.S. Dist. LEXIS 25370, at *2-4 (W.D.N.C. Apr. 4, 2007) explained:

> While it may be valid to argue at trial or at summary judgment that evidence as to a given employee is not admissible inasmuch as such person is not a 'valid comparator,' discovery that is designed to find valid comparators is not objectionable simply because it may also include information that may not be admissible. Under Rule 26, the court's inquiry is a simple one:

the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

***Thus, if plaintiff's discovery requests appear to be reasonably calculated to lead to the discovery of admissible evidence, i.e., persons who may be determined to be comparators, they must be answered.***

(Emphasis added, internal citations omitted.) "Plaintiff has a right to use the discovery process to attempt to develop evidence of potentially similarly situated employees." Adamov v. U.S. Bank Nat'l Ass'n, 2015 U.S. Dist. LEXIS 96523, at *16-20 (W.D. Ky. July 23, 2015).

Plaintiff made claims of discrimination and retaliation based on sex. She also has made a hostile environmental claim, defamation and IIED. Part of Plaintiff's claims include that the corporation did not enforce their own policies put in place to keep employees safe.  Defendant Weston & Sampson has a zero-tolerance policy for discrimination, including race-related discrimination, use of inappropriate language, sexual discrimination and misconduct, inappropriate conduct, etc. Plaintiff asserts in ¶23, 36, 41 and 59 of the Complaint  that Defendant, who was Plaintiff's supervisor,  used racial slurs, and engaged in sexual and racially related verbal misconduct, sexual harassment, and behaved in an intoxicated manner not only on the business trip at issue, but also had a serious disciplinary record dated December 21, 2021 which also related to use of racial slurs or sexual statements, alcohol, use of inappropriate or vulgar language. (*See Second Amended Complaint ECF 43)*.  Plaintiff seeks information on discipline to determine if Defendant Weston & Sampson applies its own policies consistently or if Mr. Robert's receive special treatment.

Whether the Defendant follows its EEO and other policies, or makes exceptions, is relevant in this case. Discovery as to uniform application of safety rules, i.e. selective application of a disciplinary policy versus neutral enforcement of the disciplinary rules by Weston &

Sampson via discovery of how they handle the same or similar cases, will lead to the discovery

of relevant and admissible information.

Regarding proportionality, as noted in Advisory Committee Note to the amendments to

Rule 26(b)(1), the revisions related to proportionality do not place the burden of

proving proportionality on the party seeking discovery. Nor does it authorize boilerplate refusals

to provide discovery on the ground that it is not proportional.

> Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Machinery Solutions, Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 526 (D.S.C. 2018).

Plaintiff has asked for a reasonable 5 years of information without requiring identification

of the employees involved. The Defendant has not suggested or given details in their response on

how the request is not proportional as required. Despite conferring, and opportunities to produce

the discovery or offer other than boilerplate objections Weston & Sampson has steadfastly refused

production.

As such the Plaintiff requests that Defendant be compelled to produce the requested

information.

**INTERROGATORY NO. 11:** Describe in detail all communication between HR personnel or any employee of the Defendant Employer regarding the following:

a) All interactions with Defendant Roberts, including sexual assault, unwanted touching, unwanted advances or interactions, and any threats or slurs made by Roberts with reference to the Plaintiff;
b) Inappropriate comments by Roberts or any other employee to Plaintiff;
c) Male or Female workers or customers being uncomfortable with Defendant Roberts.

2:24-cv-01682-RMG-WSB     Date Filed 10/17/25     Entry Number 107     Page 9 of 22

**ANSWER:**

a. See documents Bates labeled DEF W&S_000108 – 111. Defendant W&S is
continuing to determine whether there are additional responsive documents and
will supplement this response as appropriate if it determines that any relevant,
nonprivileged communications exist.

b. See documents Bates labeled DEF W&S_000108 – 111. Defendant W&S is
continuing to determine whether there are additional responsive documents and
will supplement this response as appropriate if it determines that any relevant,
nonprivileged communications exist.

c. Defendant W&S does not have documents responsive to this interrogatory.

**SUPPLEMENTAL ANSWER:** None given.

**Dispute**: Weston & Sampson alleges that the only communications they can describe regarding

the incidents or complaints about Defendant Roberts inhabit four pages, verifying suspension and

termination of the individual Defendant. Separately, Weston & Sampson also produced a two-page

disciplinary warning form related to the individual Defendant's behavior at a 2021 Holiday event,

with no details of the communications that lead to that discipline provided.

Plaintiff specifically requests the substance of communications from coworkers or

customers related to the individual Defendant. Weston & Sampson states there are no documents

which is non-responsive. Some communication occurred or there would be no discipline. Plaintiff

believes that there are additional communications which Defendant should be required to describe.

For example one email document produced references a phone call relating to Mr. Roberts, in

April 2022, involving Bob Horner, SC Regional Manager, and employees Kip Gearhart, Daniel

Shinnick, Meghan Moody, Lee Stanton and Colleen Manning. No information on the substance of

this call, or others between employees related to Mr. Roberts, or complaints or reports about his

behavior, was provided.

As an additional example, regarding the 2021 discipline of Mr. Roberts, the documents produced, a disciplinary form, provide no information as to the substance of any communications, including the facts the employer was advised of underlying the discipline in 2021. Someone has to have reported or observed the incident to engender the discipline but no information on communications leading to that discipline was provided.

Give the foregoing, Plaintiff seeks an order compelling the Defendant to fully respond to the interrogatory.

**INTERROGATORY 16 and REQUEST FOR PRODUCTION 8, 10, 17 and 41:**

Plaintiff requested policies and procedures in Interrogatory 16 and Requests for Production 8, 10, 17 and 41. Defendant provided illegible materials. Plaintiff requested in the Deficiency letter a legible copy of the response. (*See Exhibit 4*). Despite assurances Defendant has not produced legible materials.

Plaintiff asks that the Defendant be ordered to produce the information requested in legible form.

**REQUEST FOR PRODUCTION NO. 1 and 4:**

**REQUEST FOR PRODUCTION 1:** Produce all documents which reference, reflect, or relate to the hiring, employment, wages, benefits, discipline, and separation of the employees listed below. Please include complete personnel file and payroll records. This includes files kept by Human Resources, and any employee files maintained by the chain of command including Files or Notes.
Lauren Ballard
Jason Roberts
Jerry Corr (Coor)
Robert (Bob) Horner

**RESPONSE:** Defendant W&S objects to this request on the grounds that it does not request documents limited to a particular time period or to a particular category, and such an expansive request is neither relevant nor proportional to the needs of the case. Defendant W&S will consider a revised request that is reasonable and sufficiently detailed so as to alert Defendant to the particular documents requested and to the extent Defendant has such documents. Subject to and without waiving these and any other objections, see documents Bates labeled DEF W&S_000003 – 107, 128 – 131 for Lauren Ballard's personnel files;

DEF W&S_000108 – 127 for Defendant Jason Roberts' personnel files; DEF W&S_000146 – 224 for Jerry Corr's personnel files; and DEF W&S_000225 – 340 for Robert Horner's personnel files.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections stated in Defendant W&S's Responses to Plaintiff's Requests for Production of Documents, see documents Bates labeled DEF W&S 000752 – 758. The supplemental response, Bates labeled DEF W&S 000752 – 758, is pay records for Plaintiff only.

**REQUEST FOR PRODUCTION NO. 4: Produce** all performance reviews, complaints, records of promotions, demotions or disciplinary actions for the following employees:
Lauren Ballard
Jason Roberts
Jerry Corr (Coor)
Robert (Bob) Horner

**RESPONSE:** This request appears duplicative of the items requested in Request No. 1. Please refer to the response to Request No. 1 above, which identifies by Bates label each of these individuals' respective personnel files.

**SUPPLEMENTAL RESPONSE:** none given**.**

**Dispute:** W&S objects to Request 1 as written based on proportionality, lack of time limitations and lack of categories. Defendant objects to Request 4 as duplicative of 1 although it seeks to zero in on performance reviews, complaints, records of promotions, demotions or disciplinary actions which may or may not be in a "personnel file". Defendant does not object based on relevance or confidentiality.

Contrary to Defendant's statement related to Request 1, Plaintiff specifically asked for categories of records that relate to the hiring, employment, wages, benefits, discipline, and separation of the four employees listed below. The request also specifically asks for complete payroll records and personnel files.  Request 4 also requests discrete categories of information for the same four employees.

As for absence of time limitations on the requests, the objection is not germane in this case. Ballard and Roberts were employed for less than a year, and Corr, a key witness who also

attended the conference in question, worked for the employer for less than two years. Horner (South Carolina manager) worked for a significantly longer period but is now retired. As he was the key manager involved in this case and decision maker, a records request for his complete file is proportional given that he is a key witness.

Regarding Roberts, based on Roberts' role as a Defendant and Counter-claimant his complete files are proportional in this case, including the request for payroll materials. Note that Roberts was hired 9/7/21 and provided a retention bonus on 11/20/21, to be paid in two parts. The bonus was to be repaid if Roberts did not stay six months after payment. He was terminated prior to the six months, and there is no indication in records produced that the bonus was repaid. Mr. Roberts claims that he has been damaged by Plaintiff, as such full investigation of his bonus history, wage-earning ability and employment file is proportional to the case. Roberts has not filed a motion or other response to prevent production of his records.

Regarding Request 4, Defendant by reference again objects based on proportionality, lack of time limitations and lack of categories. Defendant has similarly failed to provide full documentation regarding discipline, performance reviews, complaints, records of promotions, demotions or disciplinary actions of the employees identified based on the responses provided. Given the foregoing Plaintiff asserts that discipline, performance, complaints, promotions, demotions for 4 important witnesses should be produced for the reasons above.

As stated regarding prior objections, the Defendant cannot rely on boilerplate generalities to justify objections, but must provide detail and support. Defendant has not detailed how the request is disproportional and does not claim that the records are either irrelevant, confidential or in a format that cannot be delivered. Given the lack of proper of objections Plaintiff requests that the Defendant be ordered to provide full list of files requested.

**REQUESTS FOR PRODUCTION 2 and 3:**

**REQUEST FOR PRODCUTION NO. 2:** Produce all training records for each employee identified as a witness by the Defendant, in addition to the training records for the following employees:
Lauren Ballard
Jason Roberts
Jerry Corr (Coor)
Robert (Bob) Horner

**RESPONSE:** Defendant W&S does not have documents responsive to this request.

**SUPPLEMENTAL RESPONSE:** None.


**REQUEST FOR PRODUCTION NO. 3:** Produce all training materials and certifications related to discrimination, harassment, work place conduct, off site conduct, interaction with customers, and drug and alcohol use provided to employees in the 2 years preceding the incident at issue.

**RESPONSE:** Defendant W&S does not have documents responsive to this request.

**SUPPLEMENTAL RESPONSE:** none given**.**

**Dispute**: Records produced by Defendant Weston & Sampson reference training for employees.

Messages were produced by Weston & Sampson referencing Plaintiff's on-line training. Plaintiff

received documents when she was hired that referred to training in a variety of subjects, including

for new employees of the employer.

There are no substantive objections to these requests. Defendant, during the meet and

confer sessions, indicated that there were training modules given to employees, including Plaintiff.

Plaintiff requests that the Defendant be ordered to produce the training records and training

materials requested.

**REQUESTS FOR PRODUCTION 11 and 13:**

**REQUEST FOR PRODUCTION NO. 11:** Produce all documentation, reports notes and records relating to any internal, or EEO, ADA, FMLA, harassment or discrimination investigation of Plaintiff  Ballard or Defendant Roberts, including written  statements, investigator notes, transcripts or notes taken from potential witnesses concerning the facts or issues of this action. Please include all findings and conclusions.

**RESPONSE:** Defendant W&S objects to this request to the extent it seeks information related to statutes and/or legal issues that have not been alleged in this case, including the ADA and the FMLA, on the grounds that such information is neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objection, see documents Bates labeled DEF W&S_000108 – 113.

**SUPPLEMENTAL RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 13:** All complaints, reports or incident forms relating to the alleged incidents alleged in the complaint whether made by Plaintiff or any other person, agent or employee of the Defendant.

**RESPONSE:** Defendant W&S objects to this request as overbroad and unduly burdensome. Defendant further objects to this request to the extent it ambiguously seeks all "complaints, reports or incident forms relating to the alleged incidents alleged in the complaint whether made by Plaintiff or any other person, agent or employee of the Defendant" as all such documents and/or communications may neither be relevant nor proportional to the needs of the case. Subject to and without waiving these and any other objections, see documents Bates labeled DEF W&S_000108 – 111.

**SUPPLEMENTAL RESPONSE:** None given.

**Dispute:** Plaintiff requests records of investigations in Request 11 including any related to EEO, ADA or FMLA.

Defendant objects to producing ADA, and FMLA, materials and does not produce any investigative materials, just minimal material confirming the individual defendant's 2021 discipline and 2022 suspension, termination and return of property.

Regarding the ADA and FMLA, Plaintiff requested leave of absence following the incident in question for medical and mental health reasons. As such the employer may have categorized documentation, investigation or materials in their possession and control regarding Plaintiff in a category other than a personnel file. Plaintiff received in patient and outpatient care. Defendant may have considered the request for leave an ADA or FLMA matter. The RFP is an attempt to capture all Defendant's materials related to Plaintiff, her employment and the incidents complained

of that may be with in the employer's possession and control. Plaintiff did file an EEOC Charge and as such any investigation into the same would be relevant to the issues underlying the Complaint despite how it may be defined or categorized by the Defendant employer.

Request 13 is similar and asks for complaints, reports or incident forms relating to the incidents alleged in the Summons and Complaint made by Plaintiff or any other person, agent or employee of the Defendant. It is a simple and discrete request, as it only covers matters related to the litigation. These are materials that may or may not be in a personnel file, and may exist whether there was an investigation of or not. They may also have been made by someone other than Plaintiff. The request also covers reports that Weston & Sampson may have made regarding the incidents in the Complaint for example to insurers or the home office, or within a supervisory chain of command.

That the defendant does not understand the term complaints, reports or incident forms is disingenuous. However, often human resources professionals use incident report forms. On other occasions they refer to calls they get regarding events to be reports. Complaints may cover incidents and reports at other employers. The clear goal of the request is to gather documentation which puts the employer on notice or is part of their investigations. In addition, the discovery in requests information regarding the matters in the Complaint, and as such it is not overly broad or disproportionate. Defendant has not identified in their objections in what respect they would be burdened by the production and therefor the objection is improper/

Given that no valid objection has been made to the Request for Production Plaintiff asks that the Defendant be ordered to produce the investigations and other records requested.


**INTERROGATORY 11, REQUESTS FOR PRODUCTION 6, 7, 11, 20, 28, 29.**

Defendant indicated in its responses (Exh 3) to the forgoing questions that it was trying to locate and determine if there are additional responsive documents and communications. In addition, Employer states that they are trying to determine if there are relevant non-privileged communications.

Plaintiff requests that the Court Order the Defendant to produce any materials located that are responsive the above listed questions by a definitive date certain.

If any documents have been withheld based on privilege, Plaintiff requests that the Court order that pursuant to FCRP 26(b)(5)9A)(ii) the Defendant produce a privilege log including "the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim."

**REQUEST FOR PRODUCTION 8, 10, 17, 40 and 41.**

Plaintiff has informed the Defendant with regard to W&S responses RFP No. 8, 10, 17 as well as 40 and 41, that the response references documentation which is illegible. See, Exh. 4. The company handbook and policies provided cannot be read as produced.

Plaintiff seeks an Order the Defendant produce legible materials.

**REQUESTS REGARDING FINANCIAL MATERIAL**

Given the seriousness of the allegations, Plaintiff is seeking punitive damages in this matter and as such seeks information on the financial health of Weston & Sampson. Defendant objects to producing financial data:

**REQUEST FOR PRODUCTION NO 31**: Produce all financial statements (including balance sheets, income statements, and statements of cash flow) for the Defendant for the past five (5) years.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe

with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all financial statements (including balance sheets, income statements, and statements of cash flow) for the Defendant for the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE:** None given.

**REQUEST FOR PRODUCTION NO 32:** Produce all tax returns filed by the Defendant for the past five (5) years.

**RESPONSE**: Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all tax returns filed by the Defendant for the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE:** None given.
.

**REQUEST FOR PRODUCTION NO 33:** Produce copies of any audited or unaudited financial reports, including reports prepared for internal use or for third parties such as banks or investors, for the past five (5) years.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any audited or unaudited financial reports, including reports prepared for internal use or for third parties such as banks or investors, for the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE:** None given.

**REQUEST FOR PRODUCTION NO 34.** Produce any documents reflecting the valuation of the Defendant company or its subsidiaries (if any) within the past five (5) years, including any valuations conducted for mergers, acquisitions, insurance, litigation, or financing.

**RESPONSE**: Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S

further objects to this request to the extent it ambiguously seeks "any documents reflecting the valuation of the Defendant company or its subsidiaries (if any) within the past five (5) years, including any valuations conducted for mergers, acquisitions, insurance, litigation, or financing," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE**: None given.

**REQUEST FOR PRODUCTION NO 35:** Produce any documents identifying the company's assets, including real property, equipment, intellectual property, subsidiaries, and investments, along with estimated or appraised values.

**RESPONSE**: Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any documents identifying the company's assets, including real property, equipment, intellectual property subsidiaries, and investments, along with estimated or appraised values," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE:** None given.

**REQUEST FOR PRODUCTION NO 36:** Produce all documents showing ownership structure, including the names and ownership percentages of all shareholders, members, or beneficial owners.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all documents showing ownership structure, including the names and ownership percentages of all shareholders, member, or beneficial owners," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff case, that has only been brought against the corporate entity Weston & Sampson, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case. Subject to and without waiving those and other objections, W&S is not a publicly traded company; W&S is not a parent of any publicly traded company, subsidiary, partner or affiliate; no publicly owned company owns 10% or more of any outstanding shares or other indicia of ownership of W&S; and W&S does not own 10% or more of the outstanding shares of a publicly owned company. See ECF No. 8.

**SUPPLEMENTAL RESPONSE:** None given.

**REQUEST FOR PRODUCTION NO 37:** Produce copies of any loan applications, credit agreements, or financing arrangements submitted to any financial institution within the past five (5) years.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any loan applications, credit agreements, or financing arrangements submitted by any financial institution within the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE**: None given.

Plaintiff has alleged conduct which may lead to punitive damages, including under Title VII and Plaintiff's state law claims. Consequently, the Plaintiff is entitled to discover information relating to the defendant's ability to pay punitive damages. Weston & Sampson seeks to block access to any category of financial information based on single Plaintiff status, relevance, and proportionality and ambiguity of basic and routine financial terms.

Plaintiff cannot find caselaw that rules that single Plaintiffs are not entitled to financial information in cases involving punitive damages.  However, as stated above, a party objecting must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome. See Fed. R. Civ. P. 33(b)(4) and Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) noting that a statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.' In addition, "a party objecting to discovery must first show that the information sought is not relevant before showing that it is not proportional to the needs of the case." Ashmore v. Williams, 2017

WL 2437082, *4 (D.S.C. June 6, 2017). A showing of lack of proportionality must be affirmatively presented and explained in detail.

Clearly, the issue of punitive damages is a legitimate matter in this case. Where a case involves punitive damages, the financial status of the company is relevant. Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 21-22 (1991) and Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004) note that defendant's financial position is a proper consideration in assessing punitive damages. "Under well-settled law….factors such as [net worth] are typically considered in assessing punitive damages." Saunders v. Branch Banking & Trust Co. of Va.,  526 F.3d 142, 154-55 (4th Cir. 2008). South Carolina decisions echo this principal: "the wealth of a defendant is a relevant factor in assessing punitive damages." Branham v. Ford Motor Co.,  701 S.E.2d 5, 24 (2010).

In the matter of Nix v. Holbrook and Stevens Transport, Inc., United States District Court, D. South Carolina, Orangeburg Division.February 13, 2015, Judge Childs ordered the production of financial information regarding net worth, citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 21-22 (1991) ("It was announced that the following could be taken into consideration in determining whether the award was excessive or inadequate: . . . the "financial position" of the defendant;. . . .") and Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004) ("[A] defendant's financial position is a proper consideration in assessing punitive damages.").

 Plaintiff asserts that 5 years of financial information is reasonable. Lane v. Capital Acquisitions Mgmt. Corp.,  242 F.R.D. 667 (S.D. Fla. 2005) allowed discovery of 2 years of information. Rogue V. Corelogic Credco ( D. Idaho 2020) ordered 3 years of production stating that information related to Defendant's net worth and financial condition is relevant to the issue of punitive damages and ordered the Defendant to produce documents sufficient to establish the subject of the request for the previous three years. Covarrubias v. Ocwen Loan Servicing,

LLC, 2018 WL 5914240, (C.D. Cal. June 21, 2018). Further, the Court ruled that information showing how Defendant's net worth evolved is relevant, thus justifying the discovery of information beyond a snapshot of present worth. Edmark Auto, Inc. v. Zurich Am. Ins. Co., 2019 WL 1002952, at *3 (D. Idaho Mar. 1, 2019).

Based on the forgoing Plaintiff seeks that the Court compel the Defendant to produce the information requests or in the alternative provide sufficient data of net worth and how the worth evolved.

## V.    Conclusion

WHEREFORE, Plaintiff respectfully requests this Court compel Defendant to produce full and complete responses to as requested.

Respectfully submitted,

_s/ Jennifer Munter Stark_
Jennifer Munter Stark , Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843) 972-0004, (843) 972-0006 (f)
jmunterstarklaw@gmail.com

Jeff Weikum, Esq. _Pro Hac Vice_
Weikum Injury Law
2000 Schafer St Suite C
Bismarck, ND 58501
(701)354-2702,  (701)400-1869
jeff@weikuminjurylaw.com
ATTORNEY FOR PLAINTIFF

October 17, 2025