# <u>EXHIBIT 3</u>

**DEFENDANT WESTON & SAMPSON RESPONSES TO PLAINTIFF
INTERROGATORIES AND PRODUCTION REQUESTS
JULY 8, 2025**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

LAUREN BALLARD,

              Plaintiff,

     v.

WESTON & SAMPSON ENGINEERS, INC.,
AND JASON ROBERTS, INDIVIDUALLY,

            Defendants.

C/A No. 2:24-cv-01682-RMG-WSB

### DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**TO:** **PLAINTIFF LAUREN BALLARD AND JENNIFER MUNTER STARK, HER ATTORNEY**

Pursuant to the Federal Rules of Civil Procedure Rules 26 and 33, Defendant Weston & Sampson Engineers, Inc. ("Defendant W&S"), by and through its undersigned counsel, serves these responses to the Interrogatories of Plaintiff ("Ballard"). These responses reflect Defendant W&S's present knowledge and the results of its investigation to date. Defendant W&S reserves the right to amend or supplement these responses as may be necessary or appropriate in the future.

### INTERROGATORIES

1.     Identify each person with knowledge of discoverable facts relating to the allegations in Plaintiff's Complaint or Amended Complaint(s), and describe what they know.

**RESPONSE: Defendant W&S identifies the following individuals as witnesses concerning the facts of this case. The witnesses identified in subparagraphs (c) through (h) below may only be contacted through Defendant W&S's undersigned counsel. At the time of this**

1

responses, no recoded statements have been taken from any witnesses identified below. Defendant reserves the right to supplement this list and also reserves the right to call any witnesses identified by Ballard and/or Defendant Roberts.

a. **Plaintiff Lauren Ballard**

Plaintiff is expected to testify regarding the allegations she has made in the Second Amended Complaint in this matter.

b. **Defendant Jason Roberts**

Defendant Jason Roberts is expected to testify regarding his alleged misconduct and role at Weston & Sampson. He is also expected to testify regarding the information he provided during Weston & Sampson's investigation of the alleged misconduct at issue.

c. **Colleen Manning**

Colleen Manning is expected to testify regarding Weston & Sampson's relevant policies and procedures, as well as remedial action taken against Jason Roberts as a result of Weston & Sampson's investigation into his alleged misconduct.

d. **Robert Horner**

Robert Horner is expected to testify regarding Weston & Sampson's relevant policies and procedures, as well as remedial action taken against Jason Roberts as a result of Weston & Sampson's investigation into his alleged misconduct.

e. **Kip Gearhart**

Kip Gearhart is expected to testify regarding Weston & Sampson's relevant policies and procedures, as well as action taken against Jason Roberts as a result of Weston & Sampson's investigation into his alleged misconduct.

f. **Mehgan Moody**

Meghan Moody is expected to testify regarding Weston & Sampson's relevant policies and procedures.

g.   **Leah Stanton**

**Leah Stanton is expected to testify regarding Weston & Sampson's relevant policies and procedures.**

h.   **Daniel Shinnick**

**Daniel Shinnick is expected to testify regarding Weston & Sampson's relevant policies and procedures, as well as action taken against Jason Roberts as a result of Weston & Sampson's investigation into his alleged misconduct.**

2.   Identify each person who supervised Plaintiff and Defendant Roberts during the relevant time period.

**RESPONSE: During the time period that Ballard was employed by W&S, Dan Shinnick supervised Ballard. During this time period, Dan Shinnick supervised Defendant Roberts.**

3.   Set forth a list of all photographs, plats, sketches or other documents in possession of the party that relate to any claim or defense in the case.

**RESPONSE: Defendant has produced documents responsive to this request, which are Bates labeled DEF W&S_000001 – 000340.**

4.   Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

**RESPONSE: Defendant W&S has insurance coverage relating to this claim through The Hartford with a coverage amount of $2,000,000.00 (Policy No. 22434898).**

5.   Identify each person who was involved in any way (including any who either recommended, made, approved or reviewed) in the following decisions, and describe their role in the decision:

a)   to hire Plaintiff;
b)   to allow Plaintiff to attend the Florida conference described in the Complaint;
c)   to prepare Plaintiff for Corporate expectations at the conference;

3

d)      in considering Plaintiffs request for accommodation after the conference;
e)      to terminate co-Defendant Roberts,
f)      to discipline co-Defendant Roberts.

**RESPONSE:**

a.    **Robert Horner received and reviewed Ballard's resume, and he and Daniel Shinnick made the decision to hire Ballard for the role of GIS Analyst I.**

b.    **Regarding allowing Ballard to attend the ESRI Conference in Florida in 2022, Robert Horner was originally planning to attend the conference but was not able to attend due to a pre-existing medical appointment. Mr. Horner presented the opportunity to Ballard to attend the conference in his absence, and she accepted and appeared excited to attend. Ballard was presented the opportunity to attend, as she and Defendant Roberts were W&S's only two GIS staff in the Southeast, and W&S was looking to build the Southeast team.**

c.    **It is not clear what Ballard means by Corporate expectations at the conference. Prior to the conference, upon information and belief, there was a team meeting for W&S conference attendees.**

d.    **It is not clear what Ballard means by a request for accommodation after the conference. Following her return from the conference, Ballard asked Colleen Manning if she could work from home, and Ms. Manning informed Ms. Ballard that she could.**

e.    **Robert Horner, Daniel Shinnick, Leah Stanton, and Colleen Manning made the decision to terminate Defendant Roberts' employment with W&S.**

6.    Describe the criteria and employer policies for an employee to attend any conference.

**RESPONSE:** Defendant W&S does not have documents responsive to this interrogatory.

7.    Identify any Weston & Sampson employee who requested to attend, was considered for attendance at the ERDI conference at issue and was not selected for attendance. Please state why the request was denied or why the employee was dropped for consideration.

**RESPONSE: There are no Weston & Sampson employees who requested to attend the ESRI Conference in 2022 and were not selected for attendance.**

8.    Please identify all employees or agents involved in the review of Plaintiff's requests for accommodation and involved in her workers' compensation claim.

**RESPONSE: It is not clear to what requests for accommodation Ballard is referring. Following her return from the conference, Ballard asked Colleen Manning if she could work from home, and Ms. Manning informed Ms. Ballard that she could. Ms. Manning was involved in the workers' compensation claim that Ballard submitted following the conference.**

9.    Describe all discipline received by Defendant Jason Roberts during his employment, the reason for such discipline and any requirements to keep his job, such as drug and/or alcohol rehabilitation, re-training or counseling. Identify all documents which support your answer and relate to this interrogatory.

**RESPONSE: See documents Bates labeled DEF W&S_000108 – 000113.**

10.    Identify each circumstance involving employees disciplined (via a letter of reprimand, suspension, terminated, or other) during the past five years for inappropriate and unprofessional conduct, including racial or sexual statements or discrimination, unwanted touching, alcohol abuse, or physical or verbal harassment/aggression, use of inappropriate or vulgar language

including inappropriate sexualized language, threats and/or firearms issues in the relevant time period as set forth in the instructions above. Please identify the policy violation and the result (discipline, counseling, termination, etc). For the purposes of maintaining privacy please identify each employee by initials, number or other symbol.

**RESPONSE:** **Defendant W&S objects to this request to the extent it seeks information related to any employees other than Plaintiff or Defendant Roberts on the grounds that any such persons are not parties in this case and such information is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant W&S further objects to this request to the extent it seeks information regarding such employees who were disciplined during the past five years for inappropriate and unprofessional conduct, policy violations, and the result, as all such information is not relevant and not proportional to the needs of the case – except for such information that may apply to Plaintiff and/or Defendant Roberts. Further, to the extent this request requests information related to racial statements or discrimination, such information is neither relevant to any party's claims or defenses nor proportional to the needs of the case because Plaintiff is not alleging race discrimination or retaliation here.**

     11.     Describe in detail all communication between HR personnel or any employee of the Defendant Employer regarding the following:

     a)     All interactions with Defendant Roberts, including sexual assault, unwanted touching, unwanted advances or interactions, and any threats or slurs made by Roberts with reference to the Plaintiff;

     b)     Inappropriate comments by Roberts or any other employee to Plaintiff;

     c)     Male or Female workers or customers being uncomfortable with Defendant Roberts.

**RESPONSE:**

    a.  **See documents Bates labeled DEF W&S_000108 – 111. Defendant W&S is continuing to determine whether there are additional responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

    b.  **See documents Bates labeled DEF W&S_000108 – 111. Defendant W&S is continuing to determine whether there are additional responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

    c.  **Defendant W&S does not have documents responsive to this interrogatory.**

12.    State whether an investigation was performed into Plaintiff's allegations arising from the conference. Set forth when the investigation was performed, by whom, what constituted the substance of the investigation, who was interviewed and the outcome. Please identify who was disciplined and the nature of the discipline, if any occurred. Identify all documents and correspondence relating to the disciplinary action and investigation.

**RESPONSE:** **Defendant W&S investigated Defendant Roberts' conduct while attending the ERSI Conference in 2022. During the course of the investigation, Robert Horner spoke separately with Ballard and Defendant Roberts about the alleged events of the ESRI Conference. Weston & Sampson made the decision to terminate Defendant Roberts. See documents Bates labeled DEF W&S_000108 – 000111.**

13.    State the name, address, and any qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter of said expert's testimony, any and all opinions held by said experts and the facts known to the expert which relate to or form the basis of the expert's opinion.

7

**RESPONSE: At the time of this response, Defendant W&S has not retained any expert witness in this case.**

14.     Please identify all individuals, agencies, corporations and employers who contacted Defendant regarding Plaintiff after her departure. State the nature of the contact, what exactly was said or communicated to the inquirer, name and job description of the individual giving out information and the date. Identify all documentation relating to the interrogatory including if any written reference was received by the Defendant, produced or disseminated.

**RESPONSE: Defendant W&S does not have documents responsive to this interrogatory.**

15.     Identify and list all lawsuits, EEOC complaints, Department of Labor complaints, incidents and complaints or allegations involving disability, racial discrimination or retaliation, that were reported, made or filed, over the last 5 years against the Defendant. Include information as to the outcome of each, if the individuals involved were disciplined and the nature of the complaint.

**RESPONSE: Other than the claim by Plaintiff, there have been no such claims filed against Defendant W&S in the preceding five (5) years.**

16.     Describe in detail any policies, procedures, or employee handbooks that address employee intoxication, substance abuse, workplace safety, and event conduct that were in effect at the time of each incident.

**RESPONSE: See documents Bates labeled DEF W&S_000030 – 31, 35 – 40, 44 – 47, 59 – 60, 62.**

17.     Identify all individuals responsible for enforcing such policies, and whether they received any training related to recognizing or responding to substance-related misconduct.

**RESPONSE: Weston & Sampson supervisors along with Human Resources personnel, are responsible for enforcing the policies referred to in response to Interrogatory No. 16 above.**

8

By: _s/ D. Randle Moody, II_
D. Randle Moody, II (Fed. I.D. No. 7169)
Email: Randy.Moody@jacksonlewis.com
Laura A. Ahrens (Fed. I.D. No. 13396)
Email: Laura.Ahrens@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

_ATTORNEYS FOR DEFENDANT_
_WESTON & SAMPSON ENGINEERS, INC._

July 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, a copy of the foregoing **DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was served via e-mail upon the following:

Jennifer Munter Stark, Esq.
210 Wingo Way, Suite 300
Charleston, SC 29464
jmunterstarklaw@gmail.com

Deborah B. Barbier
Deborah B. Barbier, LLC
1811 Pickens Street
Columbia, SC 29201
dbb@deborahbarbier.com

_s/ Paula D. Davis_

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

LAUREN BALLARD,

Plaintiff,

v.

WESTON & SAMPSON ENGINEERS, INC.,
AND JASON ROBERTS, INDIVIDUALLY,

Defendants.

C/A No. 2:24-cv-01682-RMG-WSB

## DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**TO:   PLAINTIFF LAUREN BALLARD AND JENNIFER MUNTER STARK, HER ATTORNEY**

Pursuant to the Federal Rules of Civil Procedure Rules 26 and 34, Defendant Weston & Sampson Engineers, Inc. ("Defendant W&S"), by and through its undersigned counsel, serves these responses to the Requests for Production of Documents of Plaintiff ("Ballard"). These responses reflect Defendant W&S's present knowledge and the results of its investigation to date. Defendant W&S reserves the right to amend or supplement these responses as may be necessary or appropriate in the future.

## REQUESTS FOR PRODUCTION

1.    Produce all documents which reference, reflect, or relate to the hiring, employment, wages, benefits, discipline, and separation of the employees listed below. Please include complete personnel file and payroll records. This includes files kept by Human Resources, and any employee files maintained by the chain of command including Files or Notes.

1

Lauren Ballard

Jason Roberts

Jerry Corr (Coor)

Robert (Bob) Horner

**RESPONSE:** Defendant W&S objects to this request on the grounds that it does not request documents limited to a particular time period or to a particular category, and such an expansive request is neither relevant nor proportional to the needs of the case. Defendant W&S will consider a revised request that is reasonable and sufficiently detailed so as to alert Defendant to the particular documents requested and to the extent Defendant has such documents. Subject to and without waiving these and any other objections, see documents Bates labeled DEF W&S_000003 – 107, 128 – 131 for Lauren Ballard's personnel files; DEF W&S_000108 – 127 for Defendant Jason Roberts' personnel files; DEF W&S_000146 – 224 for Jerry Corr's personnel files; and DEF W&S_000225 – 340 for Robert Horner's personnel files.

2.     Produce all training records for each employee identified as a witness by the Defendant, in addition to the training records for the following employees:

Lauren Ballard

Jason Roberts

Jerry Corr (Coor)

Robert (Bob) Horner

**RESPONSE:** Defendant W&S does not have documents responsive to this request.

2

3.      Produce all training materials and certifications related to discrimination, harassment, work place conduct, off site conduct, interaction with customers, drug and alcohol use provided to employees in the 2 years preceding the incident at issue.

**RESPONSE: Defendant W&S does not have documents responsive to this request.**

4.      Produce all performance reviews, complaints, records of promotions, demotions or disciplinary actions for the following employees:

Lauren Ballard

Jason Roberts

Jerry Corr (Coor)

Robert (Bob) Horner

**RESPONSE: This request appears duplicative of the items requested in Request No. 1. Please refer to the response to Request No. 1 above, which identifies by Bates label each of these individuals' respective personnel files.**

5.      Any and all statements or summaries of statements or interviews taken from any person with regard to the subject matter of this litigation, whether signed or unsigned, recorded or transcribed, or in any other tangible form.

**RESPONSE: Defendant W&S does not have documents responsive to this request.**

6.      All documents and communications including emails, texts, tweets or other communications regarding attendance by any employee at the ERSI conference at issue in the litigation, including approval for Robert Horner, Jason Roberts, Jerry Corr (Coor), and Lauren Ballard to attend the same.

**RESPONSE: See documents Bates labeled DEF W&S_000108 – 111, 128 – 130. Defendant W&S is continuing to determine whether there are additional responsive documents and will**

**supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

7.    All communication between Plaintiff and Roberts during the time that they were both employed by the Defendant in 2022. Include all emails, texts, chat logs, internal communications, SLACK, phone, Microsoft Teams, Google Chat, Zoom, WhatsApp, Telegram, Signal and other similar communications.

**RESPONSE: Defendant W&S is continuing to determine whether there are additional responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

8.    Produce all rules and procedures related to the attendance of offsite conventions or meetings such as the ERSI conference at issue.

**RESPONSE: See documents Bates labeled DEF W&S_000030 – 31, 59 – 60.**

9.    All documents related to the ERSI conference at which the incidents at issue occurred including agendas, attendee lists, travel arrangements, meeting notes and security protocols.

**RESPONSE: Defendant W&S does not have documents responsive to this request.**

10.    Produce the Defendant's employment handbook, manual, polices and procedures.

**RESPONSE: See documents Bates labeled DEF W&S_000017 – 106.**

11.    Produce all documentation, reports notes and records relating to any internal, or EEO, ADA, FMLA, harassment or discrimination investigation of Plaintiff Ballard or Defendant Roberts, including written statements, investigator notes, transcripts or notes taken from potential witnesses concerning the facts or issues of this action. Please include all findings and conclusions.

4

**RESPONSE:** Defendant W&S objects to this request to the extent it seeks information related to statutes and/or legal issues that have not been alleged in this case, including the ADA and the FMLA, on the grounds that such information is neither relevant to any party's claim or defense nor proportional to the needs of the case. Subject to and without waiving the foregoing objection, see documents Bates labeled DEF W&S_000108 – 113.

12.     All documents, communications with and materials submitted to the EEOC or related to the charge of discrimination filed by the Plaintiff.

**RESPONSE:** Defendant W&S is continuing to determine whether there are responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.

13.     All complaints, reports or incident forms relating to the alleged incidents alleged in the complaint whether made by Plaintiff or any other person, agent or employee of the Defendant.

**RESPONSE:** Defendant W&S objects to this request as overbroad and unduly burdensome. Defendant further objects to this request to the extent it ambiguously seeks all "complaints, reports or incident forms relating to the alleged incidents alleged in the complaint whether made by Plaintiff or any other person, agent or employee of the Defendant" as all such documents and/or communications may neither be relevant nor proportional to the needs of the case. Subject to and without waiving these and any other objections, see documents Bates labeled DEF W&S_000108 – 111.

14.     All documents showing any prior complaints, or reports of harassment or misconduct against Defendant Roberts.

**RESPONSE:** See documents Bates labeled DEF W&S_000112 – 113.

5

15.    All documents reflecting any performance issues with Defendant Roberts during his employment.

**RESPONSE: See documents Bates labeled DEF W&S_000108 – 113.**

16.    All documents reflecting any performance improvement plans Defendant Roberts was placed on during his employment.

**RESPONSE: See documents Bates labeled DEF W&S_000112 – 113.**

17.    All policies, procedures, rules regulations, protocols, communications or documents utilized from January 2020 to present regarding:

    a.  Anti-Harassment, discrimination and unwanted touching
    b.  Anti-Retaliation rules
    c.  Behavior on and off employer premises/during and after work hours
    d.  Employee relationships
    e.  Reporting processes.
    f.  Investigation processes.
    g.  Disciplinary procedures

**RESPONSE: See documents Bates labeled DEF W&S_000017 – 106.**

18.    Produce all documents reviewed or relied upon by any expert whom you intend to call at trial. Include all reports or records generated by said expert.

**RESPONSE: At the time of this response, Defendant W&S has not retained any expert witness in this case.**

19.    Produce all travel and expense reports from the conference at issue for Plaintiff Ballard, Defendant Roberts, Witness Jerry Corr (Coor), Robert Homer and any other Weston & Sampson employee who attended the ERSI conference in 2022.

**RESPONSE: Defendant W&S objects to this request on the grounds that Robert Horner did not attend the ESRI Conference in 2022. Defendant W&S further objects to this request on the grounds that any expense reports submitted by Jerry Corr in relation to the ESRI**

6

**Conference in 2022 are neither relevant nor proportional to the needs of the case. Subject to and without waiving these and any other objections, see documents Bates labeled DEF W&S_000132 – 135.**

20.     Produce all communication, ESI, emails or texts with Plaintiff, Defendant Roberts, Mr. Corr, Robert Horner or any other Weston & Sampson employee regarding the incidents at the conference, Plaintiff's request for accommodation or separation from employment.

**RESPONSE: See documents Bates labeled DEF W&S_000108 – 111, 128 – 130. Defendant W&S is continuing to determine whether there are additional responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

21.     All security footage, photographs, audio/video recordings and surveillance video from the conference including any that capture the time and location of the incident.

**RESPONSE: Defendant W&S does not have footage, photographs, audio/video recordings or surveillance videos responsive to this request.**

22.     All security footage, photographs, audio/video recordings and surveillance video taken at any time of Plaintiff or Defendant Roberts.

**RESPONSE: Defendant W&S does not have footage, photographs, audio/video recordings or surveillance videos responsive to this request.**

23.     Produce copies of any social media posts in Defendant's possession of control by or concerning Plaintiff or Defendant Roberts or the ERSI conference at issue.

**RESPONSE: Defendant W&S does not have documents responsive to this request.**

7

24.    Produce a complete copy of Plaintiff's workers compensation file, including all correspondence with any agency, insurer or risk management company related to Plaintiff's claims for workers compensation benefits.

**RESPONSE: See documents Bates labeled DEF W&S_000136 – 145.**

25.    Produce all records of disciplinary action taken against Defendant Roberts related to the actions alleged in this litigation.

**RESPONSE: See documents Bates labeled DEF W&S_000108 – 113.**

26.    Produce all records of disciplinary action taken against Defendant Roberts during his employment including disciplinary records, photos, emails related to behavior, alcohol or drug the Holiday/Christmas Party held in 2021/2022.

**RESPONSE: See documents Bates labeled DEF W&S_000112 – 113.**

27.    All documents related to the hiring and background check of Defendant Roberts, including applications, resumes, interview notes, reference checks, and criminal background reports.

**RESPONSE: See documents Bates labeled DEF W&S_000108 – 127 for Defendant Jason Roberts' personnel files**

28.    All internal communications between supervisors, HR, or management regarding concerns, complaints, or discussions about Defendant Roberts conduct or behavior toward coworkers prior to the incident.

**RESPONSE: Defendant W&S is continuing to determine whether there are responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

29.     All documents relating to any training, counseling, or supervision plans created for the Defendant Roberts before or after any previous incident or complaint that have not already been produced.

**RESPONSE: See documents Bates labeled DEF W&S_000112 – 113. Defendant W&S is continuing to determine whether there are additional responsive documents and will supplement this response as appropriate if it determines that any relevant, nonprivileged communications exist.**

30.     Produce an organizational chart for the company. Please include reporting structures, and supervisory logs which show who had responsibility for supervising Defendant Roberts during his employment, including before and during the time of the incident.

**RESPONSE: See documents Bates labeled DEF W&S_000001 – 2.**

31.     Produce all financial statements (including balance sheets, income statements, and statements of cash flow) for the Defendant for the past five (5) years.

**RESPONSE: Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all financial statements (including balance sheets, income statements, and statements of cash flow) for the Defendant for the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.**

32.     Produce all tax returns filed by the Defendant for the past five (5) years.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all tax returns filed by the Defendant for the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

33.    Produce copies of any audited or unaudited financial reports, including reports prepared for internal use or for third parties such as banks or investors, for the past five (5) years.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any audited or unaudited financial reports, including reports prepared for internal use or for third parties such as banks or investors, for the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

34.    Produce any documents reflecting the valuation of the Defendant company or its subsidiaries (if any) within the past five (5) years, including any valuations conducted for mergers, acquisitions, insurance, litigation, or financing.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any documents reflecting

10

the valuation of the Defendant company or its subsidiaries (if any) within the past five (5) years, including any valuations conducted for mergers, acquisitions, insurance, litigation, or financing," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

35.    Produce any documents identifying the company's assets, including real property, equipment, intellectual property, subsidiaries, and investments, along with estimated or appraised values.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any documents identifying the company's assets, including real property, equipment, intellectual property subsidiaries, and investments, along with estimated or appraised values," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.

36.    Produce all documents showing ownership structure, including the names and ownership percentages of all shareholders, members, or beneficial owners.

**RESPONSE:** Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all documents showing ownership structure, including the names and ownership percentages of all shareholders, member, or beneficial owners," as all such documents are not relevant nor proportional to

the needs of the case. **This is a single plaintiff case, that has only been brought against the corporate entity Weston & Sampson, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case. Subject to and without waiving those and other objections, W&S is not a publicly traded company; W&S is not a parent of any publicly traded company, subsidiary, partner or affiliate; no publicly owned company owns 10% or more of any outstanding shares or other indicia of ownership of W&S; and W&S does not own 10% or more of the outstanding shares of a publicly owned company.** *See* **ECF No. 8.**

37.    Produce copies of any loan applications, credit agreements, or financing arrangements submitted to any financial institution within the past five (5) years.

**RESPONSE: Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "any loan applications, credit agreements, or financing arrangements submitted by any financial institution within the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.**

38.    Produce copies of all insurance policies maintained by the Defendant that may provide coverage for the claims in this case, including general liability, employment practices liability, and umbrella policies. This request includes liability insurance as well as any self-insured retention coverage and any excess or umbrella coverage with endorsements and attachments and

would include all insurance policies that affords protection to any defendant for acts set forth by the Plaintiff. Please provide policies for the last five years from the date of this request.

**RESPONSE: Defendant W&S objects to this request to the extent it seeks an entire insurance policy, as production of the entire policy is neither relevant nor proportional to the needs of the case. Subject to and without waiving those and other objections, Defendant W&S will produce the declaration page(s) of the relevant policy.**

39.    Please produce all board meeting minutes, investor updates, or executive summaries that discuss the company's financial position or any anticipated or actual litigation liability over the past five (5) years.

**RESPONSE: Defendant W&S objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items being sought. Defendant W&S further objects to this request to the extent it ambiguously seeks "all board meeting minutes, investor updates, or executive summaries that discuss the company's financial position or any anticipated or actual litigation liability over the past five (5) years," as all such documents are not relevant nor proportional to the needs of the case. This is a single plaintiff employment case, and such an extensive request for financial information and/or records is certainly not relevant nor proportional to the needs of this case.**

40.    Produce any and all documents relied upon, identified or referenced in your responses to the Plaintiff's Interrogatories.

**RESPONSE: See documents Bates labeled DEF W&S_000001 – 340.**

41.    Produce any documents which in any way relate to your defenses in this case.

**RESPONSE: See documents Bates labeled DEF W&S_000001 – 340.**

By: *s/ D. Randle Moody, II*
D. Randle Moody, II (Fed. I.D. No. 7169)
Email: Randy.Moody@jacksonlewis.com
Laura A. Ahrens (Fed. I.D. No. 13396)
Email:  Laura.Ahrens@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*ATTORNEYS FOR DEFENDANT*
*WESTON & SAMPSON ENGINEERS, INC.*

July 8, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, a copy of the foregoing **DEFENDANT WESTON & SAMPSON ENGINEERS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was served via e-mail upon the following:

Jennifer Munter Stark, Esq.
210 Wingo Way, Suite 300
Charleston, SC 29464
jmunterstarklaw@gmail.com

Deborah B. Barbier
Deborah B. Barbier, LLC
1811 Pickens Street
Columbia, SC 29201
dbb@deborahbarbier.com

_s/ Paula D. Davis_____

15