# EXHIBIT 4

**PLAINTIFF DEFICIENCY LETTER TO DEFENDANT WESTON & SAMPSON REGARDING DISCOVERY RESPONSES**

# Jennifer Munter Stark, Esq. LLC

210 Wingo Way Suite 300
Mt. Pleasant, SC 29464
jmunterstarklaw@gmail.com

Admitted: SC, MD
Inactive: VA, D.C.

843-972-0004 (phone)
843-972-0006 (fax)

July 28, 2025

**Via electronic mail only**
Randy Moody, Esq.
Laura Ahern, Esq.
Jackson Lewis
15 South Main St. #700
Greenville, SC 29601

> Re: Ballard v. Weston & Sampson and Roberts
> C/A: 2:24-cv-1682-RMG-WSB
> Answers to Discovery including Document Production

Dear Randy and Laura:

I am writing regarding Defendant Weston & Sampson's discovery responses to Plaintiff's First Interrogatories and Requests for Production dated July 8, 2025. Pursuant to Local Rule 37.01, we are writing to address Defendant's failure to respond to discovery and its objections with the hope that we may resolve any differences amicably.

INTERROGATORY RESPONSES:

- With regard to the answer to Interrogatory No. 6, Plaintiff asked about criteria and policies for employees to attend the conference. Although Defendant states that they do not have responsive documents, Plaintiff requests that the Defendant set forth what the policy is, understanding that in many instances there is an articulable policy or custom.

  Defendant is requested to clarify their response.

- With regard to the response to Interrogatory 10, Weston & Sampson objects to providing information related to any employees other than Plaintiff or Defendant Roberts. Plaintiff Employer states that Plaintiff is not alleging race discrimination or retaliation and as such any information regarding the same is irrelevant.

  Plaintiff alleged discrimination and retaliation based on sex. She also made a claim for hostile environment. The Defendant has zero tolerance policies for race-related discrimination, use of inappropriate language, sexual discrimination and misconduct, inappropriate conduct, etc. As stated in the Complaint the individual Defendant allegedly engaged in sexual and racially related verbal misconduct, sexual harassment, and behaved in an intoxicated manner at a holiday event in violation of the employer's rules,

was not terminated and subsequently escalated the behavior at a conference. It is relevant to the case how and if Defendant enforces its rules, regulations and zero tolerance policies. This is related directly to the employer's tolerance for the same relates to the individual's actions as well as the overall work atmosphere which expanded in this case beyond South Carolina.

In addition, Defendant objects based on proportionality. A showing of lack of proportionality must be affirmatively presented and explained in detail and Plaintiff looks forward to understanding the lack of proportionality of the request.

Defendant is requested to clarify their response or please provide the requested information.

- Regarding Interrogatories 11 and 14, Defendant states that it does not have responsive documents. The response is appreciated but is not responsive. As these are interrogatories, the Defendant is requested to advise Plaintiff of responsive information related to Mr. Roberts and Ms. Ballard as requested.

- Regarding Interrogatory 16, the responsive documentation provided is not legible and we look forward to receiving another copy of the information.

REQUESTS FOR PRODUCTION:

- REQUEST FOR PRODUCTION NO. 1 and 4:

    Defendant objects based on relevance, proportionality, time period and failure to particularize the information requested.

    Plaintiff requests personnel files and payroll records including hiring, employment, wages, benefits, discipline and separation information, including for employees Lauren Ballard, Jason Roberts, Jerry Corr and Bob Horner. This request is for a limited number of employees, and the categories of information listed are clearly defined. All categories of employment related information that might be in personnel materials are relevant including discipline, payroll records, wages, hiring, promotion certifications and other general employment records. All could lead to the discovery of admissible material related to the claims, defenses and counter claims, and should be produced.

    The information should be present in either disciplinary records, supervisor records or a general human resources file and should not present a particular burden to produce. In addition they do not cover a disproportionate time period, especially as only Mr. Horner appears to be long term employee, making the time period of employment reasonable and practical for this litigation.

    Defendant also has not identified a specific category of information as objectionable. That being said Plaintiff does not require information on medical or health related documents for Mr. Corr or Mr. Horner. If the objection relates to ADA accommodation,

FMLA or health insurance records, or records that identify spouses or minors, please advise and Plaintiff would be glad to discuss confidentiality or narrowing the request. We believe that any ADA, FMLA or accommodation information related to Ballard or Roberts is discoverable given the totality of the claims and counterclaims.

Please supplement the Defendant's response to this interrogatory accordingly, if responsive information was withheld.

- **REQUEST FOR PRODUCTION NO. 2**

    Plaintiff requests that the Defendant produce training records for identified witnesses. The response provided states that W&S does not have documents responsive to this request. On information and belief Defendant required all employees to participate in training, including related to work-based behavior, policies, safety, EEO and similar.

    Please clarify if there are records that verify that the witnesses identified received training during onboarding or yearly or periodic in-house training, and provide records regarding receipt of the same.

- **REQUEST FOR PRODUCTION 3**

    Plaintiff requests information on training. The response provided states that W&S does not have documents responsive to this request. During Plaintiff's onboarding, training was provided to W&S employees in the form of online videos. Plaintiff, for example, watched several of these videos in her cubicle. These videos addressed, among other issues, policies on the work environment, conduct in the workplace, discrimination and harassment.

    Please provide the training as requested.

- **INTERROGATORY 11, REQUESTS FOR PRODUCTION 6, 7, 11, 20, 28, 29.**

    Defendant indicated it is trying to locate and determine if there are additional responsive documents and communications. In addition, Employer states that they are trying to determine if there are relevant non-privileged communications.

    If any documents have been withheld based on privilege, FCRP 26(b)(5)9A)(ii) requires the party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." Please identify the same through a privilege log as required.

    In addition, please state when the documents will be produced with regard to any documents that the Defendant is searching for.

3

- REQUEST FOR PRODUCTION 8, 10, 17, 40 and 41.

    With regard to W&S response to No. 8, 10, 17 as well as 40 and 41, the response references documentation is illegible. The company handbook provided cannot be read as produced.

- REQUEST FOR PRODUCTION 11.

    Plaintiff requests reports, notes and records relating to any internal or EEO, ADA, FMLA, harassment or discrimination investigation related to Plaintiff or Defendant Roberts. Defendant objects because the request includes language related to any ADA or FMLA investigation for the two parties, claiming it is neither relevant to any party's claim or defense nor proportional to the needs of the case.

    Following the incident, Ms. Ballard asked for leave in the form of an accommodation and asked for permission to work at home. Those accommodations could fall under the ADA or the FMLA, therefore, certainly those requests and related communication and documentation would be pertinent to discovery and possibly lead to the discovery of relevant admissible information.

    Similarly, with regard to Defendant Roberts, whether he was permitted to take ADA or FMLA leave especially if it relates to any potential substance use, or behavioral disciplinary issues, would be pertinent to matters underlying the case including Mr. Robert's counterclaims and Plaintiff's defenses.

    Please supplement the Defendant's response to this interrogatory accordingly, if responsive information was withheld.

- REQUEST FOR PRODUCTION 13.

    Plaintiff requested documents related to the incident underlying the Complaint, whether made by Plaintiff or a third party and are in possession or control of the Defendant, Weston & Sampson.

    Defendant objects and states that the request is disproportionate, overly broad and unduly burdensome, but fails to state how the request is overly broad or unduly burdensome.

    The request for production is limited to the incidents alleged in the Complaint. The Plaintiff requests documents within the possession or control of Weston & Sampson that relate to the same and were made by the Plaintiff or any other person, agent, employee of the Defendant. This category is already so narrow as to be, by definition, proportional to the needs of the case

Please note that a party objecting must explain the specific and particular way in which a given request is vague, overly broad or unduly burdensome. See Federal Rule of Civil Procedure 33(b)(4) and *Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982) "[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive'"

That responding is difficult, time-consuming, or too much work is generally not a valid objection. See e.g. *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995);" By refusing to do this because it is purportedly too much work, plaintiff is violating the Federal Rules." *Vera Bradley Designs, Inc V. Aixin Li,* Dist. Court, ND Illinois 2021.

The Defendant is requested to please supplement its response accordingly.

- REQUEST FOR PRODUCTION 19.

The plaintiff requested expense reports for all individuals who attended the ESRI conference, or those who were intended to attend the conference, but were reimbursed for those costs.

This request is relevant to the case at hand as the documents may lead to relevant and admissible materials relating to time-line, location, activities, alcohol consumption, food consumption, attendance, witness placement, and other activities that occurred during and after the conference. As such Mr. Corr's materials are relevant.

In addition, these can verify Weston and Sampson's alleged reimbursement policy given that Plaintiff has alleged she was not fully reimbursed for conference expenses. Tracking how other employees were reimbursed, credited, allowed credit, given company credit cards, paid for by the Company, as well as what expenses were permitted is germane to the case

The Defendant is requested to please supplement its response accordingly.

- REQUEST 38.

Weston & Sampson indicates that they object to providing a complete insurance policy and agrees to produce the Declaration Page. Please indicate when this will be produced.

- REQUEST FOR PRODUCTION 31, 32, 33, 34, 35, 36, 37.

These requests ask for information on Defendant's finances over a 5 year period. Plantiff is requesting financial statements, tax returns, financial reports, valuations, loan and

5

financing applications and board meeting minutes as well as investor reports. Plaintiff also requests current asset lists and ownership information.

Defendant produced no documentation and objects based on relevance and proportionality. Defendant also intimates that since this case involves a single Plaintiff evidence of financial status is not proportional to the needs of the case.

As this case involves punitive damages, the financial status of the company is relevant. *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21-22 (1991) and *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 442 (4th Cir. 2004) note that defendant's financial position is a proper consideration in assessing punitive damages. "Under well-settled law....factors such as [net worth] are typically considered in assessing punitive damages." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 154-55 (4th Cir. 2008). South Carolina decisions echo this principal: "the wealth of a defendant is a relevant factor in assessing punitive damages." *Branham v. Ford Motor Co.*, 701 S.E.2d 5, 24 (2010).

Plaintiff cannot find caselaw that rules that single Plaintiffs are not entitled to financial information in cases involving punitive damages. However, as stated above, a party objecting must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome. See Fed. R. Civ. P. 33(b)(4) and *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) noting that a statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.' In addition, "a party objecting to discovery must first show that the information sought is not relevant before showing that it is not proportional to the needs of the case." Ashmore v. Williams, 2017 WL 2437082, *4 (D.S.C. June 6, 2017). A showing of lack of proportionality must be affirmatively presented and explained in detail.

The defendant is requested to please supplement its response accordingly. In addition if there are any matters you wish to confer on I am certainly available for a conversation.

Very truly yours,

Jennifer Munter Stark

JS/sbs