**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Lauren Ballard, | ) | CA No. 2:24-cv-01682-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPLY IN OPPOSITION TO** |
| | ) | **DEFENDANT'S RESPONSE TO** |
| vs. | ) | **PLAINTIFF'S MOTION TO** |
| | ) | **COMPEL DISCOVERY** |
| Weston & Sampson Engineers, Inc. | ) | |
| and Jason Roberts, Individually | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lauren Ballard, by and through her undersigned counsel, respectfully submits her Reply in Opposition to Defendant's Response to Plaintiff's Motion to Compel (ECF 108). Plaintiff filed a Motion to Compel Discovery (ECF 107) on Friday, October 17, 2025. Although on Tuesday, October 21, 2025, Defendant W&S produced some additional discovery, the disputes remain outstanding. Plaintiff responds to Defendant's Opposition to the Motion to Compel as follows

**I.       TIMELINESS AND DILIGENCE:**

**BACKROUND:**

As discussed in ECF 107 Weston & Sampson filed evasive, incomplete, non-compliant and illegible documents in their initial responses to Plaintiff's discovery. Plaintiff complied with the rules and endeavored diligently to engage in reasonable discourse to obtain full responses to her discovery by sending a deficiency letter (ECF 107-4) and follow-ups leading to supplementation by the Defendant, which failed to cure and lead to the Motion to Compel.

Defendant Weston & Sampson states in their opposition to the Motion to Compel (ECF 108) that Plaintiff's Motion is non-complaint with deadlines and dilatory. To the contrary,

Plaintiff has given reasonable extensions and sought to give Defendant's the opportunity to fully comply with discovery.  Defendant Weston & Sampson ignored Plaintiff's deficiency letter, did not respond to reminders, stalled in conferring, promised additional documents, dribbled out supplemental responses, engaged in more than one meet and confer, produced a few more documents and were fully informed that Plaintiff would file a motion to compel on matters that remained in dispute or were not supplemented.

As set forth in the briefing, Plaintiff and Defendant Weston & Sampson discussed and corresponded regarding outstanding discovery numerous times.  After the September 15, 2025 discovery supplementation by Weston & Sampson, all counsel participated in a call, part of which addressed Defendant's continued discovery deficiencies. On that September 19, 2025 call counsel addressed the July 28, 2025 deficiency letter (ECF 107-4) . The parties' discussion included production of employee training materials (written and via video), full production of investigation and personnel materials, and financial documents.

As additional time was needed for a full review of the deficiency letter and discussion, an additional discovery conference was convened with counsel for Weston & Sampson and Plaintiff Ballard for Oct 1, 2025. In that conference the parties went through in particularized detail each section of the July 28, 2025 deficiency letter. During that discussion, Defendant was put on notice that Plaintiff would be filing a Motion to Compel if additional responses to the discovery and materials were not produced within an agreed upon one week of the conference.  This included having to file a motion on the financial data requests which Defendant objected to and upon which the parties clearly could not come to a meeting of the minds. As admitted by the Defendant in its Opposition, ECF 108 p.3-4, after not receiving timely responses as agreed in the October 1, 2025 meet and confer, Plaintiff was forced to file a motion to compel, and only after

that motion was filed did Weston & Sampson provide some additional materials. Many disputes however still remain.

Regarding the status of the case and allegations of delay, [1]Plaintiff notes that Defendant Weston & Sampson has not noticed or taken any depositions to date. Plaintiff cannot participate in meaningful depositions of Weston & Sampson witnesses without their discovery responses. Plaintiff and the individual Defendant Roberts should also not be in the position where they may have to give multiple depositions because Weston & Sampson has not produced relevant materials (for example training, discipline, pay/bonus, investigation and investigatory material) which is in their possession and control.

**APPLICABLE LAW**

Addressing the law on compliance with deadlines, courts in the Fourth Circuit have emphasized the importance of resolving discovery disputes on their merits rather than dismissing motions based on technical  noncompliance with deadlines, particularly when the opposing party has contributed to the delay or when the delay does not prejudice the opposing party . See, *Essex Ins. Co. v. Neely*, 236 F.R.D. 287 (DWVA 2006);  *Patrick v. PHH Mortg. Corp., 298 F.R.D. 333 (*DWVA 2014*), Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. 118* (DWVA 2009).

In this case Defendant has cited cases with circumstances that are not similar to this case. In this case, the facts show substantial communication and supplementation but an eventual standstill in production forcing the Motion. Given the course of communication in this case (the last meet and confer being on October 1, 2025) Plaintiff believes that the motion was timely.  In this matter any alleged untimeliness was caused by the non-moving party's delay in response.

---

[1] The parties did participate in mediation on October 30, 2025, which failed to resolve the case.

Plaintiff should not be penalized for persistence or reliance on assurances from opposing counsel that responses would be forthcoming.

In addition, there is no prejudice to the Defendant Weston & Sampson arising from Plaintiff's attempts at resolution without Court intervention. If anything Defendant's motion demonstrates an intention to continue delaying production; as delay benefits the Defendant while hurting the Plaintiff and the individual Defendant, stating in its conclusion that it will "supplement in a timely manner should it learn that certain material is incomplete" (ECF 108 p.17). Plaintiff understands the law on supplementation and the obligation of all parties to do so. However, the incident in this matter occurred in 2022, has been through the EEOC, a year of motions to dismiss, amended pleadings, disputes over experts and motions related to the Jane Doe designation. At this point, it seems disingenuous that the Defendant will realize it has documents or information down the line that it should have identified and produced as of the date of the Opposition to the Motion to Compel.

Regarding allegations of an improper deficiency letter and notice of motion, this Court has ruled in similar circumstances that the deficiency letter correspondence satisfied the requirement where the production accompanying Defendant's response to the deficiency letter failed to remedy the deficiencies raised by Plaintiffs. *Skeans v. Atl. Marine Corps Cmtys., LLC*, No. 9:24-cv-3049-RMG, 2025 LX 23067, at *5-6 (D.S.C. May 6, 2025) In *Skeans*, the Defendant argued that the motion was untimely and that Plaintiffs failed to meet and confer beyond serving the deficiency letter. However, the court proceeded to address the merits of the motion, indicating that the deficiency letter and related correspondence were sufficient to meet procedural requirements .

4

## II.    OUTSTANDING DISCOVERY:

Without rearguing the Motion to Compel the Plaintiff states as follows:

**Interrogatory 10:**

Plaintiff requested comparator information in the form of records of employees who were discipled for similar infractions of the handbook rules and inappropriate conduct as defendant Roberts. Defendant objected, stating "such persons are not parties in this case and such information is neither relevant to any party's claim or defense…" Defendant called this request for information a "fishing expedition".

Plaintiff disagrees. As stated in the Motion to Compel Plaintiff seeks particularized comparator information narrowly tailored to the case. The discovery produced by the employer shows that the individual Defendant ( a 4-month employee) was involved in a serious disciplinary incident. The employers' documents (at Bates 1044-1048)  note that the incident related to racial and sexually inappropriate language/actions, and that those actions were terminable -but he was not terminated.  The matter of discipline was not handled at the local level but through corporate HR. Plaintiff is entitled to reasonable comparator discovery to determine if the Defendant enforces its policies – which also reflect federal law-and protects its employees or the offenders.

**Interrogatory 11:**

Plaintiff requests communications between HR and other employees and customers regarding negative interactions with Defendant Roberts. Defendant W&S refers Plaintiff to DEF W&S 108-111,  e-mails between HR and Roberts' boss the day he was terminated. Plaintiff is also directed to notes from HR's discussion with Plaintiff after her conference trip, DEF W&S

1021-1022 dated 2022, and 1040-1048 which are the individual Defendant's 2021 write up materials.

On information and belief, the Defendant is a large engineering company with detailed reporting requirements and investigatory requirements. There are at a minimum 2 serious events involving an employee with essentially no backup information, documented reports of concerns or investigations.

Plaintiff requests full disclosure and that the Court order full responses which are not subject to and without waiving the boilerplate objections contain the Defendant's responses.

**Interrogatory 16:**

This interrogatory concerns production of Defendant's policies. Defendant produced an illegible copy of the handbook July 8, 2025. The July 28, 2025 deficiency letter (ECF 107-4), and at least 3 additional times, informed defendant that requested policies and handbook could not be read as produced, and requested a readable copy, which was finally produced on October 21, 2025. Defendant's claim that it was unaware of this matter until the motion to compel is simply untrue. Plaintiff should not have been required to file a Motion to Compel to get a

handbook. Example below of material initially produced.



**Request for Production 1 and 4:**

Plaintiff believes that her requests are appropriate and proportional under the circumstances. Plaintiff believes the Defendant has still not complied with the request or the rules of discovery.

Plaintiff requested employment files for Plaintiff, Defendant Roberts, Jerry Corr and Robert Horner. Defendant responded with incomplete information requiring two additional supplementations.

Robert Horner's file seems to be a complete reflecting expected contents from a large national engineering company. However, Plaintiff's file and Defendant Robert's file did not contain the same level of content or categories.

Plaintiff employment file included little information and the initial 100 pages was mostly comprised of the illegible handbook. It did not include training, or other normal and customary personnel file information. DEF W&S 128-131 were emails with Plaintiff and HR about expenses and leave- but absent is information on cost reimbursement, and documentation regarding the conference booking and expenses when compared to what is in Jerry Corrs file. DEF W&S 752-758 provided partial Plaintiff paystubs. There are no investigation materials. The files seems inconsistent with what a reasonable person would expect from a national company of engineers.

Regarding Jerry Corr's files, post motion to compel, Plaintiff received additional information on Corr, including all the expense receipts from the conference trip. Defendant W&S did not produce the same level of complete information or receipts from the trip for either Plaintiff or Defendant Roberts. No training material, certification or similar information was included in the updated information for Corr. In addition no information related to the incident on the trip including any investigative statements given by Corr which might reasonably been located in an employee file.

As stated above Defendant W&S initially produced incomplete information regarding discipline of Defendant Roberts concerning his behavior at the 2021 Christmas party. In their first production W&S produced a two page write up (DEF W&S 112-113 produced July 2025). After the Motion to Compel, Plaintiff received more documentation revealing that the discipline was not a 2 page document but a multipage Performance Improvement Plan (DEF W&S 1046-

1049). The documentation required mandatory retraining in sexual harassment, racial interactions and interpersonal relationships at work, and requirements to remain employed and interim performance evaluations, all of which were not produced as of this date.

For Request 4, Plaintiff asks for employment documents. Addressing the retention bonus, Robert's file showed incomplete records related to an employee a retention bonus contingent upon continued employment with a repayment clause. There should be additional records related to repayment, as Defendant Roberts was terminated. If there are not records showing repayment or deduction from final payments there should be a paper trail related to the decision to allow Roberts to retain the bonus.

**Requests 2 and 3:**

The requested discovery relates to training certificates for employees Plaintiff, Roberts, Corr and Horner, and also requests training materials. W&S states they have produced all training records in the second supplemental discovery. DEF W&S 1024 shows a single sexual harassment training certificate for Roberts dated September 2021. No certificates were produced for Plaintiff or for other categories of training. W & S required retraining for Roberts arising from the 2021 incident. No certificates were produced for Plaintiff, but DEF W&S 379-486 and 626 refer to training modules indicating some training was done.

Request 3 asks for training materials. None were provided. There are training modules referred to in DEF W&S 379-486 and 626 concerning new employment and safety training. In addition Roberts' discipline, DEF W&S 1044-1045, required retraining on race, sex and interpersonal interactions which trainings were not produced.

**Requests 6, 7, 11, 20, 28 and 29**

Plaintiff reasserts by reference her prior arguments. Plaintiff's requests are clear and narrowly tailored.

Defendant indicates it will supplement requests 28 and 29, ECF 108, p.14. Plaintiff has not received supplementation at this time and requests that the Court order the supplementation within a reasonable time.

W&S states in its response to the Motion to Compel that it is not withholding any responsive documents. Again, Plaintiff believes that, Defendant's policy and procedures require investigations. As such, documentation regarding investigation into the events of the Christmas Party and the alleged assault at the ERSI conference must exist. If Defendant W&S indicates that no investigations was done or documented regarding Ballard's claims of discrimination and retaliation, they should be required to state the same or be required to produce documents attendant to its investigation.

**Request 8, 10, 17, 40, 41**

Defendant finally produced legible policies after the Motion to Compel was filed. Plaintiff first put Defendant on notice of the issue in the Deficiency letter ECF 107-4. As such this matter is resolved.

**Requests 11 and 13:**

Plaintiff incorporates her prior arguments on these items.

Request 11 concerns investigation and Request 13 asks for documents related to the reports of Lauren Ballard. Plaintiff notes that she provided a long narrative of the incidents at issue that HR took down verbatim. This, for example, has not been produced. The bullet point

notes produced in DEF W&S 1020-2021 are not the result of a long narrative. On information and belief, there are also other documents from the office where Roberts worked in Columbia and Charleston that may be responsive.

To reiterate, Defendant has produced no communication between HR and any attendees of the conference or reports of the same, no communication between management, HR or attendees of the Christmas party and no reports of the same. This is a very large national engineering firm. It is inconceivable that this information does not exist, especially when it resulted in an employee being placed on a final warning and eventually fired. Plaintiff is simply asking the employer to show documentation which should exist according to its own procedures – which Defendant states are for preventing discrimination, retaliation, harassment, and dangerous conduct.

Plaintiff asks the Court to order the Defendant W&S to properly respond and produce the requested investigations or state no investigations are performed when such activities are reported.

**Requests 31-27 regarding financial materials:**

As Plaintiff stated in her motion to compel, she has alleged conduct which may lead to punitive damages, including under Title VII and Plaintiff's state law claims. Consequently, the Plaintiff is entitled to discover information relating to the defendant's ability to pay punitive damages. Weston & Sampson, in their reply, stated they will provide five years of summary financial reports. They have not produced the same, as of this time.

**CONCLUSION:**

Plaintiff requests that the motion to compel be granted.

11

Respectfully submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300
Mt. Pleasant, SC 29464
(843)972-0004, (843) 972-0006 (f)

Jeff Weikum, Esq. Pro Hac Vice
Weikum Injury Law
2000 Schafer St Suite C
Bismarck, ND 58501
(701)354-2702,  (701)400-1869
jeff@weikuminjurylaw.com
ATTORNEYS FOR PLAINTIFF

November 7, 2025
Mt. Pleasant SC