IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LAUREN BALLARD, | Case No. 2:24-cv-01682-RMG-WSB |
| Plaintiff, | |
| v. | |
| WESTON AND SAMPSON ENGINEERS, INC AND JASON ROBERTS, | |
| Defendant. | |

**MOTION TO AMEND THE SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 6(b) and Local Rules 6.01, and 7.01, Plaintiff Lauren Ballard ("Ballard" or "Plaintiff"), by and through undersigned counsel, moves this Court to modify the Fourth Amended Scheduling Order entered in this case [ECF 106]. Specifically, the Plaintiff requests that the Court extend the discovery deadlines in the Scheduling Order by approximately ninety (90) days and the Dispositive Motion deadline by thirty (30) days as set forth below and in the attached Proposed Order, so that the Parties may complete written discovery and depositions.

In support of this Motion, the Plaintiff states as follows:

1. Regarding Discovery: Pursuant to the Fourth Amended Scheduling Order [ECF 106] dated September 30, 2025, the deadline to complete discovery in this case is currently January 27, 2026. Regarding the status of written discovery, Plaintiff filed a Motion to Compel against Defendant Weston & Sampson on October 20, 2025. ECF 107. The Defendant responded October 31, 2025, and the Plaintiff filed a Reply on November 7, 2025. The Court then set a hearing, for Monday November 24, 2025, which was cancelled and ruling on the Motion suspended for the parties to attempt to resolve their

1

differences. A Joint Status Report regarding discovery matters was filed December 12, 2025, stating that Defendant Weston & Sampson had yet to produce training materials but that: *The only impediment preventing Defendant from providing the two training videos is technology issues, which Defendant is working through. Defendant expects that it will be able to provide the two training videos to Plaintiff by December 31, 2025. Plaintiff and Defendant both believe that the discovery issues are resolved and/or will be fully resolved without the need for additional Court involvement.* Exh 6. ECF 120. As of this date (January 23, 2026) the materials have not been able to be produced to the Plaintiff by Weston & Sampson, which are necessary to depose Defendants. Lack of discovery from W&S has engendered delays and contributed to the need to extend the discovery deadlines.

2. Regarding Depositions, from the Plaintiff's perspective, she has diligently attempted to complete discovery.

As examples of due diligence beginning on May 12, 2025, after the final ruling from the Court on the numerous Motions to Dismiss filed by both Defendants, Plaintiff sought to schedule depositions. Exh. 1 Email to Counsel. Since that time Plaintiff has repeatedly sought to schedule Weston & Sampson's employee and agent depositions and the Individual Defendant's without success. See e.g. Exh 2 August 25, 2025 Email. Plaintiff meet and conferred on depositions and prejudice in being required to proceed with Plaintiff's and other depositions without full discovery on September 15, 2025. Exh 3 Email. The parties mediated in October 2025. Post failed mediation, on November 13, 2025 deposition matters were again discussed when the parties met and conferred regarding discovery, and scheduling depositions, including Plaintiff's Deposition and Defendant

2

Roberts and W & S witnesses. Exh 4. Summary of Conference email of November 14, 2025. Plaintiff again broached discovery deficiencies and deposition matters, including extending the present Scheduling Order in a comprehensive letter of December 10, 2025. Exhibit 5. Letter of December 10, 2025 and related emails. The letter of the 10th December again identified requested deponents, potential deposition dates, provided dates where Plaintiffs' counsel could appear by zoom and or in person, also including dates which outside the current deadline.  Defendant Roberts, throughout also sought deposition dates including dates before and after the expiration of the present scheduling order. See Exhibit 5. Letter and related emails. Defendant Weston & Sampson simply did not respond to attempts to set depositions and has not noticed any depositions to date.

Plaintiff's deposition was noticed for January 7, 2025 by Defendant Roberts.  Plaintiff responded and sought to notice Defendant Roberts' deposition for January 5, 2025, but the request did not receive a response.  See, Exhibit 5. January 6, 2026, having not received further communication with suggested or firm dates for depositions from Defendants' counsel, Plaintiff send to Defendants 12 notices of depositions, all for dates previously suggested -but outside the current deadline and mentioning again extending the present deadline. Exhibit 7 Plaintiff Deposition Notices. Plaintiff noticed the individual Defendant for February 23, 2026. Defendant Roberts responded that he would not agree to another extension and could not agree to depositions after January 31. Id. [1] W & S did not respond to the notices.

---

[1] ECF 106 states that discovery closes January 27, 2026. Plaintiff sent an amended deposition notice to Mr. Roberts on January 22, 2026 for January 27, 2026.  Counsel for Mr. Roberts has indicated the deposition was set with insufficient notice and would not go forward.

Plaintiff's deposition went forward January 7, 2025 but was suspended at 7 hours per the Rule of this Court. No other depositions have been taken as of this date.

3. The dispositive motion deadline is currently April 30, 2026.

4. There is no trial date currently set.

5. January 21, 2026 Plaintiff formally proposed moving to extend the scheduling order. Exh. 8. The individual defendant indicated he could not agree to an extension and W & S did not respond.

6. The Plaintiff believes that amending the Scheduling Order and upcoming deadlines in this case will provide with the necessary time to effectively complete depositions and allow for production of still outstanding and overdue discovery by Weston & Sampson.

7. The Plaintiff states that there is good cause to extend the deadlines for this case.

Accordingly, the Plaintiff respectfully requests that the Court amend the Scheduling Order and extend the following dates as set forth below:

|  | Current Deadline | Requested Deadline |
| --- | --- | --- |
| Discovery Cut-Off | January 27, 2025 | April 27, 2026 |
| Dispositive Motion Filed By | April 30, 2025 | May 27, 2026 |

These amendments to the Scheduling Order and trial schedule are sought for good cause and not for purposes of undue delay. Accordingly, the Plaintiff respectfully requests that the Court grant this Motion and amend the pre-trial deadlines as set forth above. A Proposed Order is attached to this Motion .

Respectfully submitted,

*s/Jennifer Munter Stark*
Jennifer Munter Stark, Esq. FID 9364
Jennifer Munter Stark, Esquire, LLC
210 Wingo Way #300

4

        Mt. Pleasant, SC 29464
        (843) 972-0004, 9843) 972-0006 (f)
        jmunterstarklaw@gmail.com


        Jeff Weikum, Esq. *Pro Hac Vice*
        Weikum Injury Law
        2000 Schafer St Suite C
        Bismarck, ND 58501
        (701)354-2702,  (701)400-1869
        jeff@weikuminjurylaw.com
        *ATTORNEYS FOR PLAINTIFF*

Mt. Pleasant SC
January 25, 2026