# EXHIBIT 5

# Jennifer Munter Stark, Esq. LLC

210 Wingo Way Suite 300
Mt. Pleasant, SC 29464
jmunterstarklaw@gmail.com

Admitted: SC, MD
Inactive: VA, D.C.

843-972-0004 (phone)
843-972-0006 (fax)

December 10, 2025

**CONFIDENTIAL FOR PURPOSES OF SETTLEMENT AND NEGOTIATION ONLY**

*via electronic mail only*
Randy Moody Esq.
Jackson Lewis
15 South Main St #700
Greenville, SC 29601
randy.moody@jacksonlewis.com

Deborah B. Barbier, Esq.
1811 Pickens St
Columbia, SC 29201
dbb@deborahbarbier.com

                          Re: Ballard v. Weston & Sampson et al
                          2:24-CV-1682-RMG-WSB

Dear Randy and Debbie:

       Thank you for providing the updated discovery. We have had a chance to review the updated documents as well as the tapes from the Charlotte Police Department with our client. In light of the same, please consider the following:

- Defendant Roberts noticed the deposition of Plaintiff for December 22 at Randy's office at 9:00 a.m. As you are aware, this date does not work for us. Mr. Weikum also has a mediation on December 22 that has been set for some which is taking place in Minot, North Dakota, some 100 miles from his office and has been on the books since September 2025. The evening of the 22nd Mr. Weikum also has a settlement conference with out of state counsel coming into town to meet specifically with Mr. Weikum in the evening. He is an essential participant to Plaintiff's deposition.

    Please see below a chart of dates that both Mr. Weikum and Ms. Stark are available for depositions. Depositions that need to be done in this matter would include Lauren Ballard, Jason Roberts and individuals from Weston & Sampson noted in prior requests for dates, as well as witnesses that Defendant Roberts has requested and Defendants' Expert.

- We have asked Defendant Weston & Sampson numerous times for deposition dates for your clients, including Bob Horner, Colleen Manning, Jerry Corr, Dan Shinnick, Timothy

1

Cooner, Blake Duke and Marco Viola. along with a 30(b)(6) designee who has yet to be identified by W&S.

- 30(b)(6) topics that we would like to cover are as follows:

   1. The factual basis for Defendant W&S's affirmative defenses and denials in its Answers to the Complaint and Amended Complaints.
   2. Defendant W&S's understanding of the allegations made by Plaintiff in the Complaint and Amended Complaints.
   3. Defendant W&S's policies, procedures, and training practices related to investigations by Defendant of allegations of discrimination.
   4. Defendant W&S's policies, procedures and training practices to ensure compliance with federal antidiscrimination law (Title VII of the Civil Rights Act and 42 USC § 1981), including but not limited to any policies, procedures, or practices to ensure EEOC policies are equally enforced and to ensure that all EEO and EEOC complaints are given equal weight.
   5. Defendant W&S's policies, procedures, and practices relating to discrimination, equal opportunity, and reporting of alleged discrimination and/or unequal opportunities, including but not limited to policies for organization, storage and retention of documents related to the same.
   6. The qualifications, training and supervision of Defendant W&S's employees responsible for ensuring Defendant W&S complied with federal anti-discrimination laws (Title VII of the Civil Rights Act of 1964 and 42 USC §1981) at all times relevant to the Complaint and Amended Complaints.
   7. Defendant W&S's policies, procedures, and practices related to employee hiring, employee evaluations, employee reviews, employee training, employee discipline and termination, and ensuring equal treatment among employees with respect to evaluations, reviews, discipline and termination, including but not limited to retention and preservation of documents relevant to those policies, procedures and practices.
   8. Defendant W&S's policies, procedures, and practices related to the selection of employees tasked with attending multi-day, off-site meetings/conferences, including but not limited to employee risk identification and analysis.
   9. Defendant W&S's policies, procedures, and practices related to retention, storage and transmission of information and documentation on EEO policies and EEOC complaints, discipline, personnel performance evaluations and reviews, and other similar documents, if policies differ.
   10. Plaintiff Lauren Ballard's employment with Defendant W&S, to include complaints about Defendant Jason Roberts, reports of discrimination made by Plaintiff Lauren Ballard, investigation into those complaints, the reason for Defendant Jason Roberts' separation from employment with Defendant W&S, and any applicable rules, policies, and procedures involved in his retention, any investigations, discipline, or termination.

11. Defendant W&S's employee handbook(s) and or other documents setting forth Defendant W&S's expectations and/or requirements regarding employee conduct or behavior.
12. Defendant W&S's human resource department's policies and procedures.
13. Mechanisms for ensuring compliance with Defendant W&S's human resource policies and procedures.
14. Knowledge of Defendant W&S's search for, compilation, and production of documents in response to Plaintiff's requests for the same during discovery in this action.
15. Knowledge of Defendant W&S's answers to Interrogatories in response to Plaintiff's requests for the same during discovery in this action.
16. Defendant W&S's employee termination policies.
17. Defendant W&S's general record-keeping, document retention, and document destruction policies.

- Our client has indicated she will make herself available for depositions, we just need to put together a schedule. Mr. Weikum's in person and zoom availability and Ms. Stark's in person schedule is as follows. These proposed dates are for Plaintiff's deposition, Defendant Roberts and W & S witnesses:

  Via Zoom in January: 5, 6, 7, 30.

  In person in February: 17 – 20, 23, 24 or 25

  Via Zoom in February: 2, 3, 5.

- We understand that some of the proposed deposition dates are after the expiration of the present scheduling order. However following the last order the parties mediated, and Plaintiff had to file a motion to compel to obtain discovery. Randy also advised that additional supplementation is forthcoming. Also Mr. Moody has a trial in January. Further extensions may be necessary under the circumstances.

- Outstanding discovery- Randy is there an update on the training information? Are there additional videos you will be producing?

- With regard to settlement of all claims, Plaintiff has authorized Mr. Weikum and Ms. Stark to propose that we resolve this case globally. Randy are you in the office to discuss this week, given the graduation of your son out of state next week?

Very truly yours,

Jennifer Munter Stark
Jeffrey Weikum

JS/sbs

3

Thank you

Debbie

Deborah B. Barbier

**Deborah B. Barbier, LLC**

1811 Pickens Street

Columbia, SC 29201

803-730-6290

dbb@deborahbarbier.com

www.deborahbarbier.com

---

**From:** Jennifer Munter Stark <jmunterstarklaw@gmail.com>
**Sent:** Wednesday, December 10, 2025 5:03 PM
**To:** Moody, D. Randle, II (Greenville) <randy.moody@jacksonlewis.com>; Susan Berlack <sue.jmunterstarklaw@gmail.com>; Deborah Barbier <dbb@deborahbarbier.com>; Jeff Weikum <jeff@weikuminjurylaw.com>; Sarah Engel <sarah@weikuminjurylaw.com>
**Subject:** Ballard v. W & S Depositions, Discovery, Settlement

Dear Randy and Debbie- please see the attached correspondence.

--

Very truly yours,

Jennifer Munter Stark, Esq.
210 Wingo Way

Suite 300
Mount Pleasant, S.C. 29464
(843) 972-0004(p)
(843) 972-0006 (f)
jmunterstarklaw@gmail.com

This message and its attachments may contain legally privileged or confidential information. It is intended solely for the named addressee. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message or its attachments to anyone. Rather, you should permanently delete this message and its attachments and kindly notify the sender by reply e-mail.

--

**From:** Deborah Barbier <dbb@deborahbarbier.com>
**Sent:** Wednesday, December 17, 2025 6:03 PM
**To:** Jennifer Munter Stark <jmunterstarklaw@gmail.com>
**Cc:** D. Randle Moody II <Randy.Moody@jacksonlewis.com>; Susan Berlack <sue.jmunterstarklaw@gmail.com>; Jeff Weikum <jeff@weikuminjurylaw.com>; Sarah Engel <sarah@weikuminjurylaw.com>
**Subject:** Re: Ballard v. W & S Depositions, Discovery, Settlement

Hi Jennifer- you are correct. I must've misread the letter. I would like to do Lauren's deposition on the 7th of January and your experts on the 30th. I still need their current contact information. Thank you.

Debbie

Sent from my iPhone

> On Dec 16, 2025, at 2:09 PM, Jennifer Munter Stark <jmunterstarklaw@gmail.com> wrote:
>
> Debbie:
>
> I think you misread the email. We did provide dates for Lauren's deposition and other depositions as well.
>
> Plaintiff;s counsel sent a letter December 10, 2025 with dates explaining when JMS was free in person (all dates) and Jeff was available either in person or by zoom. The 5th, 6th and 7th and 30th are all available January dates for deposition-I would be in person with Lauren and Jeff is available by Zoom.
>
> Do any of these dates work for your client?
>
> Given where discovery stands we will be seeking an extension of time to complete discovery, especially given Randy's schedule and the trouble encountered in production of documents.
>
>> On Tue, Dec 16, 2025 at 9:35 AM Deborah Barbier <dbb@deborahbarbier.com> wrote:
>>
>> Good morning Jennifer and Jeff -
>>
>> I have reviewed your correspondence regarding my request to schedule depositions and other matters. I am not going to take your client's deposition by Zoom and I need dates of your availability in January within the current Scheduling Order. We are all busy. You have multiple lawyers involved. Please give me dates by the end of the day or I will proceed to schedule depositions and you can seek a Protective Order. We really don't need to bother the Court with something so basic - your client should be willing to take a deposition as she brought the lawsuit and as you know made very serious allegations against my client. Please reconsider your position -

 **Gmail**  Jennifer Munter Stark <jmunterstarklaw@gmail.com>

## Fw: Ballard v. W & S Depositions, Discovery, Settlement
1 message

**Jack Weikum** <Jack@weikuminjurylaw.com>  Fri, Jan 23, 2026 at 2:52 PM
To: "jmunterstarklaw@gmail.com" <jmunterstarklaw@gmail.com>
Cc: Jeff Weikum <jeff@weikuminjurylaw.com>

*Jack Weikum*
Paralegal to Jeffrey S. Weikum

---

**From:** Jeff Weikum <jeff@weikuminjurylaw.com>
**Sent:** Thursday, December 18, 2025 8:49 AM
**To:** Deborah Barbier <dbb@deborahbarbier.com>; Jennifer Munter Stark <jmunterstarklaw@gmail.com>
**Cc:** D. Randle Moody II <Randy.Moody@jacksonlewis.com>; Susan Berlack <sue.jmunterstarklaw@gmail.com>; Sarah Engel <sarah@weikuminjurylaw.com>
**Subject:** Ballard v. W & S Depositions, Discovery, Settlement

Good morning, Debbie –

We would like to take Mr. Roberts deposition on 1/5/2025.

*Jeff Weikum*



Information contained in or attached to this communication is privileged, confidential and is to be read only by the intended recipient. If you are not the intended recipient of this communication, you are hereby notified that any dissemination, distribution or copying of this communication to anyone other than the intended recipient is strictly prohibited. If you received this communication in error, please do not read it. Please immediately reply to the sender that you have received the communication in error and then delete this communication from your computer.

Very truly yours,

Jennifer Munter Stark, Esq.
210 Wingo Way

Suite 300
Mount Pleasant, S.C. 29464
(843) 972-0004(p)
(843) 972-0006 (f)
jmunterstarklaw@gmail.com

This message and its attachments may contain legally privileged or confidential information. It is intended solely for the named addressee. If you are not the addressee indicated in this message (or responsible for delivery of the message to the addressee), you may not copy or deliver this message or its attachments to anyone. Rather, you should permanently delete this message and its attachments and kindly notify the sender by reply e-mail.