IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lauren Ballard, | ) | |
| | ) | C/A No. 2:24-cv-1682-RMG-WSB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Weston & Sampson Engineers, Inc., | ) | |
| and Jason Roberts, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Jason Roberts, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lauren Ballard, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| _____ | ) | |

**DEFENDANT JASON ROBERTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY**

Defendant Jason Roberts respectfully submits this Memorandum in Opposition to Plaintiff's Motion to Amend the Fourth Amended Scheduling Order. Plaintiff has failed to demonstrate the exceptional circumstances required by this Court to justify yet another extension of discovery deadlines. The Motion should therefore be denied.

### I. THE GOVERNING STANDARD REQUIRES A SHOWING OF EXCEPTIONAL CIRCUMSTANCES

**Local Civil Rule 6.01 provides:** "Motions for extension of time for completion of discovery will be granted only in unusual cases and upon a showing that the parties have

1

**diligently pursued discovery during the originally specified period. This showing requires a specification of the discovery (including depositions by witness name and date) that has been completed and the depositions (including witness name) and other discovery that remain to be completed."**

Additionally, the Fourth Amended Scheduling Order (ECF#106) expressly provides that, "[u]nless exceptional circumstances are shown, no further extensions will be granted." This language is unequivocal. Plaintiff bears a heavy burden to demonstrate circumstances beyond ordinary litigation delays or strategic choices. Mere dissatisfaction with the pace of discovery, or regret over how discovery time was used, does not constitute exceptional circumstances. Nor does a party's own failure to diligently pursue discovery provide a basis for relief from a scheduling order that has already been amended multiple times.

## II.     PLAINTIFF HAS NOT ACTED DILIGENTLY DURING DISCOVERY

Despite discovery being open for an extended period, Plaintiff has not taken a single deposition of any Defendant or third-party witness since discovery began. This fact alone is fatal to Plaintiff's request. Plaintiff concedes in her Motion that:

- Her own deposition proceeded on January 7, 2026;
- No other depositions have been taken as of the filing of the Motion.

This case was filed on April 3, 2024, and discovery has been governed by four separate scheduling orders. Plaintiff has had ample time—measured in many months, if not years, not weeks—to notice and take depositions within the Court-ordered deadlines. The failure to do so is not an exceptional circumstance; it is a lack of diligence.

On Thursday, January 22, 2026, Plaintiff served an Amended Notice of Deposition for Defendant Roberts, attempting to notice the deposition with only two business days' notice for January 27, 2026—the final day of discovery and on the eve of a winter storm in South Carolina. As expected, neither Defendant Roberts nor his counsel was available on such short notice. This conduct further demonstrates Plaintiff's failure to act reasonably or diligently in properly noticing and scheduling depositions within the discovery period.

Courts routinely deny motions to extend scheduling orders where the moving party had the opportunity to conduct discovery but failed to act within the allotted time. Plaintiff's Motion effectively asks the Court to excuse inaction and reward delay.

### III.   DISCOVERY DISPUTES DO NOT JUSTIFY AN EXTENSION

Plaintiff attempts to justify the requested extension by pointing to alleged delays in document production by Weston & Sampson, including training materials and videos. However:

1. The parties jointly represented to the Court in December 2025 that discovery issues related to Defendant W&S's production of two training videos were resolved or would be fully resolved without further court involvement. (ECF No. 122-6).

2. Plaintiff did not seek timely relief tied to depositions (such as targeted relief, expedited rulings, or conditional deposition scheduling).

3. Even accepting Plaintiff's allegations at face value, they do not explain why **no** depositions whatsoever were taken—particularly of the individual Defendant or other witnesses not dependent on the disputed materials.

4. Plaintiff does not seek to depose one witness; she now seeks to depose 12 witnesses after the January 27, 2026 discovery deadline. (ECF No. 122-7).

5. While Plaintiff has suggested dates for taking depositions, she has never noticed any deposition or sought assistance from the Court.

Discovery disputes are common and anticipated in complex litigation. They do not automatically rise to the level of exceptional circumstances—especially where the moving party still had meaningful opportunities to proceed with discovery but chose not to do so.

## IV. PLAINTIFF'S REQUEST WOULD UNDERMINE THE PURPOSE OF SCHEDULING ORDERS

Scheduling orders are not aspirational. They exist to ensure the orderly, efficient resolution of cases and to prevent precisely the type of rolling extensions Plaintiff now seeks. Granting another extension here—after four prior scheduling orders and explicit warning that no further extensions would be granted absent exceptional circumstances—would:

- Undermine the authority of the Court's orders;
- Prejudice Defendant Jason Roberts, who has complied with the Court's deadlines;
- Reward Plaintiff's lack of diligence rather than enforce reasonable case management.

Plaintiff's desire for additional time to complete discovery she chose not to pursue earlier does not justify disturbing the carefully structured schedule already in place.

## V. CONCLUSION

Plaintiff has failed to demonstrate exceptional circumstances warranting an extension of the Fourth Amended Scheduling Order. The record shows ample opportunity to conduct discovery, coupled with a complete failure to take any depositions during the discovery period. This is not excusable neglect, and it is not exceptional.

For these reasons, Defendant Jason Roberts respectfully requests that the Court deny Plaintiff's Motion to Amend the Fourth Amended Scheduling Order in its entirety.

Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6639)
DEBORAH B. BARBIER, LLC
1811 Pickens Street
Columbia, South Carolina 29201
803-445-1032
dbb@deborahbarbier.com

*Attorney for Defendant Jason Roberts*

Columbia, SC

January 26, 2026